9

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

MAY 2 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| Defendant. | ) | |

TO:   John A. Radtke
      1641 Elmwood
      Highland Park, Illinois 60035

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 23, 2002 I filed with the clerk of the
court of the United States District Court for the Southern District of
Texas, Brownsville, Texas the attached NOTICE OF FILING CHARGING
LETTER and Affidavit.

_Mary Homer-Radtke_
Mary Homer-Radtke

## PROOF OF SERVICE

    I, Mary Homer-Radtke, certify under pains and penalties of
perjury that I served this notice by mailing at Harlingen, Texas, a
true and correct copy of this notice to the above-designated parties
at the designated addresses of said parties, on May 23, 2002 with
proper postage attached and prepaid.

_Mary Homer-Radtke_
Mary Homer-Radtke

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553



OFELIA NINO
Notary Public, State of Texas
My Commission Expires
March 03, 2005

5-23-02

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke                    )
                                     )
        Plaintiff                    )
                                     )
v.                                   )
                                     )    No. B-02-063
                                     )
John A. Radtke,                      )
                                     )
        Defendant.                   )
                                     )

## NOTICE OF FILING OF CHARGING LETTER

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, petitioner in the above-entitled cause, mailed to Judge John Phillips a true, correct, and complete copy of the attached charging letter for financial exploitation of a disabled person. A true, correct and complete copy of said charging letter was filed on May 23, 2002 with the United States District Court for the Southern District of Texas.

Mary Homer-Radtke

May 23, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553



OFELIA NINO
Notary Public, State of Texas
My Commission Expires
March 03, 2005

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

MARY HOMER-RADTKE,              )
        Petitioner,           )
        v.                    )         Gen. No. 92 D 1279
JOHN A. RADTKE,                )
        Respondent.           )

NOTICE FOR THE RECORD OF MARY HOMER-RADTKE'S CHARGING LETTER AGAINST
JUDGE JOHN PHILLIPS
PURSUANT TO 720 ILCS 5/16-1.3

COMES NOW the petitioner, Mary Homer-Radtke, pro per, and moves the Office of the State's Attorney and Attorney General to investigate charges of financial exploitation and child endangerment against Judge John Phillips.

Dear Judge John Phillips,

Mary Ellen Homer and John Allen Radtke engaged in a civil contract on June 17, 1967 made in due form agreeing to take each other for husband and wife during their joint lives, and to discharge toward each other the duties imposed by law upon such relation. Heyman v. Heymann, 1906, 218 Ill. 636 75 N.E. 1079. The Marriage License, No. 16732 is recorded in Book 25, Page 267 with the county of Cameron, in Texas is recorded with the Secretary of State of Texas under U.C.C. filing No. 99-238423 and is recorded with the Secretary of State of Illinois and the county of Lake under filing No. 9708366/4465799. Marriage creates a fiduciary relationship between husband and wife.

Pursuant to 720 ILCS 5/16-1.3, John has a history of financially exploiting the disabled and the elderly. Victims include John's mother, Jean Radtke, and father, Emil Radtke, his siblings, Nancy and Emil Radtke, my parents, Helen and Fred Homer, employees and business partners and Carl Roegge and his wife. John also has a history of child abuse which was disclosed to you in chambers on April 18, 1995.

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12L.Ed. 1170, 1189 (1850); Rose v. Himely, 4 Cranch 241, 269, 2L.Ed. 608, 617 (1808). A judge has a fiduciary relationship with the public and a fiduciary duty to determine whether or not the court has jurisdiction of the specific matter and to apply the law accordingly.

Marriage is a civil contract regulated by statute. Dailey v. and Lodge, Brotherhood of Railroad Trainmen, 1924, 142 N.E. 478, 311 Ill. 184. Under Illinois law, in a statutory proceeding, such as

a divorce proceeding, in a court of limited jurisdiction, there is no presumption that the court holds jurisdiction. The petition in Case No. 92-D-1279, required to put the court in motion and give it jurisdiction was not in conformity with the statute and did not show all the facts, elements, necessary to authorize the court to act. Brown v. VanKeuren, 340 Ill. 118, 122 (1930) Any action taken by the circuit court in Case 92D1279 exceeded its jurisdiction, is void, and may be attacked at any time. Any judgment procured through fraud or where there is a denial of due process is void.

