IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. <u>B-02-063</u> |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |

SECOND EMERGENCY MOTION FOR STATUS HEARING

COMES NOW Mary Homer-Radtke, in want of counsel, and moves this court for a status conference the week of June 12-18, 2002 and in support of said motion states the following:

1.) Mary Homer-Radtke received by certified mail an ORDER entered on April 12, 2002, signed by Felix Recio, a United States Magistrate Judge, ordering Mary Homer-Radtke to appear before this Court for a status conference on May 28, 2002 at 2:30 p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison, in Brownsville, Texas. A true, correct and complete copy of said ORDER is attached hereto as Exhibit A.

2.) Mary Homer-Radtke did not understand the nature of said order which only required Mary Homer-Radtke to attend an exparte status hearing without mention of defendant, John A. Radtke.

3.) Mary Homer-Radtke filed an EMERGENCY MOTION FOR STATUS HEARING on May 9, 2002 due to the unlawful seizure attempts being made by the 19th Judicial District Circuit Court in Lake County, Illinois.

1

4.) Said EMERGENCY MOTION FOR STATUS HEARING attached evidence of service believing that the only status issue which could be determined exparte was whether John A. Radtke had been served summons and complaint.

5.) In response to said EMERGENCY MOTION FOR STATUS HEARING, Mary Homer-Radtke received a copy of the same ORDER signed by Judge Recio ordering Mary Homer-Radtke to appear for a status conference on May 28, 2002.

6.) Judge Recio's failure to address the EMERGENCY MOTION FOR STATUS HEARING forced Mary Homer-Radtke to file as an individual, Chapter 13 Bankruptcy, naming John Allen Radtke as her spouse, in order to stay the proceedings against unlawful seizure of property in the trial court.

7.) Mary Homer-Radtke was taken totally by surprise when Neil H. Levin appeared in the courtroom on May 28, 2002.

8.) When Mary Homer-Radtke asked whether Neil H. Levin filed an appearance, Neil H. Levin gave no evidence that he had filed an appearance and had status before the court.

9.) Neil H. Levin, attorney for John A. Radtke, is a licensed attorney who engages in backroom politics and captures the courtroom with a litany of hearsay, false statements, and allegations purported to be truth.

10.) The matter before this court is the marriage of Mary Ellen Homer and John Allen Radtke on June 17, 1967 in Cameron County, Texas which is registered in Cameron County and with the Secretary of State in Texas and with the Secretary of State in Illinois on U.C.C. financial statement filings.

11.) In this instant case, the petition for dissolution filed on July 7, 1992 was missing elements mandated by the statute to confer jurisdiction to a court of limited jurisdiction making the judgment void ab initio.

12.) There is no judgment in the certified record in Case 92 D 1279. True, correct, and complete copies of the certified record for June 6, 1995 are attached hereto as Exhibit B.

13.) No court has the authority to declare a void judgment valid.

14.) A void judgment does not have the force and effect of law.

15.) On May 28, 2002, Judge Recio said that he intended to recommend that this matter be dismissed.

16.) Dismissal of said case would deny Mary Homer-Radtke recourse and remedy in the court system.

17.) William F. Homer retired circuit court judge of Lake County, Illinois will be in Harlingen, Texas the week of June 12, 2002 to June 19, 2002.

18.) William F. Homer has knowledge and can testify on behalf of Mary Homer-Radtke regarding the matter before this court.

19.) William F. Homer has knowledge and can testify that Mary Homer-Radtke is denied due process in the 19th Judicial District Circuit Court of Lake County, Illinois.

WHEREFORE, Mary Homer-Radtke prays that this honorable court grant Mary Homer-Radtke the right to have William F. Homer testify at a status hearing before recommending that this matter be dismissed.

