*Court Copy*

*15*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JUN 0 7 2002

Michael N. Milby
Clerk of Court

Mary Homer-Radtke          )
                           )
        Plaintiff          )
                           )
v.                         )
                           )     No. B-02-063
                           )
John A. Radtke,            )
                           )
        Defendant.         )

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, plaintiff in the above-entitled cause, filed NOTICE OF DENIAL OF DUE PROCESS IN THE TRIAL COURT, IN THE APPELLATE COURT, AND IN THE UNITED STATES COURT, SOUTHERN DISTRICT OF TEXAS filed in the Trial Court and MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION in Appellate Case 2-01-1403 and Appellate Case 2-00-1065 with the United States District Court for the Southern District of Texas in Brownsville, Texas on June 7, 2002.

*Exhibit A*
*Exhibit B*     *Exhibit C*

Mary Homer-Radtke

### PROOF OF SERVICE

Under pains and penalties of perjury, a true, correct, and complete copy of NOTICE OF DENIAL OF DUE PROCESS IN THE TRIAL COURT, IN THE APPELLATE COURT, AND IN THE UNITED STATES COURT, SOUTHERN DISTRICT OF TEXAS and this notice was mailed to John A. Radtke, 1641 Elmwood, Highland Park, Illinois, 60035 on June 4, 2002.

Mary Homer-Radtke

June 7, 2002
Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 7855...

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

*Red CR Copy*

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ASSOCIATED MORTGAGE, INC.,  )
                            )
          Plaintiff,        )
                            )
     v.                     )     Gen. No. 98 CH 1240
                            )
JOHN A. RADTKE, MARY RADTKE )
LIBERTYVILLE NATIONAL BANK  )
LOCH LOMOND PROPERTY OWNERS )
ASSOCIATION, CASA BLANCA    )
Trust dated January 1998    )
                            )
          Defendants.       )

**NOTICE OF DENIAL OF DUE PROCESS IN THE TRIAL COURT, IN THE APPELLATE COURT, AND IN THE UNITED STATES COURT, SOUTHERN DISTRICT OF TEXAS**

COMES NOW, Mary Homer-Radtke, in want of counsel, noticing this court of the denial of due process and in support of said notice states the following:

1.)  Mary Homer-Radtke gave oral notice to the Appellate Court requesting court orders for Case 2-01-1403, a foreclosure action, and Case 2-00-1065, in the marriage of John A. Radtke and Mary Homer-Radtke, to be sent to Mary Homer-Radtke at P. O. Box 533793, Harlingen, Texas 78553.

2.)  Mary Homer-Radtke gave qualified written NOTICE to the Appellate Court requesting court orders for Case 2-01-1403 and Case 2-00-1065 to be sent to P.O. Box 544793, Harlingen, Texas 78553. A true, correct, and complete copy of said qualified written notice is attached hereto as Exhibit A.

3.)  Mary Homer-Radtke never received orders in either Case 2-01-1403,

-1-

*Exhibit A*

foreclosure action, or Case 2-00-1065, in the marriage of John A. Radtke and Mary Homer-Radtke from the Appellate Court, Second District *denying Mary Homer-Radtke notice and opportunity to respond.*

4.)   The Appellate's Court failure to serve Mary Homer-Radtke at the noticed address denied Mary Homer-Radtke due process.

5.)   Appellate Court Case 2-01-1043 was dismissed without notifying Mary Homer-Radtke at the Texas address of record.

6.)   Appellate Court Case 2-01-1043 was mandated back to the Trial Court without notifying Mary Homer-Radtke at the Texas address of record.

7.)   Attorney Kim M. Casey filed documents in Case 98CH1240 without giving notice to Mary Homer-Radtke of said filings.

8.)   Attorney Kim M. Casey set for hearing on May 7, 2002 a hearing for a default judgment without giving notice to Mary Homer-Radtke.

9.)   On May 7, 2002 a default judgment was granted in the Trial Court.

10.)  Mary Homer-Radtke was not served a copy of the ORDER entered on May 7, 2002.

11.)  Another hearing was set for May 15, 2002 without notice to Mary Homer-Radtke.

12.)  The ORDER entered on May 15, 2002 was court ordered to be sent to Mary Homer-Radtke.  A true, correct and complete copy of the ORDER received on May 31, 2002 is attached hereto with the envelope postmarked May 23, 2002 as Exhibit B.

13.)  On May 28, 2002, Neil H. Levin, attorney for John A. Radtke, was present in the United States Court Southern District of Texas giving false and hearsay testimony regarding Trial Court Case 98CH1240, a

foreclosure action, and Case 92D1279, in the marriage of John A. Radtke and Mary Homer-Radtke, without having standing in the court.

14.) A Pro Hac Vice was signed and entered on May 29, 2002, after the hearing.

15.) Mary Homer-Radtke was not given notice that Neil H. Levin was going to be at said hearing.

16.) Neil H. Levin stated that Mary Homer-Radtke is owner of the property at issue in Trial Court Case 98CH1240, when he knows that the complaint and amended complaint name Casa-Blanca as owner of the property. True and correct copies of pages in the complaint and amended complaint naming Casa-Blanca as owner are attached hereto as Exhibit C.

17.) Neil H. Levin told Judge Recio that he got sanctions against Mary Homer-Radtke demonizing Mary Homer-Radtke as being harassing and vexatious.

18.) Neil H. Levin failed to tell Judge Recio that with her signature, Sally Coffelt, Clerk of the Court, converted the sanctions against Mary Homer-Radtke into a judgment on February 5, 2001.

19.) A motion for sanctions does not rise to the level of a pleading and cannot result in a judgment.

20.) Neil H. Levin failed to tell Judge Recio that he converted the judgment filing a judgment lien against Casa-Blanca with the Recorder of Deeds on February 5, 2001.

21.) Neil H. Levin failed to tell Judge Recio that said judgment lien is a felony slander of title. A true, correct and complete copy of evi-

dence of slander of title is attached hereto as Exhibit D.

22.) Neil H. Levin failed to tell Judge Recio that the Trial Court al-
lowed Neil H. Levin to enter the foreclosure case, 98CH1240, by fil-
ing a Counterclaim asking for another judgment on the sanctions that
he received in the unrelated Case 92D1279, in the marriage of John
A. Radtke and Mary Homer-Radtke.

23.) Neil H. Levin addressed my filing a Chapter 13, Bankruptcy telling
Judge Recio that I had no income.

24.) Neil H. Levin said that I had named John A. Radtke as a codebtor in
said bankruptcy filing when it is a matter of public record that I
filed as an individual naming John Allen Radtke as my spouse living
at 1641 Elmwood, Highland Park, Illinois.

25.) Neil H. Levin tendered documents to Judge Recio, one of which he
claimed was a judgment and settlement in Trial Court Case 92D1279.

26.) Neil H. Levin knows that there is no final judgment or settlement in
the certified record.

27.) I was not given the opportunity to see the documents tendered by
Neil H. Levin.

28.) I heard Neil H. Levin say that he was tendering the court orders
from the Appellate Court, Second District.

29.) Neil H. Levin, as a licensed attorney, should know that no court can
make a void order or judgment, valid.

30.) Neil H. Levin knows that John A. Radtke and Mary Homer-Radtke are
legal husband and wife.

31.) Neil H. Levin told Judge Recio that the Federal Court does not have

-4-

jurisdiction in family law knowing that the issue in Case B-02-63 is a denial of due process issue.

32.) The STATUS CONFERENCE report states that "Mr. Levine emphasized the need for criminal proceedings against Homer-Radtke for fraud.". A true, correct, and complete copy of the COURTROOM MINUTES are attached hereto as Exhibit E.

