*18*

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JUN 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No.  B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE RULE 11

Mary Homer-Radtke, in want of counsel, plaintiff in the above-styled cause, B-02-063,

moves the Court for sanctions against John A. Radtke, and his attorney, Neil H. Levin, to

show cause why they should not be sanctioned by this Court upon the grounds set forth in

the petition, affidavits filed in B-02-063 and  the affidavit made a part of this petition.


1. In an ORDER entered on April 12, 2002, Mary Homer-Radtke was the only

person ordered to appear on May 28, 2002 in Judge Recio's courtroom at 2:30pm.  A

true, correct, and complete copy of said order is attached hereto as Exhibit A.

2. Mary Homer-Radtke, wrote a motion for an emergency status hearing with the

intention of moving this Court to grant Mary the opportunity to appear at a foreclosure

hearing in Illinois on May 15, 2002.  A true, correct, and complete copy of the

EMERGENCY MOTION FOR STATUS HEARING filed on May 9, 2002 evidencing

service of summons and complaint to John A. Radtke is attached hereto as Exhibit B.

1

3. This Court mailed a copy of the same ORDER entered on April 12, 2002 ordering only Mary Homer-Radtke to appear on May 28, 2002 in Judge Recio's courtroom to Mary Homer-Radtke on May 10, 2002 denying Mary the opportunity to appear on May 15, 2002 in Illinois. A true, correct, and complete copy of the envelope mailed on May 10, 2002 is attached hereto as Exhibit C.

4. Mary Homer-Radtke was taken by surprise when Neil H. Levin, attorney for John A. Radtke, entered the courtroom on May 28, 2002.

5. Mary Homer-Radtke objected to Neil H. Levin speaking without giving evidence of filing an appearance or having standing in this Court.

6. Neil H. Levin signed a MOTION AND ORDER FOR ADMISSION PRO HAC VICE on May 13, 2002 for the purpose of making representations to this Court on behalf of his client, John A. Radtke on May 28, 2002. A true, correct and complete copy of said motion entered on May 29, 2002 is attached hereto as Exhibit D.

7. Mary Homer-Radtke was not given notice of the motion and order allegedly filed on May 13, 2002 with the United States District Court, Southern District of Texas.

8. Neil H. Levin did not file a response to Mary Homer-Radtke's PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF. A true, correct, and complete copy of said petition requiring John A. Radtke to "furnish legally sufficient documentation of the lawful dissolution of the marriage between Mary Homer-Radtke and John A. Radtke; or in the alternative, John A. Radtke shall state under oath to the satisfaction of this court that Mary Homer-Radtke and John A. Radtke are lawfully married", is attached hereto as Exhibit E.

9. In violation of Rule 11 (b), Neil H. Levin made representations to this Court without investigation:

(1) that were presented for an improper purpose, such as to dismiss this case, to allege fraud, to remove this matter to a State court and to cause an increase in the cost of litigation preventing Mary Homer-Radtke from seeking recourse and remedy in the State court;

(2)that the claims, defenses , and other legal contentions were not warranted by existing law or the extension, modification, or reversal of existing law or for the establishment of new law;

(3)that the allegations and factual contentions were not supported by evidence;

(4)that the denials of factual contentions were not warranted on the evidence and were not reasonably based on a lack of information or belief.

10. Pursuant to the Status Conference, Courtroom Minutes, Neil H. Levin tendered to the Court a copy of judgment and settlement of divorce.  A true, correct, and complete copy of the Status Conference is attached hereto as Exhibit F.

11. On May 28, 2002, Neil H. Levin did not tender a copy of any documents to Mary Homer-Radtke.

12. Mary Homer-Radtke has been to view the file in the Clerk's Office on several occasions and the file B-02-063 has not been available.

13.Neil H. Levin knows that there is no judgment or settlement in the official record filed with the Clerk of the Court in Case 92D1279 in the 19th Judicial District Circuit Court.

14.The judgment and settlement tendered to this Court do not rise to the level of

3

best evidence required to support Neil H. Levin's assertions to this Court.

15. Neil H. Levin tendered to this Court an ORDER from the Appellate Court, Second District.

16. In a diversity case, federal courts are not absolutely bound by decisions of intermediate state appellate courts.

17. The Appellate Court, Second District did not send Mary Homer-Radtke a copy of the ORDER dismissing Appeal No. 2-00-0165 for want of jurisdiction.

18. An appeal was taken to the Appellate Court, Second District on August 30, 2000 pursuant to Supreme Court Rule 301, the right to appeal from a final judgment.

19. Appeal No. 2-00-0165 was dismissed in an ORDER entered on or about April, 2002 as there was no final and appealable judgment in the official certified record prepared by the Appelate Court Clerk, Candie, working at the Office of the Clerk in the 19th Judicial District Circuit Court.

20. Neil H. Levin asserted to this Court that the settlement was executed by both parties, knowing that the settlement was signed under duress on June 2, 1995 by Mary Homer-Radtke.

21. Neil H. Levin knows that Mary Homer-Radtke was under duress on June 6, 1995 being threatened by Judge John Phillips and being coerced to change testimony by attorneys Kathleen Roseborough and Eva Schwartzman.

22. Judgments procured by fraud, without jurisdiction, and in a manner denying due process of law are void.

23. It is well established law that a court cannot make a void judgment, valid.

24. Orders written under Rule 23 have been declared constitutionally unlawful in the 8th District.

25. The Appellate Court, Second District erred by not immediately dismissing, for want of jurisdiction, Appeal No. 2-00-1065 causing continued expense of litigation in the Trial Court and the Appellate Court.

4

26. Two additional appeals were consolidated under Appeal No. 2-00-1065.

27. Mary Homer-Radtke prepared a rough draft but could not file PETITION FOR DECLARATION OF INVALIDITY OF MARRIAGE OF JOHN ALLEN RADTKE AND ELSIE VIRGINIA MANNIX, AKA ELSIE PENDREGAST MANNIX, AKA ELSIE RADTKE IS PROHIBITED PURSUANT TO 750 ILCS 5/212(a)(1) AND 750 ILCS 5/216 OF THE ILLINOIS MARRIAGE AND DISSOLUTION OF MARRIAGE ACT in the Trial Court because the Appellate Court failed to dismiss Appeal No. 2-00-1065 in a timely manner. A true, correct, and complete rough draft of said petition is attached hereto as Exhibit G.

28. Neil H. Levin "asserts that this Court does not have diversity jurisdiction, personal jurisdiction over Mr. Radtke, or subject matter jurisdiction."