I hired Sally Lichter as my agent on the recommendation of Marty Ziemer, L.C.S.W. because John Radtke refused to go to marital therapy. Sally Lichter did not provide effective assistance of counsel. The petition Sally Lichter authored was self-serving maximizing the opportunity for collection of attorney fees and did not confer jurisdiction to the court. The petition did not protect me, my property rights, or the rights of our children. It is public policy that women have the right to own property and Illinois is a community property state. Without jurisdiction, Judge Jane Waller converted jointly owned marital property and my non-marital loans to the company under the control of John A. Radtke by signing a void order entered into the record on July 30, 1992(C0018). I was financially exploited by Jane Waller who acted without judicial immunity. I was deprived of income from my non-marital property and from jointly held marital property in a community property state. John as fiduciary became bailee of my property. John removed me from my position as Vice President and Secretary of the corporation. I contributed financially for the purchase of B.Radtke & Sons and I contributed the downpayment for the purchase of the industrial building located at 101 W. Main St., Round Lake Park, Illinois.

In November of 1992 a public myth was generated by the Coroner's office and the media that our son Jeffrey Aaron Radtke had committed suicide on the railroad tracks. We were not allowed to see the body which is required by law for a positive identification of the body. In fact, the body was not that of our son. The media's description of the body was possibly 6', brown hair, brown eyes, weighing 160-170 pounds. Our son is 5'8", blonde hair, blue eyes, and weighed, at the time, 130#. The Office of the State's Attorney colluded in the "sting operation" and the false arrest of our son on October 30, 1992. Jeffrey's arrest was in retaliation for my placing my client, Deborah Sue Troxel, in the Lake County Health respite, CATS, for the Halloween celebration. Debbi was aspiring to High Priestess in the Satanic/Wiccan cult and was supposed to be attending cult ceremonies for the transference of power to her from her deceased mother through her father. My work with Debbi had revealed the symbiotic relationship between the criminal justice system and the cult in the big business of illegal drug trafficking. I notified the Mundelein Police Department of my findings. John insisted that the body be

cremated.   A funeral was held as if the body were that of our son.
John Radtke, who had abused our son, supported the public myth.

John contested this divorce with Bill Rosing acting as his agent.
Bill Rosing withdrew as attorney for John Radtke on September 3, 1993
allegedly because John would not provide discovery and was crying
because he had been removed as manager of B.Radtke & Sons, Inc. by the
bank and employees.   Sally Lichter did not get discovery from John A.
Radtke denying me due process. Sally Lichter, protecting her practice
and her income stream, failed to disclose that she was ill and totally
incapacitated with Epstein-Barr Virus.   The court record provides
evidence that this case was dismissed in November of 1994 because
Sally missed a progress call/status hearing.   The record is evidence
that Sally had the dismissal vacated and that her colleague Clayton
Voegtle signed an order in her absence and that there were multiple
continuations to accommodate her illness.   The record in this case is
evidence that the court was aware that Sally Lichter did not provide
effective assistance of counsel.   I fired Sally Lichter because she
was unavailable and incompetent allowing her to withdraw.

When Douglas Stiles filed his appearance in April of 1994, John
Phillips had replaced Jane Waller as the judge for Case 92D1279. You
had a fiduciary duty to read the record and dismiss this case for lack
of jurisdiction. Your failure to dismiss this case kept me trapped in
the court system where I was financially exploited and my children
were defrauded of state mandated child support.