_____
Mary Homer-Radtke

STATE OF TEXAS                INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this 29 day of May, 2002, personally appeared Mary Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.
My commission expires _____    Cynthia L. Garza Notary Public



CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARY HOMER-RADTKE, Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-02-063 |
| JOHN A. RADTKE, Defendant. | § § § § | |

## ORDER

Before the court are Plaintiff's Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief (Doc. #1) and Plaintiff's Motion for Preliminary Injunction (Doc. #3).

Mary Homer-Radtke is hereby ORDERED to appear before this Court for a status conference on May 28, 2002 at 2:30 p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison, in Brownsville, Texas.

DONE at Brownsville, Texas this _____ day of April, 2002.

Felix Recio
United States Magistrate Judge

Exhibit A

## 92 D 1279

**TABLE OF CONTENTS**                                                              **PAGE #**

MOTON FOR SANCTIONS filed May 1, 1995............................................................. C-0113

PETITION filed May 1, 1995................................................................................. C-0116

RESPONSE filed May 1, 1995............................................................................... C-0118

ORDER entered and filed May 1, 1995.................................................................. C-0119

SUBPOENA filed May 30, 1995............................................................................. C-0120

ORDER FOR WITHHOLDING filed June 7, 1995...................................................... C-0128

ORDER entered and filed June 7, 1995................................................................. C-0130

CERTIFICATE OF COMPLETION filed June 27, 1995................................................. C-0131

MOTION TO SET ASIDE AND VACATE filed July 5, 1995........................................... C-0132

NOTICE OF MOTION filed July 18, 1995................................................................ C-0134

CERTIFICATE OF COMPLETION filed July 28, 1995.................................................. C-0135

COPIES OF CANCELLED CHECKS filed August 1, 1995............................................. C-0137

CERTIFICATE OF COMPLETION filed August 8, 1995............................................... C-0139

PETITION TO SHOW CAUSE filed November 27, 1995.............................................. C-0140

NOTICE OF MOTION filed December 14, 1995....................................................... C-0144

ORDER entered and filed December 14, 1995....................................................... C-0145

APPEARANCE filed March 26, 1996...................................................................... C-0146

NOTICE OF MOTION filed March 26, 1996............................................................. C-0147

MOTION FOR RULE TO SHOW CAUSE filed March 26, 1996..................................... C-0148

RESPONSE TO MOTION FOR RULE SHOW CAUSE filed April 12, 1996.................. C-0175

AGREED ORDER entered and filed Aperil 12, 1996................................................. C-0181

SUPPLEMENTAL APPEARANCE filed June 4, 1996.................................................. C-0182

AMENDED NOTICE OF MOTION filed June 24, 1996............................................... C-0183

Exhibit B

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Mary Homer-Radtke | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. B-02-063 |
| | ) |
| John A. Radtke, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AFFIDAVIT

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.) I filed a lawsuit against John A. Radtke in the United States District Court Southern District of Texas.

2.) I served summons and complaint via certified mail.

3.) I never received notice that John A. Radtke filed an appearance in said case.

4.) I received an ORDER sent by certified mail on April 12, 2002, signed by Judge Recio, ordering only me to appear in court on May 28, 2002.

5.) I did not understand the ORDER and was confused as to why Judge Recio would order only me to court for an exparte status conference.

6.) I sent the Appellate Court, Second District of Illinois notice and change of address but did not receive Orders in two cases before the Appellate Court – 2-00-1065 and 2-01-1403.

7.) Without notice to me, attorney Kim M. Casey, collection agent for Associated Mortgage, Inc., motioned the court for a default judgment set for hearing on May 7, 2002 in the Trial Court.

8.) A friend informed me of the scheduled seizure of the property.

9.) Illinois law provides that in order for relief in a foreclosure action, a true and correct copy of the promissory note and the mortgage must be attached.

10.) Associated Mortgage, Inc. has never given evidence that they have any authority to file a foreclosure action as they do not have the promissory note required by law.

11.) At all times I have denied the debt requesting a complete and comprehensive payment history.