33:) Twenty year old Jessica Radtke, daughter of John A. Radtke and Mary Homer-Radtke, was traumatized believing that Mary Homer-Radtke is going to be arrested and be in jail, that retired judge William Homer hates Mary, her mother, that the contents of the house in Mundelein is going to end up on the front lawn, and that Mary, her mother, is never going to return to Illinois. A true, correct and complete affidavit is attached hereto as Exhibit F.

34.) Neil H. Levin biased and influenced Judge Recio who intends to prepare a Report and Recommendation to the District Judge, in which the Court will recommend this (federal) case be dismissed.

35.) The ORDER entered on May 15, 2002 in Trial Court Case 98CH1240 was prepared by Kim M. Casey.

36.) Knowing that Mary Homer-Radtke was ordered to be served said order, attorney Kim M. Casey failed to mail the ORDER entered on May 15, 2002 until May 23, 2002.

37.) Mary Homer-Radtke cannot leave her 94 year old mother without making alternative care provisions.

38.) Mary Homer-Radtke received the ORDER entered on May 15, 2002 on May 31, 2002 denying Mary Homer-Radtke the opportunity to appear on June

4, 2002 in the Trial Court.

Respectfully submitted,

Mary Homer-Radtke

June 5, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

NOTARY PUBLIC
STATE OF TEXAS

-6-

**NOTICE**

Mary Homer-Radtke
P.O. Box 533793
Harlingen, Texas 78550
April 16, 2002

Appellate Court, Second District
55 Symphony Way
Elgin, Illinois 60120

RE: Address change – P.O. Box 533793, Harlingen, Texas 78550

This is notice that I have not received determinations/orders.  Please
send a copy of the court orders for Case 2-01-1403 – Associated
Mortgage, Inc. v. Radtke et al. and consolidated Case 2-00-1065 – Mary
Homer-Radtke v. John A. Radtke.

Thank you.

Respectfully,

Mary Homer-Radtke

Exhibit A

STATE OF ILLINOIS } ss
COUNTY OF LAKE }

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Associated Motgage Inc

vs.

John A. Radthe Mary
Allen Radthe, et al

MAY 15 2002

CIRCUIT CLERK
Gen. No. _98 CH 1240_

### ORDER

This cause coming on for presentation of a written judgment of foreclosure, due notice having been given and Plaintiff appearing through Counsel Kim M. Casey, the Court reviewing a document entitled Notice of appeal dated May 14, 2002 and a document entitled Voluntary Petition in Bankruptcy, bearing a "received" stamp from US District Court for the Southern District of Texas, both documents being filed in the Court file and the Court being otherwise advised,

IT IS ORDERED that this cause is continued to June 4, 2002 at 9:00 am for Counsel to present evidence regarding whether this Court may proceed in light of the filing of such documents. A copy of this order shall be served upon Mary Jones Rad.

Dated at Waukegan, Illinois this
15th day of May, 20 02.

ENTER:

**STEPHEN WALTER**

Judge

ORDER PREPARED BY: Kim M. Casey

(Please Print Name and Address)
800 N Church St PO Box 569
Rockfrd IL 61105

171-94 rev 1/00

Exhibit B 1 of 2



PM 23 MAY 2002

Holmstrom&Kennedy, P.C.

Mary Homer-Radtke
P. O. Box 533793
Harlingen, TX 78553

78553437738

B
2 of 2



(k)  Name or names of present owner or owners of the real estate: Casa Blanca Trust dated January, 1998.

(l)  **Names of other persons who are joined as defendants whose interest in or lien on the mortgaged real estate is sought to be terminated:**

> Libertyville National Bank by way of a mortgage from John A. Radtke and Mary Radtke recorded 12/3/81 as Document No. 2141174 in the sum of $32,000.00;
>
> Loch Lomond Property Owners Association by way of a public notice of annual fees recorded 1/16/86 as Document No. 2413895.

(m)  Name or names of defendants claimed to be personally liable for deficiency (if any): John A. Radtke and Mary Ellen Radtke.

(n)  Capacity in which Plaintiff brings this suit: Plaintiff is the owner and legal holder of the note, mortgage, and indebtedness.

(o)  Facts in support of request for attorneys' fees and of costs and expenses:  Plaintiff is required to retain counsel for prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title insurance or abstract costs and other expenses, which should be added to the balance secured by said mortgage.

(p)  **Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.**

(q)  Facts in support of possession of the premises upon sale confirmation:  That the plaintiff or the purchaser at the sale or the holder of the certificate of sale or deed is entitled to possession of the premises after the 30th day after the foreclosure sale is confirmed; that pursuant to 735 ILCS 5/15-1508(b) (1992 State Bar Edition) the order confirming the sale shall include an award of possession of the real estate as of the date 30 days after the entry of the order; that said order shall further provide, pursuant to 735 ILCS 5/15-1701(d) (1992 State Bar Edition), that the sheriff may execute upon this order and evict you from the real estate without further notice or order of this Court.

### REQUEST FOR RELIEF

3

Exhibit C 10/2
Complaint 12/11/98

As of June 15, 2001, the following amounts are due:

| | |
|---|---:|
| Principal | $14,211.39 |
| Interest | 3,786.18 |
| Deficit Escrow | 4,958.89 |
| Suspense Balance | (530.76) |
| Inspection Fees | 264.50 |
| Late Fees | 251.66 |
| Total | $22,941.86 |

Total Amount Due as of 06/15/01 is $22,941.86, plus court costs, title costs, and Plaintiff's attorney's fees.

Per diem interest accruing after 10/15/98 is $3.43.

(k)  Name or names of present owner or owners of the real estate: Casa Blanca Trust dated January, 1998.

(l)  Names of other persons who are joined as defendants whose interest in or lien on the mortgaged real estate is sought to be terminated:

> Libertyville National Bank by way of a mortgage from John A. Radtke and Mary Radkte recorded 12/3/81 as Document No. 2141174 in the sum of $32,000.00;

> Loch Lomond Property Owners Association by way of a public notice of annual fees recorded 1/16/86 as Document No. 2413895.

(m)  Name or names of defendants claimed to be personally liable for deficiency (if any): John A. Radtke and Mary Ellen Radtke.

(n)  Capacity in which Plaintiff brings this suit: Plaintiff is the owner and legal holder of the note, mortgage, and indebtedness.

(o)  Facts in support of request for attorneys' fees and of costs and expenses: Plaintiff is required to retain counsel for prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title insurance or abstract costs and other expenses, which should be added to the balance secured by said mortgage.

(p)  Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(q)  Name or names of Defendants whose right to possess the mortgaged real

Exhibit C

## TICOR TITLE INSURANCE COMPANY
## COMMITMENT FOR TITLE INSURANCE

| | |
|---|---|
| ORDER NO.: 2000  000195570 WK | SCHEDULE A |

**EFFECTIVE DATE:** MARCH 26, 2002

**PREPARED FOR:**

`ATTN:`

**YOUR REFERENCE:** CASA-BLANCA

**PLEASE DIRECT TITLE INQUIRIES TO:**
Kathleen C. Swett
300 GRAND AVENUE, UNIT A
WAUKEGAN, IL  60085

MAIN NO.: (847) 336-8600
FAX: (847) 336-8942

1. **POLICY OR POLICIES TO BE ISSUED:**

   LOAN POLICY:        ALTA LOAN 1992
   AMOUNT:             $150,000.00
   PROPOSED INSURED:   T.B.D.

2. **THE ESTATE OR INTEREST IN THE LAND DESCRIBED OR REFERRED TO IN THIS COMMITMENT AND COVERED HEREIN IS A FEE SIMPLE UNLESS OTHERWISE NOTED.**

3. **TITLE TO SAID ESTATE OR INTEREST IN SAID LAND IS AT THE EFFECTIVE DATE VESTED IN:**

   CASA-BLANCA

4. **MORTGAGE OR TRUST DEED TO BE INSURED:**

   TO COME.