28. Pursuant to Constitutionality, the diversity statute applies to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, U.S.Ky.1996, 117 S.Ct. 467, 519 U.S. 61, 136 L.Ed2d 437, on remand 156 F.3d 1230.

29. John Allen Radtke and Mary Ellen Homer were lawfully married on June 17, 1967 in the State of Texas, a community property state. A true, correct, and complete of a certified copy of the marriage license registered in Cameron County is attached hereto as Exhibit H.

30. John Allen Radtke lives in Illinois and Mary Homer-Radtke lives in Texas, both community property states.

31. The court acquires personal jurisdiction over a nonresident defendant in accordance with the long-arm statute of the state in which it sits. Reliable Tool & Mach. Co. Inc. v. U-Haul Intern, Inc., N.D.Ind 1993, 837 F.Supp. 274.

32. Subject matter jurisdiction is absolute, either existing or not, and is not a question that invites exercise at court's discretion, nor is equity an informing consideration. Printworks, Inc. v. Dorn Co., Inc., E.D.La1994, 869 F.Supp. 436.

33. On May 28, 2002, Neil H. Levin asserted to this Court that the res of $500,000.00 was not specific denying this Court jurisdiction.

34. Pursuant to Title 28 Sec. 1332, "Diversity of Citizenship; amount in controversy; costs states as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,"

35.The petition filed by Mary Homer-Radtke states that the *res* of this controversy exceeds five hundred thousand dollars ($500,000.00) because specificity not only requires discovery which was denied in the trial court but a determination as to marital status of the parties.

36.The fair market value of the ongoing businesses can only be determined by an audit done by a fair and impartial accounting firm.

37. Mary Homer-Radtke has been denied income from B.Radtke & Sons, Inc. which is historically $54,000.00 per annum since the ORDER entered on July 30, 1992 converting the property under the control of bailee, John A. Radtke. A true, correct and complete copy of the ORDER entered on July 30, 1992 is attached hereto as Exhibit I.

38. LaserWorks has been converted from a Division of B.Radtke & Sons, Inc. to a Limited Liability Company providing an income in excess of $40,000 per annum which amount can be specifically determined through discovery of John A. Radtke's tax returns.

39. Estimated values of real property are as follows:

> (a) Wauconda condominium - $185,000.00
>
> (b) Highland Park home - $450,000.00
>
> (c) Industrial building – 101 W. Main St., Round Lake Park - $300,000.00
>
> (d) Industrial building – 112 W. Main St., Round Lake Park - $200,000.00.

40.Mary Homer-Radtke has been deprived monthly income from fair market rentals, in excess of $3.50 per sq. ft., of the jointly owned industrial buildings.

41. Mary Homer-Radtke has been deprived income from, as well as use and

enjoyment of property which was in the marital estate of Mary Homer-Radtke and John A. Radtke circa July of 1992 plus substantial and valuable property which Mary Homer-Radtke owned separately.

42. Non-marital loans were made to B. Radtke & Sons, Inc. at the request of John A. Radtke, President of the corporation, with Mary's non-marital loan valued at approximately $54,000.00 and a joint loan of $52,000.00 @ 9% interest compounding since 1992.

43. Mary Homer-Radtke has been deprived amenities from business ownership including, but not limited to, income from equipment rentals, health insurance coverage, vehicles, automobile insurance, travel expenses, key man insurance, and retirement plans.

44. Under the law of agency, John A. Radtke is liable for the actions of his agent, Neil H. Levin of Neil H. Levin & Associates, P.C..

45. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of appearing without filing an appearance or signing and filing a response to Mary Homer-Radtke's petition and complaint.

46. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of tendering to this Court documents which are void and do not rise to the level of best evidence.

47. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of perpetrating fraud upon the court influencing this Court to accept dicta in lieu of a pleading response and void documents in lieu of best evidence.

48. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of denying Mary Homer-Radtke recourse and remedy in the this Court.

49. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of moving this Court to dismiss Case B-02-063.

50. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice without notice to Mary Homer-Radtke for the improper purpose of surprising Mary Homer-Radtke on May 28, 2002.

51.Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose for increasing the cost of litigation to Mary Homer-Radtke who has been financially impoverished as evidenced by Bankruptcy filing, 02-10280. A true, correct, and complete of the Notice of Bankruptcy Case Filing is attached hereto as Exhibit J.

52. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of remanding this issue to the Trial Court in Illinois disadvantaging Mary Homer-Radtke who lives in Texas.

53. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of prolonging litigation and delaying return of property to owner, Mary Homer-Radtke.

54. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of allowing John A. Radtke oppportunity to convert for his own use and dissipate marital assets and property owned by Mary Homer-Radtke to the benefit of Elsie Mannix and her children.

55. Pursuant to Rule 11, (b)(2), on May 28, 2002, Neil H. Levin claims, defenses, and other legal contentions were frivolous in nature and were not warranted by existing law or for the establishment of new law.

56.Pursuant to Rule 11,(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions of the marital status of John A. Radtke and Mary Homer-Radtke which were not supported by evidence.

57.Pursuant to Rule 11(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions of the property at issue in Trial Court Case 98CH1240, which were not supported by evidence or likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

58. Pursuant to Rule 11,(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions regarding the individual bankruptcy filing of Mary Homer-Radtke as naming his client, John A. Radtke, as codebtor without supporting evidence or likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Exhibit J.

59. Pursuant to Rule 11,(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions regarding the residence of Mary Homer-Radtke by offering an envelope with an Illinois return, addressed by Mary Homer-Radtke's cohort living in Illinois, which does not rise to the level of supporting evidence or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

60. Pursuant to Rule 11,(b)(4), on May 28, 2002, Neil H. Levin made allegations, factual contentions and tendered evidence to this Court which were not based on a lack of information or belief as Neil H. Levin first appeared for John A. Radtke in September of 1999 in the marriage of John A. Radtke and Mary Homer-Radtke, Case 92D1279, and has made repeated appearances for his client in said case, in a Chapter 11 bankruptcy case, in a foreclosure case, 98CH1240, and in Appeal 2-00-1065.

61.In the interest of justice, a sanction must be imposed for violation of Rule 11 sufficient to deter repetition of such conduct by Neil H. Levin as agent for John A. Radtke.

62.On May 28, 2002 in open court, Neil H. Levin said that his appearance was costing his client John A. Radtke between $7,000.00 and $8,000.00 which is further erosion of the marital estate of John A. Radtke and Mary Homer-Radtke.

63. In the interest of justice, Mary Homer-Radtke moves this court to disbar attorney Neil H. Levin from the practice of law in this United States District Court Southern District of Texas.