John, who had been without an attorney since September of 1993,
hired Kathleen Roseborough on the recommendation of Jarvis Friduss,
C.P.A., personal and corporate tax attorney for John Radtke and the
businesses.   Kathleen Roseborough spearheaded a civil/criminal
conspiracy with the intent of defrauding me of my property and my
children of state mandated child support.   Jarvis Friduss, C.P.A.
aided and abetted Kathleen Roseborough in misrepresenting the
businesses as bankrupt.   Jarvis Friduss prepared a document in support
of his allegations. Meetings were held at the offices of Jarvis
Friduss, C.P.A.. Kathleen Roseborough, Jarvis Friduss, and John Radtke
conspired to misrepresent the financial condition of the businesses
and the industrial properties in order that Douglas Stiles, as my
agent, would rely on their misrepresentation and collude in the
conspiracy to defraud me and my children.   Kathleen represented
herself as a former mediator which influenced me greatly because I was
scheduled to attend mediation training and form a partnership with
attorney Erica Heyl.   Kathleen Roseborough represented Jarvis Friduss
as an accountant who was called to testify in court cases as an expert
witness creating the illusion that they were ethical professionals.

Douglas Stiles told me that he believed John, Jarvis, and
Kathleen that the businesses were going bankrupt due to John's poor

management.   As a result of their influence, Douglas Stiles did not provide effective assistance of counsel.   I had given Douglas Stiles the files from Sally Lichter including approximately 20 letters to Sally disclosing child abuse and financial exploitation by John Radtke.   Douglas Stiles had in his possession the discovery documents authored by Sally Lichter but he did not serve them and made no attempt to get discovery on four businesses, two industrial buildings, etc..   I planned a vacation for my daughter and myself in late November, 1994.   Douglas Stiles told me that Kathleen Roseborough threatened to lie to the judge and slander my son in order to force Jeremy to stay with his father in our absence. I disclosed that John Radtke was a perpetrator of child abuse in that meeting which was held on November 24, 1994 at the offices of Jarvis Friduss.   Kathleen Roseborough's response was a demand that we attend child mediation. When my daughter and I were in Texas, we received a disturbing call from my housesitter and Jeremy.   Jeremy had been traumatized by his father who broke into our home.   To cover-up John's breaking and entering our home, Kathleen Roseborough perpetrated the lie that John found our 16 year old son drinking beer with the housesitter.   At the time of the unlawful entry, Jeremy was in the basement watching television with friends and the housesitter was at work.   Nobody was drinking beer.

The child mediator, Ina Berkley, was a former colleague of Kathleen Roseborough in the Chicago court system.   Ina Berkley told me that she received calls from Kathleen Roseborough and was instructed to ignore my communications disclosing child abuse.   Kathleen Roseborough told Ina Berkley that her only job was to write a joint parenting agreement.   Ina Berkley, violated her fiduciary duty as a mandated abuse reporter and was influenced by Kathleen Roseborough who breached the confidentiality of the child mediation.

I fired Douglas Stiles on or about February 28, 1995 when it became evident that Kathleen Roseborough had coerced him to force me to sign a settlement defrauding me of my property.  Douglas Stiles did not provide effective assistance of counsel.   I was unemployed in October of 1994 and told Douglas Stiles that I wanted to manage B.Radtke & Sons, Inc..   John had been removed from management and was spending his time at LaserWorks, a division of B.Radtke & Sons, Inc. located at 112 W. Main St., Round Lake Park, Illinois.   I wanted the $54,000 income from B.Radtke & Sons, Inc. leaving John with the income from LaserWorks.   Doug refused to negotiate on my behalf.   Secretly, John, Jarvis Friduss, C.P.A. and Kathleen Roseborough prepared a settlement that defrauded me of the marital assets, my non-marital loans to the company, and state mandated child support. Kathleen Roseborough plotted with Jarvis Friduss and John Radtke to exclude me from the settlement meeting on January 30, 1995 because I asked too many questions.   Their scheme to exclude me from the settlement meeting and coerce me to sign a predetermined settlement was being

-4-

imposed to enable Kathleen to leave for Europe on vacation. On January 30, 1995 I was forced to sit in the lobby of the office of Jarvis Friduss, C.P.A. ill with a fever while Doug Stiles negotiated with Jarvis, John and Kathleen. I was forced to sign under duress a piece of paper agreeing to a settlement defrauding me of my property without alimony and with no means of financial support. When John told me that the $130,000 settlement was a repayment of my loans to the company, money that was already mine, I called and rejected the offer and fired Douglas Stiles.