12.) The collection agents and servicing agency have never provided evidence of a debt or provided me with a complete and comprehensive payment history.

13.) The judges in trial court case 98CH1240 have refused to dismiss the complaint and/or amended complaint.

14.) I have been denied due process in the trial court and in the Appellate Court regarding the foreclosure lawsuit.

15.) The record is evidence that Casa-Blanca, a necessary party to said action, has not been joined.

16.) I heard William F. Homer say that the court intends to take the property.

17.) I am traumatized every time I enter the trial court in Lake County knowing that the officers of the court have no intention of applying the law.

18.) My motions are denied.

19.) John A. Radtke, as defendant in the foreclosure case, told me that he intends to purchase the property in a Sheriff's sale.

20.) John told me that he tried to pay-off the alleged debt but attorney Kim M. Casey would not allow him to do so.

21.) Attorney Kim M. Casey is claiming attorney fees in excess of $30,000.

22.) John A. Radtke joined the foreclosure action in March of 2001 by filing a Counterclaim against me trying to collect a judgment on a judgment granted from Case 92 D 1279 in which sanctions of $5,000 against me were converted to a judgment by the Clerk of the Court, Sally Coffelt.

23.) John A. Radtke through his attorney, slandered title by filing the judgment against me as a judgment lien against Casa-Blanca in the Recorder of Deeds, Lake County on February 5, 2001.

24.) Attorneys Neil H. Levin and Kim M. Casey are cooperating to sell the property at Sheriff's sale which will allow them to collect unlimited attorney fees.

25.) I am trapped in the trial court where I am financially exploited.

26.) I wanted to return to Illinois to defend the property.

27.) I wrote an EMERGENCY MOTION FOR STATUS HEARING which I filed on May 9, 2002.

28.) I thought that it was unlawful to have a status conference without both parties.

29.) I attached evidence that John A. Radtke had been served summons and complaint in said lawsuit.

30.) The Clerk of the United States Court took the motion to the judge immediately for a determination.

31.) I received a copy of the same ORDER ordering me to appear for a status conference on May 28, 2002.

32.) I had not received notice that John A. Radtke had filed an appearance.

33.) I did not understand how there could be an exparte status conference.

34.) I could not go to Illinois to appear in the trial court to defend property and return by May 28, 2002 to appear in court for what I believed to be an exparte status hearing.

35.) I filed a Chapter 13, individual bankruptcy on May 10, 2002.

36.) I named John A. Radtke as my spouse.

37.) John A. Radtke is named as a defendant in Case 98CH1240.

38.) I have researched void judgments since November of 1999.

39.) John Allen Radtke and Mary Ellen Homer are lawful husband and wife.

40.) John Allen Radtke has been given repeated notice.

41.) John A. Radtke was sent charging letters for financial exploitation of a disabled person pursuant to 720 ILCS 5/16-1.3.

42.) Elsie Mannix was given repeated notice.

43.) Elsie Mannix was sent charging letters for aiding and abetting John A. Radtke in financially exploiting Mary Homer-Radtke and alienation of affection.

44.) As ordered, I appeared at 2:30 on May 28, 2002.

45.) When Neil H. Levin entered the courtroom, I felt that I had been deceived by Judge Recio.

46.) I felt traumatized.

47.) I asked if Neil H. Levin had filed an appearance.

48.) I heard Judge Recio intervene saying that he would determine whether Neil H. Levin filed an appearance.

49.) I never received notice that an appearance had been filed which means that Neil H. Levin had no standing in the court.

50.) I heard Judge Recio ask me if I knew what to expect.

51.) I told Judge Recio that I had no idea what was going on or what was expected of me.

52.) Judge Recio allowed Neil Levin to talk on and on about irrelevant matters.

53.) I objected but could not possibly object to every false statement made by Neil Levin.

54.) Often I am so confused by what Neil Levin is saying that it takes days for me to decipher.