RORCHAI
JP1

PAGE A1        KCS        05/14/02        15:40:36

Copy 3 of RADTKE TITLE.max

Exhibit D 1/3

TICOR TITLE INSURANCE COMPANY

## COMMITMENT FOR TITLE INSURANCE

| ORDER NO.: 2000 000195570 WK | SCHEDULE A (CONTINUED) |
|---|---|

5.  **THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS FOLLOWS:**

LOT 21 IN BLOCK 14 IN LOCH LOMOND, A SUBDIVISION IN PART OF SECTION 24, TOWNSHIP 44 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED APRIL 7, 1954 AS DOCUMENT 820686, IN BOOK 32 OF PLATS, PAGE 98, IN LAKE COUNTY, ILLINOIS.

Copy 3 of RADTKE TITLE.max

2/3

TICOR TITLE INSURANCE COMPANY
## COMMITMENT FOR TITLE INSURANCE

| ORDER NO.: 2000 000195570 WK | SCHEDULE B (CONTINUED) |

G    11. DOCUMENT ENTITLED DECLARATION OF LAND PATENT RECORDED MARCH 8, 1999 AS
     DOCUMENT 4314780.

M    12. CLAIM OF TITLE OF MARY-ELLEN HOMER AS DISCLOSED BY NOTICE FILED DECEMBER 13,
     1999 IN BANKRUPTCY CASE NO. 99B26406, US BANKRUPTCY COURT FOR THE NORTHERN
     DISTRICT OF ILLINOIS. RELATIVE THERETO, WE NOTE THE FOLLOWING:

     1. FINANCING STATEMENT FILED/RECORDED DECEMBER 3, 1999 AS DOCUMENT 4661013
     AND AS DOCUMENT 9708282 BY MARY-ELLEN HOMR (SIC), SECURED PARTY, MARY E.
     HOMER, DEBTOR, INCLUDING THE LAND HEREIN AND OTHER PROPERTY;

     2. JUDGMENT ENTERED IN CASE NUMBER 98AR49, A MEMORANDUM OR COPY OF WHICH WAS
     RECORDED APRIL 21, 1998 AS DOCUMENT NUMBER 4121731, IN FAVOR OF FIRST NATIONAL
     BANK OF CHICAGO AGAINST MARY RADKE IN THE AMOUNT OF $11,142.76.

     3. JUDGMENT ENTERED IN CASE NUMBER 92D1279, A MEMORANDUM OR COPY OF WHICH WAS
     RECORDED FEBRUARY 5, 2001 AS DOCUMENT NUMBER 4640390, IN FAVOR OF JOHN A.
     RADTKE AGAINST MARY ELLEN HOMER IN THE AMOUNT OF $5,000.00.

N    13. TERMS, POWERS, PROVISIONS AND LIMITATIONS OF THE TRUST UNDER WHICH TITLE TO
     THE LAND IS HELD.

I    14. UPON ANY CONVEYANCE OR MORTGAGE OF THE LAND, A STATEMENT FROM THE SECRETARY OF
     THE BOARD OF MANAGERS OF THE TOWNHOME, HOMEOWNERS, OR OTHER ASSOCIATION, THAT
     THERE ARE NO UNPAID ASSESSMENT LIENS EXISTING BY REASON OF THE NONPAYMENT OF
     ASSESSMENTS SHOULD BE FURNISHED.

     NOTE: THE STATEMENT SHOULD COVER THE RECORDING DATE OF THE MORTGAGE OR, IF
     TITLE IS TO BE CONVEYED, THE RECORDING DATE OF THE DEED, WHICHEVER DATE IS
     LATER.

J    15. COVENANTS AND RESTRICTIONS (BUT OMITTING ANY SUCH COVENANT OR RESTRICTION
     BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL
     ORIGIN UNLESS AND ONLY TO THE EXTENT THAT SAID COVENANT (A) IS EXEMPT UNDER
     CHAPTER 42, SECTION 3607 OF THE UNITED STATES CODE OR (B) RELATES TO HANDICAP
     BUT DOES NOT DISCRIMINATE AGAINST HANDICAPPED PERSONS), RELATING IN PART TO
     ASSOCIATION, ASSESSMENTS AND LIEN THEREFOR, CONTAINED IN THE DOCUMENT RECORDED
     AS DOCUMENT NO. 822721, AGREEMENT RECORDED AS DOCUMENT NUMBER 2087334, AND AS
     AMENDED FROM TIME TO TIME THEREAFTER, WHICH DOES NOT CONTAIN A REVERSIONARY OR
     FORFEITURE CLAUSE.

O    16. EASEMENT FOR PUBLIC UTILITIES, AND THE EASEMENT PROVISIONS AND GRANTEES AS SET
     FORTH ON THE PLAT OF SUBDIVISION, OVER THE FOLLOWING: THE NORTH 5 FEET.

3/3

*/2*

COURTROOM MINUTES: Felix Recio Judge Presiding
                   Southern District of Texas, Brownsville Division

United States District Court
Southern District of Texas
FILED

| | | | |
|---|---|---|---|
| Courtroom Clerk | : | M Garcia | |
| Court Reporter | : | S Schwab | : |
| CSO | : | T Yanez | |
| Law Clerk | : | Eva-Dina Delgado | |
| Date | : | May 28, 2002 at 2:30 p.m. | |

MAY 2 8 2002

Michael N. Milby
Clerk of Court

--------------------------------------------------------------

CIVIL CASE NO. B-02-63 (HGT)

| | | |
|---|---|---|
| Mary Homer-Radtke | * | Pro-Se |
| | * | |
| vs | * | |
| | * | |
| John A Radtke | * | Levine |

--------------------------------------------------------------

**STATUS CONFERENCE**

Mary Homer-Radtke present pro-se;
Mr Levine present for John A Radtke;

The Court addresses parties and explains that the purpose of the conference
is to have the  parties better explain their allegations to the Court;

Mary Homer-Radtke states she has been financially exploited and is requesting
on injunction on all their property;
Further states her divorce has not been finalized-there is no decree;
Homer-Radtke advises the Court she has filed bankruptcy in this division;


Mr Levine explains he  has not filed an answer to this case but filed a Motion
to Appear Pro Hac Vice and tenders to the Court a document filed and executed
by Judge John Philips(Judgment and settlement of divorce); Mr Levine states
there was a judgment entered on the dissolution of marriage and a marital
settlement agreement was executed by both parties; Mr Levine states this should
be a state matter and further states Federal Court has no jurisdiction over
family law; Mr Levine asserts that this Court does not have diversity
jurisdiction, personal jurisdiction over Mr Radtke, or subject matter
jurisdiction; Mr Levine emphasized the need for criminal proceedings against
Homer-Radtke for fraud;

Homer-Radtke responds to Mr Levine's arguments;

The Court will review the file and prepare a Report and Recommendation to the
District Judge, in which the Court will recommend this case be dismissed;
The Court further advises parties they have 10 days to file their objections to
the R & R once it is received by them;

Court adjourned.

*Exhibit E*

RECEIVED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT



COPY

Case No. 2-01-1403

FILED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |  |
|---|---|---|
| Associated Mortgage, Inc. | ) | Appeal from the Circuit |
|  | ) | Court of the Nineteenth |
| plaintiff/appellee | ) | Judicial Circuit |
|  | ) | Lake County, Illinois |
|  | ) |  |
| v. | ) | Gen. No. 98 CH 1240 |
|  | ) |  |
| Mary Ellen Radtke, et al. | ) | Honorable Stephen Walter, |
|  | ) | Judge Presiding |
| defendant/appellant. | ) |  |

NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 28, 2002 I filed with the Appellate Court of Illinois, Second District, the attached **MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION.**

PROOF OF SERVICE

I, Mary Homer-Radtke, swear under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I served this notice by mailing a true and correct copy to Kim M. Casey, Holmstrom & Kennedy, P.C., 800 N. Church St., P.O. Box 589, Rockford, Illinois 61105 on May 28, 2002 at Harlingen, Texas with proper postage attached.