64. In the interest of justice, Mary Homer-Radtke moves this court to disbar attorney Neil H. Levin from the practice of law in the United States Bankruptcy Court Southern District of Texas.

65. Summons, Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief, Motion for Preliminary Injunction, Affidavit, and Order Setting Conference were served upon John A. Radtke on April 16, 2002 at 1641 Elmwood, Highland Park, Illinois 60035.

66. In the interest of justice, pursuant to the United States District Court Summons in Civil Case B-02-063, Mary Homer-Radtke moves this court to grant a judgment by default taken against John A. Radtke for the relief demanded in Mary Homer-Radtke's MOTION FOR PRELIMINARY INJUNCTION and PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF.

Mary Homer-Radtke

STATE OF TEXAS             INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this _11th_ day of _June_, 2002, personally appeared _Mary Homer Radtke_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _9-21-2004_          _Betty J. Valle_ Notary Public

BETTY J. VALLE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-21-2004

10

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT IN SUPPORT OF PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.)    I am plaintiff in the above-entitled action.

2.)    I have filed Affidavits in Case B-02-063 which support Affiants PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11.

3.)    I have read the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 and know the contents of said document; and

4.)    Of my own knowledge, the matters set out in the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 are true in substance and in fact; or, if part of the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 is on information and belief, that the matters set out are true of my own knowledge, except as to those matters set forth upon information and belief, and as to matters set forth upon information and belief, I believe those matters to be true.

5.)    Affiant is prepared to testify in court as to the truth of matters set forth in this affidavit.

_Mary Homer Radtke_

Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF Cameron

    Before me, the undersigned, a Notary Public in and for said County and State on this 11th day of June , 2002, personally appeared Mary E. Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires 9-21-04     Notary Public

BETTY J. VALLE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-21-2004

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke              )
                               )
       Plaintiff               )
                               )
                               )
                               )    No.   B-02-063
                               )
John A. Radtke,                )
                               )
       Defendant.              )

## ORDER

This matter coming before the court on appellant's PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11, all parties having been given due notice, the court being advised in the premises and having jurisdiction of the parties and the subject matter,

IT IS HEREBY ORDERED THAT appellant's motion is allowed ____ denied ____.

_____
                    Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARY HOMER-RADTKE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-063 |
| | § | |
| JOHN A. RADTKE, | § | |
| Defendant. | § | |

## ORDER

Before the court are Plaintiff's Petition and Complaint in the Nature of a Petition

for Injunctive and Declaratory Relief (Doc. #1) and Plaintiff's Motion for Preliminary Injunction

(Doc. #3).

Mary Homer-Radtke is hereby ORDERED to appear before this Court for a status

conference on May 28, 2002 at 2:30 p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison,

in Brownsville, Texas.

DONE at Brownsville, Texas this ___11___ day of April, 2002.

Felix Recio
United States Magistrate Judge

Exhibit A

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke )
)
     Plaintiff )
)
v. )    No.  B-02-063
)
John A. Radtke, )
)
     Defendant. )
)

## EMERGENCY MOTION FOR STATUS HEARING

1. A status conference is set for May 28, 2002 at 2:30 p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison, in Brownsville, Texas.

2. Mary Homer-Radtke learned yesterday that a hearing was held on May 7, 2002 in the 19th District Circuit Court of Lake County, Illinois in Case No. 98CH1240 granting a default judgment.

3. Hearing for judgment in said foreclosure action is set for May 15, 2002.

4. Mary Homer-Radtke, must attend the hearing on May 15, 2002 or suffer irreparable harm.

5. Mary Homer-Radtke has reason to believe that resolution of this matter will conflict with her appearance at the status conference ordered on May 28, 2002 in Brownsville, Texas.

6. True, correct, and complete copies of Summons, Order Setting Conference, Notice of Filing/Proof of Service and pleadings, Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief, Motion for Preliminary Injunction and Affidavit, were sent by certified mail on April 12, 2002 to John A. Radtke at 1641 Elmwood, Highland Park, Illinois 60035 and c/o B. Radtke & Sons, Inc., 101 W. Main

1

*Exhibit B*

St., Round Lake Park, Illinois 60073. True, correct, and complete copies of the certified

mail receipts are attached hereto as Exhibit A.

7. Two green cards were returned for the mailing to John A. Radtke at 1641

Elmwood, Highland Park, Illinois 60035, one with a signature. True, correct, and

complete copies of the green cards with signed proof of receipt is attached hereto as

Exhibit B.

8. The signature on the green card certifies the delivery of said mailing on

April 16, 2002.

9. The Notice of Filing and Proof of Service certifies the content of the mailing.

A true, correct, and complete copy of the Proof of Service is attached hereto as Exhibit C.

10. WHEREFORE, Mary Homer-Radtke prays this court grant this emergency

hearing for status of Case B-02-063 in lieu of the scheduled status hearing set on May 28,

2002, by accepting the certified mailing as evidence of legal service of summons and

complaint in said case.

Mary Homer-Radtke



**OFELIA NINO**
Notary Public, State of Texas
My Commission Expires
**March 03, 2005**

**STATE OF TEXAS**                    **INDIVIDUAL ACKNOWLEDGMENT**

COUNTY OF _Cameron_

Before me, the undersigned, a Notary Public in and for said County and State on

this _9_ day of _May_, 2002, personally appeared _Mary Homer-Radtke_ to me known

to be the identical person who executed the within and foregoing instrument and

acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _3-3-05_                    Notary Public

2

**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
          HARLINGEN
HARLINGEN, TX  78553-4721
     04/12/02 03:07PM

Store  USPS        Trans    105
Wksta  sys5005     Cashier  GBYK60
Cashier's Name     SANDRA
Stock Unit Id      SANDRA
PO Phone Number    956-423-1464

1. First Class              4.63
   Destination:   60073
   Weight:        3.20oz
   Postage Type:  PVI
   Total Cost:    4.63
   Base Rate:     1.03
          SERVICES
   Certified Mail      2.10
   70011940000154579966
   Return Receipt      1.50
2. First Class              4.63
   Destination:   60035
   Weight:        3.20oz
   Postage Type:  PVI
   Total Cost:    4.63
   Base Rate:     1.03
          SERVICES
   Certified Mail      2.10
   70011940000154579654
   Return Receipt      1.50
3. 6-Mo. Box/Clr Fe        19.00
        **** Paid In ****
   AIC Number: 0158