On February 28, 1995, Douglas Stiles filed his affidavit for attorney fees. I paid him the fees. When we returned to his office, he told me that during a pre-trial in your chambers on November 28, 1994 it had been determined that my investments of $96,000 were non-marital which placed $96,000 outside the marital estate. The $96,000 which was invested in mutual funds had been gifted money and had been held separate from the marital estate.

Acting as my own litigator, I went to the businesses. The employees wanted me to manage B.Radtke & Sons, Inc. even offering to support me financially. I prepared a proposal which I sent to Kathleen Roseborough. I was prepared to put all of the marital assets in trust and manage B.Radtke & Sons, Inc. providing a salary for John and myself. Kathleen Roseborough refused to negotiate with me. I was forced to hire another attorney.

This time I hired Eva Schwartzman, appearance filed on March 20, 1995, who was the matriarch of the Lake County court system. Eva represented herself as champion of the underdog who could get anything. She agreed to get B.Radtke & Sons, Inc. for me with the industrial building. Eva did not disclose her age because she told me that no one would hire her. Eva repeatedly fell asleep during our meetings. As a social worker with expertise in mental health, I saw evidence that Eva was experiencing old age dementia. Every time that Eva appeared in court, she asked to withdraw from this case. You would not let Eva withdraw forcing her to remain my agent. The record is evidence that on April 10, 1995 Eva filed an emergency motion and affidavit(C0000085-C000092) requesting time, a minimum of 3 months, for discovery and a postponement of the trial scheduled for April 18, 1995 and for the cause to be set for August, 1995. On April 17, 1995 (Order-C000108) you denied my counsel's motion. You denied Eva Schwartzman's oral motion to withdraw as my counsel. When you signed the Order of April 17, 1995, which was authored by Kathleen Roseborough, you intentionally became a conspirator in denying me due process, forcing me to retain counsel who did not want to represent me, and defrauding me and my children.

The record is evidence that John Radtke engaged in financial exploitation on April 17, 1995 by filing a Rule 237 (C000105-

107)against me for extensive discovery which had been provided on two
other occasions.   In fact, you colluded in the financial exploitation
when you threatened me that if I didn't cooperate with the Rule 237
which was being applied unlawfully and provide the documents and my
records that you would sanction me.

When I drove Eva back to her office in Libertyville on April 17,
1995, Eva told me that she would not represent me in trial on April
18, 1995.    Eva told me that I would have to represent myself by
preparing questions to ask John.    I spent the entire night preparing
questions on financial exploitation and child abuse.   Jessica, who was
12 years old at the time, received a subpoena sent to our home to
appear with her bank book.    Jessica stayed home from school to take
her bank book to trial.   I picked up Eva Schwartzman at her home.    I
gave the subpoena to Eva.   Eva read my papers and confirmed the child
abuse with Jessica.   When we went to court I was very surprised and
traumatized to see John Radtke, Kathleen Roseborough, Jarvis Friduss,
C.P.A., Jean Radtke and Nancy Radtke at court.    Jessica was
traumatized because she was fearful of John's family and sensed their
hostility.   You called the attorneys into you chambers.   When you
returned to the courtroom, you repremanded me for bringing Jessica to
court when you knew that it was Eva's decision.   You demanded that I
produce the subpoena which Eva either intentionally or unintentionally
did not bring to court.    I was traumatized and made to look like a
fool.   Eva Schwartzman knew that this was a conspiracy to defraud me
and was demanding more money if she were going to defend me at trial.
Eva Schwartzman was incompetent, unethical, and did not provide
effective assistance of counsel.

You, Judge Phillips, joined the conspiracy to financially exploit
me, defraud me, by proceeding without jurisdiction, by denying me due
process, by trapping me in the court system, by denying me my rights,
by threatening to sanction me, and by not allowing my attorney, Eva
Schwartzman, to withdraw when it was evident to you that she was
refusing to provide effective assistance of counsel.   Furthermore, I
am charging you with child endangerment and conspiracy to defraud my
children of state mandated child support.   You were given notice of
child abuse and failed to protect my children.   Your behavior was
unethical and unconscionable.