55.) I am terrified of Neil Levin who captures the court with slanderous and irrelevant stories.

56.) I heard Neil Levin talk about how many files he has, how he received sanctions against me, how his trip was costing John A. Radtke $7,000-$8,000, how I should be charged criminally, how I was being vexatious and harassing and on and on and on.

57.) Everything that Neil Levin said was without standing in the court.

58.) When Judge Recio asked me to speak, I heard him say that this wasn't Judge Judy's courtroom.

59.) I am not capable and I was not prepared to counter Neil Levin's hearsay statements as if he is giving valid testimony.

60.) I saw Neil Levin tender the court documents which I was not given the opportunity to see.

61.) I feel that I sounded like a babbling idiot when I was given the opportunity to speak.

62.) I spent approximately three days per week in the law library researching void judgments beginning in November of 1999.

63.) I have witnessed for thousands of hours in the courtrooms in the Lake County courthouse.

64.) I have been victimized by the racketeering schemes that are being perpetrated in the Lake County courthouse.

65.) I saw Neil H. Levin enter the courtroom from the judge's chambers in the Lake County courthouse with a smile on his face which he later admitted was due to Jane Waller's decision as to how to handle me.

66.) Without a petition before the court, Judge Jane Waller granted John A. Radtke and Elsie Mannix, not a party to the case, a restraining order against me on August 24, 2000.

67.) I have been financially exploited by the judges in the Lake County courthouse.

68.) I feel that the ORDER file stamped April 12, 2002 was a means to deceive me into thinking that only I was "ordered to appear before this Court for a status conference".

69.) Had I known the hidden agenda, I would have made a motion for a continuance in order to allow retired judge William F. Homer to appear and testify on my behalf.

70.) Due to the deception of the ORDER of April 12, 2002, I was denied due process in the United States District Court.

71.) I have been told that there is a continuance until June 4, 2002 in the trial court in Lake County, Illinois so that counsel can give evidence that the court can proceed in lieu of the filing of an appeal and the filing of bankruptcy.

72.) I have been denied access to my property and do not have the economic resources to travel to Illinois to defend the property which has been held in trust since October 4, 1996.

73.) I saw Neil H. Levin tender the court what he said was the judgment of June 6, 1995 with the settlement agreement.

74.) The settlement agreement was signed under duress and is void.

75.) The judgment of June 6, 1995 is void ab initio.

76.) I believe that Neil H. Levin will use his influence tendering the same void judgment to the Bankruptcy Court in an effort to force an immediate dismissal of Case 02-10280.

77.) I heard Judge Recio say that he was going to recommend Civil Action No. B-02-063 be dismissed.

78.) After court I asked caseworker for Judge Recio allow William F. Homer, a retired judge, to testify before deciding whether to write a recommendation to dismiss said case.

Mary Homer-Radtke

STATE OF TEXAS           INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this 29 day of May, 2002, personally appeared Mary Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _____

Cynthia L. Garza
_____ Notary Public



CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

MAY 29 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| Plaintiff | ) | |
| v. | ) | No. B-02-063 |
| John A. Radtke, | ) | |
| Defendant. | ) | |

TO: John A. Radtke
1641 Elmwood
Highland Park
Illinois 60035

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 29, 2002 I filed a SECOND MOTION FOR EMERGENCY STATUS HEARING and an AFFIDAVIT in support of said motion in the United States District Court for the Southern District of Texas at Brownsville, Texas.

_____
Mary Homer-Radtke

### PROOF OF SERVICE

I, Mary Homer-Radtke, certify under pains and penalties of perjury that I sent a true, correct and complete copies of this SECOND MOTION FOR EMERGENCY STATUS HEARING and AFFIDAVIT to the above-designated party at the stated address by mail on May 29, 2002.

_____
Mary Homer-Radtke

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas (78553)

_Cynthia L. Garza_

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04