_____
Mary Homer-Radtke

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

Exhibit B

Case No. 2-01-1403

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |  |
|---|---|---|
| Associated Mortgage, Inc. | ) | Appeal from the Circuit |
|  | ) | Court of the Nineteenth |
| plaintiff/appellee | ) | Judicial Circuit |
|  | ) | Lake County, Illinois |
|  | ) |  |
| v. | ) | Gen. No. 98 CH 1240 |
|  | ) |  |
| Mary Ellen Radtke, et al. | ) | Honorable Stephen Walter, |
|  | ) | Judge Presiding |
| defendant/appellant. | ) |  |

MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS
AND FINANCIAL EXPLOITATION

Appellant Mary Homer-Radtke hereby moves this court to take judicial notice of the lack of due process in Appellate Case 2-01-1403 and trial court Case No. 98 CH 1240 and financial exploitation by officers of the court. Appellant shows to this court the following:

1.) Appellant appealed Case 98 CH 1240 to the Appellate Court on December 10, 2001.

2.) On November 13, 2001, the Trial Court entered an Order which dismissed Mary Homer-Radtke's Counterclaim, Third Party Complaints, and Cross-Complaints with prejudice.

3.) Counterclaims, Third Party Complaints, and Cross-Complaints are independent causes of action.

1

4.) The original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001 by attorney Kim M. Casey, collection agent of Associated Mortgage, Inc. failed to attach a true, correct, and complete copy of the promissory note and/or mortgage both of which are required by Illinois law for relief.

5.) A breach of contract lawsuit requires elements to confer jurisdiction to the trial court.

6.) Both the original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001 were missing the necessary elements to confer jurisdiction to the Trial Court.

7.) Kim M. Casey, agent of Associated Mortgage, Inc., never provided evidence that Associated Mortgage, Inc., De-Pere, Wisconsin has or had any authority to file a complaint in this matter.

8.) During the months of October to December of 1998, Mary Homer-Radtke, in good faith, was writing "qualified written inquiries" to Ross Vittore, CEO and President of (Associated) Great Northern Mortgage Company, Rolling Meadows, Illinois.

9.) In a letter dated December 28, 1998, on letter-head stationary, Ross Vittore wrote that he had forwarded

Mary Homer-Radtke's qualified written inquiries to their loan servicing agency, Associated Loan Services.

10.) Mary Homer-Radtke disputed and denied all claims made by Kim M. Casey, attorney acting as collection agent for Associated Mortgage, Inc..

11.) Kim Casey, collection agent, and/or Associated Mortgage, Inc. and/or Associated Banc-Corp failed to validate the alleged debt as is required by consumer protection law and federal (RESPA) servicing law.

12.) Kim M. Casey, failed to join the necessary parties making all orders and/or judgments in Case 98-CH-1240 void.

13.) Mary Homer-Radtke is not a licensed attorney and by law, cannot file an appearance for or represent Casa-Blanca which was named as defendant-owner of the property in the original and in the amended complaint.

14.) Mary Homer-Radtke has been trapped in the Trial Court for over three years because the court has refused to dismiss the original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001.

15.) The Trial Court did not have personal or subject-matter jurisdiction in Case 98-CH-1240 until Mary Homer-Radtke filed independent actions against the attorneys, John A. Radtke, and affiliates of Associated Banc-Corp.

16.) The judges in Case 98-CH-1240 have violated Public Policy which protects the right to own property and would not allow officers of the court the opportunity to take property without jurisdiction or due process of the law.

17.) When these independent causes of action, Counterclaim, Third Party Complaints and Cross-Complaints were denied by the Trial Court with prejudice, the litigation between the parties on separate parts of the litigation were terminated and appealable.

18.) Since the Trial Court only had jurisdiction of Mary Homer-Radtke's Counterclaim, Third Party Complaints, and Cross-Complaints, that jurisdiction was transferred to the Appellate Court on December 10, 2001 with the filing of the Notice of Appeal.

19.) Mary Homer-Radtke filed a DOCKETING STATEMENT on December 22, 2001 referencing Supreme Court Rule 301 to demonstrate that the appeal is timely.

20.) Kim M. Casey, agent of Associated Mortgage, Inc., filed a motion to dismiss Appeal No. 2-01-1403 on February 25, 2002 claiming that the order must have the appropriate wording to be an interlocutory appeal.

4

21.) In addition to a response to Appellee's motion to dismiss, Appellant/Mary Homer-Radtke filed for an extension of time for filing the brief due 3/18/02.

22.) Appellant called the Appellate Court giving an address in Texas for mailing at which time the Clerk said that orders had been filed in both Appeal No. 2-01-1403 and Appeal No. 2-00-1065 and would be mailed.

23.) Appellant has not received the requested orders in Appeal No. 2-01-1403 or Appeal No. 2-00-1065, a denial of due process.

24.) Appellant wrote a letter to the Appellate Court giving notice of a change of address (Mary Homer-Radtke, P.O.Box 533793, Harlingen, Texas 78553) stating that I have not received orders in Appeal No. 2-01-1403 or Appeal No. 2-00-1065. Attached is a true, correct, and complete copy of said letter heretofore as Exhibit A.

25.) Appellant, Mary Homer-Radtke, was denied the opportunity to file a timely motion for rehearing/reconsideration.

26.) Without notice to Mary Homer-Radtke and without jurisdiction, Kim M. Casey has filed motions and the Trial Court has continued to enter orders in Case 98-CH-1240.

27.) Mary Homer-Radtke filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Southern District of Texas on May 10, 2002.

28.) Attorney fees claimed by Kim M. Casey and Neil H. Levin, and the alleged debt claimed in the Amended Complaint to Foreclose Mortgage in Case 98-CH-1240 are under dispute in Mary Homer-Radtke's bankruptcy filing.

29.) Attorneys Kim M. Casey and Neil H. Levin financially exploited Mary Homer-Radtke, a disabled person, pursuant to 720 ILCS 5/16-1.3, by filing frivolous complaints trapping Mary Homer-Radtke in the trial court system, by pumping up their attorney fees, and by using the court as a collection agency for said attorney fees.

WHEREFORE, Appellant Mary Homer-Radtke, prays that the judges of this Appellate Court, Second District take notice that Appellant, Mary Homer-Radtke has been denied due process of the law and has been financially exploited by officers of the court pursuant to 720 ILCS 5/16-1.3.

Respectfully submitted,

Mary Homer-Radtke

May 28, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

6

**NOTICE**

Mary Homer-Radtke
P.O. Box 533793
Harlingen, Texas 78550
April 16, 2002

Appellate Court, Second District
55 Symphony Way
Elgin, Illinois 60120

RE: Address change - P.O. Box 533793, Harlingen, Texas 78550

This is notice that I have not received determinations/orders.  Please
send a copy of the court orders for Case 2-01-1403 - Associated
Mortgage, Inc. v. Radtke et al. and consolidated Case 2-00-1065 - Mary
Homer-Radtke v. John A. Radtke.

**Thank you.**

**Respectfully,**


Mary Homer-Radtke

Exhibit A

Case No. 2-01-1403

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|                                    |   |                                    |
|------------------------------------|---|------------------------------------|
| Associated Mortgage, Inc.          | ) | Appeal from the Circuit            |
|                                    | ) | Court of the Nineteenth            |
| plaintiff/appellee                 | ) | Judicial Circuit                   |
|                                    | ) | Lake County, Illinois              |
|                                    | ) |                                    |
| v.                                 | ) | Gen. No. 98 CH 1240                |
|                                    | ) |                                    |
| Mary Ellen Radtke, et al.          | ) | Honorable Stephen Walter,          |
|                                    | ) | Judge Presiding                    |
| defendant/appellant.               | ) |                                    |
|                                    | ) |                                    |

<u>ORDER</u>

This matter coming before the court on appellant's MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION, all parties having been given due notice, the court being advised in the premises and having jurisdiction of the parties and the subject matter,

IT IS HEREBY ORDERED THAT appellant's motion is allowed ____ denied ____.