Subtotal                   28.26
Total                      28.26

Cash                       40.00
Change Due
   Cash                    11.74

Number of Items Sold: 2

          Thank You
      Please come again!
```

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 1940 0001 5457 9654

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
Clerk: GBYK60
04.12.02

Sent To  John A. Radtke
Street, Apt. No.; or PO Box No.  1641 Elmwood
City, State, ZIP+4  Highland Park Illinois 60035

PS Form 3800, January 2001      See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 1940 0001 5457 9661

ROUND LAKE, IL 60073

| | |
|---|---|
| Postage | $ 1.03 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.63 |

Postmark Here
Clerk: GBYK60
04.12.02

Sent To  John A Radtke c/o B Radtke Sons Inc
Street, Apt. No.; or PO Box No.  101 W Main St
City, State, ZIP+4  Round Lake Park IL 60073

PS Form 3800, January 2001      See Reverse for Instructions

Exhibit A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John A RADTKE
1641 ELmwooD
HighLAND PARK IL
60035

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) — John A. Radtke   B. Date of Delivery — 4/16/03

C. Signature — X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0001 5457 9654

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John A. Radtke
1641 Elmwood
Highland Park
Illinois 60035

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature — X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number (Copy fro   7001 1940 0001 5457 9654

Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

MARY HOMER-RADTKE,           §
Plaintiff,                    §
                             §
v.                           §

JOHN A. RADTKE,
Defendant.

Before the court are

for Injunctive and Declarat

(Doc. #3).

Mary Homer-Radt

conference on May 28, 20

in Brownsville, Texas.

DONE at Browns

CHAMBERS OF
Felix Recio, U.S. Magistrate Judge
UNITED STATES DISTRICT COURT
Southern District of Texas
U.S. Federal Building & Courthouse
600 E. Harrison, #203
Brownsville, TX 78520-7152

Ms. Mary Homer-Radtke
1000 Camelot Drive, No. 6207
Harlingen, TX 78550



Exhibit C

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

United States District Court
Southern District of Texas

### MOTION AND ORDER
### FOR ADMISSION *PRO HAC VICE*

MAY 1 5 2002

Michael N. Milby
Clerk of Court

| Division: | Brownsville | Case Number: | 02 B 063 |
|---|---|---|---|

Mary Homer-Radtke

*versus*

John A. Radtke

**This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:**



Neal H. Levin, Esq.
Neal H. Levin & Associates, P.C.
1970 N. Halsted
Chicago, IL 60614
312-421-2100
Illinois, 6203156
N.D. Illinois

**Seeks to appear as the attorney for this party:**

John A. Radtke

| Dated: 05/13/2002 | Signed: |
|---|---|

### ORDER

United States District Court
Southern District of Texas
FILED *entered*

MAY 29 2002

Michael N. Milby
Clerk of Court

By _____

**This lawyer is admitted *pro hac vice.***

Signed on  5-28  2002  _____

**United States District Judge**

SDTX (d_prohac.ord)
02/03/98

*Exhibit D*

IN THE UNTED STATES DISTRICT COURT FOR THE United States District Court
Southern District of Texas
FILED

SOUTHERN DISTRICT OF TEXAS

APR 0 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | B-02- 063 |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Mary Homer-Radtke, an aggrieved party, petitions this court under authority of 28 USC 1332, 28 USC 2284 and F.R.C.P. Rule 57 for injunctive and declaratory relief. The *res* of this controversy exceeds five hundred thousand dollars ($500,000.00). Mary Homer-Radtke is a resident of Texas. John A. Radtke is a resident of Illinois.

2. Mary Homer-Radtke and John A. Radtke were joined in legal matrimony in 1967 in the state of Texas.

3. Petition for dissolution of marriage was filed in the state of Illinois in 1992. The marital estate of Mary Homer-Radtke and John A. Radtke as well as significant and valuable property interest segregable to the favor of Mary Homer-Radtke has been controlled by John A. Radtke to exclusion of Mary Homer-Radtke since. Hereinafter both the marital estate as well as property segregable to the favor of Mary Homer-Radtke shall be referred to simply as the "property."

*Exhibit E*

1

4. Mary Homer-Radtke, in an effort to secure rightful portion of the property, has exhausted all remedies without conformation that Mary Homer-Radtke and John A. Radtke are legally divorced.

5. The value of the property has eroded considerably and Mary Homer-Radtke is deprived of income and enjoyment of a lawful portion of the property due to inability to discover a lawful determination of whether Mary Homer-Radtke and John A. Radtke remain legally married.

6. Ideals of substantial justice require this court discover, rule, and declare whether Mary Homer-Radtke and John A. Radtke are legally married or whether Mary Radtke (Homer) and John A. Radtke are divorced. The determination is a prerequisite to Mary Homer-Radtke having a theory of indemnity to foreclose interest in the property.

7. Ideals of fair play require Mary Homer-Radtke to, as soon reasonable and practical, list a full accounting of the property circa July of 1992, and for John A. Radtke to furnish legally sufficient documentation of the lawful dissolution of the marriage between Mary Homer-Radtke and John A. Radtke; or in the alternative, John A. Radtke shall state under oath to the satisfaction of this court that Mary Homer-Radtke and John A. Radtke are lawfully married.

8. Justice requires this court's injunction prohibiting John A. Radtke or any agent or anyone having power of attorney for John A. Radtke to sell, transfer, give, or dissolve through and means of conveyance, any of the property.

Prepared and submitted by:

Mary Homer-Radtke
1000 Camelot Drive, Number 6207
Harlingen, Texas 78550
(956) 423-7973

2

COURTROOM MINUTES: Felix Recio Judge Presiding
                   Southern District of Texas, Brownsville Division

| | | | | |
|---|---|---|---|---|
| Courtroom Clerk | : | M Garcia | | |
| Court Reporter | : | S Schwab | : | |
| CSO | : | T Yanez | | |
| Law Clerk | : | Eva-Dina Delgado | | |
| Date | : | May 28, 2002 at 2:30 p.m. | | |

United States District Court
Southern District of Texas
FILED

MAY 2 8 2002

Michael N. Milby
Clerk of Court

---------------------------------------------------------------------

CIVIL CASE NO. B-02-63 (HGT)

Mary Homer-Radtke                    *            Pro-Se
                                     *
vs                                   *
                                     *
John A Radtke                        *            Levine
---------------------------------------------------------------------

## STATUS CONFERENCE

Mary Homer-Radtke present pro-se;
Mr Levine present for John A Radtke;

The Court addresses parties and explains that the purpose of the conference