Every time I went into the courtroom, I was traumatized.   I was
treated like a criminal.   As a practitioner in mental health, I
believed that Eva Schwartzman was incompetent to represent me.   Eva
kept threatening that she would not represent me in trial.   Eva wanted
more money and was jealous of Kathleen Roseborough who she perceived
was receiving tens of thousands of dollars which was true.   Without
discovery, no attorney could have provided effective assistance of
counsel.

-6-

On June 6, 1995, I informed Eva Schwartzman that I had signed the settlement of June 2, 1995 under duress and that it was all lies. When I entered financial mediation, I was forced to sign a contract that I would not extend the trial date of June 6, 1995 if we did not arrive at a settlement. Ina Berkley, the child mediator, recommended Elaine Collins as a private mediator. At the time, I did not know that Kathleen Roseborough and John Radtke had secretly contracted with Elaine Collins to provide 2 ½ sessions of financial mediation services. Ina Berkley did not know Elaine Collins. Ina Berkley lied and said that John wanted her to attend financial mediation. John told me that he did not ask that Ina attend mediation. Ina Berkley played psychological games calling John a "fucking bastard" and telling me that John liked to see me cry and in pain. When I asked to withdraw from mediation, both Ina and Elaine said I had no choice but to continue due to the incompetence of my attorney. John refused to negotiate. When I insisted that the mediators remove my non-marital funds, $96,000 determined in pretrial on November 28, 1994, Elaine Collins produced a letter to purchase B.Radtke & Sons, Inc. claiming that it was given to her by Kathleen Roseborough as evidence that John was gifted the business. Elaine Collins called Eva Schwartzman to review the letter. It was confirmed by Eva that the letter was evidence of our intent to purchase B.Radtke & Sons, Inc.. I gave both Elaine and Ina notice that the letter was to purchase. Elaine Collins cancelled the mediation session saying that she was very ill. When we arrived for the next scheduled session, Ina said that she was going to try another method. I didn't learn until April of 1997 that there had been a secret meeting between John and Elaine Collins as a precursor to this special method. Ina and Elaine converted the mediation process into a forum for Kathleen Roseborough to coerce me into signing a settlement giving all of the marital assets to John and defrauding the children of state mandated child support. There was a bait and switch game played. The mediators would not let me consult my attorney, Eva Schwartzman. I left mediation having been threatened repeatedly. Before the final session, an accountant who was familiar with the businesses prepared corporate and personal tax spreadsheets with the tax returns that were court ordered as a result of a petition filed on May 1, 1995(C000116-117). The tax spreadsheets traced my non-marital ($96,000) investments and traced dissipation of tens of thousands of dollars by John Radtke and showed evidence of tax fraud. On June 2, 1995, I brought the tax spreadsheets to Elaine Collins who was retrieving a document faxed from the law office of Mandel, Lipton, and Stevenson, Ltd., Kathleen Roseborough. Elaine had me lay the spreadsheets out on a table while she copied the faxed document. She looked at the tax return evidence and said nothing. Ina Berkley entered the room. When the findings were traced, Ina Berkley said that I couldn't use the tax returns in court. She then told me to put them away quickly and hide them from John who was entering the conference room. Elaine instructed us to sit and passed out papers which were a rough draft of a settlement. I was in total shock.

Obviously the financial mediators had no intention of coming to a just and equitable division of the property. I had suggested all of the property be put in trust. Every element in the contract for financial mediation had been violated which would void any settlement. I was being railroaded. My children were in danger. I was under duress when I signed the settlement. I called and gave notice to both Elaine Collins and Ina Berkley that I rejected the settlement. Ina Berkley called me back and threatened that the custody of my children would be in jeopardy if I rejected this settlement.