_____
Justice

_____
Justice

_____
Justice

RECEIVED

COPY

FILED

MAY **3 0** 2002

MAY **3 0** 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

Case No. 2-00-1065

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |  |
|---|---|---|
| Mary Homer-Radtke | ) | Appeal from the Circuit |
|  | ) | Court of the Nineteenth |
| petitioner/appellant | ) | Judicial Circuit |
|  | ) | Lake County, Illinois |
|  | ) |  |
| v. | ) | Gen. No. 92 D 1279 |
|  | ) |  |
| John A. Radtke | ) | Honorable Jane D. Waller, |
| respondent/appellee. | ) | Judge Presiding |

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 28,2002 I filed with the Appellate Court of Illinois, Second District, the attached <u>MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION</u>.

### PROOF OF SERVICE

I, Mary Homer-Radtke, swear under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I served this notice by mailing a true and correct copy to Neil H. Levin, Neil H. Levin & Associates, P.C., 1970 N. Halsted St., Chicago, Illinois 60614 on May 28, 2002 at Harlingen, Texas with proper postage attached.

Mary Homer-Radtke

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

Exhibit C

Case No. 2-00-1065

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | Appeal from the Circuit |
| | ) | Court of the Nineteenth |
| petitioner/appellant | ) | Judicial Circuit |
| | ) | Lake County, Illinois |
| | ) | |
| v. | ) | Gen. No. 92 D 1279 |
| | ) | |
| John A. Radtke | ) | Honorable Jane D. Waller, |
| respondent/appellee. | ) | Judge Presiding |

MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS
AND FINANCIAL EXPLOITATION

Appellant Mary Homer-Radtke hereby moves this court to take judicial notice of the lack of due process in Appellate Case 2-00-1065 and financial exploitation in trial court Case No. 92 D 1279. Appellant shows to this court the following:

1.) Appellant appealed Case 92 D 1279 to the Appellate Court, Second District, on August 30, 2000.

2.) Appeal No. 2-00-1065 was intended to declare void ab initio the judgment of June 6, 1995 which was entered without jurisdiction, was procurred by fraud, and was entered in a manner inconsistent with the due process of the law.

3.) Appellant, Mary Homer-Radtke, filed a docketing statement referencing Supreme Court Rule 301 to demonstrate that the appeal is timely.

4.) Appellant, Mary Homer-Radtke, filed two additional appeals, Appeal No. 2-01-0184 and Appeal No. 2-01-0285 which were later consolidated under Appeal No. 2-00-1065.

5.) Appellee, John A. Radtke, filed two motions to dismiss Appeal No. 2-00-1065 as being premature, there being no final judgment in the trial court record.

6.) There was no final judgment/decree in the trial court record pursuant to the certified record prepared by the Appellate Court Clerk in the 19th Judicial District Circuit Court, County of Lake, Illinois.

7.) The certified record in Trial Case 92-D-1279 is evidence that John A. Radtke and Mary Homer-Radtke remain legal husband and wife.

8.) The Appellate Court erred by failing to dismiss Appeal No. 2-00-1065 for want of jurisdiction.

9.) The Appellate Court's ruling denied Appellant, Mary Homer-Radtke, due process of the law in said Appeal.

10.) The Appellate Court denied all attempts to supplement the record with alleged copies of a final judgment allegedly entered on June 6, 1995.

11.) When the Appellate Court failed to dismiss Appeal No. 2-00-1065 for want of jurisdiction, the Appellate Court aided and abetted John A. Radtke in the financial exploitation of Mary Homer-Radtke, pursuant to 720 ILCS 5/16-1.3, by allowing further erosion of the marital estate.

12.) Appellant called the Appellate Court giving an address in Texas for mailing at which time the Clerk said that an Order had been filed in Appeal No. 2-00-1065, a copy of which, would be mailed immediately.

13.) The Clerk said that the Order, entered April 1, 2002, dismissed Appeal No. 2-00-1065.

14.) Appellant has not received the requested order in Appeal No. 2-00-1065 which was entered in a manner inconsistent with the due process of the law.

15.) Appellant wrote a letter to the Appellate Court giving notice of a change of address (Mary Homer-Radtke, P.O.Box 533793, Harlingen, Texas 78553) stating that I have not received orders in Appeal No. 2-00-1065 or Appeal No. 2-01-1403.

Attached is a true, correct, and complete copy of said letter heretofore as Exhibit A.

16.) Appellant, Mary Homer-Radtke, wrote a MOTION FOR RECONSIDERATION without having a copy of the Order allegedly dismissing Appeal No. 2-00-1065, by filing said motion by certified mailing on April 30, 2002.

17.) Appellant, Mary Homer-Radtke, attached an AFFIDAVIT which gave evidence that the Trial Court did not have jurisdiction in Case No. 92-D-1279, that Mary Homer-Radtke was denied due process, that the private settlement of June 2, 1995 was signed under duress, that the attorneys for Mary Homer-Radtke provided ineffective assistance of counsel, that the children were defrauded of state mandated child support, that attorneys Kathleen Roseborough and Eva Schwartzman coerced Mary Homer-Radtke to recant testimony, and that the judgment was entered in a manner inconsistent with the due process of the law.

18.) The Appellate Court, Second District entered an Order in Appeal No. 2-00-1065 in a manner inconsistent with due process of the law making that Order void.

19.) Appellant, Mary Homer-Radtke, sent a charging letter to Judge John Phillips for financial exploitation of Mary

Homer-Radtke, a disabled person, pursuant to 720 ILCS5/16-1.3.

A true, correct and complete copy of the charging letter is attached hereto as Exhibit B.

20.) Without judicial immunity, judges in the Trial Court financially exploited Mary Homer-Radtke by converting marital property and Mary Homer-Radtke's loans to B.Radtke & Sons, Inc./John A. Radtke under the control of John A. Radtke.

21.) The value of the property has eroded considerably and Mary Homer-Radtke has been deprived of income and enjoy-ment of a lawful portion of the property.

22.) Mary Homer-Radtke filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Southern District of Texas naming John A. Radtke as spouse on May 10, 2002.

WHEREFORE, Appellant Mary Homer-Radtke, prays that the judges of this Appellate Court, Second District take judicial notice that Appellant, Mary Homer-Radtke has been denied due process and has been financially exploited.

Respectfully submitted,

Mary Homer-Radtke

May 28, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

-5-

NOTICE

Mary Homer-Radtke
P.O. Box 533793
Harlingen, Texas 78550
April 16, 2002

Appellate Court, Second District
55 Symphony Way
Elgin, Illinois 60120

RE: Address change - P.O. Box 533793, Harlingen, Texas 78550

This is notice that I have not received determinations/orders.  Please
send a copy of the court orders for Case 2-01-1403 - Associated
Mortgage, Inc. v. Radtke et al. and consolidated Case 2-00-1065 - Mary
Homer-Radtke v. John A. Radtke.

Thank you.

Respectfully,


Mary Homer-Radtke

Exhibit A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

MARY HOMER-RADTKE,              )
      Petitioner,         )
      v.                  )      Gen. No. 92 D 1279
JOHN A. RADTKE,                 )
      Respondent.         )

NOTICE FOR THE RECORD OF MARY HOMER-RADTKE'S CHARGING LETTER AGAINST
JUDGE JOHN PHILLIPS
PURSUANT TO 720 ILCS 5/16-1.3

COMES NOW the petitioner, Mary Homer-Radtke, pro per, and moves the Office of the State's Attorney and Attorney General to investigate charges of financial exploitation and child endangerment against Judge John Phillips.