is to have the  parties better explain their allegations to the Court;

Mary Homer-Radtke states she has been financially exploited and is requesting
on injunction on all their property;
Further states her divorce has not been finalized-there is no decree;
Homer-Radtke advises the Court she has filed bankruptcy in this division;


Mr Levine explains he has not filed an answer to this case but filed a Motion
to Appear Pro Hac Vice and tenders to the Court a document filed and executed
by Judge John Philips(Judgment and settlement of divorce); Mr Levine states
there was a judgment entered on the dissolution of marriage and a marital
settlement agreement was executed by both parties; Mr Levine states this should
be a state matter and further states Federal Court has no jurisdiction over
family law; Mr Levine asserts that this Court does not have diversity
jurisdiction, personal jurisdiction over Mr Radtke, or subject matter
jurisdiction; Mr Levine emphasized the need for criminal proceedings against
Homer-Radtke for fraud;

Homer-Radtke responds to Mr Levine's arguments;

The Court will review the file and prepare a Report and Recommendation to the
District Judge, in which the Court will recommend this case be dismissed;
The Court further advises parties they have 10 days to file their objections to
the R & R once it is received by them;

Court adjourned.

*Exhibit F*

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

MARY HOMER-RADTKE,       )
      Petitioner,    )
                   )
      v.            )     Gen. No. 92 D 1279
                   )
JOHN A. RADTKE,        )
      Respondent.    )

PETITION FOR DECLARATION OF INVALIDITY OF MARRIAGE OF JOHN ALLEN
RADTKE AND ELSIE VIRGINIA MANNIX, AKA ELSIE PENDREGAST MANNIX, AKA
ELSIE RADTKE IS PROHIBITED PURSUANT TO 750 ILCS 5/212(a)(1) AND 750
ILCS 5/216 OF THE ILLINOIS MARRIAGE AND DISSOLUTION OF MARRIAGE ACT

COMES NOW the petitioner, Mary Homer-Radtke (hereinafter "Mary"), in *pro per* want of counsel, (Haines Vs. Kerner, 404 U.S. 519), petitioner in the above styled action, and moves this Court to declare the marriage in the county of Lake, Illinois on July 4, 2000 and the marriage in Mexico on August 6, 2000 between John A. Radtke (hereinafter "John") and Elsie Virginia Mannix, AKA Elsie Pendregast Mannix (hereinafter "Elsie") void pursuant to 750 ILCS 5/212(a)(1) AND 750 ILCS 5/216 OF THE ILLINOIS MARRIAGE AND DISSOLUTION OF MARRIAGE ACT, and now shows to the Court the following:

1.) JURISDICTION: The above named court is a court of the style of Illinois and therefore, a court of general jurisdiction. The above styled action is statutory and must be heard in a court that follows the rules of limited jurisdiction. This court has jurisdiction to expunge void orders/judgments from its records. This court has jurisdiction to publicly declare the marriage between John Allen Radtke and Mary Ellen Homer legally valid. This court has jurisdiction to publicly declare the prohibited marriage between John Allen Radtke and Elsie Virginia Mannix, AKA Elsie Pendregast Mannix, a nullity.

2.) Section 5/212(1) of the Illinois Marriage and Dissolution of Marriage Act [750 ILCS 5/212(a)(1) (West 1998)] states, in relevant part:

    … (a) The following marriages are prohibited. (1) a marriage entered into prior to the dissolution of an earlier marriage

-1-

Exhibit G

of one of the parties.…

3.)   The suit to annul the marriage of John Allen Radtke and Elsie Virginia Mannix, AKA Elsie Pendregast Mannix, AKA Elsie Radtke has for its purpose a decree determining that a marriage which is void shall be judicially declared to be void. *Pyott v. Pyott*, 1901 61 N.E. 88, 191 Ill. 280.

4.)   Practical considerations make it prudent to have the marital status John Allen Radtke and Elsie Virginia Mannix, AKA Elsie Pendregast Mannix, declared a nullity in order to avoid subsequent disputes over inheritance and legal ownership of property. *Williams v. McKeene,* 193 Ill.App. 615 (3d Dist. 1915); *Jardine v. Jardine,* 291 Ill.App. 152, 9 N.E.2d 645 (1st Dist. 1937); Warren W. Kriebel, Jr., *Grounds and Defenses in Divorce, Annulment, and Separate Maintenance,* 1949 U.Ill.L.F. 581, 591.

-.)   In Illinois the validity of a marriage is determined by law of the state in which the marriage ceremony was performed if not contrary to public policy of Illinois. *Walker v. Walker,* App. 1942, 44 N.E.2d 937, 316 Ill.App. 251.

-.)   Mary is disabled pursuant to the Americans with Disabilities Act, and Illinois statute 720 ILCS 5/16-1.3 as a result of Mary"s being diagnosed with a congenital disease known as Legg-Perthes Disease, 731.1, in 1953 by Dr. Turner in Rock Island, Illinois and Dr. Qualman of Grayslake.

-.)   Mary Ellen Homer and John Allen Radtke engaged in a civil contract on June 17, 1967 made in due form agreeing to take each other for husband and wife during their joint lives, and to discharge toward each other the duties imposed by law upon such relation. *Heyman v. Heymann, 1906,* 218 Ill. 636 75 N.E. 1079  A true, correct and complete copy of the Marriage License, No. 16732, recorded in Book 25, Page 267 with the county of Cameron, recorded with the Secretary of State of Texas under U.C.C. filing No. 99-238423, recorded with the Secretary of State of Illinois and the county of Lake under filing No. 9708366/4465799 is attached hereto as Exhibit A.

-.)   "Marriage" is a civil contract to which there are three parties, namely, the husband, the wife and the state, and while a suit for divorce on its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party, and it is the state's duty, in the conservation of public morals, to guard the marriage relation. *Johnson v. Johnson*, 1942, 45 N.E.2d 625, 381 Ill. 362.

-.)   Marriage is a civil contract regulated by statute. *Dailey v. and Lodge, Brotherhood of Railroad Trainmen,* 1924, 142 N.E. 478, 311 Ill. 184.

-2-

-.)    Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction. *Vulcan Materials Co. v. Bee Construction Co., Inc.,* 56 Ill.Dec. 465, 427 N.E.2d 449 N.E.2d 812, 96 Ill.2d 159.

-.)    It is necessary in a special statutory proceeding that all jurisdictional features required by the statutes be made to appear from the record. *Scribner v. Village of Downers Grove,* 25 N.E.2d 54, 372 Ill. 614.

-.)    Where a court is exercising a special statutory jurisdiction, the record must show that the particular proceeding is one upon which the court has authority to act. *Sweitzer v. Industrial Commission,* 68 N.E.2d 290, 394 Ill. 141 ; *In Interest of Martin,* 6 Ill.Dec. 500, 363 N.E.2d 29, 48 Ill.App.3d 341.