On June 6, 1995, my fate and the safety of my children was in your hands Judge Phillips. Eva Schwartzman told you that I had the "right" to repudiate the private settlement. You conspired with Kathleen Roseborough to convert my right to repudiate the private settlement, which was signed under duress, to a "privilege" under the "Act". When I tried to produce the tax spreadsheets that I had given Eva for court, she had forgotten them. My 87 year old mother wanted to testify on my behalf that she had gifted me money and that John had financially exploited her when he defrauded her of money loaned to the businesses. You refused to let my mother testify. You allowed Kathleen Roseborough to shout at my mother to "shut up" without sanctioning Kathleen Roseborough for her behavior. Kathleen Roseborough produced a computerized spreadsheet from Elaine Collins that commingled $96,000, determined non-marital by you on November 28, 1994, and my non-marital loans to the companies, with the marital assets. You threatened me in a loud voice that either I accept the settlement as written or we would go to trial immediately and you would not look favorably upon me. I was terrified by your behavior and felt as if I had a gun pointed at my head. When I was on the witness stand and said that I signed the settlement under duress, you appeared to be enraged banging the gavel down and declaring a mistrial. You demanded that I remain seated while you took the attorneys into your chambers. When you returned, I was instructed to follow the attorneys outside of the courtroom. Eva Schwartzman threatened that she would not represent me in trial. Eva Schwartzman repeatedly said that I didn't have a gun pointed at my head. Kathleen Roseborough threatened me that she would be living in my house and Eva would own the businesses if I didn't recant my testimony. Kathleen and Eva said that I was to return and say I was "under stress" and nothing more. I had no choice. Ina Berkley bragged repeatedly about testifying in thousands of cases as an expert witness. The custody and safety of my children was in jeopardy.

This letter is a charging letter pursuant to 720 ILCS 5/16-1.3 for financial exploitation of a disabled person. I am legally disabled with a congenital disease known as Legge-Perthes Disease. Without jurisdiction in this case, you kept me trapped in the court system where I was financially exploited. I was and remain fearful of your abuse of authority. Any and all orders or judgments signed by

you are void ab initio.  John A. Radtke and I remain legal husband and wife. Due to the Order of July 30, 1992, John A. Radtke remains bailee in control of the marital and my non-marital property.  Historically B.Radtke & Sons, Inc. provides an income of $54,000.  Ownership of LaserWorks, now a limited liability company, provides an annual income of in excess of $40,000.  Ownership of the industrial buildings provides rental income at fair market value in excess of $3,000 per building per month. The businesses provide vehicles, car insurance, transportation expenses, business vacations, health insurance and additional benefits.  Notice and subpoenas were sent to John Radtke and Elsie Mannix that John and I remain legal husband and wife. Charging letters have been sent to John Radtke.  Charging letters have been sent to Elsie Mannix for aiding and abetting John Radtke in financial exploitation and dissipation of the marital assets with a calculated loss of $9M.  I have been deprived of the use and enjoyment of my property due to your actions.  I have been damaged.

Due to the financial exploitation, my family was forced to live in a hostile community and attend schools where the children were labeled at risk.  My children have been traumatized repeatedly. Dome lights were turned on in our locked vehicles.  I have witnessed children breaking into our home.  Our basement has been flooded with a hose.  Two litters of kittens were torn apart without any trace of blood.  Five adult cats disappeared.  One was left dead outside of the high school.  The tire on my daughter's vehicle was slashed.  She was attacked while walking home from work.  Her father, John A. Radtke, refused to provide transportation.  My daughter was ticketed for automobile accidents which were not her fault.  I suffered financial loss.  My daughter and I are Godparent to a black child.  In 1997 I was reported as a child abuser to the DCFS hotline by Sgt. Michael O'Brien of the Mundelein Police Department.  Marianne Zimmerman, caseworker, traumatized my children on November 11, 1997 calling my children and asking them if I was seeing my psychiatrist, taking my medication, running around outside naked, hiding under the cellar staircase and other slanderous allegations.  Again I suffered financial loss defending against the false allegations.  To this day, the fur on my cat is being shaved.  My son was told by a friend whose family practices witchcraft that the fur is used to curse the family. I gave notice to John A. Radtke, father of the children, that we were being traumatized.  John refused to allow me to take the children and move to another location. You are responsible for my children being endangered and traumatized.

Respectfully submitted,

Mary Homer-Radtke
C/o P.O. Box 53379
Harlingen, Texas 78553

DEBRA ANN FIGUEROA
Notary Public
STATE OF TEXAS
My Comm Exp 09-27-2004

Debra Ann Figueroa
5/22/02

-9-