Dear Judge John Phillips,

Mary Ellen Homer and John Allen Radtke engaged in a civil contract on June 17, 1967 made in due form agreeing to take each other for husband and wife during their joint lives, and to discharge toward each other the duties imposed by law upon such relation. Heyman v. Heymann, 1906, 218 Ill. 636 75 N.E. 1079. The Marriage License, No. 16732 is recorded in Book 25, Page 267 with the county of Cameron, in Texas is recorded with the Secretary of State of Texas under U.C.C. filing No. 99-238423 and is recorded with the Secretary of State of Illinois and the county of Lake under filing No. 9708366/4465799. Marriage creates a fiduciary relationship between husband and wife.

Pursuant to 720 ILCS 5/16-1.3, John has a history of financially exploiting the disabled and the elderly. Victims include John's mother, Jean Radtke, and father, Emil Radtke, his siblings, Nancy and Emil Radtke, my parents, Helen and Fred Homer, employees and business partners and Carl Roegge and his wife. John also has a history of child abuse which was disclosed to you in chambers on April 18, 1995.

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12L.Ed. 1170, 1189 (1850); Rose v. Himely, 4 Cranch 241, 269, 2L.Ed. 608, 617 (1808). A judge has a fiduciary relationship with the public and a fiduciary duty to determine whether or not the court has jurisdiction of the specific matter and to apply the law accordingly.

Marriage is a civil contract regulated by statute. Dailey v. and Lodge, Brotherhood of Railroad Trainmen, 1924, 142 N.E. 478, 311 Ill. 184. Under Illinois law, in a statutory proceeding, such as

Exhibit B

a divorce proceeding, in a court of limited jurisdiction, there is no presumption that the court holds jurisdiction. The petition in Case No. 92-D-1279, required to put the court in motion and give it jurisdiction was not in conformity with the statute and did not show all the facts, elements, necessary to authorize the court to act. Brown v. VanKeuren, 340 Ill. 118, 122 (1930) Any action taken by the circuit court in Case 92D1279 exceeded its jurisdiction, is void, and may be attacked at any time. Any judgment procured through fraud or where there is a denial of due process is void.

I hired Sally Lichter as my agent on the recommendation of Marty Ziemer, L.C.S.W. because John Radtke refused to go to marital therapy. Sally Lichter did not provide effective assistance of counsel. The petition Sally Lichter authored was self-serving maximizing the opportunity for collection of attorney fees and did not confer jurisdiction to the court. The petition did not protect me, my property rights, or the rights of our children. It is public policy that women have the right to own property and Illinois is a community property state. Without jurisdiction, Judge Jane Waller converted jointly owned marital property and my non-marital loans to the company under the control of John A. Radtke by signing a void order entered into the record on July 30, 1992(C0018). I was financially exploited by Jane Waller who acted without judicial immunity. I was deprived of income from my non-marital property and from jointly held marital property in a community property state. John as fiduciary became bailee of my property. John removed me from my position as Vice President and Secretary of the corporation. I contributed financially for the purchase of B.Radtke & Sons and I contributed the downpayment for the purchase of the industrial building located at 101 W. Main St., Round Lake Park, Illinois.

In November of 1992 a public myth was generated by the Coroner's office and the media that our son Jeffrey Aaron Radtke had committed suicide on the railroad tracks. We were not allowed to see the body which is required by law for a positive identification of the body. In fact, the body was not that of our son. The media's description of the body was possibly 6', brown hair, brown eyes, weighing 160-170 pounds. Our son is 5'8", blonde hair, blue eyes, and weighed, at the time, 130#. The Office of the State's Attorney colluded in the "sting operation" and the false arrest of our son on October 30, 1992. Jeffrey's arrest was in retaliation for my placing my client, Deborah Sue Troxel, in the Lake County Health respite, CATS, for the Halloween celebration. Debbi was aspiring to High Priestess in the Satanic/Wiccan cult and was supposed to be attending cult ceremonies for the transference of power to her from her deceased mother through her father. My work with Debbi had revealed the symbiotic relationship between the criminal justice system and the cult in the big business of illegal drug trafficking. I notified the Mundelein Police Department of my findings. John insisted that the body be

cremated.   A funeral was held as if the body were that of our son.
John Radtke, who had abused our son, supported the public myth.

John contested this divorce with Bill Rosing acting as his agent.
Bill Rosing withdrew as attorney for John Radtke on September 3, 1993
allegedly because John would not provide discovery and was crying
because he had been removed as manager of B.Radtke & Sons, Inc. by the
bank and employees.  Sally Lichter did not get discovery from John A.
Radtke denying me due process. Sally Lichter, protecting her practice
and her income stream, failed to disclose that she was ill and totally
incapacitated with Epstein-Barr Virus.   The court record provides
evidence that this case was dismissed in November of 1994 because
Sally missed a progress call/status hearing.   The record is evidence
that Sally had the dismissal vacated and that her colleague Clayton
Voegtle signed an order in her absence and that there were multiple
continuations to accommodate her illness.   The record in this case is
evidence that the court was aware that Sally Lichter did not provide
effective assistance of counsel.   I fired Sally Lichter because she
was unavailable and incompetent allowing her to withdraw.

When Douglas Stiles filed his appearance in April of 1994, John
Phillips had replaced Jane Waller as the judge for Case 92D1279. You
had a fiduciary duty to read the record and dismiss this case for lack
of jurisdiction. Your failure to dismiss this case kept me trapped in
the court system where I was financially exploited and my children
were defrauded of state mandated child support.

John, who had been without an attorney since September of 1993,
hired Kathleen Roseborough on the recommendation of Jarvis Friduss,
C.P.A., personal and corporate tax attorney for John Radtke and the
businesses.   Kathleen   Roseborough   spearheaded   a   civil/criminal
conspiracy with the intent of defrauding me of my property and my
children of state mandated child support.   Jarvis Friduss, C.P.A.
aided  and  abetted  Kathleen  Roseborough  in  misrepresenting  the
businesses as bankrupt. Jarvis Friduss prepared a document in support
of his allegations.   Meetings were held at the offices of Jarvis
Friduss, C.P.A.. Kathleen Roseborough, Jarvis Friduss, and John Radtke
conspired to misrepresent the financial condition of the businesses
and the industrial properties in order that Douglas Stiles, as my
agent, would rely on their misrepresentation and collude in the
conspiracy to defraud me and my children.   Kathleen represented
herself as a former mediator which influenced me greatly because I was
scheduled to attend mediation training and form a partnership with
attorney Erica Heyl.  Kathleen Roseborough represented Jarvis Friduss
as an accountant who was called to testify in court cases as an expert
witness creating the illusion that they were ethical professionals.

Douglas Stiles told me that he believed John, Jarvis, and
Kathleen that the businesses were going bankrupt due to John's poor

management.  As a result of their influence, Douglas Stiles did not
provide effective assistance of counsel.  I had given Douglas Stiles
the files from Sally Lichter including approximately 20 letters to
Sally disclosing child abuse and financial exploitation by John
Radtke.  Douglas Stiles had in his possession the discovery documents
authored by Sally Lichter but he did not serve them and made no
attempt to get discovery on four businesses, two industrial buildings,
etc..  I planned a vacation for my daughter and myself in late
November, 1994.  Douglas Stiles told me that Kathleen Roseborough
threatened to lie to the judge and slander my son in order to force
Jeremy to stay with his father in our absence.  I disclosed that John
Radtke was a perpetrator of child abuse in that meeting which was held
on November 24, 1994 at the offices of Jarvis Friduss.  Kathleen
Roseborough's response was a demand that we attend child mediation.
When my daughter and I were in Texas, we received a disturbing call
from my housesitter and Jeremy.  Jeremy had been traumatized by his
father who broke into our home.  To cover-up John's breaking and
entering our home, Kathleen Roseborough perpetrated the lie that John
found our 16 year old son drinking beer with the housesitter.  At the
time of the unlawful entry, Jeremy was in the basement watching
television with friends and the housesitter was at work.  Nobody was
drinking beer.