-.)    Before a court can procure jurisdiction to enforce a special statutory right, it is necessary that the petition filed pursuant to that statute contain on its face all of the necessary elements required by the statute. *Vulcan Materials Co. v. Bee Construction Co., Inc.,* 56 Ill.Dec. 465, 427 N.E.2d 449 N.E.2d 812, 96 Ill.2d 159; see *Brown v. VanKeuren,* 340 Ill. 118, 122 (1930)(The petition required to put the court in motion and give it jurisdiction must be in conformity with the statute granting the right and must show all the facts necessary to conformity with the statute granting the right and must show all the statements which the statute says the petition shall state, i.e., it must contain all the statements which the statute says the petition shall state,…and if the petition fails to contain all of these essential elements the court is without jurisdiction.; Where a court is exercising special statutory jurisdiction the record must show upon its face that the case is one where the courts have authority to act.  Before a decree can have vitality the court must have jurisdiction not only of the person but of the subject matter.  Whatever the rank of the court exercising a special statutory jurisdiction, it is governed by the same rules as courts of limited jurisdiction.); see *In re Gebis,* 186 Ill.2d 188 (1999)(When the circuit court's power to act is controlled by statute, the circuit court is governed by the rules of limited jurisdiction and must proceed within the statute's strictures.)

-.)    Pursuant to 750 ILCS 5/403, the petition for dissolution of marriage or legal separation shall set forth:

      (1)      the age, occupation, and residence of each party and his length of residence in this State;

      (2)      the date of the marriage and the place at which it was registered;

(3)     that the jurisdictional requirements of subsection (a) of Section 401 have been met and that there exist grounds…

(4)     the names, ages and addresses of all living children of the marriage and whether the wife is pregnant;

(5)     any arrangements as to support, custody and visitation of the children and maintenance of a spouse; and

(6)     the relief sought.

-.)    The Petition for Dissolution of Marriage on July 7, 1992 filed by Sally Lichter was legally and factually defective pursuant to statute 750 ILCS 5/403 missing elements necessary to confer personal and subject-matter jurisdiction upon the Court. A true, correct and complete petition is attached hereto as Exhibit B.

-.)    Under Illinois law, attorneys, officers of the court under oath who are licensed to practice the law, have a fiduciary duty to their clients. *Cripe v. Letter*, 703 N.E.2d 100, 184 Ill.2d 185, (Ill. 1998)

-.)    The record in Case 92D1279 shows that attorney Sally Lichter breached her fiduciary duty to her client, Mary, and was incapable of providing effective assistance of counsel due to a severely debilitating illness which she failed to disclose to Mary until 1995.

-.)    The marriage relation between John A. Radtke and Mary Homer-Radtke is a status controlled and regulated by considerations of public policy which are paramount to the rights of the parties. *Lyon v. Lyon*, 1907, 82 N.E. 850, 230 Ill. 366, 12 Am.Ann.Cas.

-.)    Under Illinois law, judges, officers of the court under oath to obey the constitutions of the state and the supreme law of the land, have a fiduciary duty to the public, which include the litigants who appear before him/her. *U.S. v. Holzer*, 816 F.2d 304,certiorari granted, vacated 108 S.Ct. 53, 484 U.S. 807, 98 L.Ed.2d 18, on remand 840 F.2d 1343, certiorari denied 108 S.Ct. 2022, 486 U.S. 1035, 100 L.Ed.2d 608.

-.)    The record in case 92D1279 evidences the elements of conversion that on July 30, 1992 the court without jurisdiction and the judge without authority entered an order converting Mary's property under the control of John; that Mary had a right to the property; that Mary had a right to immediate possession of the property; that Mary demanded possession of the property. See *Voutiritsas v. Intercounty Title Co. of Illinois*, 664 N.E.2d 170, 279 Ill.App.3d 170, (Ill.App. 1 Dist. 1996)

-.)    "Constructive bailment," or bailment implied in law, may be found where property of one person is voluntarily received by another for

-4-

some purpose other than that of obtaining ownership and in such cases, law implies contract for the keeping of property until it shall be restored to owner or his agent and contract applied is that of depositary; holder is bound to take care of, keep, and preserve property, not for sake of any benefit to himself or upon any expectation of compensation for his services but solely for convenience and accommodation of owner. *American Ambassador Cas. Co. v. City of Chicago,* 205 Ill.App.3d 879, 563 N.E.2d 882, 885 (Ill.App. 1 Dist. 1990)

-.)   The record in Case 92D1279 shows that by court order on July 30, 1992, Mary was effectively put on an allowance called "unallocated support" while John became bailee of the marital assets and Mary's non-marital loans to the companies preventing her from accessing her property or receiving income from her property.

-.)   The record in Case 92D1279 shows that Jarvis Friduss, certified public accountant and tax accountant for the businesses and personal tax accountant for John recommended Kathleen Roseborough as an attorney.

-.)   In order to state a claim for civil conspiracy, a plaintiff must allege an agreement or combination of two or more people or entities to do an unlawful act or to do a lawful act by unlawful means.

-.)   The record in Case 92D1279 shows that John's attorney, Kathleen Roseborough who represented herself as a mediator, spearheaded a civil conspiracy manipulating the players to deceive, conceal and permanently defraud Mary of the marital assets and her non-marital property.

-.)   The record in Case 92D1279 shows that Kathleen Roseborough influenced officers of the court and mediator colleagues to cover-up child abuse, financial exploitation, tax fraud, and abandonment by John A. Radtke.

-.)   The record in Case 92D1279 shows that private financial mediation was fraudulently converted from mediation to a forum for Kathleen Roseborough to author and to impose an adhesion contract titled "Marital Settlement Agreement" defrauding Mary of not only the marital property but Mary's non-marital loans to the companies and defrauding the children of state mandated child support.

-.)   The record in Case 92D1279 shows that on June 2, 1995, Kathleen Roseborough faxed to the office of <u>private</u> mediators a draft of the settlement which Mary signed under duress.

-.)   The record in Case 92D1279 shows that when Mary rejected the settlement, the child mediator, Ina Berkley, threatened custody of the children who were living with Mary and had chosen to live with Mary.

-.)   The official transcript from the record in Case 92D1279 shows that on June 6, 1995, the judge threatened to defraud Mary and forced Mary to accept the settlement by determining that the _private_ document was under the _public_ act, fraudulently converting Mary's _right_ to reject the document to a _privilege_ under the judge's discretion.