     The child mediator, Ina Berkley, was a former colleague of
Kathleen Roseborough in the Chicago court system.  Ina Berkley told me
that she received calls from Kathleen Roseborough and was instructed
to ignore my communications disclosing child abuse.  Kathleen
Roseborough told Ina Berkley that her only job was to write a joint
parenting agreement.  Ina Berkley, violated her fiduciary duty as a
mandated abuse reporter and was influenced by Kathleen Roseborough who
breached the confidentiality of the child mediation.

     I fired Douglas Stiles on or about February 28, 1995 when it
became evident that Kathleen Roseborough had coerced him to force me
to sign a settlement defrauding me of my property.  Douglas Stiles did
not provide effective assistance of counsel.  I was unemployed in
October of 1994 and told Douglas Stiles that I wanted to manage
B.Radtke & Sons, Inc..  John had been removed from management and was
spending his time at LaserWorks, a division of B.Radtke & Sons, Inc.
located at 112 W. Main St., Round Lake Park, Illinois.  I wanted the
$54,000 income from B.Radtke & Sons, Inc. leaving John with the income
from LaserWorks.  Doug refused to negotiate on my behalf.  Secretly,
John, Jarvis Friduss, C.P.A. and Kathleen Roseborough prepared a
settlement that defrauded me of the marital assets, my non-marital
loans to the company, and state mandated child support.  Kathleen
Roseborough plotted with Jarvis Friduss and John Radtke to exclude me
from the settlement meeting on January 30, 1995 because I asked too
many questions.  Their scheme to exclude me from the settlement
meeting and coerce me to sign a predetermined settlement was being

imposed to enable Kathleen to leave for Europe on vacation. On January 30, 1995 I was forced to sit in the lobby of the office of Jarvis Friduss, C.P.A. ill with a fever while Doug Stiles negotiated with Jarvis, John and Kathleen. I was forced to sign under duress a piece of paper agreeing to a settlement defrauding me of my property without alimony and with no means of financial support. When John told me that the $130,000 settlement was a repayment of my loans to the company, money that was already mine, I called and rejected the offer and fired Douglas Stiles.

On February 28, 1995, Douglas Stiles filed his affidavit for attorney fees. I paid him the fees. When we returned to his office, he told me that during a pre-trial in your chambers on November 28, 1994 it had been determined that my investments of $96,000 were non-marital which placed $96,000 outside the marital estate. The $96,000 which was invested in mutual funds had been gifted money and had been held separate from the marital estate.

Acting as my own litigator, I went to the businesses. The employees wanted me to manage B.Radtke & Sons, Inc. even offering to support me financially. I prepared a proposal which I sent to Kathleen Roseborough. I was prepared to put all of the marital assets in trust and manage B.Radtke & Sons, Inc. providing a salary for John and myself. Kathleen Roseborough refused to negotiate with me. I was forced to hire another attorney.

This time I hired Eva Schwartzman, appearance filed on March 20, 1995, who was the matriarch of the Lake County court system. Eva represented herself as champion of the underdog who could get anything. She agreed to get B.Radtke & Sons, Inc. for me with the industrial building. Eva did not disclose her age because she told me that no one would hire her. Eva repeatedly fell asleep during our meetings. As a social worker with expertise in mental health, I saw evidence that Eva was experiencing old age dementia. Every time that Eva appeared in court, she asked to withdraw from this case. You would not let Eva withdraw forcing her to remain my agent. The record is evidence that on April 10, 1995 Eva filed an emergency motion and affidavit(C0000085-C000092) requesting time, a minimum of 3 months, for discovery and a postponement of the trial scheduled for April 18, 1995 and for the cause to be set for August, 1995. On April 17, 1995 (Order-C000108) you denied my counsel's motion. You denied Eva Schwartzman's oral motion to withdraw as my counsel. When you signed the Order of April 17, 1995, which was authored by Kathleen Roseborough, you intentionally became a conspirator in denying me due process, forcing me to retain counsel who did not want to represent me, and defrauding me and my children.

The record is evidence that John Radtke engaged in financial exploitation on April 17, 1995 by filing a Rule 237 (C000105-

107)against me for extensive discovery which had been provided on two
other occasions. In fact, you colluded in the financial exploitation
when you threatened me that if I didn't cooperate with the Rule 237
which was being applied unlawfully and provide the documents and my
records that you would sanction me.

When I drove Eva back to her office in Libertyville on April 17,
1995, Eva told me that she would not represent me in trial on April
18, 1995. Eva told me that I would have to represent myself by
preparing questions to ask John. I spent the entire night preparing
questions on financial exploitation and child abuse. Jessica, who was
12 years old at the time, received a subpoena sent to our home to
appear with her bank book. Jessica stayed home from school to take
her bank book to trial. I picked up Eva Schwartzman at her home. I
gave the subpoena to Eva. Eva read my papers and confirmed the child
abuse with Jessica. When we went to court I was very surprised and
traumatized to see John Radtke, Kathleen Roseborough, Jarvis Friduss,
C.P.A., Jean Radtke and Nancy Radtke at court. Jessica was
traumatized because she was fearful of John's family and sensed their
hostility. You called the attorneys into you chambers. When you
returned to the courtroom, you repremanded me for bringing Jessica to
court when you knew that it was Eva's decision. You demanded that I
produce the subpoena which Eva either intentionally or unintentionally
did not bring to court. I was traumatized and made to look like a
fool. Eva Schwartzman knew that this was a conspiracy to defraud me
and was demanding more money if she were going to defend me at trial.
Eva Schwartzman was incompetent, unethical, and did not provide
effective assistance of counsel.

You, Judge Phillips, joined the conspiracy to financially exploit
me, defraud me, by proceeding without jurisdiction, by denying me due
process, by trapping me in the court system, by denying me my rights,
by threatening to sanction me, and by not allowing my attorney, Eva
Schwartzman, to withdraw when it was evident to you that she was
refusing to provide effective assistance of counsel. Furthermore, I
am charging you with child endangerment and conspiracy to defraud my
children of state mandated child support. You were given notice of
child abuse and failed to protect my children. Your behavior was
unethical and unconscionable.

Every time I went into the courtroom, I was traumatized. I was
treated like a criminal. As a practitioner in mental health, I
believed that Eva Schwartzman was incompetent to represent me. Eva
kept threatening that she would not represent me in trial. Eva wanted
more money and was jealous of Kathleen Roseborough who she perceived
was receiving tens of thousands of dollars which was true. Without
discovery, no attorney could have provided effective assistance of
counsel.