-.)   Judgments procured through fraud or duress, against one under a legal disability or without jurisdiction of the person or the subject matter are void. 378 ne2d 1130 Dels

-.)   There is no time limit within which to file a motion to vacate a void order or judgment. People v. Wade, 116 Ill. 2d 1, 506 N.E.2d 954 (1987) ("A void judgment may be attacked at any time, either directly or collaterally."); People ex rel. McGraw v. Mogilles, 136 Ill.App.3d 67, 482 N.E.2d 1114, (Ill.App. 2 Dist. 1985) ("It is well established that a void judgment can be attacked at any time in either a direct or collateral proceeding.")

-.)   A motion to vacate a void judgment can be brought in any court. Evans v. Corporate Services, 207 Ill.App.3d 297, 565 N.E.2d 724 (1990) ("a void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally"); In re Marriage of Macino, 236 Ill.App.3d 886 (1992) ("if the order is void, it may be attacked at anytime in any proceeding,".)

-.)   The record shows that Mary diligently attempted to vacate the void judgment and reclaim property both within the trial court system, the federal bankruptcy court, the appellate court, and through the filing of U.C.C.-1 financial statements, charging letters of financial exploitation, and by placing liens on marital property. A true, correct, and complete copy of the notice of want of jurisdiction filed on February 16, 2001, with the Second District Appellate Court is attached hereto as Exhibit C.

-.)   Mary diligently exhausted administrative remedies giving John written notice of the void judgment, demanding return of her property.

-.)   The record in Case 92D1279 shows that John, bailee, repeatedly ignored Mary's notice of void judgment and demands for return of her property formally announcing his intention to marry Elsie Mannix on August 6, 2000 in Mexico.

-.)   The record in Case 92D1279 shows that in addition to John Radtke, Elsie Mannix was given repeated notice that John and Mary remain legal husband and wife.

-.)   On June 30, 2000 Mary made an appointment with attorney Sally Lichter for the purpose of hiring Sally Lichter to vacate the void judg-

ment before John Radtke dissipated the marital assets by engaging in big-amy.

-.)   John Radtke has intentionally dissipated marital and Mary's non-marital assets by fraudulently transferring property and marital assets to Elsie Mannix and her adult children.  Elsie is named with John on a property in the Recorder of Deeds with a common address of 1641 Elm-wood, Highland Park, Illinois.

-.)   The obligation of a husband to support his wife is imposed by law and depends upon the marriage relation.  Sparling v. Industrial Com., 48 Ill 2d 332, 270 N.E.2d 411, (1971)

-.)   The contract of marriage is a contract involving civil rights just as other contracts involve such rights, and such rights are entitled to their day in court under Const. Art. 2, section 19 giving every person a remedy in the laws for all injuries and wrongs which she may receive in her person, property or reputation. Heck v. Schupp, 1946, 68 N.E.2d 464, 394 Ill. 296.

-.)   All courts have a duty to vacate void orders. Jordon v. Gilli gan, 500 F.2d 701, 704 (1974) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside."; 7 J. Moore, Federal Practice, 60.25."); People v. Magnus, 262 Ill.App.3d 362, 633 N.E.2d 869, 872 (1st Dist. 1994) ("The duty to vacate a void judgment is based on the inherent power of the court to expunge from its records void acts of which it has knowl-edge.").

-.)   Mary set for hearing on July 31, 2000 a nunc pro tunc motion for the purpose of hearing the MOTION TO SET ASIDE AND VACATE the void judgment of June 6, 1995 which was filed on July 5, 1995.

-.)   In chambers on the morning of July 31, 2000, John's attorney, Neal Levin, influenced the judge to obstruct justice.

-.)   On July 31, 2000, John A. Radtke, by and through his attorney Neal Levin, quashed subpoenas for not only John Radtke, Kathleen Roseborough, Eva Schwartzman, and John Phillips, but for Elsie Mannix who is not a party to this case.

-.)   Since Elsie Mannix willfully joined the conspiracy to perma nently defraud Mary of the marital assets and Mary's non-marital loans to the companies, Elsie cannot claim ownership via third party innocence.

-.)   John A. Radtke and Elsie Mannix disregarded the laws of Illi nois participating in a prohibited marriage in Mexico on or about August 6, 2000.

-.)   Illinois statute 750 ILCS 5/216 states:

Prohibited marriages void if contracted in another state. That if any person residing and intending to continue to reside in this state and who is disabled or prohibited from contracting marriage under the laws of this state, shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state.

-.)   Every state may enact laws which will personally bind its citizens while sojourning in a foreign jurisdiction, and declare that marriages between its citizens in foreign states in disregard of the statute of the state of their domicile will not be recognized in the courts of the latter state, though valid where celebrated.  Wilson v. Cook, 1912, 100 N.E. 222, 256 Ill. 460.

-.)   Where the court that granted husband divorce was without jurisdiction and husband attempted to marry woman other than his wife, no decree was necessary to avoid attempted marriage and the husband's attempted marriage to woman other his wife was void. Jardine v. Jardine, App. 1937, 9 N.E.2d 645, 291 Ill.App. 152.

-.)   On August 24, 2000, the judge engaged in fraud upon the court granting John A. Radtke and Elsie Mannix a restraining order against Mary Homer-Radtke without notice or a petition effectively prohibiting Mary from claiming her property.

-.)   The restraining order was malicious and an assault on Mary's civil liberty in that Mary is not an attorney, is financially impoverished, and was traumatized without remedy and recourse in the court to prevent the restriction of her freedom and threat of arrest.

-.)   The record in Case 92D1279 shows that without proper service or jurisdiction in this case, Judge Jane Waller without authority entered an order granting John sanctions against Mary for filing documents in the record which could not be sanctioned such as Bill Quia Timets filed in 1999.

-.)   Sanctions included documents that were intended to correct the public record.  A true, correct and complete copy of the Wife Abandonment Act filed           2000 is attached hereto as Exhibit D.

-.)   The record in Case 98CH1240 shows sanctions against Mary were converted to a Memorandum of Judgment that was filed in the Recorder of Deeds on February 5, 2001 slandering title of the real property held in trust.

-8-