-6-

On June 6, 1995, I informed Eva Schwartzman that I had signed the settlement of June 2, 1995 under duress and that it was all lies. When I entered financial mediation, I was forced to sign a contract that I would not extend the trial date of June 6, 1995 if we did not arrive at a settlement. Ina Berkley, the child mediator, recommended Elaine Collins as a private mediator. At the time, I did not know that Kathleen Roseborough and John Radtke had secretly contracted with Elaine Collins to provide 2 ½ sessions of financial mediation services. Ina Berkley did not know Elaine Collins. Ina Berkley lied and said that John wanted her to attend financial mediation. John told me that he did not ask that Ina attend mediation. Ina Berkley played psychological games calling John a "fucking bastard" and telling me that John liked to see me cry and in pain. When I asked to withdraw from mediation, both Ina and Elaine said I had no choice but to continue due to the incompetence of my attorney. John refused to negotiate. When I insisted that the mediators remove my non-marital funds, $96,000 determined in pretrial on November 28, 1994, Elaine Collins produced a letter to purchase B.Radtke & Sons, Inc. claiming that it was given to her by Kathleen Roseborough as evidence that John was gifted the business. Elaine Collins called Eva Schwartzman to review the letter. It was confirmed by Eva that the letter was evidence of our intent to purchase B.Radtke & Sons, Inc.. I gave both Elaine and Ina notice that the letter was to purchase. Elaine Collins cancelled the mediation session saying that she was very ill. When we arrived for the next scheduled session, Ina said that she was going to try another method. I didn't learn until April of 1997 that there had been a secret meeting between John and Elaine Collins as a precursor to this special method. Ina and Elaine converted the mediation process into a forum for Kathleen Roseborough to coerce me into signing a settlement giving all of the marital assets to John and defrauding the children of state mandated child support. There was a bait and switch game played. The mediators would not let me consult my attorney, Eva Schwartzman. I left mediation having been threatened repeatedly. Before the final session, an accountant who was familiar with the businesses prepared corporate and personal tax spreadsheets with the tax returns that were court ordered as a result of a petition filed on May 1, 1995(C000116-117). The tax spreadsheets traced my non-marital ($96,000) investments and traced dissipation of tens of thousands of dollars by John Radtke and showed evidence of tax fraud. On June 2, 1995, I brought the tax spreadsheets to Elaine Collins who was retrieving a document faxed from the law office of Mandel, Lipton, and Stevenson, Ltd., Kathleen Roseborough. Elaine had me lay the spreadsheets out on a table while she copied the faxed document. She looked at the tax return evidence and said nothing. Ina Berkley entered the room. When the findings were traced, Ina Berkley said that I couldn't use the tax returns in court. She then told me to put them away quickly and hide them from John who was entering the conference room. Elaine instructed us to sit and passed out papers which were a rough draft of a settlement. I was in total shock.

Obviously the financial mediators had no intention of coming to a just and equitable division of the property. I had suggested all of the property be put in trust. Every element in the contract for financial mediation had been violated which would void any settlement. I was being railroaded. My children were in danger. I was under duress when I signed the settlement. I called and gave notice to both Elaine Collins and Ina Berkley that I rejected the settlement. Ina Berkley called me back and threatened that the custody of my children would be in jeopardy if I rejected this settlement.

On June 6, 1995, my fate and the safety of my children was in your hands Judge Phillips. Eva Schwartzman told you that I had the "right" to repudiate the private settlement. You conspired with Kathleen Roseborough to convert my right to repudiate the private settlement, which was signed under duress, to a "privilege" under the "Act". When I tried to produce the tax spreadsheets that I had given Eva for court, she had forgotten them. My 87 year old mother wanted to testify on my behalf that she had gifted me money and that John had financially exploited her when he defrauded her of money loaned to the businesses. You refused to let my mother testify. You allowed Kathleen Roseborough to shout at my mother to "shut up" without sanctioning Kathleen Roseborough for her behavior. Kathleen Roseborough produced a computerized spreadsheet from Elaine Collins that commingled $96,000, determined non-marital by you on November 28, 1994, and my non-marital loans to the companies, with the marital assets. You threatened me in a loud voice that either I accept the settlement as written or we would go to trial immediately and you would not look favorably upon me. I was terrified by your behavior and felt as if I had a gun pointed at my head. When I was on the witness stand and said that I signed the settlement under duress, you appeared to be enraged banging the gavel down and declaring a mistrial. You demanded that I remain seated while you took the attorneys into your chambers. When you returned, I was instructed to follow the attorneys outside of the courtroom. Eva Schwartzman threatened that she would not represent me in trial. Eva Schwartzman repeatedly said that I didn't have a gun pointed at my head. Kathleen Roseborough threatened me that she would be living in my house and Eva would own the businesses if I didn't recant my testimony. Kathleen and Eva said that I was to return and say I was "under stress" and nothing more. I had no choice. Ina Berkley bragged repeatedly about testifying in thousands of cases as an expert witness. The custody and safety of my children was in jeopardy.

This letter is a charging letter pursuant to 720 ILCS 5/16-1.3 for financial exploitation of a disabled person. I am legally disabled with a congenital disease known as Legge-Perthes Disease. Without jurisdiction in this case, you kept me trapped in the court system where I was financially exploited. I was and remain fearful of your abuse of authority. Any and all orders or judgments signed by

you are void ab initio.  John A. Radtke and I remain legal husband and
wife. Due to the Order of July 30, 1992, John A. Radtke remains bailee
in control of the marital and my non-marital property.  Historically
B.Radtke & Sons, Inc. provides an income of $54,000.  Ownership of
LaserWorks, now a limited liability company, provides an annual income
of in excess of $40,000.  Ownership of the industrial buildings
provides rental income at fair market value in excess of $3,000 per
building per month. The businesses provide vehicles, car insurance,
transportation expenses, business vacations, health insurance and
additional benefits.  Notice and subpoenas were sent to John Radtke
and Elsie Mannix that John and I remain legal husband and wife.
Charging letters have been sent to John Radtke.  Charging letters have
been sent to Elsie Mannix for aiding and abetting John Radtke in
financial exploitation and dissipation of the marital assets with a
calculated loss of $9M.  I have been deprived of the use and enjoyment
of my property due to your actions.  I have been damaged.

Due to the financial exploitation, my family was forced to live
in a hostile community and attend schools where the children were
labeled at risk.  My children have been traumatized repeatedly. Dome
lights were turned on in our locked vehicles. I have witnessed
children breaking into our home.  Our basement has been flooded with a
hose.  Two litters of kittens were torn apart without any trace of
blood.  Five adult cats disappeared.  One was left dead outside of the
high school.  The tire on my daughter's vehicle was slashed.  She was
attacked while walking home from work.  Her father, John A. Radtke,
refused to provide transportation.  My daughter was ticketed for
automobile accidents which were not her fault.  I suffered financial
loss.  My daughter and I are Godparent to a black child.  In 1997 I
was reported as a child abuser to the DCFS hotline by Sgt. Michael
O'Brien of the Mundelein Police Department.  Marianne Zimmerman,
caseworker, traumatized my children on November 11, 1997 calling my
children and asking them if I was seeing my psychiatrist, taking my
medication, running around outside naked, hiding under the cellar
staircase and other slanderous allegations.  Again I suffered
financial loss defending against the false allegations.  To this day,
the fur on my cat is being shaved. My son was told by a friend whose
family practices witchcraft that the fur is used to curse the family.
I gave notice to John A. Radtke, father of the children, that we were
being traumatized.  John refused to allow me to take the children and
move to another location. You are responsible for my children being
endangered and traumatized.

Respectfully submitted,

Mary Bomer-Radtke
C/o P.O. Box 53379
Harlingen, Texas 78553

DEBRA ANN FIGUEROA
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-27-2004

Debra Ann Figueroa
5/22/02

-9-

Case No. 2-00-1065

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | Appeal from the Circuit |
| | ) | Court of the Nineteenth |
| petitioner/appellant | ) | Judicial Circuit |
| | ) | Lake County, Illinois |
| | ) | |
| v. | ) | Gen. No. 92 D 1279 |
| | ) | |
| John A. Radtke | ) | Honorable Jane D. Waller, |
| respondent/appellee. | ) | Judge Presiding |

ORDER

This matter coming before the court on appellant's

MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND

FINANCIAL EXPLOITATION, all parties having been given due

notice, the court being advised in the premises and having

jurisdiction of the parties and the subject matter,

IT IS HEREBY ORDERED THAT appellant's motion is

allowed ____ denied ____.

_____
                Justice

_____
                Justice

_____
                Justice