-.)    On July 26, 2001, Mary went to the Office of the Clerk in order to determine whether the parties had filed the required health information and discovered that there was a Marriage License issued on July 4, 2000 that was fraudulently concealed from family members including the children of Mary and John who were guests at the August 6, 2000 wedding in Mexico.

-.)    No valid marriage exists unless both parties acted in good faith. *Baird v. People ex rel. Wenderlandt,* 1897, 66 Ill.App. 671.

-.)    John and Elsie engaged in a scheme to financially impoverish Mary, permanently defraud Mary of her property, and defraud the children of their inheritance.

-.)    Elsie refused to have a sexual relationship with John unless they were married.

-.)    John breached his fiduciary relationship with Mary conspiring with Jarvis Friduss, C.P.A. (business and personal accountant), Kathleen Roseborough (attorney), Ina Berkley (child/financial mediator), Elaine Collins (financial mediator), Tom Kron, C.P.A. (business manager) and other conspirators to deceive, misrepresent, financially exploit, and permanently defraud Mary.

-.)    The marriage of John and Elsie was a means to dissipate marital assets and Mary's non-marital loans to John for the company by transferring title to Elsie and claiming third party innocence.  See *JoJan Corporation vs. Brent,*

-.)    A second marriage is void, and not merely voidable, where either of the parties to it has a husband or wife by a former marriage who has never been divorced and is still living.  Shmisseur v. Beatrie, 1893 147 Ill. 210, 35 N.E. 525, Cartwright v. McGown, 1887, 121 Ill. 388, 12 N.E. 737, 2 Am.St.Rep. 105; Hunt v. Hunt, 1929, 252 Ill. App. 490.

-.)    There is no defense that can be interposed to a void marriage. *In re Parker's Estate,* 17 Ill.App.2d 281, 149 N.E.2d 503 (1st Dist. 1958)(abst.); *Long v. Long,* 15 Ill.App.2d 276, 145 N.E.2d 509 (2d Dist. 1957); *Hunt v. Hunt*, 252 Ill.App. (1st Dist. 1929).

-.)    Mary was notified by the Clerk of the Court preparing the record for the Second District Appellate Court that there is no judgment of June 6, 1995, in the file for Case 92D1279.  A true, correct, and complete copy of a Freedom of Information Act directed to Clerk of the Court, Sally Coffelt, and Deputy Clerk, Barb L., is attached hereto as Exhibit E.

-.)    Mary has exhausted all administrative remedies known to her in an effort to reclaim property from John.

THE STATE OF TEXAS

County of Cameron

No. 16732

_In_ Person Authorized by the Laws of the State of Texas to Celebrate The Rites of Matrimony in the State of Texas, Greeting:

YOU ARE HEREBY AUTHORIZED TO SOLEMNIZE THE RITES OF MATRIMONY

between Mr. _John Allen Radtke_ and Miss _Mary Ellen Homer_

( make due return to the Clerk of the County Court of said County within sixty days thereafter, certifying your action under this ense.

Witness my official signature and seal of office at Brownsville, Texas,

the _16_ day of _June_ 19.67

By _Delfina C. Gonzalez_ Deputy.

Clerk of the County Court, Cameron County.

J. H. DILTZ

I, _Joseph J. Austen_, hereby certify that on the _seventeenth_ day of _June_ 19.67

ed in Marriage Mr. _John Allen Radtke_ and Miss _Mary Ellen Homer_

rties above named.

Witness my hand this _17_ day of _June_ 19.67

_Joseph J. Austen, Pastor_
_402 E. Jackson_
_Harlingen, Texas_

ned and filed for record the _19_ day of _June_ 19.67, and recorded the _19_ day of _June_ 1967.

J. H. DILTZ, County Clerk

By _Delfina C. Gonzalez_ Deputy.

Exhibit H



THE STATE OF TEXAS, COUNTY OF CAMERON

I JOE G. RIVERA, COUNTY CLERK IN AND FOR
CAMERON COUNTY, TEXAS, DO HEREBY CERTIFY THAT
THE FOREGOING IS A FULL TRUE AND CORRECT
COPY OF MARRIAGE LICENSE OF
MR. JOHN ALLEN BADIKE
AND M. ISS. MARY ELLEN HOBBY
TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF
OFFICE, THIS THE 15 DAY OF MARCH
20 02
VOL 25
PAGE 536
JOE G. RIVERA, COUNTY CLERK
CAMERON COUNTY, TEXAS
BY
ERIKA DE LA TORRE

Exhibit H
2-2

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE:  THE MARRIAGE OF

_Mary Homer Radtke_          )
                             )
        and                  )
                             )
_John Radtke_                )
                             )     GEN. NO. _92D1279_

O R D E R

This matter before the Court on a motion for temporary support & custody, due notice given and the Court having heard arguments and being fully advised in the premises

It is hereby ordered that

1. John Radtke shall pay to Mary Homer Radtke $1666.00 per month as and for support to begin July 30, 1992

2. The issue of whether the support is unallocated or child support is reserved

3. The corporation shall continue to pay Mary Homer Radtke's automobile expenses including all costs the parties have typically covered through the corporation

Dated at Waukegan, Illinois this
_30th_ day of _July_, 19_92_.

ORDER PREPARED BY: _Sally Lipkin_
(Please Print Name and Address)
_1123 S. Milwaukee_
_Libertyville, IL_          COO0018

ENTER:

_[signature]_
                              JUDGE

Exhibit

171-225 Rev. 5/86

| United States Bankruptcy Court District of | VOLUNTARY PETITION (part 1) |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| Homer-Radtke, Mary, Ellen | Radtke, John, Allen |

| ALL OTHER NAMES used by the debtor in the last 6 years (including married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (include married, maiden and trade names) |
|---|---|
| Homer | |

| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
|---|---|
| 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 | |

| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
|---|---|
| 1000 Camelot Dr #6207 Harlingen Texas 78550 | 1641 Elmwood Highland Park Illinois 60035 |

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
|---|---|
| PO Box 533793 Harlingen Tx 78553 | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above)

## Information Regarding the Debtor (Check the Applicable Boxes)

**VENUE (Check any applicable boxes)**

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor (Check all boxes that apply)**
☒ Individual(s)   ☐ Railroad
☐ Corporation    ☐ Stockbroker
☐ Partnership    ☐ Commodity Broker
☐ Other

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)**
☐ Chapter 7   ☐ Chapter 11   ☒ Chapter 13
☐ Chapter 9   ☐ Chapter 12
☐ Sec. 304 – Case ancillary to foreign proceeding

**Nature of Debts (Check one box)**
☒ Consumer/Non-Business   ☐ Business

**Filing Fee (Check one box)**
☐ Full Filing Fee attached
☒ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business (Check all boxes that apply)**
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information (Estimates only)**
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets** Self / Spouse

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

United States District Court
Southern District of Texas
RECEIVED

MAY 10 2002
3:55 pm
Michael N. Milby, Clerk of Court

© 1994 E•Z LEGAL FORMS®

Exhibit J

K100-4