IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JUN 2 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No.  B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MOTION TO VACATE ORDER REFERRING CASE TO BANKRUPTCY COURT
ENTERED JUNE 11, 2002

1. An ORDER REFERRING CASE TO BANKRUPTCY COURT was entered on June 11, 2002. A true, correct, and complete copy of said order is attached hereto as Exhibit A.

2. Although this Court has diversity jurisdiction over Case B-02-063 pursuant to Title 28, sections 1332-1338, this court finds that the matter herein involves proceedings arising under Title 11, or arising in or related to a case under Title 11.

3. Said ORDER is in err as there was no bankruptcy proceeding entered by the United States District Court on March 11, 2002.

4. True, correct, and complete copies of Summons, Order Setting Conference, Notice of Filing/Proof of Service and pleadings, Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief, Motion for Preliminary Injunction and Affidavit, were sent by certified mail on April 12, 2002 to John A. Radtke at 1641 Elmwood, Highland Park, Illinois 60035 and c/o B. Radtke & Sons, Inc., 101 W. Main St., Round Lake Park, Illinois 60073. True, correct, and complete copies of the certified mail receipts are attached hereto as Exhibit B.

1

5. Two green cards were returned for the mailing to John A. Radtke at 1641 Elmwood, Highland Park. Illinois 60035, one with a signature. True, correct, and complete copies of the green cards with signed proof of receipt is attached hereto as Exhibit C.

6. The signature on the green card certifies the delivery of said mailing to John A. Radtke on April 16, 2002.

7. The United States District Court Summons in Civil Case B-02-063 requires defendant, John A. Radtke. file a responsive pleading within 20 days.

8. John A. Radtke failed to file a responsive pleading or counter-affidavits.

9. This Court sent by certified mail an ORDER executed by Judge Recio and entered on April 12, 2002 ordering only Mary Homer-Radtke to appear in this Court in Judge Recio's courtroom on May 28, 2002.

10. Mary Homer-Radtke filed an EMERGENCY MOTION FOR STATUS HEARING on May 9, 2002 as evidence of service in order that Mary be allowed to appear in Illinois to defend in an unlawful foreclosure proceeding in the 19th Judicial District Circuit Court – a foreclosure complaint entered without the promissory note required by law for relief. A true, correct, and complete copy of NOTICE FOR CHARGING LETTER FOR FINANCIAL EXPLOITATION PURSUANT TO 720 ILCS 5/16-1.3 without attachments is attached hereto as Exhibit D.

11. This Court denied Mary Homer-Radtke the opportunity to appear in Illinois for a foreclosure action by mailing on May 10, 2002 the ORDER of April 12, 2002 ordering only Mary Homer-Radtke to appear in this on May 28, 2002. A true, correct, and complete copy of said emergency motion without attachments is attached hereto as Exhibit E.

12. Without notice to Mary Homer-Radtke, the Appellate Court, Second District in Elgin, Illinois mandated Case 2-01-1403, which was a review of the Trial Court's denial with prejudice of Mary Homer-Radtke's Counterclaim, Third Party Complaints, and

Cross Complaints, back to the Trial Court. A true, correct and complete copy of Mary Homer-Radtke's MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION without attachments protesting actions of the Appellate Court, Second District is attached hereto as Exhibit F.

13. Without notice to Mary Homer-Radtke, Kim M. Casey, collection agent for Associated Mortgage, Inc., filed a motion for a default judgment in the Trial Court to be heard on May 7, 2002, falsely stating that Casa-Blanca had filed an appearance in paragraph 1 and 4, falsely stating that Mary Homer-Radtke had been served in paragraph 1, falsely claiming that no defendant filed denials of the allegations when the law provides that filing a counterclaim serves as equivalent to a denial of the allegations.

14. Kim M. Casey, collection agent for Associated Mortgage, Inc., set for hearing on May 7, 2002 a motion to strike Defendant Mary Homer-Radtke's timely filed jury demand which was filed on November 20, 2001 for the purpose of denying Mary Homer-Radtke due process in the Trial Court.

15. Historically Mary Homer-Radtke appeared at every hearing in the Trial Court foreclosure case until the hearing of May 7, 2002 and May 15, 2002.

16. Judge Walter, as guardian of the public, had the fiduciary duty to investigate why Mary Homer-Radtke did not appear or file any motions or counter-affidavits.

17. Mary Homer-Radtke filed a Chapter 13 Bankruptcy naming John A. Radtke, defendant in said Trial foreclosure case as spouse, to stay the proceedings of the unlawful foreclosure action in which a judgment prepared by Kim M. Casey had been entered on May 7, 2002 to steal the property at issue on May 15, 2002. A true, correct, and complete copy of a MOTION OF DEFENDANT MARY HOMER-RADTKE TO TAKE JUDICIAL NOTICE filed in the Trial Court is attached hereto as Exhibit G.

18. Kim M. Casey prepared the ORDER/JUDGMENT of May 15, 2002 recognizing the filing of bankruptcy, continuing the hearing for status until June 4, 2002 and ordering a copy be sent to Mary Homer-Radtke. A true, correct and complete copy

of said order entered May 15, 2002 and the envelope date stamped May 23, 2002 evidencing a delay of over one week denying Mary notice and opportunity to appear on June 4, 2002 is attached hereto as Exhibit H.

19. Mary Homer-Radtke filed a Notice of Appeal in the foreclosure action, Case 98CH1240 on May 14, 2002.   A true, correct, and complete docketing statement perfecting Appellate Case No. 2-02-0504 is attached hereto as Exhibit I.

20. Both Mary Homer-Radtke and John A. Radtke are named as defendants in the foreclosure case, 98CH1240 and are named as debtors in Trial Case 98CH1240.

21. Over Mary Homer-Radtke's objections, the Trial Court gave Defendant, John A. Radtke, leave to file a COUNTERCLAIM in said foreclosure case against Mary Homer-Radtke for the purpose of collecting a judgment on the sanctions received against Mary Homer-Radtke in Trial Case 92D1279 that his agent, Neil H. Levin, converted to a judgment with the Clerk of the Court's signature, and to a judgment lien against Casa-Blanca, owner of the property at issue, with the Office of the Recorder of Deeds on February 5, 2001.  A true and correct copy of a title search showing felony slander of title is attached hereto as Exhibit J.

22. Mary Homer-Radtke did not receive notice of a Pro Hac Vice executed by Neil H. Levin, agent of John A. Radtke, allegedly entered on May 13, 2002 in this Court.

23. Mary Homer-Radtke was taken by surprise on May 28, 2002 when Neil H. Levin entered the courtroom of Judge Recio.

24. Mary Homer-Radtke objected to Neil H. Levin not giving evidence of having standing in Judge Recio's courtroom.

25. In lieu of a responsive pleading, Neil H. Levin offered hearsay, dicta, and malicious threats of criminal prosecution against Mary Homer-Radtke.

26. Neil H. Levin perpetrated fraud upon this Court by tendering a void judgment, a void settlement, and a void order entered without jurisdiction by the Appellate Court, Second District.   A true, correct, and complete copy of the MOTION TO TAKE

4

JUDICIAL NOTICE OF DENIAL OF DUE PROCESS AND FINANCIAL EXPLOITATION in the Trial Court Case 92D1279 without attachments is attached hereto as Exhibit K.

27. Mary Homer-Radtke was denied the opportunity to respond to or defend against said documents because Mary was neither shown nor given copies of the documents tendered this Court on May 28, 2002.

28. Mary Homer-Radtke was traumatized on May 28, 2002 in this Court.

29. Neil H. Levin influenced Judge Recio who said that he was going to recommend this case be dismissed. A true, correct, and complete copy of STATUS CONFERENCE, Courtroom Minutes, is attached hereto as Exhibit L.

30. Without being given any information regarding said hearing from Mary Homer-Radtke, Jessica Radtke, daughter of Mary Homer-Radtke and John A. Radtke was traumatized. A true, correct. and complete copy of AFFIDAVIT of Jean Trenner is attached hereto as Exhibit M.

31. Mary Homer-Radtke filed on May 29, 2002 a SECOND EMERGENCY MOTION FOR STATUS HEARING to give retired Judge William F. Homer, who has first hand knowledge of the issues in this matter regarding the denial of due process in the Trial Court –19th Judicial District Circuit Court in Lake County, Illinois, the Appellate Court-Second District in Elgin. Illinois and first hand knowledge regarding John A. Radtke, the opportunity to appear as witness for Mary Homer-Radtke in this Court the week of June 12-19, 2002. A true, correct, and complete copy of said motion without attachments is attached hereto as Exhibit N.

32. Mary Homer-Radtke filed an AFFIDAVIT in support of said emergency motion in an attempt to counter the unlawful appearance of Neil H. Levin in this Court on May 28, 2002 and the time limited availability for retired judge William F. Homer to appear as witness for Mary Homer-Radtke in this Court. A true, correct, and complete copy of said affidavit without attachments is attached hereto as Exhibit O.

33.Mary Homer-Radtke filed an AFFIDAVIT IN REGARD TO THE STATUS
HEARING ON MAY 28, 2002 making references from notes taken in this Court on May
28, 2002.  A true, correct, and complete copy of said affidavit without attachments is
attached hereto as Exhibit P.

34.John A. Radtke has not filed any responsive pleading or counter-affidavits in
Case B-02-063.

35.It is well established in law that Mary Homer-Radtke's affidavits stand as
truth.

36. Mary Homer-Radtke filed a PETITION FOR SANCTIONS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE RULE 11 asking this court to grant a
judgment by default taken against John A. Radtke, for the relief demanded in Mary
Homer-Radtke's MOTION FOR PRELIMINARY INJUNCTION and PETITION AND
COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND
DECLARATORY RELIEF as sanctions imposed on John A. Radtke and his agent Neil
H. Levin.  A true, correct, and complete copy of said petition without attachments is
attached as Exhibit Q.

37.Said petition counters Neil H. Levin's assertions made on May 28, 2002 that
"this Court does not have diversity jurisdiction, personal jurisdiction over Mr. Radtke, or
subject matter jurisdiction".

38.Mary Homer-Radtke received an ORDER REFERRING THIS CASE TO
BANKRUPTCY COURT  mailed on June 12, 2002 on June 15, 2002.

39.The ORDER REFERRING THIS CASE TO BANKRUPTCY COURT denies
Mary Homer-Radtke the opportunity to have retired judge William F. Homer testify on
Mary's behalf regarding the denial of due process in the 19th Judicial District Circuit
Court in Lake County, Illinois, the denial of due process in the Appellate Court, Second
District in Elgin, Illinois, and first hand knowledge regarding John A. Radtke.

40. Historically Mary Homer-Radtke filed bankruptcy on August 25, 1999 in the state of Illinois for the purpose of staying proceedings in actions in the Trial Court in the foreclosure case, 98CH1240 and in the marriage of John A. Radtke and Mary Homer-Radtke, 92D1279 and in the estate of Jean A. Radtke, 99P729, a contest of Jean A. Radtke's will which was signed by Jean A. Radtke on June 2, 1995 and involved the fraudulent transference of marital property of John A. Radtke and Mary Homer-Radtke.

41 Judge Walter in foreclosure Case 98CH1240 honored the stay of proceedings while Judge Santi in the marriage Case 92D1279 did not honor the stay of proceedings.

42. Assistant State's Attorneys, as agents of the Department of Public Aid-Division of Child Support Enforcement, had a contractual fiduciary duty with Mary Homer-Radtke to procure state mandated child support for the children. Mary Homer-Radtke was denied the opportunity to attend hearings, John A. Radtke was not required to tender tax returns as proof of income, and the children were defrauded of state mandated child support.

43. Without a petition before the court which is required to confer jurisdiction to the Trial Court in this matter, child support was unlawfully terminated by Assistant State's Attorney, Nancy Schuster-Waites. A true, correct and complete copy of the ORDER of August 26, 1999 is attached hereto as Exhibit R.

44. Assistant State's Attorney Nancy Schuster-Waites acted without authority, in contravention of the automatic stay, and had, at most, authority to terminate collection of child support by the State with an obligation to our children to redirect child support payments to Mary Homer-Radtke at the children's home address.

45. Pursuant to Illinois law, 720 ILCS 5/16-1.3, financial exploitation of the elderly or disabled by a fiduciary is a felony. A true, correct, and complete copy of a CHARGING LETTER PURSUANT TO 720 ILCS 5/16-1.3 sent to Nancy Schuster-Waites and another sent to John A. Radtke is attached hereto as Exhibit S.

46. The Office of the State's Attorney headed by State's Attorney Michael Waller has the fiduciary duty to prosecute criminal acts.

47. Now Chief Judge Jane Waller, the judge in Trial Case 92D1279, and State's Attorney Michael Waller are husband and wife working together in the 19th Judicial District Circuit Court in the County of Lake, Illinois.

48. Mary Homer-Radtke filed a motion to vacate the order terminating child support entered in the Trial Court in the Bankruptcy Court giving proper notice and setting the motion for hearing with the Bankruptcy Court.

49. Judge Squires of the Bankruptcy Court refused to hear the motion to set aside and vacate the order terminating child support due to comity between the courts denying our children child support and financially exploiting Mary Homer-Radtke who became the sole provider for the children.

50. The children were defrauded and Mary Homer-Radtke was financially exploited in the Trial Court which denied Mary Homer-Radtke's motion to vacate the void order for termination of child support for lack of jurisdiction. A true, correct, and complete copy of an ORDER prepared by Neil H. Levin, agent of John A. Radtke, is attached hereto as Exhibit T.

51. Historically, Mary Homer-Radtke was denied due process of law in the Bankruptcy Court, Northern District of Illinois Eastern Division.

52. Mary Homer-Radtke was at a disadvantage with the Trustee denying Mary Homer-Radtke due process of a hearing with the creditors.

53. The Bankruptcy Court remanded the foreclosure case, 98CH1240, the marriage of John A. Radtke and Mary Homer-Radtke case, 92D1279, and the probate case of Jean A. Radtke, 99P729 back to the Trial Court without resolving issues directly related to the bankruptcy.

54. Mary Homer-Radtke was financially exploited by the Bankruptcy Court, Northern District of Illinois Eastern Division paying to the court approximately $1,000

8

in filing fees, incurring debt to the Trustee who failed to provide services, and extraordinary costs to litigate and appear in downtown Chicago.

55. When the Bankruptcy Court remanded the cases back to the Trial Court for further litigation, Mary Homer-Radtke was again trapped in the Trial Court where litigation continued on and on and on and the issues are still unresolved.

56. In the interest of judicial economy, the matters before this Court must be determined by this Court now.

57. Mary Homer-Radtke has been denied use and enjoyment of not only property in the marital estate of John A. Radtke and Mary Homer-Radtke but non-marital property held by bailee, John A. Radtke, for ten years. A true, correct, and complete copy of an ORDER converting the property under the control of John A. Radtke as bailee is attached hereto as Exhibit U.

58. Justice demands that Mary Homer-Radtke receive due process in this Court.

59. On May 28, 2002, Neil H. Levin testified that his trip to Texas was costing his client, John A. Radtke, $7,000.00 or $8,000.00 which in a community property state is further erosion of the marital estate of John A. Radtke and Mary Homer-Radtke.

60. In a 1988 case, Eckels v. McNeal, the Appellate Court, Second District ruled that a judgment is void when the court lacks subject matter jurisdiction, personal jurisdiction, or when the court doesn't have the inherent power to enter a judgment or when the judgment is entered in manner inconsistent with due process of law. A true, correct, and complete copy of NOTICE FOR THE RECORD OF MARY HOMER-RADTKE'S CHARGING LETTER AGAINST JUDGE JOHN PHILLIPS PURSUANT TO 720 ILCS 5/16-1.3 is attached hereto as Exhibit V.

61. Since there is no decree in the certified record of Case 92D1279 and since the settlement was signed under duress and is void and since the judgment is void ab initio, John Allen Radtke and Mary Ellen Homer remain legal husband and wife. A true, correct, and complete copy of said marriage license is attached hereto as Exhibit W.

9

62. On August 24, 2000, without a petition before the Trial Court or jurisdiction, a restraining order was granted against Mary Homer-Radtke in favor of John A. Radtke and Elsie Mannix, a person not a party to Case 92D1279, by Judge Jane Waller, wife of State's Attorney Michael Waller denying Mary Homer-Radtke access and enjoyment of the property. A true, correct, and complete of said ORDER of August 24, 2000 is attached hereto as Exhibit X.

63. Mary Homer-Radtke was trapped in the Trial Court fearful of being arrested by John A. Radtke or Elsie Mannix.

64. Mary Homer-Radtke was arrested in the William Block Memorial Library on January 31, 2001 while sitting at a computer with an extraordinary bond of $10,000.00 for an alleged Class C misdemeanor which by law mandates a bond of $75.00.

65. Mary Homer-Radtke was maliciously prosecuted by State's Attorney, Michael Waller who dismissed without prosecution the arrest on May 31, 2001 and reinstated the case without cause on June 25, 2001. A true, correct, and complete MOTION TO DISMISS said case is attached hereto as Exhibit Y.

66. Mary Homer-Radtke was further persecuted when Judge Lang issued an arrest warrant for failure to appear when the record was evidence that Mary Homer-Radtke had not been given notice to appear.

67. Mary Homer-Radtke is disabled pursuant to the Americans with Disabilities Act of 1990.

68. Pursuant to 720 ILCS 5/16-1.3, Mary Homer-Radtke has been trapped in the court system for ten years and has been financially exploited by the decisions of every judge ruling on the cases before the Court.

69. Justice demands that the matter before this Court be resolved before referring this case to the bankruptcy court which historically refuses to vacate void orders/judgments from another court.

70. Justice demands that the matters before this Court be resolved by a fair and impartial Court as the public record evidences the fact that Mary Homer-Radtke has been denied due process of the law in the 19th Judicial District Circuit Court in Lake County, Illinois, in the Appellate Court-Second District, and in the United States Bankruptcy Court of Northern Illinois, Eastern Division.

71. On June 17, 2002 Mary Homer-Radtke received a motion from the attorney of the Trustee of the Bankruptcy Court indicating that there has been exparte communication between Neil H. Levin and the Bankruptcy Court for the purpose of dismissing the Bankruptcy Case 02-10280-B-13. A true, correct, and complete copy of the TRUSTEE'S MOTION TO DISMISS the Chapter 13 Bankruptcy Case No. 02-10280-B-13 is attached hereto as Exhibit Z.

72. Pursuant to SUMMONS IN A CIVIL CASE, Case Number B-02-063 this Court has the fiduciary duty to prevent further erosion of the property by granting judgment by default against John A. Radtke for the relief demanded in the petition and complaint for failing to file an answer within 20 days. A true, correct, and complete copy of the SUMONS IN A CIVIL CASE, Case Number: B-02-063 is attached hereto as Exhibit AA.

73. Mary Homer-Radtke prays this Court set aside and vacate the ORDER REFERRING CASE TO BANKRUPTCY COURT entered on June 11, 2002.

Mary Homer-Radtke

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

     Before me, the undersigned, a Notary Public in and for said County and State on this *21* day of *June*, 2002, personally appeared *Mary Homer Radtke* to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

     Given under my hand and seal the day and year last above written.

My commission expires *3-16-04* _____ *Cynthia L. Garza* Notary Public

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas (78553)

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AFFIDAVIT IN SUPPORT OF MOTION TO VACATE ORDER REFERRING CASE
TO BANKRUPTCY COURT ENTERED JUNE 11, 2002

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.)    I am plaintiff in the above-entitled action.

2.)    I have filed Affidavits in Case B-02-063 which support Affiants MOTION TO VACATE ORDER REFERRING CASE TO BANKRUPTCY COURT ENTERED JUNE 11, 2002.

3.)    I have read the MOTION TO VACATE ORDER REFERRING CASE TO BANKRUPTCY COURT ENTERED JUNE 11, 2002 and know the contents of said document; and

4.)    Of my own knowledge, the matters set out in the MOTION TO VACATE ORDER REFERRING CASE TO BANKRUPTCY COURT ENTERED JUNE 11, 2002 is on information and belief, that the matters set out are true of my own knowledge, except as to those matters set forth upon information and belief, and as to matters set forth upon information and belief, I believe those matters to be true.

5.)    Affiant is prepared to testify in court as to the truth of matters set forth in this affidavit.

Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF _Cameron_

    Before me, the undersigned, a Notary Public in and for said County and State on
this _21_ day of _June_ , 2002, personally appeared _Mayne nerKattC_ to me known
to be the identical person who executed the within and foregoing instrument and
acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires _3-16-04_    _Cynthia L. Garza_
                                   Notary Public

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke                      )
                                       )
       Plaintiff                       )
                                       )
                                       )
                                       )    No.    B-02-063
                                       )
John A. Radtke,                        )
                                       )
       Defendant.                      )

## ORDER

This matter coming before the court on appellant's MOTION TO

VACATE ORDER REFERRING CASE TO BANKRUPTCY COURT ENTERED JUNE 11,

2002, all parties having been given due notice, the court being

advised in the premises and having jurisdiction of the parties

and the subject matter,

    IT IS HEREBY ORDERED THAT appellant's motion is

allowed ___ denied ___.

                    _____
                               Justice

*16*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**JUN 11 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARY HOMER-RADTKE | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-063 |
| | § | |
| JOHN A. RADTKE | § | |
| Respondent. | § | |

## ORDER REFERRING CASE TO BANKRUPTCY COURT

It appearing to the Court that the matter herein involves proceedings arising

under Title 11, or arising in or related to a case under Title 11[1], the Court therefore finds

that the case should be referred to the Bankruptcy Court pursuant to 28 U.S.C. §157

and the Order of Reference of Bankruptcy Cases and Proceeding entered by the United

States District Court, on March 11, 2002.

It is therefore ORDERED that Case No. 02-CV-63 is hereby referred to Judge

Richard S. Schmidt, United States Bankruptcy Court, Southern District of Texas.

DONE at Brownsville, Texas, on 11ᵗʰ day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[1]Bankruptcy Case No. 02-10280-B-13

Exhibit A

**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
         HARLINGEN
   HARLINGEN, TX 78553-4721
      04/12/02 03:07PM

ore USPS        Trans    105
stn sys5005     Cashier  GBYKB0
shier's Name    SANDRA
ck Unit Id      SANDRA
Phone Number    956-423-1464

. First Class                    4.63
  Destination:    60073
  Weight:         3.20oz
  Postage Type:   PVI
  Total Cost:     4.63
  Base Rate:      1.03
         SERVICES
  Certified Mail            2.10
  70011940000154579661
  Return Receipt           1.50
. First Class                    4.63
  Destination:    60035
  Weight:         3.20oz
  Postage Type:   PVI
  Total Cost:     4.63
  Base Rate:      1.03
         SERVICES
  Certified Mail            2.10
  70011940000154579656
  Return Receipt           1.50
3. 6-Mo. Box/Clr Fe            19.00
      **** Paid In ****
  AIC Number: 0158

ubtotal                        28.26
otal                           28.26

ash                            40.00
hange Due
  Cash                         11.74

umber of Items Sold: 2

         Thank You
    Please come again!
```

Signature
X _____  ☐ Agent
                           ☐ Address
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

John A RADTKE
1641 Elmwood
Highland Park IL
60035

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchan
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0001 5457 9654

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-099

---

SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Received by (Please Print Clearly)  B. Date of Deliv

C. Signature
X _____  ☐ Agent
                           ☐ Address

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

John A. Radtke
1641 Elmwood
Highland Park
Illinois 60035

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchan
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)        ☐ Yes

. Article Number (Copy fro    7001 1940 0001 5457 9654

5 Form 3811, July 1999        Domestic Return Receipt        102595-00-M-09

---



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

ROUND LAKE, IL 60073

| | | UNIT ID: 0075 |
|---|---|---|
| Postage | $ 1.03 | |
| Certified Fee | 2.10 | |
| Return Receipt Fee (Endorsement Required) | 1.50 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: GBYKB0 |
| Total Postage & Fees | $ 4.63 | 04/12/02 |

Sent To  John A. Radtke c/oB. Radtke, Sns Inc
Street, Apt. No.; or PO Box No.  101 W Main St
City, State, ZIP+4  Round Lake Park IL 60073

7001 1940 0001 5457 9661

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

HIGHLAND PARK, IL 60035

| | | UNIT ID: 0075 |
|---|---|---|
| Postage | $ 1.03 | |
| Certified Fee | 2.10 | |
| Return Receipt Fee (Endorsement Required) | 1.50 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: GBYKB0 |
| Total Postage & Fees | $ 4.63 | 04/12/02 |

Sent To  John A. Radtke
Street, Apt. No.; or PO Box No.  1641 Elmwood
City, State, ZIP+4  Highland Park Illinois 60035

PS Form 3800, January 2001        See Reverse for Instructions

7001 1940 0001 5457 9654

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ASSOCIATED MORTGAGE, INC.,                )
                                          )
             Plaintiff,                   )
                                          )
      v.                                  )
                                          )
JOHN A. RADTLE, MARY ELLEN RADTKE,        )
LOCH LOMOND PROPERTY OWNERS               )
ASSOCIATION, LIBERTYVILLE NATIONAL        )
BANK, CASA BLANCA TRUST dated             )
January 1998                              )   Gen. No. 98 CH 1240
                                          )
Defendants.                               )


State of Illinois        )
                         )ss
County of Lake           )

NOTICE FOR CHARGING LETTER FOR FINANCIAL EXPLOITATION PURSUANT TO
720 ILCS 5/16-1.3

This serves as a charging letter for financial exploitation of
Mary Homer-Radtke pursuant to 720 ILCS 5/16-1.3.

1.) Mary is disabled pursuant to the Americans with Disabilities
Act, and Illinois statute 720 ILCS 5/16-1.3 as a result of Mary"s
being diagnosed with a congenital disease known as Legg-Perthes
Disease, 731.1, in 1953 by Dr. Turner in Rock Island, Illinois
and treated by Dr. Qualman of Grayslake.

2.) A fiduciary duty is defined as "a duty to act for someone
else's benefit, while subordinating one's personal interests to
that of the other person.  It is the highest standard of duty
implied by law." Black's Law Dictionary, sixth edition

3.)  Duties of a fiduciary are those of loyalty, good faith and
honesty. ARTRA Group, Inc. v. Salomon Bros. Holding Co., Inc.,
223 Ill.Dec. 819, 680 N.E.2d 769.

4.)  A suit for breach of fiduciary duty is controlled by the
substantive laws of agency, contract and equity rather than tort.
Kinzer on Behalf of City of Chicago v. City of Chicago, 132
Ill.Dec. 410, 539 N.lE.2d 1216, 128 Ill.2d 437.

5.)  The right to contract privately is guaranteed by our state
and federal constitutions.

6.)  Mary Ellen Homer and John Allen Radtke engaged in a civil

1

Exhibit D

contract on June 17, 1967 made in due form agreeing to take each other for husband and wife during their joint lives, and to discharge toward each other the duties imposed by law upon such relation. *Heyman v. Heymann, 1906,* 218 Ill. 636 75 N.E. 1079 A true, correct and complete copy of the Marriage License, No. 16732 is recorded in Book 25, Page 267 with the county of Cameron, recorded with the Secretary of State of Texas under U.C.C. filing No. 99-238423, recorded with the Secretary of State of Illinois and recorded in the county of Lake under filing No. 9708366/4465799.

7.)   In August of 1977, Mary and John Radtke chose to engage in a contractual relationship with locally based Mundelein Savings and Loan Association for the purchase of our home so that we could have a personal relationship with our financial institution.

8.)   In general although a lender is not fiduciary of its borrower, a lender may create a fiduciary relationship by exercising improper control over the borrower. *In re K Town, Inc.,* 171 B.R. 313.

9.)   The owners of Mundelein Savings and Loan Association sold to Great Northern Savings Bank with affiliate Great Northern Mortgage Company in August of 1985 which was subsequently sold to LaSalle Talman. Allegedly the mortgage remained with Great Northern Mortgage Company.

10.) All payments and prepayments of principal were made to the financial institutions at the same location, 401 N. Seymour, Mundelein, Illinois.

11.) In February of 1998, the undersigned gave qualified written notice that the automatic payment deductions were to be transferred to a new account number at LaSalle Talman Bank in Mundelein.

12.) Qualified written requests/complaints requiring resolution under consumer protection laws and federal servicing laws were sent regarding the errors in the servicing of the account including, but not limited to, undisclosed charges and double billings.

13.) In June of 1998, I was contacted by Philip Pesanka and Dawn Grey, employees of Associated Loan Services, who told me that John A. Radtke, my estranged husband, wanted them to foreclose on the property so that he could purchase it at a Sheriff's sale.

14.) Shortly thereafter, John A. Radtke was telling our children that he intended to purchase the property at a Sheriff's sale.

2

15.) In June of 1998, with agreement of Associated Loan Services, I elected under the Mortgage Escrow Account Act, 765 ILCS 910/1, to send check payments for principal and interest without a payment book ever having been issued.

16.) Beginning in June of 1998, I requested contracts and a complete and comprehensive loan payment history including the prepayments of principal since the inception of the loan in order to determine the amount required for termination of the loan.

17.) My understanding in making prepayments of principal was to shorten the length of the loan through reamoritization.

18.) I received a mortgage contract with forged signatures.

19.) I never received the required information under RESPA, the Truth in Lending Act or consumer protection laws.

20.) In August of 1998 funds for interest and principal were tendered through an account under Arkconsin Management.

21.) On November 24, 1998, the December payment of principal and interest was tendered through LaSalle Talman.

22.) Due to the fact that I did not receive information regarding the status of the account, including unreturned checks, I wrote a series of qualified written inquiries to President, CEO of Great Northern Mortgage Company, Ross Vittore.

23.) Ross Vittore did not respond or refute being holder of the referenced account except to say that the letters had been forwarded to Associated Loan Services in a letter dated December 28, 1998.

24.) I was never given notice pursuant to federal servicing laws, RESPA, that the servicing of the loan had been transferred.

25.) On the same date that Ross Vittore wrote his letter to me, I received multiple calls from financing people informing the undersigned of a foreclosure having been filed with the 19th District Circuit Court.

26.) Having no knowledge of a foreclosure action that was filed on December 11, 1998, I went to the courthouse where I was told by a clerk that Associated Mortgage, Inc. was the plaintiff and I must file an appearance in order to file an affidavit.

27.) The Complaint to Foreclose Mortgage filed on December 11, 1998 did not have the elements required for a breach of contract lawsuit or the elements required under the foreclosure act. See the public record in Case 98 CH 1240.

3

28.) Discovery evidences that the plaintiff does not have either an original signed promissory note, an original signed mortgage, or evidence of a default which is required in a foreclosure action under 735 ILCS 5/15 et seq.

29.) On February 11, 1999, John A. Radtke, informed the undersigned that he had conversations with Kim M. Casey regarding his desire to pay off the mortgage in order to be assigned the mortgage.

30.) On February 11, 1999, John A. Radtke gave Mary an envelope of paperwork which he claimed to have faxed to Kim M. Casey including but not limited to an unsigned "note" and notations on a conversation with William Walczak, asset recovery, on October 28, 1998 confirming that a payment for principal and interest had been received on October 4, 1998, and that Kim Casey was the attorney from Holmstrom & Kennedy.

31.) Therefore, as of October 28, 1998, there is evidence that John Radtke orchestrated a foreclosure with the parties including, but not limited to the above parties.

32.) The record shows that there was no service of summons and complaint to Mary Radtke, John Radtke, or Casa-Blanca (trust).

33.) In addition to an affidavit, I filed A PETITION FOR INJUNCTIVE RELIEF and a MOTION TO STRIKE BASED ON FRAUD which was set for hearing on February 18, 1999.

34.) Under Illinois law, judges, officers of the court under oath to obey the constitutions of the state and the supreme law of the land, have a fiduciary duty to the public, which include the litigants who appear before him/her. *U.S. v. Holzer*, 816 F.2d 304, certiorari granted, vacated 108 S.Ct. 53, 484 U.S. 807, 98 L.Ed.2d 18, on remand 840 F.2d 1343, certiorari denied 108 S.Ct. 2022, 486 U.S. 1035, 100 L.Ed.2d 608.

35.) The undersigned made a special and limited appearance in court on February 18, 1999 before Judge Dunn to strike the complaint for lack of service but was denied.

36.) A hearing was held on March 18, 1999 in which Judge Dunn denied the undersigned's PETITION FOR INJUNCTIVE RELIEF and MOTION TO STRIKE BASED ON FRAUD and communicated with Kim M. Casey the possibility of invoking the court's right to request a psychological evaluation on the undersigned.

37.) The undersigned filed a MOTION FOR SUBSTITUTION OF JUDGE DUNN and AFFIDAVIT OF BIAS AND PREJUDICE which Judge Dunn heard himself on May 5, 1999 recusing himself from this case.

4

38.) The case was transferred to Judge Goshgarian who set for hearing a summary judgment on August 10, 1999, without notice or paperwork when the undersigned was going to be out of state.

39.) Judge Goshgarian was suspended and this case was transferred to Judge Stephen Walter in August of 1999.

40.) The record shows that there have been numerous motions to dismiss this insufficient foreclosure action which have been denied by Judge Stephen Walter.

41.) This foreclosure action has been kept in the court system for three years without subject-matter or personal jurisdiction which renders all orders and judgments void.

42.) Kim M. Casey, who represents Holmstrom & Kennedy, P.C. as a collection agency has violated the consumer protection laws denying Mary Homer-Radtke the information required to resolve this matter privately.

43.) The record shows that John A. Radtke through his attorney, Neal H. Levin, slandered title of the property at issue by filing a Memorandum of Judgment with the Recorder of Deeds on February 5, 2001.

44.) The record shows that John A. Radtke joined this case in order to file a Counterclaim against Mary Homer-Radtke for the purpose of collecting additional attorney fees.

45.) Mary Homer-Radtke has been adjudicated a pauper by this court and cannot pay for court costs and a trial by jury which is guaranteed by the constitutions of the state and United States.

46.) The attorneys and this court are intending to deny Mary Homer-Radtke her right to a trial by a jury because a judicial sale of the property is a means to collect court costs and attorney fees.

47.) The courts treat foreclosures as an action in equity and not as an action in law (breach of contract) therefore making Article XV, Mortgage Foreclosure Act, an unconstitutional act.

48.) The courts have misconstrued the statute to exclude the right for a trial by a jury which means that properties are sold by a judicial sale to a third innocent party permanently depriving the mortgagor of their property.

49.) In determining whether advantage procured when fiduciary relationship has been breached is fraudulent, the court will scrutinize the transaction with greater severity and the duty is upon the beneficiaries to vindicate the bargain from any shadow of suspicion and to show that it was perfectly fair and

C001301

reasonable in every respect. *Majewski v. Gallina,* 160 N.E.2d 783, 17 Ill.2d 92.

50.) In this instant case there is a conflict of interest – justice vs. court costs and attorney fees.

51.) Mary Homer-Radtke has been deprived of her freedom for three years believing that this court would take action in her absence.

52.) Mary Homer-Radtke has been denied an annual income from B.Radtke & Sons, Inc. for three years totaling $162,000.00.

53.) Payments of principal and interest and prepayments of principal in excess of $92,000.00 have been made.

54.) Mary Homer-Radtke has been traumatized by this court, officers of this court, employees of Associated Banc-Corp, and John A. Radtke by pursuing an action under the color of law.

55.) Mary Homer-Radtke's health has suffered due to this foreclosure action.

56.) Mary Homer-Radtke's children, family, and friends have been directly and indirectly traumatized by the actions of this court, officers of this court, employees of Associated Banc-Corp and John A. Radtke by pursuing an action under the color of law.

In conclusion, Mary Homer-Radtke has been financially exploited as a result of this foreclosure action and is sending this charging letter pursuant to 720 ILCS 5/16-1.3. Proof of service to be attached.

"OFFICIAL SEAL"
IVETTE M. DIAZ
Notary Public, State of Illinois
My Commission Expires 7/10/03

Respectfully,

Mary Homer-Radtke

December 10, 2001
Mary Homer-Radtke
c/o 408 N. Lake Street #108
Mundelein, Illinois (60060)

State of Illinois
County of Lake

Signed before me on Dec 10 2001

by Mary Homer Radtke

Ivette M Diaz

Notary Public

C001302

United States District Court
Southern District of Texas
RECEIVED

MAY 0 9 2002

Michael N. Milby, Clerk of Court

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No.  B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

EMERGENCY MOTION FOR STATUS HEARING

1. A status conference is set for May 28, 2002 at 2:30 p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison, in Brownsville, Texas.

2. Mary Homer-Radtke learned yesterday that a hearing was held on May 7, 2002 in the 19th District Circuit Court of Lake County, Illinois in Case No. 98CH1240 granting a default judgment.

3. Hearing for judgment in said foreclosure action is set for May 15, 2002.

4. Mary Homer-Radtke, must attend the hearing on May 15, 2002 or suffer irreparable harm.

5. Mary Homer-Radtke has reason to believe that resolution of this matter will conflict with her appearance at the status conference ordered on May 28, 2002 in Brownsville, Texas.

6. True, correct, and complete copies of Summons, Order Setting Conference, Notice of Filing/Proof of Service and pleadings, Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief, Motion for Preliminary Injunction and Affidavit, were sent by certified mail on April 12, 2002 to John A. Radtke at 1641 Elmwood, Highland Park, Illinois 60035 and c/o B. Radtke & Sons, Inc., 101 W. Main

1

Exhibit E

St., Round Lake Park, Illinois 60073. True, correct, and complete copies of the certified mail receipts are attached hereto as Exhibit A.

7. Two green cards were returned for the mailing to John A. Radtke at 1641 Elmwood, Highland Park, Illinois 60035, one with a signature. True, correct, and complete copies of the green cards with signed proof of receipt is attached hereto as Exhibit B.

8. The signature on the green card certifies the delivery of said mailing on April 16, 2002.

9. The Notice of Filing and Proof of Service certifies the content of the mailing. A true, correct, and complete copy of the Proof of Service is attached hereto as Exhibit C.

10. WHEREFORE, Mary Homer-Radtke prays this court grant this emergency hearing for status of Case B-02-063 in lieu of the scheduled status hearing set on May 28, 2002, by accepting the certified mailing as evidence of legal service of summons and complaint in said case.

*Mary Homer-Radtt*

Mary Homer-Radtke



OFELIA NINO
Notary Public, State of Texas
My Commission Expires
March 03, 2005

STATE OF TEXAS                INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF _Cameron_

Before me, the undersigned, a Notary Public in and for said County and State on this _9_ day of _May_, 2002, personally appeared _Mary Homer_ _-Radtke_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _3-3-05_ _____ Notary Public

2

E

RECEIVED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT



FILED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

Case No. 2-01-1403

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

Associated Mortgage, Inc.) ) Appeal from the Circuit
plaintiff/appellee ) Court of the Nineteenth
) Judicial Circuit
) Lake County, Illinois
v. ) Gen. No. 98 CH 1240
)
Mary Ellen Radtke, et al.) Honorable Stephen Walter,
) Judge Presiding
defendant/appellant.)

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 28,2002 I filed with the Appellate Court of Illinois, Second District, the attached MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION.

### PROOF OF SERVICE

I, Mary Homer-Radtke, swear under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I served this notice by mailing a true and correct copy to Kim M. Casey, Holmstrom & Kennedy,P.C., 800 N. Church St., P.O. Box 589, Rockford, Illinois 61105 on May 28, 2002 at Harlingen, Texas with proper postage attached.

Mary Homer-Radtke

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

Exhibit F

Case No. 2-01-1403

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |  |
|---|---|---|
| Associated Mortgage, Inc. | ) | Appeal from the Circuit |
|  | ) | Court of the Nineteenth |
| plaintiff/appellee | ) | Judicial Circuit |
|  | ) | Lake County, Illinois |
|  | ) |  |
| v. | ) | Gen. No. 98 CH 1240 |
|  | ) |  |
| Mary Ellen Radtke, et al. | ) | Honorable Stephen Walter, |
|  | ) | Judge Presiding |
| defendant/appellant. | ) |  |

MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS
AND FINANCIAL EXPLOITATION

Appellant Mary Homer-Radtke hereby moves this court to take judicial notice of the lack of due process in Appellate Case 2-01-1403 and trial court Case No. 98 CH 1240 and financial exploitation by officers of the court. Appellant shows to this court the following:

1.) Appellant appealed Case 98 CH 1240 to the Appellate Court on December 10, 2001.

2.) On November 13, 2001, the Trial Court entered an Order which dismissed Mary Homer-Radtke's Counterclaim, Third Party Complaints, and Cross-Complaints with prejudice.

3.) Counterclaims, Third Party Complaints, and Cross-Complaints are independent causes of action.

1

4.) The original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001 by attorney Kim M. Casey, collection agent of Associated Mortgage, Inc. failed to attach a true, correct, and complete copy of the promissory note and/or mortgage both of which are required by Illinois law for relief.

5.) A breach of contract lawsuit requires elements to confer jurisdiction to the trial court.

6.) Both the original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001 were missing the necessary elements to confer jurisdiction to the Trial Court.

7.) Kim M. Casey, agent of Associated Mortgage, Inc., never provided evidence that Associated Mortgage, Inc., De-Pere, Wisconsin has or had any authority to file a complaint in this matter.

8.) During the months of October to December of 1998, Mary Homer-Radtke, in good faith, was writing "qualified written inquiries" to Ross Vittore, CEO and President of (Associated) Great Northern Mortgage Company, Rolling Meadows, Illinois.

9.) In a letter dated December 28, 1998, on letterhead stationary, Ross Vittore wrote that he had forwarded

2

F

Mary Homer-Radtke's qualified written inquiries to their loan servicing agency, Associated Loan Services.

10.) Mary Homer-Radtke disputed and denied all claims made by Kim M. Casey, attorney acting as collection agent for Associated Mortgage, Inc..

11.) Kim Casey, collection agent, and/or Associated Mortgage, Inc. and/or Associated Banc-Corp failed to validate the alleged debt as is required by consumer protection law and federal (RESPA) servicing law.

12.) Kim M. Casey,failed to join the necessary parties making all orders and/or judgments in Case 98-CH-1240 void.

13.) Mary Homer-Radtke is not a licensed attorney and by law, cannot file an appearance for or represent Casa-Blanca which was named as defendant-owner of the property in the original and in the amended complaint.

14.) Mary Homer-Radtke has been trapped in the Trial Court for over three years because the court has refused to dismiss the original complaint filed on December 11, 1998 and the amended complaint filed on June 19, 2001.

15.) The Trial Court did not have personal or subject-matter jurisdiction in Case 98-CH-1240 until Mary Homer-Radtke filed independent actions against the attorneys, John A. Radtke, and affiliates of Associated Banc-Corp.

3

F

16.) The judges in Case 98-CH-1240 have violated Public Policy which protects the right to own property and would not allow officers of the court the opportunity to take property without jurisdiction or due process of the law.

17.) When these independent causes of action, Counter-claim, Third Party Complaints and Cross-Complaints were denied by the Trial Court with prejudice, the litigation between the parties on separate parts of the litigation were terminated and appealable.

18.) Since the Trial Court only had jurisdiction of Mary Homer-Radtke's Counterclaim, Third Party Complaints, and Cross-Complaints, that jurisdiction was transferred to the Appellate Court on December 10, 2001 with the filing of the Notice of Appeal.

19.) Mary Homer-Radtke filed a DOCKETING STATEMENT on December 22, 2001 referencing Supreme Court Rule 301 to demonstrate that the appeal is timely.

20.) Kim M. Casey, agent of Associated Mortgage, Inc., filed a motion to dismiss Appeal No. 2-01-1403 on February 25, 2002 claiming that the order must have the appropriate wording to be an interlocutory appeal.

F

21.) In addition to a response to Appellee's motion to dismiss, Appellant/Mary Homer-Radtke filed for an extension of time for filing the brief due 3/18/02.

22.) Appellant called the Appellate Court giving an address in Texas for mailing at which time the Clerk said that orders had been filed in both Appeal No. 2-01-1403 and Appeal No. 2-00-1065 and would be mailed.

23.) Appellant has not received the requested orders in Appeal No. 2-01-1403 or Appeal No. 2-00-1065, a denial of due process.

24.) Appellant wrote a letter to the Appellate Court giving notice of a change of address (Mary Homer-Radtke, P.O.Box 533793, Harlingen, Texas 78553) stating that I have not received orders in Appeal No. 2-01-1403 or Appeal No. 2-00-1065. Attached is a true, correct, and complete copy of said letter heretofore as Exhibit A.

25.) Appellant, Mary Homer-Radtke, was denied the opportunity to file a timely motion for rehearing/reconsideration.

26.) Without notice to Mary Homer-Radtke and without jurisdiction, Kim M. Casey has filed motions and the Trial Court has continued to enter orders in Case 98-CH-1240.

5

F

27.) Mary Homer-Radtke filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Southern District of Texas on May 10, 2002.

28.) Attorney fees claimed by Kim M. Casey and Neil H. Levin, and the alleged debt claimed in the Amended Complaint to Foreclose Mortgage in Case 98-CH-1240 are under dispute in Mary Homer-Radtke's bankruptcy filing.

29.) Attorneys Kim M. Casey and Neil H. Levin financially exploited Mary Homer-Radtke, a disabled person, pursuant to 720 ILCS 5/16-1.3, by filing frivolous complaints trapping Mary Homer-Radtke in the trial court system, by pumping up their attorney fees, and by using the court as a collection agency for said attorney fees.

WHEREFORE, Appellant Mary Homer-Radtke, prays that the judges of this Appellate Court, Second District take notice that Appellant, Mary Homer-Radtke has been denied due process of the law and has been financially exploited by officers of the court pursuant to 720 ILCS 5/16-1.3.

Respectfully submitted,

Mary Homer-Radtke

May 28, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

6

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ASSOCIATED MORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Gen. No. 98 CH 1240 |
| | ) | |
| MARY ELLEN RADTKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MOTION OF DEFENDANT MARY HOMER-RADTKE TO TAKE JUDICIAL NOTICE</u>

Mary Homer-Radtke asks this Court to take judicial notice of the following judicial decisions in this case and of the following matters of record in this case:

1.) A court can take judicial notice of judicial decisions. *Consolidation Coal Co. v. United Mine Workers of America, Dist. 12, Local Union 1545*, 213 F.3d 404, 407 (C.A.7 (Ill.) 2000)

2.) Although Illinois has never adopted the term "indispensable party" in its Code of Civil Procedure statutes relating to joinder, Illinois courts frequently use the terms "indispensable party" and "necessary party" interchangeably. *Allied American Ins. Co. v. Ayala*, 247 Ill.App.3d 538, 616 N.E.2d 1349, 1355 (Ill.App. 2 Dist. 1993)

3.) A "necessary party" is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his or her absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy. *In re Marriage of Devick*, 315 Ill.App.3d 908, 735 N.E.2d 153, 157 (Ill.App. 2 Dist. 2000); *Zurich Ins. Co. v. Baxter Intern., Inc.*, 275 Ill.App.3d 30, 655 N.E.2d 1173, 1178 (Ill.App. 2 Dist. 1995)

4.) Under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment which affects a right or interest of someone not before the court. *Feen v. Ray* (1985), 109 Ill.2d 339, 344, 487 N.E.2d 619, 622; *Emalfarb v. Krater*, 266 Ill.App.3d 243, 640 N.E.2d 325, 328 (Ill.App. 2 Dist. 1994); *Pettey v. First National Bank*, 225 Ill.App.3d 539, 547-48, 588 N.E.2d 412, 418 (Ill.App. 2 Dist. 1992

-1-

*Exhibit 6*

5.)   If absent person has a natural private right or property in-
terest which necessarily will be, or was, affected by judgment, absent
person must be joined because under fundamental law and due process prin-
ciples, a court is without jurisdiction to enter a decree, order, or
judgment which affects a right or interest of someone not before court.
*Lerner v. Zipperman*, 69 Ill.App.3d 620, 387 N.E.2d 946, 950 (Ill.App. 1
Dist. 1979)

6.)   It has long been the rule that an order entered without juris-
diction of indispensable parties is null and void.  *People ex rel. Meyer
v. Kerner*, 35 Ill.2d 33, 38, 219 N.E.2d 617, 620.

7.)   An order entered without jurisdiction over an indispensable
party is null and void if the indispensable party was not joined to the
action. *Allied American Ins. Co. v. Ayala*, 247 Ill.App.3d 538, 616 N.E.2d
1349, 1355 (Ill.App. 2 Dist. 1993)

8.)   An order will be void if entered by a court lacking jurisdic-
tion over a necessary party. *Zurich Ins. Co. v. Baxter Intern., Inc.*, 275
Ill.App.3d 30, 655 N.E.2d 1173, 1178 (Ill.App. 2 Dist. 1995)

9.)   It is error for a court to proceed to hearing and disposition
on the merits of a cause without jurisdiction of necessary parties.  This
rule has been described as 'fundamental doctrine.' *Glickauf v. Moss*, 23
Ill.App.3d 679, 320 N.E.2d 132, 136 (Ill.App. 1 Dist. 1974)

10.)   It is the duty of trial court to enforce principle of law re-
quiring joinder of necessary parties sua sponte as soon as it is brought
to its attention. *Glickauf v. Moss*, 23 Ill.App.3d 679, 320 N.E.2d 132,
136 (Ill.App. 1 Dist. 1974)

11.)   Furthermore, a trial court may take judicial notice of matters
of record in its own proceedings. *In re A.B.*, 308 Ill.App.3d 227, 719
N.E.2d 348, 356 (Ill.App. 2 Dist. 1999)

12.)   The record in this case shows that defendant Mary Homer-Radtke
transferred legal and equitable interest in the real property that is the
subject matter of this case to Casa-Blanca Trust.

13.)   The record in this case shows that Casa-Blanca Trust presently
holds legal and equitable interest in the real property that is the sub-
ject matter of this case.

14.)   The record in this case shows that Casa-Blanca Trust is a nec-
essary party to this case.

15.)   The record in this case shows that Casa-Blanca Trust is an in-
dispensable party to this case.

-2-

16.) The record in this case shows that Casa-Blanca Trust has not filed an appearance in this case.

17.) The record in this case shows that Casa-Blanca Trust has not filed any motions challenging this court's personal jurisdiction or otherwise in this case.

18.) The record in this case shows that Casa-Blanca Trust has not appeared generally in this case.

19.) The record in this case shows that defendant Mary Homer-Radtke is not a licensed attorney at law, and that defendant Mary Homer-Radtke is not licensed to practice law in the State of Illinois.


Respectfully submitted,


Mary Homer-Radtke


December 7, 2001


Mary Homer-Radtke
c/o 408 N. Lake Street #108
Mundelein, Illinois (60060)
847 949-9329


-3-



IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ASSOCIATED MORTGAGE, INC., )
                           )
        Plaintiff,         )
                           )
        v.                 )    Gen. No. 98 CH 1240
                           )
MARY ELLEN RADTKE, et al., )
                           )
        Defendants.        )

MOTION OF DEFENDANT MARY HOMER-RADTKE TO DECLARE ORDERS NULL AND VOID

Defendant Mary Homer-Radtke asks this Court to declare all orders entered in this case null and void for the following reasons:

1.)    Plaintiff filed the original mortgage foreclosure complaint in the instant action on December 11, 1998.

2.)    In referenced original mortgage foreclosure complaint, plaintiff named Casa-Blanca Trust as a defendant.

3.)    The record in this case shows that Casa-Blanca Trust holds both equitable and legal interest in the real property that is the subject matter of this case.

4.)    Furthermore, the record in this case shows that Casa-Blanca Trust has not been served process, filed an appearance, or made a general appearance in this case.

5.)    A "necessary party" is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his or her absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy. *In re Marriage of Devick*, 315 Ill.App.3d 908, 735 N.E.2d 153, 157 (Ill.App. 2 Dist. 2000); *Zurich Ins. Co. v. Baxter Intern., Inc.*, 275 Ill.App.3d 30, 655 N.E.2d 1173, 1178 (Ill.App. 2 Dist. 1995)

6.)    Under fundamental principles of due process, a court is without jurisdiction to enter an order which affects a right or interest of someone not before the court. see *Feen v. Ray* (1985), 109 Ill.2d 339, 344, 487 N.E.2d 619, 622; see also *Emalfarb v. Krater*, 266 Ill.App.3d

-1-

243, 640 N.E.2d 325, 328 (Ill.App. 2 Dist. 1994); see also *Pettey v. First National Bank*, 225 Ill.App.3d 539, 547-48, 588 N.E.2d 412, 418 (Ill.App. 2 Dist. 1992

7.)   If absent person has a natural private right or property interest which necessarily will be affected by judgment, absent person must be joined because under fundamental law and due process principles, a court is without jurisdiction to enter an order which affects a right or interest of someone not before court. see *Lerner v. Zipperman*, 69 Ill.App.3d 620, 387 N.E.2d 946, 950 (Ill.App. 1 Dist. 1979)

8.)   It has long been the rule that an order entered without jurisdiction of indispensable parties is null and void.  *People ex rel. Meyer v. Kerner*, 35 Ill.2d 33, 38, 219 N.E.2d 617, 620.

9.)   An order entered without jurisdiction over an indispensable party is null and void if the indispensable party was not joined to the action. *Allied American Ins. Co. v. Ayala*, 247 Ill.App.3d 538, 616 N.E.2d 1349, 1355 (Ill.App. 2 Dist. 1993)

10.)   An order will be void if entered by a court lacking jurisdiction over a necessary party. *Zurich Ins. Co. v. Baxter Intern., Inc.*, 275 Ill.App.3d 30, 655 N.E.2d 1173, 1178 (Ill.App. 2 Dist. 1995)

WHEREFORE, because plaintiff has been afforded a reasonable opportunity, three years, to join Casa-Blanca Trust as a defendant to this action, and because plaintiff has failed to exercise due diligence to join Casa-Blanca Trust, a necessary or indispensable party to this action, defendant Mary Homer-Radtke respectfully asks this honorable court to declare all orders entered in this case null and void.

Respectfully submitted,

Mary Homer-Radtke

December 7, 2001

Mary Homer-Radtke
c/o 408 N. Lake Street #108
Mundelein, Illinois (60060)
847 949-9329

-2-

STATE OF ILLINOIS }
                  } ss
COUNTY OF LAKE    }

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Associated Mortgage Inc.

MAY 1 5 2002

_Sally D. Coffelt_
CIRCUIT CLERK
Gen. No. _98 CH 1240_

vs.

John A. Radtke Mary
Ellen Radtke, et al

**ORDER**

This cause coming on for
presentation of a written judgment
of foreclosure, due notice having been
given and Plaintiff appearing through
Counsel Kim M. Casey, the Court reviewing
a document
entitled Notice of Appeal dated May 14, 2002
and a document entitled Voluntary Petition
in Bankruptcy, bearing a "received" stamp
from US District Court for the Southern District of Texas
both documents being filed in the Court file
and the Court being otherwise advised,
    IT IS ORDERED that this cause is
continued to June 4, 2002 at 9:00 am for
Counsel to present evidence regarding
whether this Court may proceed in light of
the filing of such documents. A copy of this
order shall be served upon Mary Homer Radtke

Dated at Waukegan, Illinois this

_15th_ day of _May_, 20 _02_

**ENTER:**

**STEPHEN WALTER**

Judge

ORDER PREPARED BY: _Kim M. Casey_

(Please Print Name and Address)

_800 N Church St PO Box 569_
_Rockford IL 61105_

Exhibit H - ½

171-94 rev 1/00



PM
23 MAY
2002

Holmstrom&Kennedy, P.C.

Mary Homer-Radtke
P. O. Box 533793
Harlingen, TX 78553

Exhibit H.

No. 2-02-0504

IN THE
APPELLATE COURT OF ILLINOIS
SECOND DISTRICT

)  Appeal from the Circuit Court
)  of _Lake_
)  County, Illinois
)
)  Circuit No. 98 CH 1240
)
)  Date of Notice of Appeal
)  May 14, 2002
)
)  Trial Judge _Stephen Walter_

DOCKETING STATEMENT
(Civil)

Is this a cross-appeal, separate appeal, joining prior appeal or
related to another appeal which is currently pending or which has
been disposed of by this court? _yes_   If so, state the docket
number(s) of the other appeal(s): _2-01-1403_

If any party is a corporation or association, identify any
affiliate, subsidiary or parent group: _Associated Banc-Corp_
Full name of appellant(s) filing this statement:
_Mary Homer-Radtke_

I want Counsel on Appeal for Appellant(s)
     Name: _Mary Homer-Radtke, in want of counsel_ pro per
     Address: _PO Box 533793, Harlingen, Texas 78553_
     Telephone: _____
     Fax: _____
Trial Counsel, if different
     Name: _____
     Address: _____
     Telephone: _____
Counsel of Appeal for Appellee(s)            John Radtke's attorney
     Name (1) _Kim M. Casey / Holmstrom & Kennedy P_(2) _Neil H. Levin / Neil H. Levin & Ass_
     Address: _800 N Church St, Rockford, IL 61105  1970 N Halsted, Chicago_
     Telephone: _____
     Fax: _____
Court Reporter(s) (If more space is needed, use other side)
     Name: _Caren Papinchuk  19th Judicial District Circuit Court_
     Address: _18 N County  Waukegan  IL 60085_
     Telephone: _847 360-6600_
                _Unknown_
Approximate duration of                  Can this appeal be
trial court proceedings                  accelerated? _no_
to be transcribed: _1 hour_

Exhibit I
1/2

( ) Jury trial                    ( ) Bench trial
( ) Plea of guilty                ( ) Post-conviction hearing
( ) Sentence only                 ( ) Revocation of probation
( ) Appeal by State
(X) Other (Explain) _____*appeal of void / orders / judgments*_____

General Statement of Issues Proposed To Be Raised (Failure to
include an issue in this statement will not result in the waiver
of the issue on appeal.)

*Entry of a default judgment against an indespensible party
who was not served or who did not make a general
appearance.*

*Lack of Jurisdiction of trial court*

*lack of due process in trial court & appellate court*

I, as attorney for the appellant, hereby certify that on *May
2002* (Date) I asked the clerk of the court to prepare the
record and on *June 7, 2002* (Date) I made a written request to
the court reporter to prepare the transcript.

Date_____                    *My Hiner - Kar*
                                     ~~Appellant's Attorney~~

     I hereby acknowledge receipt of an order for the preparation
of a report of proceedings.

                              _____
                              (Court Reporter or Supervisor)

Date_____

Within 7 days thereafter, appellee's attorney, if it is deemed
necessary, may file a short responsive statement with the clerk
of the reviewing court.

     Amended October 21, 1969, effective January 1, 1970; amended
effective July 1, 1971, July 1, 1975, and February 17, 1977;
amended July 15, 1979, effective October 15, 1979; amended April
27, 1984, effective July 1, 1984.

I
2/2

## TICOR TITLE INSURANCE COMPANY
## COMMITMENT FOR TITLE INSURANCE

ORDER NO.: 2000  000195570 WK                                    SCHEDULE B

1. WE SHOULD BE FURNISHED A PROPERLY EXECUTED ALTA STATEMENT.

2. NOTE FOR INFORMATION: THE COVERAGE AFFORDED BY THIS COMMITMENT AND
   ANY POLICY ISSUED PURSUANT HERETO SHALL NOT COMMENCE PRIOR TO THE
   DATE ON WHICH ALL CHARGES PROPERLY BILLED BY THE COMPANY HAVE BEEN
   FULLY PAID.

X    3. TAXES FOR THE YEAR(S) 2001 AND 2002

     NOTE: 2002 TAXES NOT YET DUE AND PAYABLE.

     PERMANENT INDEX NUMBER(S): 10-24-404-021-0000

     NOTE: 2001 FIRST INSTALLMENT OF $1718.03 NOT DELINQUENT BEFORE JUNE, 2001.
     NOTE: 2001 FINAL INSTALLMENT OF $1718.03 NOT DELINQUENT BEFORE SEPTEMBER,
     2002.

B    4. MORTGAGE RECORDED AUGUST 30, 1977 AS DOCUMENT NO. 1861361 MADE BY JOHN A.
     RADTKE AND MARY ELLEN RADTKE TO MUNDELEIN SAVINGS AND LOAN TO SECURE AN
     INDEBTEDNESS IN THE AMOUNT OF $UNKNOWN.

     RELATIVE TO THE FOREGOING, WE NOTE INSTRUMENT RECORDED MARCH 15, 1999 MADE BY
     MARY-ELLEN HOMER PURPORTING TO RESCIND (SIC) HER SIGNATURE ON SAID INSTRUMENT.
     THIS INFORMATION IS SHOWN FOR RECORD PURPOSES ONLY, AND THE COMPANY WILL NOT
     WAIVE THIS MORTGAGE BASED UPON SAID INSTRUMENT. IN ORDER TO CONSIDER WAIVING
     THIS EXCEPTION, WE MUST  EITHER BE PAYING OFF THE MORTGAGE PURSUANT TO AN
     ACCEPTABLE FINAL  PAYOFF LETTER, OR BE FURNISHED WITH A FULL AND COMPLETE
     RELEASE OF LIEN BY THE MORTGAGEE THEREUNDER IN ADVANCE OF CLOSING IN A FORM
     SATISFACTORY TO THE COMPANY.

C    5. ASSIGNMENT OF RENTS RECORDED AUGUST 30, 1977 AS DOCUMENT NO. 1861362 MADE BY
     JOHN RADTKE AND MARY ELLEN RADTKE TO MUNDELEIN SAVINGS AND LOAN.

C    6. PROCEEDING PENDING IN CIRCUIT COURT AS CASE NUMBER 98CH1240 FILED DECEMBER 11,
     1998 BY ASSOCIATED MORTGAGE AGAINST JOHN A. RADTKE ETAL FOR FORECLOSURE OF THE
     MORTGAGE RECORDED AS DOCUMENT NUMBER 1861361 NOTED ABOVE AT EXCEPTION
     REFERENCE LETTER B.

     NOTICE OF FORECLOSURE RECORDED DECEMBER 22, 1998 AS DOCUMENT 4262169.

     NOTE:  A COMPLETE EXAMINATION OF SAID PROCEEDING HAS NOT BEEN MADE.

D    7. A PROPERLY CERTIFIED COPY OF THE ORIGINAL TRUST AGREEMENT FOR THE FAMILY TRUST
     KNOWN AS CASA BLANCA, DATED OCTOBER 4, 1994, GRANTOR IN THE DEED RECORDED MAY

Exhibit J

TICOR TITLE INSURANCE COMPANY

# COMMITMENT FOR TITLE INSURANCE

---

ORDER NO.: 2000  000195570 WK                      SCHEDULE B (CONTINUED)

---

29, 1998 AS DOCUMENT 4141079, AND FOR THE TRUST OF THE SAME NAME DATED OCTOBER
4, 1996 (GRANTEE IN DEED RECORDED AS DOCUMENT NUMBER 4091753), TOGETHER WITH A
STATEMENT IN WRITING BY THE TRUSTEE THAT IT WILL PRODUCE THE ORIGINAL
AGREEMENT UPON REQUEST, SHOULD BE FURNISHED, AND THIS COMMITMENT IS SUBJECT TO
SUCH FURTHER EXCEPTIONS, IF ANY, AS THEN MAY BE DEEMED NECESSARY.

E    8. A PROPERLY CERTIFIED COPY OF THE ORIGINAL TRUST AGREEMENT FOR CASA-BLANCA
TRUST DATED JANUARY, 1998, UNDER WHICH TITLE TO THE LAND IS HELD, TOGETHER
WITH A STATEMENT IN WRITING BY THE TRUSTEE THAT IT WILL PRODUCE THE ORIGINAL
AGREEMENT UPON REQUEST, SHOULD BE FURNISHED. AND THIS COMMITMENT IS SUBJECT TO
SUCH FURTHER EXCEPTIONS, IF ANY, AS THEN MAY BE DEEMED NECESSARY.

F    9. GAP IN CHAIN OF TITLE AND DEFECTS, AS FOLLOWS:

    1.  MARY RADTKE CONVEYED THE LAND TO "THE FAMILY TRUST KNOWN AS CASA BLANCA
    DATED OCT. 4, 1996 2961 INDUSTRIAL RD.#54 LAS VEGAS, NEVADA" BY DEED RECORDED
    FEBRUARY 3, 1998 AS DOCUMENT 408175.

    2.  THE NEXT DEED IN THE CHAIN OF TITLE RECORDED MAY 29, 1998 AS DOCUMENT
    4141079 IS FROM "THE FAMILY TRUST KNOWN AS CASA BLANCA OF THE CITY OF
    MUNDELEIN . . . TRUST DATED 10-4-94".

    3.  THE GRANTOR IN THE SECOND DEED APPEARS TO BE DIFFERENT (TRUST DATED
    10-4-94) THAN THAT WHICH TOOK TITLE IN THE FIRST DEED (TRUST DATED OCT. 4,
    1996).

    4.  THE GRANTEE IN THE DEED RECORDED AS DOCUMENT NUMBER 4141079 IS AMBIGUOUS,
    AND IS EITHER "CASA-BLANCA" OR "CASA-BLANCA 972 S. MILWAUKEE AVE., SUITE 137,
    LIBERTYVILLE, ILLINOIS 60048 TRUST DATED 1-98".

    THE FOREGOING DEEDS RAISE QUESTIONS IN THE CHAIN OF TITLE WHICH MUST BE
    ADDRESSED PRIOR TO CLOSING.  AFTER PRODUCING FULL AND COMPLETE COPIES OF THE
    TRUST AGREEMENTS AS REQUESTED HEREIN, SAID DEEDS SHOULD BE CORRECTED AND
    RE-RECORDED, AND A LATER-DATE EXAMINATION SHOULD BE REQUESTED COVERING THE
    RECORDING THEREOF, AND THIS COMMITMENT IS SUBJECT TO SUCH FURTHER EXCEPTIONS
    AS MAY BE DEEMED NECESSARY.

R    10. THE RECORD IS UNCLEAR AS TO THE LEGAL NATURE OF "CASA-BLANCA", GRANTEE IN THE
    DEED RECORDED AS DOCUMENT NUMBER 4141079.  WE SHOULD BE FURNISHED EVIDENCE AS
    TO THE LEGAL STATUS OF THIS ENTITY.  IF IT IS A CORPORATION, WE SHOULD BE
    FURNISHED A CURRENT "CERTIFICATE OF GOOD STANDING" AND DIRECTORS' RESOLUTIONS
    WHICH AUTHORIZE THE CONTEMPLATED CONVEYANCE OR MORTGAGE. IF IT IS A
    PARTNERSHIP, WE SHOULD BE FURNISHED A COPY OF THE PARTNERSHIP AGREEMENT AND
    ANY AMENDMENTS THERETO.  IF IT IS AN UNINCORPORATED ASSOCIATION, ITS ABILITY
    TO HOLD TITLE IS QUESTIONABLE AND, IN THIS REGARD, WE SHOULD BE FURNISHED THE
    GOVERNING REGULATIONS OF SAID ASSOCIATION AND A RESOLUTION THAT AUTHORIZES THE
    CONTEMPLATED CONVEYANCE OR MORTGAGE.  THIS COMMITMENT IS SUBJECT TO SUCH
    FURTHER EXCEPTIONS, IF ANY, AS MAY BE DEEMED NECESSARY AFTER OUR REVIEW OF
    THESE MATERIALS.

## TICOR TITLE INSURANCE COMPANY
# COMMITMENT FOR TITLE INSURANCE

---

ORDER NO.: 2000  000195570 WK                    SCHEDULE B (CONTINUED)

G    11. DOCUMENT ENTITLED DECLARATION OF LAND PATENT RECORDED MARCH 8, 1999 AS
         DOCUMENT 4314780.

M    12. CLAIM OF TITLE OF MARY-ELLEN HOMER AS DISCLOSED BY NOTICE FILED DECEMBER 13,
         1999 IN BANKRUPTCY CASE NO. 99B26406, US BANKRUPTCY COURT FOR THE NORTHERN
         DISTRICT OF ILLINOIS.  RELATIVE THERETO, WE NOTE THE FOLLOWING:

         1.  FINANCING STATEMENT FILED/RECORDED DECEMBER 3, 1999 AS DOCUMENT 4661013
         AND AS DOCUMENT 9708282 BY MARY-ELLEN HOMER (SIC), SECURED PARTY, MARY E.
         HOMER, DEBTOR, INCLUDING THE LAND HEREIN AND OTHER PROPERTY;

         2.  JUDGMENT ENTERED IN CASE NUMBER 98AR49, A MEMORANDUM OR COPY OF WHICH WAS
         RECORDED APRIL 21, 1998 AS DOCUMENT NUMBER 4121731, IN FAVOR OF FIRST NATIONAL
         BANK OF CHICAGO AGAINST MARY RADKE IN THE AMOUNT OF $11,142.76.

         3.  JUDGMENT ENTERED IN CASE NUMBER 92D1279, A MEMORANDUM OR COPY OF WHICH WAS
         RECORDED FEBRUARY 5, 2001 AS DOCUMENT NUMBER 4640390, IN FAVOR OF JOHN A.
         RADTKE AGAINST MARY ELLEN HOMER IN THE AMOUNT OF $5,000.00.

N    13. TERMS, POWERS, PROVISIONS AND LIMITATIONS OF THE TRUST UNDER WHICH TITLE TO
         THE LAND IS HELD.

I    14. UPON ANY CONVEYANCE OR MORTGAGE OF THE LAND, A STATEMENT FROM THE SECRETARY OF
         THE BOARD OF MANAGERS OF THE TOWNHOME, HOMEOWNERS, OR OTHER ASSOCIATION, THAT
         THERE ARE NO UNPAID ASSESSMENT LIENS EXISTING BY REASON OF THE NONPAYMENT OF
         ASSESSMENTS SHOULD BE FURNISHED.

         NOTE:  THE STATEMENT SHOULD COVER THE RECORDING DATE OF THE MORTGAGE OR, IF
         TITLE IS TO BE CONVEYED, THE RECORDING DATE OF THE DEED, WHICHEVER DATE IS
         LATER.

J    15. COVENANTS AND RESTRICTIONS (BUT OMITTING ANY SUCH COVENANT OR RESTRICTION
         BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL
         ORIGIN UNLESS AND ONLY TO THE EXTENT THAT SAID COVENANT (A) IS EXEMPT UNDER
         CHAPTER 42, SECTION 3607 OF THE UNITED STATES CODE OR (B) RELATES TO HANDICAP
         BUT DOES NOT DISCRIMINATE AGAINST HANDICAPPED PERSONS), RELATING IN PART TO
         ASSOCIATION, ASSESSMENTS AND LIEN THEREFOR, CONTAINED IN THE DOCUMENT RECORDED
         AS DOCUMENT NO. 822721, AGREEMENT RECORDED AS DOCUMENT NUMBER 2087334, AND AS
         AMENDED FROM TIME TO TIME THEREAFTER, WHICH DOES NOT CONTAIN A REVERSIONARY OR
         FORFEITURE CLAUSE.

O    16. EASEMENT FOR PUBLIC UTILITIES, AND THE EASEMENT PROVISIONS AND GRANTEES AS SET
         FORTH ON THE PLAT OF SUBDIVISION, OVER THE FOLLOWING: THE NORTH 5 FEET.

TICOR TITLE INSURANCE COMPANY
# COMMITMENT FOR TITLE INSURANCE

| ORDER NO.: 2000  000195570 WK | SCHEDULE B (CONTINUED) |
|---|---|

P    17. BUILDING LINE AS SHOWN ON THE PLAT OF SAID SUBDIVISION 30 FEET BACK FROM THE
        FRONT LINE.

W    18. EASEMENT IN FAVOR OF CARL W. BERNTSEN FOR THE PURPOSE OF SURVEYING, MAKING
        TOPOGRAPHICAL PROFILES, TAKING SOIL SAMPLES, CONDUCTING SOIL BORINGS, DOING
        FOOTING AND FOUNDATION EXPLORATION AND ALL OTHER ENGINEERING EFFORTS AND WORK
        PREPARTORY TO THE CONSTRUCTION OF THE STRUCTURE AND PROJECTS FOR WHICH THE
        EASEMENT IS GIVEN RECORDED/FILED NOVEMBER 21, 2001 AS DOCUMENT NO. 4808540
        AFFECTING  THE LAND, AND THE TERMS AND PROVISIONS CONTAINED THEREIN.

S    19. THE FOLLOWING ENDORSEMENTS HAVE BEEN APPROVED FOR THE LOAN POLICY:

        COMPREHENSIVE ENDORSEMENT 1
        ALTA ENDORSEMENT 8.1 (ENVIRONMENTAL)

                              ***END***

RRCECHNC
JP1                              PAGE B   4

                                         KCS    05/14/02    15:40:37

RECEIVED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT



Case No. 2-00-1065

FILED

MAY 3 0 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | Appeal from the Circuit |
| | ) | Court of the Nineteenth |
| petitioner/appellant | ) | Judicial Circuit |
| | ) | Lake County, Illinois |
| | ) | |
| v. | ) | Gen. No. 92 D 1279 |
| | ) | |
| John A. Radtke | ) | Honorable Jane D. Waller, |
| respondent/appellee. | ) | Judge Presiding |

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT on May 28,2002 I filed with the Appellate Court of Illinois, Second District, the attached <u>MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS AND FINANCIAL EXPLOITATION</u>.

## PROOF OF SERVICE

I, Mary Homer-Radtke, swear under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I served this notice by mailing a true and correct copy to Neil H. Levin, Neil H. Levin & Associates, P.C., 1970 N. Halsted St., Chicago, Illinois 60614 on May 28, 2002 at Harlingen, Texas with proper postage attached.

_Mary Homer-Radtke_
Mary Homer-Radtke

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

Exhibit K

Case No. 2-00-1065

APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |  |
|---|---|---|
| Mary Homer-Radtke | ) | Appeal from the Circuit |
|  | ) | Court of the Nineteenth |
| petitioner/appellant | ) | Judicial Circuit |
|  | ) | Lake County, Illinois |
|  | ) |  |
| v. | ) | Gen. No. 92 D 1279 |
|  | ) |  |
| John A. Radtke | ) | Honorable Jane D. Waller, |
| respondent/appellee. | ) | Judge Presiding |

MOTION TO TAKE JUDICIAL NOTICE OF LACK OF DUE PROCESS
AND FINANCIAL EXPLOITATION

Appellant Mary Homer-Radtke hereby moves this court to take judicial notice of the lack of due process in Appellate Case 2-00-1065 and financial exploitation in trial court Case No. 92 D 1279. Appellant shows to this court the following:

1.) Appellant appealed Case 92 D 1279 to the Appellate Court, Second District, on August 30, 2000.

2.) Appeal No. 2-00-1065 was intended to declare void ab initio the judgment of June 6, 1995 which was entered without jurisdiction, was procurred by fraud, and was entered in a manner inconsistent with the due process of the law.

K

3.) Appellant, Mary Homer-Radtke, filed a docketing statement referencing Supreme Court Rule 301 to demonstrate that the appeal is timely.

4.) Appellant, Mary Homer-Radtke, filed two additional appeals, Appeal No. 2-01-0184 and Appeal No. 2-01-0285 which were later consolidated under Appeal No. 2-00-1065.

5.) Appellee, John A. Radtke, filed two motions to dismiss Appeal No. 2-00-1065 as being premature, there being no final judgment in the trial court record.

6.) There was no final judgment/decree in the trial court record pursuant to the certified record prepared by the Appellate Court Clerk in the 19th Judicial District Circuit Court, County of Lake, Illinois.

7.) The certified record in Trial Case 92-D-1279 is evidence that John A. Radtke and Mary Homer-Radtke remain legal husband and wife.

8.) The Appellate Court erred by failing to dismiss Appeal No. 2-00-1065 for want of jurisdiction.

9.) The Appellate Court's ruling denied Appellant, Mary Homer-Radtke, due process of the law in said Appeal.

K

10.) The Appellate Court denied all attempts to supplement the record with alleged copies of a final judgment allegedly entered on June 6, 1995.

11.) When the Appellate Court failed to dismiss Appeal No. 2-00-1065 for want of jurisdiction, the Appellate Court aided and abetted John A. Radtke in the financial exploitation of Mary Homer-Radtke, pursuant to 720 ILCS 5/16-1.3, by allowing further erosion of the marital estate.

12.) Appellant called the Appellate Court giving an address in Texas for mailing at which time the Clerk said that an Order had been filed in Appeal No. 2-00-1065, a copy of which, would be mailed immediately.

13.) The Clerk said that the Order, entered April 1, 2002, dismissed Appeal No. 2-00-1065.

14.) Appellant has not received the requested order in Appeal No. 2-00-1065 which was entered in a manner inconsistent with the due process of the law.

15.) Appellant wrote a letter to the Appellate Court giving notice of a change of address (Mary Homer-Radtke, P.O.Box 533793, Harlingen, Texas 78553) stating that I have not received orders in Appeal No. 2-00-1065 or Appeal No. 2-01-1403.

-3-

K

Attached is a true, correct, and complete copy of said letter heretofore as Exhibit A.

16.) Appellant, Mary Homer-Radtke, wrote a MOTION FOR RECONSIDERATION without having a copy of the Order allegedly dismissing Appeal No. 2-00-1065, by filing said motion by certified mailing on April 30, 2002.

17.) Appellant, Mary Homer-Radtke, attached an AFFIDAVIT which gave evidence that the Trial Court did not have jurisdiction in Case No. 92-D-1279, that Mary Homer-Radtke was denied due process, that the private settlement of June 2, 1995 was signed under duress, that the attorneys for Mary Homer-Radtke provided ineffective assistance of counsel, that the children were defrauded of state mandated child support, that attorneys Kathleen Roseborough and Eva Schwartzman coerced Mary Homer-Radtke to recant testimony, and that the judgment was entered in a manner inconsistent with the due process of the law.

18.) The Appellate Court, Second District entered an Order in Appeal No. 2-00-1065 in a manner inconsistent with due process of the law making that Order void.

19.) Appellant, Mary Homer-Radtke, sent a charging letter to Judge John Phillips for financial exploitation of Mary

-4-

K

Homer-Radtke, a disabled person, pursuant to 720 ILCS5/16-1.3.

A true, correct and complete copy of the charging letter is attached hereto as Exhibit B.

20.) Without judicial immunity, judges in the Trial Court financially exploited Mary Homer-Radtke by converting marital property and Mary Homer-Radtke's loans to B.Radtke & Sons, Inc./John A. Radtke under the control of John A. Radtke.

21.) The value of the property has eroded considerably and Mary Homer-Radtke has been deprived of income and enjoyment of a lawful portion of the property.

22.) Mary Homer-Radtke filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Southern District of Texas naming John A. Radtke as spouse on May 10, 2002.

WHEREFORE, Appellant Mary Homer-Radtke, prays that the judges of this Appellate Court, Second District take judicial notice that Appellant, Mary Homer-Radtke has been denied due process and has been financially exploited.

Respectfully submitted,

Mary Homer-Radtke

May 28, 2002

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas 78553

CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

-5-

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT

I,  **Jean Trenner**  , of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.) On Saturday, June 1st 2002 I had a telephone conversation with Jessica Radtke.

2.) Jessica mentioned that she had to get rid of her mother, Mary radtke's personal belongings.

3.) Jessica said that if she didn't get rid of the personal belongings they would end up on the lawn. She made reference that this would be happening soon.

4.) Jessica said that whether i knew it or not that Mary was never coming back to Illinois.

5.) Jessica said that her Uncle Bill's wife would not have an estate sale for Mary because she wants nothing to do with her.

6.) Jessica said her Uncle Bill "Hates my mom".

Copy 3 o

Exhibit M 1/2

7.) Jessica mentioned that she believed her mother was going to be arrested for lying.

8.) Jessica was upset that her mother could not fight for the house because she was going to be in jail.

9.) Jessica was extremely angry and tried to end the phone conversation she said she couldn't deal with it anymore.

10.) Jessica claimed she was the only one who cared about her mom and that is why she is spending her one month summer vacation

11.) going through her mother's things.


_Jean Trenner_ (signature)

Jean Trenner

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

    Before me the undersigned, a Notary Public in and for said County and State on this _____ day of _____, 2002, personally appeared _____ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires _____

                                       Notary Public

2/2

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

Mary Homer-Radtke        )
                         )
        Plaintiff        )
                         )
v.                       )        No. B-02-063
                         )
John A. Radtke,          )
                         )
        Defendant.       )

SECOND EMERGENCY MOTION FOR STATUS HEARING

COMES NOW Mary Homer-Radtke, in want of counsel, and moves this court for a status

conference the week of June 12-18, 2002 and in support of said motion states the

following:

1.) Mary Homer-Radtke received by certified mail an ORDER entered on April 12, 2002,

    signed by Felix Recio, a United States Magistrate Judge, ordering Mary Homer-

    Radtke to appear before this Court for a status conference on May 28, 2002 at 2:30

    p.m. in Judge Recio's 2nd Floor Courtroom, 600 E. Harrison, in Brownsville, Texas.

    A true, correct and complete copy of said ORDER is attached hereto as Exhibit A.

2.) Mary Homer-Radtke did not understand the nature of said order which only required

    Mary Homer-Radtke to attend an exparte status hearing without mention of

    defendant, John A. Radtke.

3.) Mary Homer-Radtke filed an EMERGENCY MOTION FOR STATUS HEARING

    on May 9, 2002 due to the unlawful seizure attempts being made by the 19th Judicial

    District Circuit Court in Lake County, Illinois.

Exhibit N

1

4.) Said EMERGENCY MOTION FOR STATUS HEARING attached evidence of service believing that the only status issue which could be determined exparte was whether John A. Radtke had been served summons and complaint.

5.) In response to said EMERGENCY MOTION FOR STATUS HEARING, Mary Homer-Radtke received a copy of the same ORDER signed by Judge Recio ordering Mary Homer-Radtke to appear for a status conference on May 28, 2002.

6.) Judge Recio's failure to address the EMERGENCY MOTION FOR STATUS HEARING forced Mary Homer-Radtke to file as an individual, Chapter 13 Bankruptcy, naming John Allen Radtke as her spouse, in order to stay the proceedings against unlawful seizure of property in the trial court.

7.) Mary Homer-Radtke was taken totally by surprise when Neil H. Levin appeared in the courtroom on May 28, 2002.

8.) When Mary Homer-Radtke asked whether Neil H. Levin filed an appearance, Neil H. Levin gave no evidence that he had filed an appearance and had status before the court.

9.) Neil H. Levin, attorney for John A. Radtke, is a licensed attorney who engages in backroom politics and captures the courtroom with a litany of hearsay, false statements, and allegations purported to be truth.

10.)    The matter before this court is the marriage of Mary Ellen Homer and John Allen Radtke on June 17, 1967 in Cameron County, Texas which is registered in Cameron County and with the Secretary of State in Texas and with the Secretary of State in Illinois on U.C.C. financial statement filings.

11.)    In this instant case, the petition for dissolution filed on July 7, 1992 was missing elements mandated by the statute to confer jurisdiction to a court of limited jurisdiction making the judgment void ab initio.

12.) There is no judgment in the certified record in Case 92 D 1279. True. correct, and complete copies of the certified record for June 6, 1995 are attached hereto as Exhibit B.

13.) No court has the authority to declare a void judgment valid.

14.) A void judgment does not have the force and effect of law.

15.) On May 28, 2002, Judge Recio said that he intended to recommend that this matter be dismissed.

16.) Dismissal of said case would deny Mary Homer-Radtke recourse and remedy in the court system.

17.) William F. Homer retired circuit court judge of Lake County, Illinois will be in Harlingen, Texas the week of June 12, 2002 to June 19, 2002.

18.) William F. Homer has knowledge and can testify on behalf of Mary Homer-Radtke regarding the matter before this court.

19.) William F. Homer has knowledge and can testify that Mary Homer-Radtke is denied due process in the 19th Judicial District Circuit Court of Lake County, Illinois.

WHEREFORE, Mary Homer-Radtke prays that this honorable court grant Mary Homer-Radtke the right to have William F. Homer testify at a status hearing before recommending that this matter be dismissed.

Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this 29 day of May , 2002, personally appeared Mary Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.
My commission expires _____

Cynthia L. Garza  Notary Public



CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

3

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke           )
                                )
      Plaintiff            )
                                )
v.                         )     No. B-02-063
                                )
John A. Radtke,           )
                                )
      Defendant.        )
                                )

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

## AFFIDAVIT

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.)     I filed a lawsuit against John A. Radtke in the United States District Court Southern District of Texas.

2.)     I served summons and complaint via certified mail.

3.)     I never received notice that John A. Radtke filed an appearance in said case.

4.)     I received an ORDER sent by certified mail on April 12, 2002, signed by Judge Recio, ordering only me to appear in court on May 28, 2002.

5.)     I did not understand the ORDER and was confused as to why Judge Recio would order only me to court for an exparte status conference.

6.)     I sent the Appellate Court, Second District of Illinois notice and change of address but did not receive Orders in two cases before the Appellate Court – 2-00-1065 and 2-01-1403.

7.)     Without notice to me, attorney Kim M. Casey, collection agent for Associated Mortgage, Inc., motioned the court for a default judgment set for hearing on May 7, 2002 in the Trial Court.

8.)     A friend informed me of the scheduled seizure of the property.

9.)     Illinois law provides that in order for relief in a foreclosure action, a true and correct copy of the promissory note and the mortgage must be attached.

Exhibit O

10.) Associated Mortgage, Inc. has never given evidence that they have any authority to file a foreclosure action as they do not have the promissory note required by law.

11.) At all times I have denied the debt requesting a complete and comprehensive payment history.

12.) The collection agents and servicing agency have never provided evidence of a debt or provided me with a complete and comprehensive payment history.

13.) The judges in trial court case 98CH1240 have refused to dismiss the complaint and/or amended complaint.

14.) I have been denied due process in the trial court and in the Appellate Court regarding the foreclosure lawsuit.

15.) The record is evidence that Casa-Blanca, a necessary party to said action, has not been joined.

16.) I heard William F. Homer say that the court intends to take the property.

17.) I am traumatized every time I enter the trial court in Lake County knowing that the officers of the court have no intention of applying the law.

18.) My motions are denied.

19.) John A. Radtke, as defendant in the foreclosure case, told me that he intends to purchase the property in a Sheriff's sale.

20.) John told me that he tried to pay-off the alleged debt but attorney Kim M. Casey would not allow him to do so.

21.) Attorney Kim M. Casey is claiming attorney fees in excess of $30,000.

22.) John A. Radtke joined the foreclosure action in March of 2001 by filing a Counterclaim against me trying to collect a judgment on a judgment granted from Case 92 D 1279 in which sanctions of $5,000 against me were converted to a judgment by the Clerk of the Court, Sally Coffelt.

23.) John A. Radtke through his attorney, slandered title by filing the judgment against me as a judgment lien against Casa-Blanca in the Recorder of Deeds, Lake County on February 5, 2001.

24.) Attorneys Neil H. Levin and Kim M. Casey are cooperating to sell the property at Sheriff's sale which will allow them to collect unlimited attorney fees.

25.)    I am trapped in the trial court where I am financially exploited.

26.)    I wanted to return to Illinois to defend the property.

27.)    I wrote an EMERGENCY MOTION FOR STATUS HEARING which I filed on May 9, 2002.

28.)    I thought that it was unlawful to have a status conference without both parties.

29.)    I attached evidence that John A. Radtke had been served summons and complaint in said lawsuit.

30.)    The Clerk of the United States Court took the motion to the judge immediately for a determination.

31.)    I received a copy of the same ORDER ordering me to appear for a status conference on May 28, 2002.

32.)    I had not received notice that John A. Radtke had filed an appearance.

33.)    I did not understand how there could be an exparte status conference.

34.)    I could not go to Illinois to appear in the trial court to defend property and return by May 28, 2002 to appear in court for what I believed to be an exparte status hearing.

35.)    I filed a Chapter 13, individual bankruptcy on May 10, 2002.

36.)    I named John A. Radtke as my spouse.

37.)    John A. Radtke is named as a defendant in Case 98CH1240.

38.)    I have researched void judgments since November of 1999.

39.)    John Allen Radtke and Mary Ellen Homer are lawful husband and wife.

40.)    John Allen Radtke has been given repeated notice.

41.)    John A. Radtke was sent charging letters for financial exploitation of a disabled person pursuant to 720 ILCS 5/16-1.3.

42.)    Elsie Mannix was given repeated notice.

43.)    Elsie Mannix was sent charging letters for aiding and abetting John A. Radtke in financially exploiting Mary Homer-Radtke and alienation of affection.

44.)   As ordered, I appeared at 2:30 on May 28, 2002.

45.)   When Neil H. Levin entered the courtroom, I felt that I had been deceived by Judge Recio.

46.)   I felt traumatized.

47.)   I asked if Neil H. Levin had filed an appearance.

48.)   I heard Judge Recio intervene saying that he would determine whether Neil H. Levin filed an appearance.

49.)   I never received notice that an appearance had been filed which means that Neil H. Levin had no standing in the court.

50.)   I heard Judge Recio ask me if I knew what to expect.

51.)   I told Judge Recio that I had no idea what was going on or what was expected of me.

52.)   Judge Recio allowed Neil Levin to talk on and on about irrelevant matters.

53.)   I objected but could not possibly object to every false statement made by Neil Levin.

54.)   Often I am so confused by what Neil Levin is saying that it takes days for me to decipher.

55.)   I am terrified of Neil Levin who captures the court with slanderous and irrelevant stories.

56.)   I heard Neil Levin talk about how many files he has, how he received sanctions against me, how his trip was costing John A. Radtke $7,000-$8,000, how I should be charged criminally, how I was being vexatious and harassing and on and on and on.

57.)   Everything that Neil Levin said was without standing in the court.

58.)   When Judge Recio asked me to speak, I heard him say that this wasn't Judge Judy's courtroom.

59.)   I am not capable and I was not prepared to counter Neil Levin's hearsay statements as if he is giving valid testimony.

60.) I saw Neil Levin tender the court documents which I was not given the opportunity to see.

61.) I feel that I sounded like a babbling idiot when I was given the opportunity to speak.

62.) I spent approximately three days per week in the law library researching void judgments beginning in November of 1999.

63.) I have witnessed for thousands of hours in the courtrooms in the Lake County courthouse.

64.) I have been victimized by the racketeering schemes that are being perpetrated in the Lake County courthouse.

65.) I saw Neil H. Levin enter the courtroom from the judge's chambers in the Lake County courthouse with a smile on his face which he later admitted was due to Jane Waller's decision as to how to handle me.

66.) Without a petition before the court, Judge Jane Waller granted John A. Radtke and Elsie Mannix, not a party to the case, a restraining order against me on August 24, 2000.

67.) I have been financially exploited by the judges in the Lake County courthouse.

68.) I feel that the ORDER file stamped April 12, 2002 was a means to deceive me into thinking that only I was "ordered to appear before this Court for a status conference".

69.) Had I known the hidden agenda, I would have made a motion for a continuance in order to allow retired judge William F. Homer to appear and testify on my behalf.

70.) Due to the deception of the ORDER of April 12, 2002, I was denied due process in the United States District Court.

71.) I have been told that there is a continuance until June 4, 2002 in the trial court in Lake County, Illinois so that counsel can give evidence that the court can proceed in lieu of the filing of an appeal and the filing of bankruptcy.

72.) I have been denied access to my property and do not have the economic resources to travel to Illinois to defend the property which has been held in trust since October 4, 1996.

73.) I saw Neil H. Levin tender the court what he said was the judgment of June 6, 1995 with the settlement agreement.

*C*

74.) The settlement agreement was signed under duress and is void.

75.) The judgment of June 6, 1995 is void ab initio.

76.) I believe that Neil H. Levin will use his influence tendering the same void judgment to the Bankruptcy Court in an effort to force an immediate dismissal of Case 02-10280.

77.) I heard Judge Recio say that he was going to recommend Civil Action No. B-02-063 be dismissed.

78.) After court I asked caseworker for Judge Recio allow William F. Homer, a retired judge, to testify before deciding whether to write a recommendation to dismiss said case.

Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this 21 day of May, 2002, personally appeared Mary Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _____        Cynthia L. Garza        Notary Public



CYNTHIA L. GARZA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-16-04

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
District of Texas
VED

JUN 0 4 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |

AFFIDAVIT IN REGARD TO HEARING ON MAY 28, 2002

I, Mary Homer-Radtke, of lawful age and competent to testify, in want of counsel, being first duly sworn, upon oath state as follows:

1.) Plaintiff, Mary Homer-Radtke, was the only party in this case ordered to appear in Judge Recio's courtroom on May 28, 2002 at 2:30 pm. A true, correct, and complete copy of the Order of April 12, 2001 is attached hereto as Exhibit A.

2.) I was traumatized when Neil H. Levin, attorney for John A. Radtke, entered the courtroom.

3.) I objected to Neil H. Levin speaking without providing evidence of having filed an appearance or being licensed to practice law in the state of Texas.

4.) I have observed that Neil H. Levin historically captures the court biasing and prejudicing the judge with false statements and hearsay testimony.

5.) In the absence of the judge, Neil H. Levin says disparaging remarks to me such as "How do you like coming to court when all of your motions are denied?" and "You need to find a better hobby.".

6.) Due to the trauma that I experienced on May 28, 2002, I was disadvantaged in the courtroom.

7.) I took brief notes on the back of a court paper that I found on the table. A true, correct, and complete copy of the notes are attached hereto as Exhibit B.

8.) I remember Neil H. Levin saying that I had subpoenaed John A. Radtke and his fiancee, Elsie Mannix, for a list of the guests – saying 143 or 147 guests.

9.) My children received a wedding invitation for an August 6, 2000 wedding in Mexico between John Allen Radtke and Elsie Pendregast Mannix.

*Exhibit P*

1

10.) I contracted with D & D investigations in Waukegan, Illinois to serve John A. Radtke and Elsie Mannix subpoenas requiring them to tender the name of the priest and the names and addresses of the persons in the wedding party, which includes the bridesmaids and best man only, to the court or appear on July 31, 2000. A true, correct, and complete copy of the subpoena filed in Case 92D1279 on July 20, 2000 is attached hereto as Exhibit C.

11.) Immediately after June 6, 1995, I began doing personal service and service at the B. Radtke & Sons, Inc. via fax to John A. Radtke noticing him of the fraud in Case 92D1279.

12.) I never accepted the judgment of June 6, 1995 as being valid and having the force and effect of law.

13.) I was under duress on June 2, 1995 and June 6, 1995.

14.) Judge Phillips, as guardian of my liberty, had the fiduciary duty pursuant to public policy to protect my right to own property and to protect my children.

15.) On June 6, 1995, not only did Judge Phillips aid and abet John A. Radtke in financial exploitation of Mary Homer-Radtke, but my children were defrauded and endangered as a result of his rulings.

16.) My children and myself were forced to live in a hostile community.

17.) On June 6, 1995 I rejected the settlement signed on June 2, 1995.

18.) The settlement was not a legally enforceable agreement if for no other reason than the settlement defrauded the children of state mandated child support.

19.) I gave notice to John A. Radtke of the void judgment beginning in November of 1999 when I began researching the law, specifically void judgments, and attending a non-profit organization called Citizens for Legal Responsibility and other legal seminars.

20.) In December of 1999 and January of 2000, I accepted for value Case 92D1279, Case 98CH1240, and Case 99P729 filing U.C.C. financial statements with the Secretary of State of Illinois and the Secretary of State of Texas claiming the marriage license of John Allen Radtke and Mary Ellen Homer and property.

21.) I filed an amended bankruptcy statement due to the change in my debtor's status.

22.) The bankruptcy was dismissed "without prejudice" when Kim M. Casey and Neil H. Levin intervened and remanded Case 92D1279, Case 98CH1240 and Case 99P729 back to the trial court.

2

*P*

23.)  In good faith, I tried on numerous occasions to negotiate with John A. Radtke for the return of the property – marital and non-marital.

24.)  In good faith, I demanded return of my property in writing.

25.)  John A. Radtke did not acknowledge my demands for return of the property remaining bailee of the property due to the ORDER entered without jurisdiction on July 30, 1992 signed by Judge Jane Waller. A true, correct, and complete copy of the July 30, 1992 ORDER is attached hereto as Exhibit D.

26.)  John A. Radtke breached his duty as bailee converting marital property for his own use and dissipating my non-marital loans to the business made at the request of John A. Radtke, President of B. Radtke & Sons, Inc. for his own use.

27.)  When I learned of the intention of John A. Radtke to marry Elsie P. Mannix on or about April, 2000, I sent notice to Elsie Mannix at her Riverside, Illinois address.

28.)  In good faith, I had served both John and Elsie with multiple notices regarding void judgments and the legal marriage of John A. Radtke and myself, Mary Homer-Radtke. A true, correct and complete copy of one NOTICE CONTESTING ANNOUNCEMENT is attached hereto as Exhibit E.

29.)  In good faith, I requested meetings with both Elsie Mannix and John A. Radtke.

30.)  Since I was financially impoverished, I could not afford to fly to Mexico to contest their intended marriage in the church as being invalid due to bigamy.

31.)  I was, in good faith, using legal process to give notice to the proper parties to prevent an unlawful union, invalid marriage, between John and Elsie which would have to be annulled requiring additional judicial resources.

32.)  In addition to John and Elsie, I subpoenaed Judge John Phillips, attorney Eva Schwartzman, and attorney Kathleen Roseborough to appear on July 31, 2000 for hearing my MOTION TO SET ASIDE AND VACATE filed July 5, 1995. A true, correct, and complete copy of said motion is attached hereto as Exhibit F.

33.)  On May 28, 2002, I heard Neil H. Levin testify that Judge Jane Waller quashed the subpoenas on July 31, 2000 – Case 92D1279.

34.)  On July 31, 2000, I and other witnesses saw Neil H. Levin enter the courtroom at approximately 9:20 am through the judge's chambers with a smile on his face.

35.)  On July 31, 2000, I heard Judge Jane Waller transfer this case to Judge Margaret Mullen in another courtroom.

3



36.)  Judge John Phillips, Eva Schwartzman, Kathleen Roseborough, John A. Radtke and Elsie Mannix were all in contempt of court for failing to appear pursuant to the court ordered subpoenas.

37.)  On July 31, 2000 the subpoenas were quashed on the motion of Mr. Levin by Judge Margaret Mullen – Case 92D1279. A true, correct and complete copy of the ORDER of July 31, 2000 is attached hereto as Exhibit G.

38.)  I filed a NOTICE OF APPEAL on August 30, 2000 as a matter of right from a final judgment pursuant to Supreme Court Rule 301. A true, correct and complete copy of said notice is attached hereto as Exhibit G-2.

39.)  In my research I went to the County Clerk's Office, in July of 2001 discovering that my brother, retired judge William F. Homer, secretly solemnized a bigamist marriage between John A. Radtke and Elsie Virginia Mannix on July 4, 2000, over one month prior to their intended/noticed August 6, 2000 church wedding in Mexico. A true, correct, and complete letter mailed to William F. Homer and Ludwina Homer is attached hereto as Exhibit H.

40.)  Two of our children did not attend the July 4, 2000 gathering which our son Jeremy told me was a shower for the noticed August 6, 2000 wedding in Mexico.

41.)  Jessica Radtke was in Wisconsin with a daughter of my heart, Jean Trenner, and Rebecca Radtke was in California unaware of the secret wedding.

42.)  All of our children with the exception of Jeffrey Aaron Radtke, who was abducted on November 10, 1992, flew to Mexico for the wedding on August 6, 2000.

43.)  Based on Supreme Court Rule 301, the right to appeal from a final judgment, I was trapped in the Trial Court filing additional post-trial motions and I was trapped in the Appellate Court filing two additional appeals which were consolidated under Case No. 2-00-1065. True, correct, and complete copies of a MOTION FOR RELIEF FROM FINAL JUDGMENT FOR COERCION AND DURESS, a VERIFIED PETITION FOR ADJUDICATION OF INDIRECT CIVIL AND CRIMINAL CONTEMPT filed on October 13, 2000 and related appeals are attached hereto as Exhibit I.

44.)  John A. Radtke, through his attorneys, filed motions to dismiss Appeal 2-00-1065 saying it was interlocutory because there is no final judgment in the certified record.

45.)  The Appellate Court erred refusing to dismiss Appeal 2-00-1065 for want of jurisdiction deceiving me into incorporating additional appeals and filing a brief and argument based on the law under Supreme Court Rule 301.

4



46.) I was trapped in the Trial Court where John's attorney, Neil H. Levin, would not give proper notice or file petitions and through his oral arguments would be granted an injunction, restraining order, against me and sanctions on August 24, 2000. A true, correct, and complete ORDER of August 24, 2000 is attached hereto as Exhibit J.

47.) Judge Jane Waller's Order of August 24, 2000 gave John A. Radtke and Elsie Mannix, not a party to Case 92D1279, the power to have me arrested, denying me the right to go to my property or receive enjoyment or income from my property.

48.) On May 28, 2001, I heard Neil H. Levin, attorney for John Radtke say that he got sanctions against me – Case 92D1279. A true, correct and complete copy of the ORDER of January 9, 2001 is attached hereto as Exhibit K.

49.) Neil H. Levin unlawfully converted the sanctions awarded to John Radtke for his attorney fees to a judgment – Case 92D1279. A true, correct and complete copy of the judgment signed by Sally Coffelt, Clerk of the Court, is attached hereto as Exhibit L.

50.) On February 5, 2001, Neil H. Levin filed said judgment converted from sanctions against me, as a judgment lien against real property, whose owner is Casa-Blanca, with the Recorder of Deeds slandering title of said property. A true and correct copy of pages of the Amended/Complaint to Foreclose Mortgage showing owner of the property being foreclosed is attached hereto as Exhibit M.

51.) Property at 502 Dublin, Mundelein, Illinois was exchanged into Casa Blanca, a pure trust, on October 4, 1996 and Casa Blanca was hyphenated as Casa-Blanca in the public record in January of 1998.

52.) Qualified payments of principal and interest being made through Arkconsin Management to Associated Loan Services for the months of September through November of 1998 were refused without notice to Mary Homer-Radtke.

53.) In good faith, Mary Homer-Radtke made payments of principal and interest demanding a complete and comprehensive loan payment history including reamoritization of prepayments from Great Northern Mortgage Company with the intention of paying off the promissory note if there was any debt owing.

54.) While the debt was under dispute, Kim M. Casey from Holmstrom & Kennedy, P.C. acting as a collection agent for Associated Mortgage, Inc. filed a complaint to foreclose the mortgage without attaching a true and correct copy of the promissory note which is required by Illinois law for relief. A true and correct copy of the Affidavit of lost note is attached hereto as Exhibit N.



55.)  I heard from my husband, John A. Radtke, Dawn Grey and Philip Pesanka of Associated Loan Services and our children in June of 1998 that John asked them to foreclose on the property so he could purchase the property at a Sheriff's sale.

56.)  I heard John A. Radtke say that he offered to pay the alleged debt in January/February, 1999 to Kim M. Casey, collection agent for Associated Mortgage, Inc., who refused to assign the mortgage to him.

57.)  Neither Kim M. Casey, collection agent for Associated Mortgage, Inc., Associated Loan Services, Associated Banc-Corp, (Associated) Great Northern Mortgage Company nor Great Northern Financial acknowledged written qualified inquiries or resolved the disputes as is required by consumer protection laws and RESPA, the federal loan servicing laws.

58.)  John A. Radtke, named as defendant in the foreclosure case, 98CH1240, entered the foreclosure case in February of 2001 when John A. Radtke, through his attorneys Neil H. Levin and Sheila A. O'Laughlin, filed a Counterclaim against me for the purpose of collecting another judgment on the sanctions granted against me in Case 92D1279. A true, correct, and complete copy of John A.Radtke's Counterclaim is attached hereto as Exhibit O.

59.)  The record including the Affidavit for attorney fees of Neil H. Levin is evidence that Neil Levin has communicated with Kim M. Casey joining efforts to foreclose on the home.

60.)  On May 28, 2002 I heard Neil H. Levin accuse me of naming his client, John A. Radtke as a codebtor in the Chapter 13 bankruptcy that I filed on May 10, 2002.

61.)  I filed an individual cause of action naming John Allen Radtke as my spouse living at 1641 Elmwood, Highland Park, Illinois.

62.)  I heard Neil H. Levin influencing the judge by accusing me of unlawfully filing a Chapter 13 bankruptcy saying that I don't have an income. A true and correct copy of a $500 monthly payment, being paid me by Trustee, William F. Homer, is attached hereto as Exhibit P.

63.)  I heard Neil H. Levin influence the judge saying that this is a Rule 11 and that this matter is fraud.

64.)  I have only acted in good faith moving the trial court to set aside and vacate a void judgment in Case 92D1279 to stop further erosion of my property by John A. Radtke and to conserve judicial resources.

65.)  I have only acted in good faith, moving the trial court to dismiss a foreclosure action, 98CH1240, which is missing the contract, promissory note, required for





relief for the purpose of preventing the court from defrauding me of my home and conserving judicial resources. A copy of said motion is attached as Exhibit Q.

66.) I have acted in good faith, filing an action in the federal court under diversity for the purpose of receiving a declaratory judgment and to impose an injunction to prevent further erosion of my property being controlled by bailee, John A. Radtke.

67.) John A. Radtke has been breaching his fiduciary duty to hold my property by converting and disposing property for the enjoyment of John A. Radtke, Elsie Mannix and her children.

68.) I heard Judge Jane Waller say that she took the file in Case 92D1279 home before the hearing on August 24, 2000.

69.) Judge Jane Waller had the fiduciary duty to inform me that John A. Radtke and Mary Ellen Homer-Radtke remain legal husband and wife.

70.) Judge Jane Waller had the fiduciary duty to uphold public policy which includes, but is not limited to, the right of women to own property.

71.) On August 24, 2000 Judge Jane Waller did not have jurisdiction, as a petition is required to confer jurisdiction, when she engaged in financial exploitation of Mary Homer-Radtke by entering a restraining order against Mary Homer-Radtke.

72.) The trial court knowing that there was no final judgment in said case tricked me into filing additional motions on October 13, 2000 in order to create the opportunity to have a final and appealable judgment in said case.

73.) I gave notice to the Trial Court that Neil H. Levin's AFFIDAVIT for attorney fees in Case 92D1279 is fraud upon the court for trying to collect fees for matters not related to his motion for sanctions pursuant to Rule 137. Attached hereto is a true and correct copy of Neil Levin's motion for sanctions pursuant to Rule 137 and his AFFIDAVIT for attorney fees as Exhibit R.

74.) A motion for sanctions does not rise to the standard of a pleading and cannot produce a judgment.

75.) The judges in the Appellate Court, Second District have connived with the Trial Court in financially exploiting Mary Homer-Radtke by failing to dismiss Case 2-00-1065 for want of jurisdiction.

76.) I was denied due process by the Clerk of the Court in the Appellate Court, Second District who did not mail Orders from Case 2-00-1065 or Case 2-01-1403 to the Harlingen address provided.

7



77.)   On May 28, 2002, Neil H. Levin did not provide evidence of standing in the court.

78.)   I am fearful that trying to correct false testimony of Neil H. Levin is like trying to put the genie back in the bottle – I cannot undo the damages.

79.)   On May 28, 2002, I experienced the deceptive tactics of Neil H. Levin who has bragged about his law degree claiming to be an experienced trial lawyer.

        I have been denied due process in the Lake County, Illinois, Trial Court and the Appellate Court, Second District.

81.)   Inspection of the record will show that my motions are consistently denied and the motions presented by attorneys for John A. Radtke are consistently granted. A true, correct, and complete ORDER of January 30, 2001 and LATE NOTICE OF APPEAL is attached hereto as Exhibit S.

82.)   I knew that orders and judgments were entered in the Trial Court and the Appellate Court without jurisdiction.

83.)   I knew from my research that orders/judgments entered without jurisdiction are void, a nullity, without the force and effect of law.

84.)   I learned from my research that a judge who enters orders/judgments without subject-matter and/or personal jurisdiction does not have judicial immunity.

85.)   I learned from my research at the law library that orders/judgments entered without jurisdiction, orders/judgments procured by fraud, and orders/judgments entered in a manner inconsistent with due process are void.

86.)   I learned from my research that a court cannot make a void judgment valid.

87.)   John Allen Radtke and Mary Ellen Homer-Radtke are legal husband and wife.



Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF CAMERON
        Before me, the undersigned, a Notary Public in and for said County and State on this __4th__day of __June__, 2002, personally appeared **Mary Homer-Radtke** to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.
        Given under my hand and seal the day and year last above written.
My commission expires __09/27/04__   _Debra Ann Figueroa_Notary Public

DEBRA ANN FIGUEROA
Notary Public
STATE OF TEXAS
My Comm Exp 09-27-2004

8



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
RECEIVED

JUN 1 1 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. B-02-063 |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:  John A. Radtke            Neil H. Levin
     1641 Elmwood            Neil H. Levin & Associates, PC
     Highland Park           1970 North Halsted
     Illinois 60035          Chicago, Illinois 60614

NOTICE OF FILING

PLEASE TAKE NOTICE THAT on June 11, 2002 I filed PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 and an AFFIDAVIT in support of said motion in the United States District Court for the Southern District of Texas at Brownsville, Texas.

Mary Homer-Radtke

PROOF OF SERVICE

    I, Mary Homer-Radtke, certify under pains and penalties of perjury that I sent a true, correct and complete copies of this SECOND MOTION FOR EMERGENCY STATUS HEARING and AFFIDAVIT to the above-designated party at the stated address by mail on June 12, 2002.

Mary Homer-Radtke

Mary Homer-Radtke
c/o P.O. Box 533793
Harlingen, Texas (78553)

BETTY J. VALLE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-21-2004

Exhibit Q

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke            )
                             )
        Plaintiff            )
                             )
v.                           )        No.  B-02-063
                             )
John A. Radtke,              )
                             )
        Defendant.           )
                             )

PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE RULE 11

Mary Homer-Radtke, in want of counsel, plaintiff in the above-styled cause, B-02-063,

moves the Court for sanctions against John A. Radtke, and his attorney, Neil H. Levin, to

show cause why they should not be sanctioned by this Court upon the grounds set forth in

the petition, affidavits filed in B-02-063 and  the affidavit made a part of this petition.


        1. In an ORDER entered on April 12, 2002, Mary Homer-Radtke was the only

person ordered to appear on May 28, 2002 in Judge Recio's courtroom at 2:30pm.  A

true, correct, and complete copy of said order is attached hereto as Exhibit A.

        2. Mary Homer-Radtke, wrote a motion for an emergency status hearing with the

intention of moving this Court to grant Mary the opportunity to appear at a foreclosure

hearing in Illinois on May 15, 2002.  A true, correct, and complete copy of the

EMERGENCY MOTION FOR STATUS HEARING filed on May 9, 2002 evidencing

service of summons and complaint to John A. Radtke is attached hereto as Exhibit B.

1



3. This Court mailed a copy of the same ORDER entered on April 12, 2002 ordering only Mary Homer-Radtke to appear on May 28, 2002 in Judge Recio's courtroom to Mary Homer-Radtke on May 10, 2002 denying Mary the opportunity to appear on May 15, 2002 in Illinois. A true, correct, and complete copy of the envelope mailed on May 10, 2002 is attached hereto as Exhibit C.

4. Mary Homer-Radtke was taken by surprise when Neil H. Levin, attorney for John A. Radtke, entered the courtroom on May 28, 2002.

5. Mary Homer-Radtke objected to Neil H. Levin speaking without giving evidence of filing an appearance or having standing in this Court.

6. Neil H. Levin signed a MOTION AND ORDER FOR ADMISSION PRO HAC VICE on May 13, 2002 for the purpose of making representations to this Court on behalf of his client, John A. Radtke on May 28, 2002. A true, correct and complete copy of said motion entered on May 29, 2002 is attached hereto as Exhibit D.

7. Mary Homer-Radtke was not given notice of the motion and order allegedly filed on May 13, 2002 with the United States District Court, Southern District of Texas.

8. Neil H. Levin did not file a response to Mary Homer-Radtke's PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF. A true, correct, and complete copy of said petition requiring John A. Radtke to "furnish legally sufficient documentation of the lawful dissolution of the marriage between Mary Homer-Radtke and John A. Radtke; or in the alternative, John A. Radtke shall state under oath to the satisfaction of this court that Mary Homer-Radtke and John A. Radtke are lawfully married", is attached hereto as Exhibit E.

2



9. In violation of Rule 11 (b), Neil H. Levin made representations to this Court without investigation:

(1) that were presented for an improper purpose, such as to dismiss this case, to allege fraud, to remove this matter to a State court and to cause an increase in the cost of litigation preventing Mary Homer-Radtke from seeking recourse and remedy in the State court;

(2)that the claims, defenses , and other legal contentions were not warranted by existing law or the extension, modification, or reversal of existing law or for the establishment of new law;

(3)that the allegations and factual contentions were not supported by evidence;

(4)that the denials of factual contentions were not warranted on the evidence and were not reasonably based on a lack of information or belief.

10. Pursuant to the Status Conference, Courtroom Minutes, Neil H. Levin tendered to the Court a copy of judgment and settlement of divorce.  A true, correct, and complete copy of the Status Conference is attached hereto as Exhibit F.

11. On May 28, 2002, Neil H. Levin did not tender a copy of any documents to Mary Homer-Radtke.

12. Mary Homer-Radtke has been to view the file in the Clerk's Office on several occasions and the file B-02-063 has not been available.

13.Neil H. Levin knows that there is no judgment or settlement in the official record filed with the Clerk of the Court in Case 92D1279 in the 19th Judicial District Circuit Court.

14.The judgment and settlement tendered to this Court do not rise to the level of

3



best evidence required to support Neil H. Levin's assertions to this Court.

15. Neil H. Levin tendered to this Court an ORDER from the Appellate Court, Second District.

16. In a diversity case, federal courts are not absolutely bound by decisions of intermediate state appellate courts.

17. The Appellate Court, Second District did not send Mary Homer-Radtke a copy of the ORDER dismissing Appeal No. 2-00-0165 for want of jurisdiction.

18. An appeal was taken to the Appellate Court, Second District on August 30, 2000 pursuant to Supreme Court Rule 301, the right to appeal from a final judgment.

19. Appeal No. 2-00-0165 was dismissed in an ORDER entered on or about April, 2002 as there was no final and appealable judgment in the official certified record prepared by the Appelate Court Clerk, Candie, working at the Office of the Clerk in the 19th Judicial District Circuit Court.

20. Neil H. Levin asserted to this Court that the settlement was executed by both parties, knowing that the settlement was signed under duress on June 2, 1995 by Mary Homer-Radtke.

21. Neil H. Levin knows that Mary Homer-Radtke was under duress on June 6, 1995 being threatened by Judge John Phillips and being coerced to change testimony by attorneys Kathleen Roseborough and Eva Schwartzman.

22. Judgments procured by fraud, without jurisdiction, and in a manner denying due process of law are void.

23. It is well established law that a court cannot make a void judgment, valid.

24. Orders written under Rule 23 have been declared constitutionally unlawful in the 8th District.

25. The Appellate Court, Second District erred by not immediately dismissing, for want of jurisdiction, Appeal No. 2-00-1065 causing continued expense of litigation in the Trial Court and the Appellate Court.

4



26. Two additional appeals were consolidated under Appeal No. 2-00-1065.

27. Mary Homer-Radtke prepared a rough draft but could not file PETITION FOR DECLARATION OF INVALIDITY OF MARRIAGE OF JOHN ALLEN RADTKE AND ELSIE VIRGINIA MANNIX, AKA ELSIE PENDREGAST MANNIX, AKA ELSIE RADTKE IS PROHIBITED PURSUANT TO 750 ILCS 5/212(a)(1) AND 750 ILCS 5/216 OF THE ILLINOIS MARRIAGE AND DISSOLUTION OF MARRIAGE ACT in the Trial Court because the Appellate Court failed to dismiss Appeal No. 2-00-1065 in a timely manner. A true, correct, and complete rough draft of said petition is attached hereto as Exhibit G.

28. Neil H. Levin "asserts that this Court does not have diversity jurisdiction, personal jurisdiction over Mr. Radtke, or subject matter jurisdiction."

28. Pursuant to Constitutionality, the diversity statute applies to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, U.S.Ky.1996, 117 S.Ct. 467, 519 U.S. 61, 136 L.Ed2d 437, on remand 156 F.3d 1230.

29. John Allen Radtke and Mary Ellen Homer were lawfully married on June 17, 1967 in the State of Texas, a community property state. A true, correct, and complete of a certified copy of the marriage license registered in Cameron County is attached hereto as Exhibit H.

30. John Allen Radtke lives in Illinois and Mary Homer-Radtke lives in Texas, both community property states.

31. The court acquires personal jurisdiction over a nonresident defendant in accordance with the long-arm statute of the state in which it sits. Reliable Tool & Mach. Co. Inc. v. U-Haul Intern, Inc., N.D.Ind 1993, 837 F.Supp. 274.

32. Subject matter jurisdiction is absolute, either existing or not, and is not a question that invites exercise at court's discretion, nor is equity an informing consideration. Printworks, Inc. v. Dorn Co., Inc., E.D.La1994, 869 F.Supp. 436.



33. On May 28, 2002, Neil H. Levin asserted to this Court that the res of $500,000.00 was not specific denying this Court jurisdiction.

34. Pursuant to Title 28 Sec. 1332, "Diversity of Citizenship; amount in controversy; costs states as follows:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," ·

35. The petition filed by Mary Homer-Radtke states that the *res* of this controversy exceeds five hundred thousand dollars ($500,000.00) because specificity not only requires discovery which was denied in the trial court but a determination as to marital status of the parties.

36. The fair market value of the ongoing businesses can only be determined by an audit done by a fair and impartial accounting firm.

37. Mary Homer-Radtke has been denied income from B.Radtke & Sons, Inc. which is historically $54,000.00 per annum since the ORDER entered on July 30, 1992 converting the property under the control of bailee, John A. Radtke. A true, correct and complete copy of the ORDER entered on July 30, 1992 is attached hereto as Exhibit I.

38. LaserWorks has been converted from a Division of B.Radtke & Sons, Inc. to a Limited Liability Company providing an income in excess of $40,000 per annum which amount can be specifically determined through discovery of John A. Radtke's tax returns.

39. Estimated values of real property are as follows:

    (a) Wauconda condominium - $185,000.00

    (b) Highland Park home - $450,000.00

    (c) Industrial building – 101 W. Main St., Round Lake Park - $300,000.00

    (d) Industrial building – 112 W. Main St., Round Lake Park - $200,000.00.

40. Mary Homer-Radtke has been deprived monthly income from fair market rentals, in excess of $3.50 per sq. ft., of the jointly owned industrial buildings.

41. Mary Homer-Radtke has been deprived income from, as well as use and

6



enjoyment of property which was in the marital estate of Mary Homer-Radtke and John A. Radtke circa July of 1992 plus substantial and valuable property which Mary Homer-Radtke owned separately.

42. Non-marital loans were made to B. Radtke & Sons, Inc. at the request of John A. Radtke, President of the corporation, with Mary's non-marital loan valued at approximately $54,000.00 and a joint loan of $52,000.00 @ 9% interest compounding since 1992.

43. Mary Homer-Radtke has been deprived amenities from business ownership including, but not limited to, income from equipment rentals, health insurance coverage, vehicles, automobile insurance, travel expenses, key man insurance, and retirement plans.

44. Under the law of agency, John A. Radtke is liable for the actions of his agent, Neil H. Levin of Neil H. Levin & Associates, P.C..

45. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of appearing without filing an appearance or signing and filing a response to Mary Homer-Radtke's petition and complaint.

46. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of tendering to this Court documents which are void and do not rise to the level of best evidence.

47. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of perpetrating fraud upon the court influencing this Court to accept dicta in lieu of a pleading response and void documents in lieu of best evidence.

48. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of denying Mary Homer-Radtke recourse and remedy in the this Court.

7



49. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of moving this Court to dismiss Case B-02-063.

50. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice without notice to Mary Homer-Radtke for the improper purpose of surprising Mary Homer-Radtke on May 28, 2002.

51. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose for increasing the cost of litigation to Mary Homer-Radtke who has been financially impoverished as evidenced by Bankruptcy filing, 02-10280. A true, correct, and complete of the Notice of Bankruptcy Case Filing is attached hereto as Exhibit J.

52. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of remanding this issue to the Trial Court in Illinois disadvantaging Mary Homer-Radtke who lives in Texas.

53. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of prolonging litigation and delaying return of property to owner, Mary Homer-Radtke.

54. Neil H. Levin signed and filed with the United States District Court Southern District of Texas a Pro Hac Vice for the improper purpose of allowing John A. Radtke oppportunity to convert for his own use and dissipate marital assets and property owned by Mary Homer-Radtke to the benefit of Elsie Mannix and her children.

55. Pursuant to Rule 11, (b)(2), on May 28, 2002, Neil H. Levin claims, defenses, and other legal contentions were frivolous in nature and were not warranted by existing law or for the establishment of new law.

56. Pursuant to Rule 11,(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions of the marital status of John A. Radtke and Mary Homer-Radtke which were not supported by evidence.

8



57. Pursuant to Rule 11(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions of the property at issue in Trial Court Case 98CH1240, which were not supported by evidence or likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

58. Pursuant to Rule 11.(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions regarding the individual bankruptcy filing of Mary Homer-Radtke as naming his client, John A. Radtke, as codebtor without supporting evidence or likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Exhibit J.

59. Pursuant to Rule 11,(b)(3), on May 28, 2002, Neil H. Levin made allegations and factual contentions regarding the residence of Mary Homer-Radtke by offering an envelope with an Illinois return, addressed by Mary Homer-Radtke's cohort living in Illinois, which does not rise to the level of supporting evidence or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

60. Pursuant to Rule 11,(b)(4), on May 28, 2002, Neil H. Levin made allegations, factual contentions and tendered evidence to this Court which were not based on a lack of information or belief as Neil H. Levin first appeared for John A. Radtke in September of 1999 in the marriage of John A. Radtke and Mary Homer-Radtke, Case 92D1279, and has made repeated appearances for his client in said case, in a Chapter 11 bankruptcy case, in a foreclosure case, 98CH1240, and in Appeal 2-00-1065.

61. In the interest of justice, a sanction must be imposed for violation of Rule 11 sufficient to deter repetition of such conduct by Neil H. Levin as agent for John A. Radtke.

62. On May 28, 2002 in open court, Neil H. Levin said that his appearance was costing his client John A. Radtke between $7,000.00 and $8,000.00 which is further erosion of the marital estate of John A. Radtke and Mary Homer-Radtke.



63. In the interest of justice, Mary Homer-Radtke moves this court to disbar attorney Neil H. Levin from the practice of law in this United States District Court Southern District of Texas.

64. In the interest of justice, Mary Homer-Radtke moves this court to disbar attorney Neil H. Levin from the practice of law in the United States Bankruptcy Court Southern District of Texas.

65. Summons, Petition and Complaint in the Nature of a Petition for Injunctive and Declaratory Relief, Motion for Preliminary Injunction, Affidavit, and Order Setting Conference were served upon John A. Radtke on April 16, 2002 at 1641 Elmwood, Highland Park, Illinois 60035.

66. In the interest of justice, pursuant to the United States District Court Summons in Civil Case B-02-063, Mary Homer-Radtke moves this court to grant a judgment by default taken against John A. Radtke for the relief demanded in Mary Homer-Radtke's MOTION FOR PRELIMINARY INJUNCTION and PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF.

Mary Homer-Radtke

STATE OF TEXAS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF CAMERON

Before me, the undersigned, a Notary Public in and for said County and State on this 11th day of June, 2002, personally appeared Mary Homer Radtke to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 9-21-2004    Betty J. Valle Notary Public

BETTY J. VALLE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-21-2004

10



IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

Mary Homer-Radtke                )
                                 )
        Plaintiff                )
                                 )
v.                               )      No. B-02-063
                                 )
John A. Radtke,                  )
                                 )
        Defendant.               )
                                 )

AFFIDAVIT IN SUPPORT OF PETITION FOR SANCTIONS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE RULE 11

        I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

        1.)    I am plaintiff in the above-entitled action.

        2.)    I have filed Affidavits in Case B-02-063 which support Affiants PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11.

        3.)    I have read the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 and know the contents of said document; and

        4.)    Of my own knowledge, the matters set out in the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 are true in substance and in fact; or, if part of the PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 11 is on information and belief, that the matters set out are true of my own knowledge, except as to those matters set forth upon information and belief, and as to matters set forth upon information and belief, I believe those matters to be true.

        5.)    Affiant is prepared to testify in court as to the truth of matters set forth in this affidavit.

                                        Mary Homer-Radtke

                                        Mary Homer-Radtke



STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

*Mary Ellen Radtke*

Petitioner

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

vs.

*John Radtke*

Respondent

GENERAL NO: 92 D 1279

*No Motion*

ORDER

This matter coming before the Court on **8-26-99**
for **Respondent's Motion to Terminate Child Support**
The Petitioner (not) present represented by **ASA Nancy Waites**
Assistant State's Attorney, and the Respondent (not) present and appearing pro se (represented by counsel)

IT IS HEREBY ORDERED:

*Child Support is hereby terminated. Children are emancipated. All child Support due under order # 92 D 1279 entered on 12-13-96 has been paid*

Dated at Waukegan, Illinois
this **26** day of **Aug**, **1999**.

ENTER:

_____
JUDGE

ORDER PREPARED BY:

*Nancy Waites*

Assistant State's Attorney
33 N. County St., Suite 205
Waukegan, IL 60085

*EXHIBIT C*

*Exhibit R*

C000447

## PROOF OF SERVICE

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that a copy of the foregoing MOTION TO VACATE ORDER, AUGUST 26, 1999 with AFFIDAVIT with attachments was served upon:

Nancy Waites
Office of the State's Attorney
18 N. County St.
Waukegan, Illinois 60060

John A. Radtke
440 N. Main St. , 340E
Wauconda, Illinois 60084

Sally Coffelt
Clerk of the Court
18 N. County
Waukegan, Illinois 60085

Michael Waller
Office of the State's Attorney
18 N. County St.
Waukegan, Illinois 60060

Clerk of the Court
United States Bankruptcy Court
 219 S. Dearborn-7th Floor, Rm710
 Chicago, Illinois 60606

Ira Bodenstein, United States Trustee
Roman L. Sukley, Esq.
 U.S. Department of Justice
227 West Monroe Street
Suite 3350
Chicago, Illinois 60606

by enclosing the same in an envelope addressed to the above named with postage fully prepaid and by depositing said envelope in the U.S. Post Office Mailbox in Libertyville, Illinois, on the _____2_____ day of SEPTEMBER, 1999.

Mary-Ellen: Homer
502 Dublin
Mundelein, Illinois (60060)

A:0899bky6

Exhibit K

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

OCT 2 7 1999

WAYNE E. NELSON, CLERK
BY_____
            DEPUTY CLERK

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE    )

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Mary Ellen Homer (Radtke)
        Petitioner,
    vs.

John A. Radtke
        Respondent

)
)
)
)
)
)
)

Gen. No. 92 D 1279
Banruptcy No. 99 26406

## NOTICE AND DEMAND TO CORRECT ERRORS ON ORDER FOR WITHDRAWAL

TO· Nancy Waites, Michael Waller, Claudia Hoogasian, and Katherine Hoiby
    Office of the State's Attorney
    18 N. County St.
    Waukegan, Illinois 60085

FILED
NOV 1 0 1999

### NOTICE
This letter serves as NOTICE that I received a letter dated October 21, 1999, from Katherine Hoiby, Child Support Division, from Michael J. Waller and Claudia A. Hoogasian regarding a copy of the Order entered on October 14, 1999.

This letter serves as NOTICE that a copy of an ORDER FOR WITHDRAWAL was attached to said letter.

This letter serves as NOTICE that the order states as follows; "IT IS HEREBY ORDERED: 1.  The State's Attorney's Office is hereby granted leave to withdraw as counsel for Petitioner."

This letter serves as NOTICE that the statement implying that the State's Attorney's Office was counsel for Petitioner, Mary-Ellen: Homer (Radtke) is an egregious error.

This letter serves as NOTICE that although I, Mary Homer, requested your services in 1996, when John A. Radtke refused to pay child support, the Office of the State's Attorney's failed to give me NOTICE of the hearings which took place in November and December of 1996.

This letter serves as NOTICE that as a consequence of the negligence of the Office of the State's Attorney to serve notice of the hearings to the Petitioner, John A. Radtke attended both meetings and NEVER was required to pay the appropriate child support, defrauding not only the children but myself, forcing me to use my retirement savings to pay for daily living expenses.

This letter serves as NOTICE that as a consequence of the negligence of the Office of the State's Attorney I, Mary Homer, have filed for bankruptcy.

### DEMAND
This letter serves as a **DEMAND TO CORRECT THE ERRORS ON THE ORDER FOR WITHDRAWAL**.
    In the event you fail to respond to my DEMAND to correct the egregious error implying that the Office of the State's Attorney was counsel for me, I shall do everything lawfully available to me to seek financial compensation for your negligence.  I shall seek legal counsel with the intention of commencing a civil action against you for fraud.  I shall seek a jury verdict large enough to encompass both compensatory damages and punitive damages based on your willful, wanton, and reckless conduct.  Personal liability for commission of a fraudulent act may result.  Awards of punitive damages may be substantial: Cyster vs. Batana; J. Truett Payne Co. Vs Jackson.

, Sincerely,

Mary-Ellen: Homer (Radtke)

C000595                                Exhibit R

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

OCT 27 1999

WAYNE E. NELSON, CLERK
BY_____
DEPUTY CLERK

Mary Ellen Homer (Radtke)
Petitioner,
vs.

John A. Radtke
Respondent

)
)
)
)
)
)
)

Gen. No 92 D 1279
Banruptcy No. 99 26406

---

## NOTICE AND DEMAND TO CORRECT ERRORS ON ORDER FOR WITHDRAWAL

---

TO: Nancy Waites, Michael Waller, Claudia Hoogasian, and Katherine Hoiby
Office of the State's Attorney
18 N. County St.
Waukegan, Illinois 60085

FILED
NOV 10 1999

### NOTICE

This letter serves as NOTICE that I received a letter dated October 21, 1999, from Katherine Hoiby, Chief Support Division, from Michael J. Waller and Claudia A. Hoogasian regarding a copy of the Order entered on October 14, 1999.

This letter serves as NOTICE that a copy of an ORDER FOR WITHDRAWAL was attached to said letter.

This letter serves as NOTICE that the order states as follows: "IT IS HEREBY ORDERED: 1.  The State's Attorney's Office is hereby granted leave to withdraw as counsel for Petitioner."

This letter serves as NOTICE that the statement implying that the State's Attorney's Office was counsel for Petitioner, Mary-Ellen: Homer (Radtke) is an egregious error.

This letter serves as NOTICE that although I, Mary Homer, requested your services in 1996, when John A. Radtke refused to pay child support, the Office of the State's Attorney's failed to give me NOTICE of the hearings which took place in November and December of 1996.

This letter serves as NOTICE that as a consequence of the negligence of the Office of the State's Attorney to serve notice of the hearings to the Petitioner, John A. Radtke attended both meetings and NEVER was required to pay the appropriate child support, defrauding not only the children but myself, forcing me to use my retirement savings to pay for daily living expenses.

This letter serves as NOTICE that as a consequence of the negligence of the Office of the State's Attorney I, Mary Homer, have filed for bankruptcy.

### DEMAND

This letter serves as a DEMAND TO CORRECT THE ERRORS ON THE ORDER FOR WITHDRAWAL.

In the event you fail to respond to my DEMAND to correct the egregious error implying that the Office of the State's Attorney was counsel for me, I shall do everything lawfully available to me to seek financial compensation for your negligence.  I shall seek legal counsel with the intention of commencing a civil action against you for fraud.  I shall seek a jury verdict large enough to encompass both compensatory damages and punitive damages based on your willful, wanton, and reckless conduct.  Personal liability for commission of a fraudulent act may result.  Awards of punitive damages may be substantial; Cyster vs. Batana; J. Truett Payne Co. Vs Jackson.

Sincerely,

*Mary-Ellen: Homer (Radtke)*

C000595

Exhibit S

## NOTICE and DEMAND
## CHARGING LETTER FOR VIOLATIONS OF 720 ILCS 5/16-1.3

Mary-Ellen Homer
c/o 502 Dublin
Mundelein, Illinois 60060

Nancy Schuster Waites
Assistant State's Attorney
18 N. County St.
Waukegan, Illinois 60085-1538

Gen No. 92D1279
1y - D  N A  057 - 9389
iu - D F C  0 0282 640

Dear Ms. Nancy Waites:

This letter serves as NOTICE that you are being charged with violations of 720 ILCS 5/16-1.3. On August 24, 1999, I contacted you in regards to a letter sent by the Office of the State's Attorney with an accompanying Notice of Motion petitioning the Court to terminate child support as all children are emancipated and at least 18 years old. When you talked with me on the telephone, you said that you were familiar with the case and were adamant that you were going to terminate the child support. I told you that there were criminal aspects to the child support, that John Radtke had not been making the appropriate payments according to his 1995 tax returns submitted to the Court in June of 1996, and that I had not been given notice of the hearings even though I had contacted the Office of the State's Attorney on numerous occasions requesting notification. I also told you that I had gone to the Child Support Division on repeated occasions to have the problem rectified via new hearings recalling the name Tom Patterson as my contact. You made an issue of the name being incorrect rather than the fraud being perpetrated. I told you that my children were not emancipated. Both live at home and are supported by me. The traumas that have been inflicted upon my children, have been devastating and in some ways have impeded their maturation. I am a social worker who works with poor people and consequently have no resource for an income. I have tried other resources in multi-level marketing but have not been successful. I have chosen to work from home because I believe that my children needed the security of my availability. Every endorsement I have made on the child support checks has noticed the recipient of the fraud - 92D1279 and reported that the endorsement was made out of necessity. My financial resources have been depleted as the child support payments in no way cover the expenses of raising two teenagers. The filing of the Petition for Bankruptcy is a lawful means to stay all proceedings in the courts - Rule 1002. You were told that there are non-core issues involved in this bankruptcy. You told me on August 24, 1999, you were withdrawing from the case and you lied. You stood before the judge and used your authority to influence his decision. There was no joinder in the issues because the children are not emancipated. You have the fiduciary responsibility to protect the children. I am holding you accountable and charging you with violations of 720 ILCS 5/16-1.3 for financial exploitation.

The DEMAND is that you owe me the $20,400.00 in the legal tender of silver/gold which constitutes the underpayment made by John Radtke since June of 1995. These were calculated at $400.00 per month. I believe that even this is an underestimate of the fraud that has been committed. I believe that the tax return submitted when I took him back to court was bogus and never filed. If you fail to meet my demand, I will take all the lawful remedies available to me.

Sincerely,

*Mary Ellen Homer*

Mary-Ellen Homer

Fold at line over top of envelope to
the right of the return address

**CERTIFIED**

Z 321 799 815

S₂

## PROOF OF SERVICE

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that a copy of the foregoing MOTION TO SHOW CAUSE with AFFIDAVIT with attachments was served upon:

Clerk of the Court

Nancy Waites                                       United States Bankruptcy Court
Office of the State's Attorney              219 S. Dearborn-7th Floor, Rm710
18 N. County St.                                    Chicago, Illinois 60606
Waukegan, Illinois 60060

John A. Radtke                                     Ira Bodenstein, United States Trustee
440 N. Main St. , 340E                        Roman L. Sukley, Esq.
Wauconda, Illinois 60084                    U.S. Department of Justice
                                                             227 West Monroe Street
Sally Coffelt                                         Suite 3350
Clerk of the Court                               Chicago, Illinois 60606
18 N. County
Waukegan, Illinois 60085

Michael Waller
Office of the State's Attorney
18 N. County St.
Waukegan, Illinois 60060

by enclosing the same in an envelope addressed to the above named with postage fully prepaid and by depositing said envelope in the U.S. Post Office Mailbox in Libertyville, Illinois, on the ___2nd___ day of SEPTEMBER, 1999.

_Mary Ellen Homer_

Mary-Ellen: Homer
502 Dublin
Mundelein, Illinois (60060)                                    A:0899bky6

$S_3$

## NOTICE and DEMAND
## CHARGING LETTER FOR VIOLATIONS OF 720 ILCS 5/16-1.3

Mary-Ellen: Homer
c/o 502 Dublin
Mundelein. Illinois 60060                          Case No.   92D1279
August 30. 1999

John A. Radtke
404 W. Main St.
Wauconda. Illinois 60084

Dear John.

   This letter serves as NOTICE that you are being charged with violations of 720 ILCS 5/16-1.3 which
is financial exploitation of a disabled person. On August 23. 1999. I returned from a seminar and
received a Notice of Filing written in your handwriting regarding petitioning the court to stop child
support claiming that the children were emancipated. There was no PETITION attached which would
have given me the opportunity to respond. The children are clearly not emancipated. not living
independently and providing for themselves, nor do they have the financial resources to provide for
themselves.

   I contacted Nancy Waites on August 24. 1999 in regards to a letter sent by the Office of the State's
Attorney. She said that she was familiar with the case and was adamant that she was going to terminate
the child support. Although she said that she would withdraw from the case. she did not do so when in
court. On Nancy Waites insistence. the judge chose to ignore the Federal Rules of Bankruptcy which
demanded a stay of the proceedings.

   As you know there are many irregularities and illegalities surrounding the divorce case as well as the
child support issues. I went through the divorce process totally naive regarding the networking within the
system. This has been a painful learning experience for me as well as for the children. You have been
informed regarding the continued trauma we have experienced living in this community. You are well
aware of the additional expenses that I have incurred due to Jessica's automobile accidents which were
denied coverage by your insurance agent. You have ignored medical bills which resulted in her inability
to continue treatment. The financial abuse which was evident pre-divorce has continued to impact the
children. Your indifference to the pain of others and your selfishness is going to be your downfall. You
know that you were not making the appropriate payments according to your 1995 tax returns submitted
to the Court in 1996. You knew that Jarvis Friduss evaluations of the businesses were fraudulent -that
the evaluations were intentionally calculated so that the settlement (with my attorney Doug Stiles) would
be a repayment of my non-marital loans to the company and nothing more. You knew that Kathleen
Roseborough has some hidden status within the court system giving her the authority to manipulate the
court and ignore the law never allowing my attorneys to get Discovery from you. You knew that my
post-divorce attorney. Sharon Keller. colluded with Kathleen Roseborough to defraud me when I took
you back to court for breaches of contract. That is why I was left in the room by myself when she went to
negotiate with you. That is the same reason Ina Berkley invited herself to the financial mediation - to
keep me isolated and controlled. Ina Berkley was also there to control the financial mediation process
and Elaine Collins who was being programmed by Kathleen Roseborough. There was massive breaching
of the contract during financial mediation. You might even remember the secret. exclusive meetings that
you had with Elaine Collins which served as the foundation for the Settlement authored by Kathleen
Roseborough. You knew that I was being excluded from the child support meetings with the Office of

*ExHIBIT A    S4*

the State's Attorney by design and not by accident. You knew that I was defrauded and your children were defrauded which would not have happened had you not willingly participated.

Secondarily you were involved in discrediting me personally as well as professionally impeding my ability to find employment. You slandered me around not only this community but the surrounding communities as well. Major traumatic events were either directly or indirectly a result of your attacks defaming my character. You broke into my home on more than one occasion. You were directly involved with the DCFS investigation alleging that I was a child abuser. Your involvement absolutely terrified Jessica because not only was she going to lose her Godson, but she thought that she would be taken away from me. You gave fraudulent testimony and were planning on serving as a witness for the state. You were directly involved in the foreclosure on our home which you planned to purchase at the Sheriff's sale. More than anyone, you have been responsible for the problems that we have experienced. More than anything I resent that these malevolent attacks have deprived me of the one thing that is most precious to me and that is time with my children.

I have used up my non-marital assets to support the children. I have filed for bankruptcy. I made a conscious decision to work from home because the kids had been so traumatized by their losses that they were stuck. They're still stuck in their pain. Instead of listening to me and helping me find Jeff, you've promoted the public myth of a suicide on the railroad tracks. Some innocent kid with brown hair and brown eyes was sacrificed by the cult in order to create an illusion. Jeff's disappearance was a kidnaping which I believe has something to do with the family genealogy. You are dissociative and you may have multiple personalities from your childhood abuse but you know the truth. Time and again, I've written you regarding the divorce fraud and have offered suggestions regarding reinstatement of my property. I believe that if you cannot cooperate, you will be left empty handed for I will continue pursuing all lawful means available in order to right the wrongs. Not only will I protect my children, but I believe that I will find Jeff.

The DEMAND is that I have calculated that you owe back child support of $400.00 per month since the divorce. This amount is based on the 1995 tax returns submitted to Sharon Keller in 1996. The money due totals $20,400.00 which is payable in the form of a Cashier's check and/or in silver/gold. I also DEMAND that you submit to me all filed tax returns for the years, 1995, 1996, 1996, 1997, and 1998. I want personal, corporate and all business tax returns. If you fail to meet my demands, I will take all the lawful remedies available to me. I would appreciate the payment made in full within 10 days. If you do not pay before sixty days, the amount trebles.

Sincerely,

*Mary-Ellen Homer*

Mary-Ellen: Homer                    0899n-d1

EXHIBIT # SS

COUNTY OF L A K E)

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE:   THE MARRIAGE OF                )
MARY ELLEN RADTKE                        )
       MARY ELLEN HOMER                  )           92 D 1279
              and                        )
       JOHN A RADTKE                     )    GEN. NO. 99 B 76700
                                         )

O R D E R

THIS MATTER COMING BEFORE THE COURT ON PETITIONER'S MOTION
IN ARREST OF JUDGMENT AND FOR A NEW TRIAL AND MOTION TO VACATE
ORDER OF AUGUST 26, 1999, AND PETITIONER'S AMENDED MOTION TO VACATE
VOID ORDER, PETITIONER APPEARING PRO SE AND RESPONDENT APPEARING
BY ATTORNEY NEAL H. LEVIN. BOTH PARTIES BEING AFFORDED OPPORTUNITY
TO PRESENT ORAL ARGUMENTS AND FOR THE REASONS STATED BY THE
COURT. IT IS HEREBY ORDERED THAT :

① THE COURT HAVING PERSONAL AND SUBJECT MATTER JURISDICTION, PETITIONER
MOTION IN ARREST OF JUDGMENT AND FOR A NEW TRIAL AND MOTION TO
VACATE ORDER OF AUGUST 26, 1999 IS DENIED.

② THE COURT HAVING PERSONAL AND SUBJECT MATTER JURISDICTION, PETITIONER'S
AMENDED MOTION TO VACATE ORDER FILED NOVEMBER 10, 1999 IS DENIED.

CIRCUIT CLERK

ENTER:

_____
JUDGE

Dated at Waukegan, Illinois this
22 day of Dec. , 19 99 .

ORDER PREPARED BY: NEAL H. LEVIN & ASSOC PC
                   (Please Print Name and Address)
                   1910 N. HALSTED
                   CHICAGO IL 60614

C000796

171-225 Rev. 5/86

Exhibit T

SS
COUNTY OF L A K E)

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE:  THE MARRIAGE OF

*Mary Homer Radtke*

and

*John Radtke*

)
)
)
)
)

GEN. NO.  *92D1279*

O R D E R

This matter before the court on a motion for temporary support & custody, due notice given and the court having heard arguments and being fully advised in the premises

It is hereby ordered that

1. John Radtke shall pay to Mary Homer Radtke $1666ᵃ per month as and for support to begin July 30, 1992

2. The issue of whether the support is unallocated or child support is reserved

3. The corporation shall continue to pay Mary Homer Radtke's automobile expenses including all costs the parties have typically covered through the corporation

Dated at Waukegan, Illinois this
30ᵗʰ day of July , 19 92 .

ORDER PREPARED BY: *Sally Lichter*

(Please Print Name and Address)

*1123 S. McCrab*

ENTER:

_____
JUDGE

Exhibit U

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| MARY HOMER-RADTKE, | ) |
|       Petitioner, | ) |
|       v. | )    Gen. No. 92 D 1279 |
| JOHN A. RADTKE, | ) |
|       Respondent. | ) |

NOTICE FOR THE RECORD OF MARY HOMER-RADTKE'S CHARGING LETTER AGAINST
JUDGE JOHN PHILLIPS
PURSUANT TO 720 ILCS 5/16-1.3

COMES NOW the petitioner, Mary Homer-Radtke, pro per, and moves the Office of the State's Attorney and Attorney General to investigate charges of financial exploitation and child endangerment against Judge John Phillips.

Dear Judge John Phillips,

Mary Ellen Homer and John Allen Radtke engaged in a civil contract on June 17, 1967 made in due form agreeing to take each other for husband and wife during their joint lives, and to discharge toward each other the duties imposed by law upon such relation. Heyman v. Heymann, 1906, 218 Ill. 636 75 N.E. 1079. The Marriage License, No. 16732 is recorded in Book 25, Page 267 with the county of Cameron, in Texas is recorded with the Secretary of State of Texas under U.C.C. filing No. 99-238423 and is recorded with the Secretary of State of Illinois and the county of Lake under filing No. 9708366/4465799. Marriage creates a fiduciary relationship between husband and wife.

Pursuant to 720 ILCS 5/16-1.3, John has a history of financially exploiting the disabled and the elderly. Victims include John's mother, Jean Radtke, and father, Emil Radtke, his siblings, Nancy and Emil Radtke, my parents, Helen and Fred Homer, employees and business partners and Carl Roegge and his wife. John also has a history of child abuse which was disclosed to you in chambers on April 18, 1995.

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12L.Ed. 1170, 1189 (1850); Rose v. Himely, 4 Cranch 241, 269, 2L.Ed. 608, 617 (1808). A judge has a fiduciary relationship with the public and a fiduciary duty to determine whether or not the court has jurisdiction of the specific matter and to apply the law accordingly.

Marriage is a civil contract regulated by statute. Dailey v. and Lodge, Brotherhood of Railroad Trainmen, 1924, 142 N.E. 478, 311 Ill. 184. Under Illinois law, in a statutory proceeding, such as

*Exhibit V*

a divorce proceeding, in a court of limit : jurisdiction, there is no presumption that the court holds jurisdiction. The petition in Case No. 92-D-1279, required to put the court in motion and give it jurisdiction was not in conformity with the statute and did not show all the facts, elements, necessary to authorize the court to act. Brown v. VanKeuren, 340 Ill. 113, 122 (1930. Any action taken by the circuit court in Case 92D1279 exceeded its jurisdiction, is void, and may be attacked at any time. Any judgment procured through fraud or where there is a denial of due process is void.

I hired Sally Lichter as my agent on the recommendation of Marty Ziemer, L.C.S.W. because John Radtke refused to go to marital therapy. Sally Lichter did not provide effective assistance of counsel. The petition Sally Lichter authored was self-serving maximizing the opportunity for collection of attorney fees and did not confer jurisdiction to the court. The petition did not protect me, my property rights, or the rights of our children. It is public policy that women have the right to own property and Illinois is a community property state. Without jurisdiction, Judge Jane Waller converted jointly owned marital property and my non-marital loans to the company under the control of John A. Radtke by signing a void order entered into the record on July 30, 1992(C0018). I was financially exploited by Jane Waller who acted without judicial immunity. I was deprived of income from my non-marital property and from jointly held marital property in a community property state. John as fiduciary became bailee of my property. John removed me from my position as Vice President and Secretary of the corporation. I contributed financially for the purchase of B.Radtke & Sons and I contributed the downpayment for the purchase of the industrial building located at 101 W. Main St., Round Lake Park, Illinois.

In November of 1992 a public myth was generated by the Coroner's office and the media that our son Jeffrey Aaron Radtke had committed suicide on the railroad tracks. We were not allowed to see the body which is required by law for a positive identification of the body. In fact, the body was not that of our son. The media's description of the body was possibly 6', brown hair, brown eyes, weighing 160-170 pounds. Our son is 5'8", blonde hair, blue eyes, and weighed, at the time, 130#. The Office of the State's Attorney colluded in the "sting operation" and the false arrest of our son on October 30, 1992. Jeffrey's arrest was in retaliation for my placing my client, Deborah Sue Troxel, in the Lake County Health respite, CATS, for the Halloween celebration. Debbi was aspiring to High Priestess in the Satanic/Wiccan cult and was supposed to be attending cult ceremonies for the transference of power to her from her deceased mother through her father. My work with Debbi had revealed the symbiotic relationship between the criminal justice system and the cult in the big business of illegal drug trafficking. I notified the Mundelein Police Department of my findings. John insisted that the body be

cremated.    A funeral was held as if the body were that of our son.
John Radtke, who had abused our son, supported the public myth.

     John contested this divorce with Bill Rosing acting as his agent.
Bill Rosing withdrew as attorney for John Radtke on September 3, 1993
allegedly because John would not provide discovery and was crying
because he had been removed as manager of B.Radtke & Sons, Inc. by the
bank and employees.  Sally Lichter did not get discovery from John A.
Radtke denying me due process. Sally Lichter, protecting her practice
and her income stream, failed to disclose that she was ill and totally
incapacitated with Epstein-Barr Virus.   The court record provides
evidence that this case was dismissed in November of 1994 because
Sally missed a progress call/status hearing.   The record is evidence
that Sally had the dismissal vacated and that her colleague Clayton
Voegtle signed an order in her absence and that there were multiple
continuations to accommodate her illness.   The record in this case is
evidence that the court was aware that Sally Lichter did not provide
effective assistance of counsel.   I fired Sally Lichter because she
was unavailable and incompetent allowing her to withdraw.

     When Douglas Stiles filed his appearance in April of 1994, John
Phillips had replaced Jane Waller as the judge for Case 92D1279. You
had a fiduciary duty to read the record and dismiss this case for lack
of jurisdiction. Your failure to dismiss this case kept me trapped in
the court system where I was financially exploited and my children
were defrauded of state mandated child support.

     John, who had been without an attorney since September of 1993,
hired Kathleen Roseborough on the recommendation of Jarvis Friduss,
C.P.A., personal and corporate tax attorney for John Radtke and the
businesses.   Kathleen  Roseborough  spearheaded  a  civil/criminal
conspiracy with the intent of defrauding me of my property and my
children of state mandated child support.   Jarvis Friduss, C.P.A.
aided  and  abetted  Kathleen  Roseborough  in  misrepresenting  the
businesses as bankrupt.  Jarvis Friduss prepared a document in support
of his allegations.  Meetings were held at the offices of Jarvis
Friduss, C.P.A.. Kathleen Roseborough, Jarvis Friduss, and John Radtke
conspired to misrepresent the financial condition of the businesses
and the industrial properties in order that Douglas Stiles, as my
agent, would rely on their misrepresentation and collude in the
conspiracy to defraud me and my children.   Kathleen represented
herself as a former mediator which influenced me greatly because I was
scheduled to attend mediation training and form a partnership with
attorney Erica Heyl.   Kathleen Roseborough represented Jarvis Friduss
as an accountant who was called to testify in court cases as an expert
witness creating the illusion that they were ethical professionals.

     Douglas Stiles told me that he believed John, Jarvis, and
Kathleen that the businesses were going bankrupt due to John's poor



management. As a result of their influence, Douglas Stiles did not
provide effective assistance of counsel. I had given Douglas Stiles
the files from Sally Lichter including approximately 20 letters to
Sally disclosing child abuse and financial exploitation by John
Radtke. Douglas Stiles had in his possession the discovery documents
authored by Sally Lichter but he did not serve them and made no
attempt to get discovery on four businesses, two industrial buildings,
etc.. I planned a vacation for my daughter and myself in late
November, 1994. Douglas Stiles told me that Kathleen Roseborough
threatened to lie to the judge and slander my son in order to force
Jeremy to stay with his father in our absence. I disclosed that John
Radtke was a perpetrator of child abuse in that meeting which was held
on November 24, 1994 at the offices of Jarvis Friduss. Kathleen
Roseborough's response was a demand that we attend child mediation.
When my daughter and I were in Texas, we received a disturbing call
from my housesitter and Jeremy. Jeremy had been traumatized by his
father who broke into our home. To cover-up John's breaking and
entering our home, Kathleen Roseborough perpetrated the lie that John
found our 16 year old son drinking beer with the housesitter. At the
time of the unlawful entry, Jeremy was in the basement watching
television with friends and the housesitter was at work. Nobody was
drinking beer.

The child mediator, Ina Berkley, was a former colleague of
Kathleen Roseborough in the Chicago court system. Ina Berkley told me
that she received calls from Kathleen Roseborough and was instructed
to ignore my communications disclosing child abuse. Kathleen
Roseborough told Ina Berkley that her only job was to write a joint
parenting agreement. Ina Berkley, violated her fiduciary duty as a
mandated abuse reporter and was influenced by Kathleen Roseborough who
breached the confidentiality of the child mediation.

I fired Douglas Stiles on or about February 28, 1995 when it
became evident that Kathleen Roseborough had coerced him to force me
to sign a settlement defrauding me of my property. Douglas Stiles did
not provide effective assistance of counsel. I was unemployed in
October of 1994 and told Douglas Stiles that I wanted to manage
B.Radtke & Sons, Inc.. John had been removed from management and was
spending his time at LaserWorks, a division of B.Radtke & Sons, Inc.
located at 112 W. Main St., Round Lake Park, Illinois. I wanted the
$54,000 income from B.Radtke & Sons, Inc. leaving John with the income
from LaserWorks. Doug refused to negotiate on my behalf. Secretly,
John, Jarvis Friduss, C.P.A. and Kathleen Roseborough prepared a
settlement that defrauded me of the marital assets, my non-marital
loans to the company, and state mandated child support. Kathleen
Roseborough plotted with Jarvis Friduss and John Radtke to exclude me
from the settlement meeting on January 30, 1995 because I asked too
many questions. Their scheme to exclude me from the settlement
meeting and coerce me to sign a predetermined settlement was being

imposed to enable Kathleen to leave for Europe on vacation. On January 30, 1995 I was forced to sit in the lobby of the office of Jarvis Friduss, C.P.A. ill with a fever while Doug Stiles negotiated with Jarvis, John and Kathleen. I was forced to sign under duress a piece of paper agreeing to a settlement defrauding me of my property without alimony and with no means of financial support. When John told me that the $130,000 settlement was a repayment of my loans to the company, money that was already mine, I called and rejected the offer and fired Douglas Stiles.

On February 28, 1995, Douglas Stiles filed his affidavit for attorney fees. I paid him the fees. When we returned to his office, he told me that during a pre-trial in your chambers on November 28, 1994 it had been determined that my investments of $96,000 were non-marital which placed $96,000 outside the marital estate. The $96,000 which was invested in mutual funds had been gifted money and had been held separate from the marital estate.

Acting as my own litigator, I went to the businesses. The employees wanted me to manage B.Radtke & Sons, Inc. even offering to support me financially. I prepared a proposal which I sent to Kathleen Roseborough. I was prepared to put all of the marital assets in trust and manage B.Radtke & Sons, Inc. providing a salary for John and myself. Kathleen Roseborough refused to negotiate with me. I was forced to hire another attorney.

This time I hired Eva Schwartzman, appearance filed on March 20, 1995, who was the matriarch of the Lake County court system. Eva represented herself as champion of the underdog who could get anything. She agreed to get B.Radtke & Sons, Inc. for me with the industrial building. Eva did not disclose her age because she told me that no one would hire her. Eva repeatedly fell asleep during our meetings. As a social worker with expertise in mental health, I saw evidence that Eva was experiencing old age dementia. Every time that Eva appeared in court, she asked to withdraw from this case. You would not let Eva withdraw forcing her to remain my agent. The record is evidence that on April 10, 1995 Eva filed an emergency motion and affidavit(C0000085-C000092) requesting time, a minimum of 3 months, for discovery and a postponement of the trial scheduled for April 18, 1995 and for the cause to be set for August, 1995. On April 17, 1995 (Order-C000108) you denied my counsel's motion. You denied Eva Schwartzman's oral motion to withdraw as my counsel. When you signed the Order of April 17, 1995, which was authored by Kathleen Roseborough, you intentionally became a conspirator in denying me due process, forcing me to retain counsel who did not want to represent me, and defrauding me and my children.

The record is evidence that John Radtke engaged in financial exploitation on April 17, 1995 by filing a Rule 237 (C000105-



107)against me for extensive discovery which had been provided on two other occasions. In fact, you colluded in the financial exploitation when you threatened me that if I didn't cooperate with the Rule 237 which was being applied unlawfully and provide the documents and my records that you would sanction me.

When I drove Eva back to her office in Libertyville on April 17, 1995, Eva told me that she would not represent me in trial on April 18, 1995. Eva told me that I would have to represent myself by preparing questions to ask John. I spent the entire night preparing questions on financial exploitation and child abuse. Jessica, who was 12 years old at the time, received a subpoena sent to our home to appear with her bank book. Jessica stayed home from school to take her bank book to trial. I picked up Eva Schwartzman at her home. I gave the subpoena to Eva. Eva read my papers and confirmed the child abuse with Jessica. When we went to court I was very surprised and traumatized to see John Radtke, Kathleen Roseborough, Jarvis Friduss, C.P.A., Jean Radtke and Nancy Radtke at court. Jessica was traumatized because she was fearful of John's family and sensed their hostility. You called the attorneys into you chambers. When you returned to the courtroom, you repremanded me for bringing Jessica to court when you knew that it was Eva's decision. You demanded that I produce the subpoena which Eva either intentionally or unintentionally did not bring to court. I was traumatized and made to look like a fool. Eva Schwartzman knew that this was a conspiracy to defraud me and was demanding more money if she were going to defend me at trial. Eva Schwartzman was incompetent, unethical, and did not provide effective assistance of counsel.

You, Judge Phillips, joined the conspiracy to financially exploit me, defraud me, by proceeding without jurisdiction, by denying me due process, by trapping me in the court system, by denying me my rights, by threatening to sanction me, and by not allowing my attorney, Eva Schwartzman, to withdraw when it was evident to you that she was refusing to provide effective assistance of counsel. Furthermore, I am charging you with child endangerment and conspiracy to defraud my children of state mandated child support. You were given notice of child abuse and failed to protect my children. Your behavior was unethical and unconscionable.

Every time I went into the courtroom, I was traumatized. I was treated like a criminal. As a practitioner in mental health, I believed that Eva Schwartzman was incompetent to represent me. Eva kept threatening that she would not represent me in trial. Eva wanted more money and was jealous of Kathleen Roseborough who she perceived was receiving tens of thousands of dollars which was true. Without discovery, no attorney could have provided effective assistance of counsel.

-6-

On June 6, 1995, I informed Eva Schwartzman that I had signed the settlement of June 2, 1995 under duress and that it was all lies. When I entered financial mediation, I was forced to sign a contract that I would not extend the trial date of June 6, 1995 if we did not arrive at a settlement. Ina Berkley, the child mediator, recommended Elaine Collins as a private mediator. At the time, I did not know that Kathleen Roseborough and John Radtke had secretly contracted with Elaine Collins to provide 2 ½ sessions of financial mediation services. Ina Berkley did not know Elaine Collins. Ina Berkley lied and said that John wanted her to attend financial mediation. John told me that he did not ask that Ina attend mediation. Ina Berkley played psychological games calling John a "fucking bastard" and telling me that John liked to see me cry and in pain. When I asked to withdraw from mediation, both Ina and Elaine said I had no choice but to continue due to the incompetence of my attorney. John refused to negotiate. When I insisted that the mediators remove my non-marital funds, $96,000 determined in pretrial on November 28, 1994, Elaine Collins produced a letter to purchase B.Radtke & Sons, Inc. claiming that it was given to her by Kathleen Roseborough as evidence that John was gifted the business. Elaine Collins called Eva Schwartzman to review the letter. It was confirmed by Eva that the letter was evidence of our intent to purchase B.Radtke & Sons, Inc.. I gave both Elaine and Ina notice that the letter was to purchase. Elaine Collins cancelled the mediation session saying that she was very ill. When we arrived for the next scheduled session, Ina said that she was going to try another method. I didn't learn until April of 1997 that there had been a secret meeting between John and Elaine Collins as a precursor to this special method. Ina and Elaine converted the mediation process into a forum for Kathleen Roseborough to coerce me into signing a settlement giving all of the marital assets to John and defrauding the children of state mandated child support. There was a bait and switch game played. The mediators would not let me consult my attorney, Eva Schwartzman. I left mediation having been threatened repeatedly. Before the final session, an accountant who was familiar with the businesses prepared corporate and personal tax spreadsheets with the tax returns that were court ordered as a result of a petition filed on May 1, 1995(C000116-117). The tax spreadsheets traced my non-marital ($96,000) investments and traced dissipation of tens of thousands of dollars by John Radtke and showed evidence of tax fraud. On June 2, 1995, I brought the tax spreadsheets to Elaine Collins who was retrieving a document faxed from the law office of Mandel, Lipton, and Stevenson, Ltd., Kathleen Roseborough. Elaine had me lay the spreadsheets out on a table while she copied the faxed document. She looked at the tax return evidence and said nothing. Ina Berkley entered the room. When the findings were traced, Ina Berkley said that I couldn't use the tax returns in court. She then told me to put them away quickly and hide them from John who was entering the conference room. Elaine instructed us to sit and passed out papers which were a rough draft of a settlement. I was in total shock.

-7-

Obviously the financial mediators had no intention of coming to a just
and equitable division of the property. I had suggested all of the
property be put in trust. Every element in the contract for financial
mediation had been violated which would void any settlement. I was
being railroaded. My children were in danger. I was under duress
when I signed the settlement. I called and gave notice to both Elaine
Collins and Ina Berkley that I rejected the settlement. Ina Berkley
called me back and threatened that the custody of my children would be
in jeopardy if I rejected this settlement.

On June 6, 1995, my fate and the safety of my children was in
your hands Judge Phillips. Eva Schwartzman told you that I had the
"right" to repudiate the private settlement. You conspired with
Kathleen Roseborough to convert my right to repudiate the private
settlement, which was signed under duress, to a "privilege" under the
"Act". When I tried to produce the tax spreadsheets that I had given
Eva for court, she had forgotten them. My 87 year old mother wanted
to testify on my behalf that she had gifted me money and that John had
financially exploited her when he defrauded her of money loaned to the
businesses. You refused to let my mother testify. You allowed
Kathleen Roseborough to shout at my mother to "shut up" without
sanctioning Kathleen Roseborough for her behavior. Kathleen
Roseborough produced a computerized spreadsheet from Elaine Collins
that commingled $96,000, determined non-marital by you on November 28,
1994, and my non-marital loans to the companies, with the marital
assets. You threatened me in a loud voice that either I accept the
settlement as written or we would go to trial immediately and you
would not look favorably upon me. I was terrified by your behavior
and felt as if I had a gun pointed at my head. When I was on the
witness stand and said that I signed the settlement under duress, you
appeared to be enraged banging the gavel down and declaring a
mistrial. You demanded that I remain seated while you took the
attorneys into your chambers. When you returned, I was instructed to
follow the attorneys outside of the courtroom. Eva Schwartzman
threatened that she would not represent me in trial. Eva Schwartzman
repeatedly said that I didn't have a gun pointed at my head. Kathleen
Roseborough threatened me that she would be living in my house and Eva
would own the businesses if I didn't recant my testimony. Kathleen
and Eva said that I was to return and say I was "under stress" and
nothing more. I had no choice. Ina Berkley bragged repeatedly about
testifying in thousands of cases as an expert witness. The custody
and safety of my children was in jeopardy.

This letter is a charging letter pursuant to 720 ILCS 5/16-1.3
for financial exploitation of a disabled person. I am legally
disabled with a congenital disease known as Legge-Perthes Disease.
Without jurisdiction in this case, you kept me trapped in the court
system where I was financially exploited. I was and remain fearful of
your abuse of authority. Any and all orders or judgments signed by

you are void ab initio. John A. Radtke and I remain legal husband and
wife. Due to the Order of July 30, 1992, John A. Radtke remains bailee
in control of the marital and my non-marital property. Historically
B.Radtke & Sons, Inc. provides an income of $54,000. Ownership of
LaserWorks, now a limited liability company, provides an annual income
of in excess of $40,000. Ownership of the industrial buildings
provides rental income at fair market value in excess of $3,000 per
building per month. The businesses provide vehicles, car insurance,
transportation expenses, business vacations, health insurance and
additional benefits. Notice and subpoenas were sent to John Radtke
and Elsie Mannix that John and I remain legal husband and wife.
Charging letters have been sent to John Radtke. Charging letters have
been sent to Elsie Mannix for aiding and abetting John Radtke in
financial exploitation and dissipation of the marital assets with a
calculated loss of $9M. I have been deprived of the use and enjoyment
of my property due to your actions. I have been damaged.

Due to the financial exploitation, my family was forced to live
in a hostile community and attend schools where the children were
labeled at risk. My children have been traumatized repeatedly. Dome
lights were turned on in our locked vehicles. I have witnessed
children breaking into our home. Our basement has been flooded with a
hose. Two litters of kittens were torn apart without any trace of
blood. Five adult cats disappeared. One was left dead outside of the
high school. The tire on my daughter's vehicle was slashed. She was
attacked while walking home from work. Her father, John A. Radtke,
refused to provide transportation. My daughter was ticketed for
automobile accidents which were not her fault. I suffered financial
loss. My daughter and I are Godparent to a black child. In 1997 I
was reported as a child abuser to the DCFS hotline by Sgt. Michael
O'Brien of the Mundelein Police Department. Marianne Zimmerman,
caseworker, traumatized my children on November 11, 1997 calling my
children and asking them if I was seeing my psychiatrist, taking my
medication, running around outside naked, hiding under the cellar
staircase and other slanderous allegations. Again I suffered
financial loss defending against the false allegations. To this day,
the fur on my cat is being shaved. My son was told by a friend whose
family practices witchcraft that the fur is used to curse the family.
I gave notice to John A. Radtke, father of the children, that we were
being traumatized. John refused to allow me to take the children and
move to another location. You are responsible for my children being
endangered and traumatized.

Respectfully submitted,

Mary Homer-Radtke
C/o P.O. Box 53379
Harlingen, Texas 78553

DEBRA ANN FIGUEROA
Notary Public
STATE OF TEXAS
My Comm Exp 09-27-2004

Debra Ann Figueroa
5/22/02

-9-

THE STATE OF TEXAS } No. 16732
County of Cameron

Any Person Authorized by the Laws of the State of Texas to Celebrate The Rites of Matrimony in the State of Texas, Greeting:

YOU ARE HEREBY AUTHORIZED TO SOLEMNIZE THE RITES OF MATRIMONY

Between Mr. John Allen Raetke and Miss Mary Ellen Homer

I make due return to the Clerk of the County Court of said County within sixty days thereafter, certifying your action under this
...se.

WITNESS my official signature and seal of office at Brownsville, Texas,

the  16  day of  June  19. 67

J. H. DILTZ.

Clerk of the County Court, Cameron County.

By  Delfina C. Jarmeta  Deputy.

Mailed —
102 W. Grapfruit,
Monterrey, Tex.
6-1-67

I, Joseph L. Anton  hereby certify that on the  seventeenth  day of  June  19. 67
...ted in Marriage Mr. John Allen Raetke  and Miss. Mary Ellen Homer
parties above named

WITNESS my hand this  17  day of  June  19. 67
Joseph L. Anton, Pastor of: Prestain Lutheran Church,
402 E. Jackson,
Harlingen, Texas.

...ned and filed for record the 19 day of  June , 1967, and recorded the 19 day of  June  1967

J. H. DILTZ, County Clerk

By  Delfina C. Jarmeta  Deputy.

Exhibit N

THE STATE OF TEXAS, COUNTY OF CAMERON

I, JOE G. RIVERA, COUNTY CLERK IN AND FOR
CAMERON COUNTY, TEXAS, DO HEREBY CERTIFY THAT
THE FOREGOING IS A FULL, TRUE AND CORRECT
COPY OF MARRIAGE LICENSE OF
MR. JOHN ALLEN RADTKE
AND M. ISS.  MARY ELLEN HOMER
TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF
OFFICE, THIS THE 15 DAY OF    MARCH
20 02                    JOE G. RIVERA, COUNTY CLERK
VOL 25                    CAMERON COUNTY, TEXAS
PAGE 536   BY

ERIKA DE LA TORRE



STATE OF ILLINOIS)
                 ) ss
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS       PAGE 4 OF 4

IN RE:  THE MARRIAGE OF          )
                                 )
  MARY ELLEN RADTKE               )
              and                )
                                 )
  JOHN A. RADTKE                  )       GEN. NO.  92 D 1279
                                 )

## ORDER

(CONTINUATION. )

④ THAT A RULE TO SHOW CAUSE IS ISSUED AS TO WHY MARY RADTKE SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR HER FAILURE TO COMPLY WITH THE JUDGMENT FOR DISSOLUTION DATED JUNE 6, 1995 . AS SET OUT IN JOHN A. RADTKE'S PETITION FOR RULE TO SHOW CAUSE.

⑤ THAT HEARING ON THE ATTORNEYS FEES AND RULE TO SHOW CAUSE IS SET FOR SEPTEMBER 14, 2000 . AT 9:00 A.M. IN ROOM 103 WITHOUT FURTHER NOTICE.

Dated at Waukegan, Illinois this
24 day of Aug , 20 00 .
ORDER PREPARED BY: _NOAH LEVIN_

(Please print name and address)
1970 N. HALSTED
CHICAGO IL 119

ENTER:

_____
JUDGE

X 4/4

171-225 rev 12/97

~~TE OF ILLINOIS~~

~~C~~OUNTY OF LAKE

IN THE CIRCUIT COURT OF THE NINETEENTH *Page 3 of 4*
JUDICIAL CIRCUIT LAKE COUNTY, ILLINOIS

IN RE:  THE MARRIAGE OF

MARY ELLEN RADTKE
_____
and

JOHN A. RADTKE
_____

FILED

AUG 2 4 2000

CIRCUIT CLERK     GEN. NO. ___9 2 0 1279___

ORDER

(CONTINUATION ...)

LEAVE OF COURT TO FILE ANY FUTURE PLEADINGS, OR MOTIONS,
OR OTHER DOCUMENTS  LEAVE OF COURT SHALL ONLY BE SOUGHT BY
THE FILING OF A NOTICE OF MOTION INDICATING THE RELIEF
SOUGHT . NO ATTACHMENTS SHALL ACCOMPANY THE NOTICE OF
MOTION. ANY SUCH NOTICE OF MOTION SHALL BE SERVED UPON
MR. LEVIN ONLY IN ACCORDANCE WITH APPLICABLE RULES
IF THE NOTICE OR THE RELIEF SOUGHT IS ALSO FRIVOLOUS, ABUSIVE
OR VEXATIOUS , MARY RADTKE SHALL BE SUBJECT TO FURTHER
SANCTIONS.

   b.) MARY RADTKE IS _RESTRAINED_ FROM HAVING _ANY_ CONTACT
WITH JOHN A. RADTKE  OR ELSIE MANNIX , HIS WIFE.

   C.) ATTORNEYS FEES AND COSTS ARE AWARDED IN FAVOR OF
JOHN A. RADTKE AND AGAINST MARY RADTKE IN AN AMOUNT
TO BE DETERMINED UPON SUBMISSION OF AN AFFIDAVIT IN
SUPPORT OF ATTORNEYS FEES AND HEARING THERE ON.
                                         (CONTINUED ...)

Dated at ~~Waukegan~~ Illinois this
24 day of JUL , 20 00 .
ORDER PREPARED BY: __NEAL K. LEVIN__
            (Please print name and address)
            1970 N. HALSTED
            CHICAGO 60614

ENTER:

_____
JUDGE

X - 3 - 4

171-225 rev 12/99

COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

*PAGE 2 of 4*

IN RE: THE MARRIAGE OF )
)
MARY ELLEN RADTKE )
and )
)
JOHN A RADTKE )

GEN. NO. 92 D 1279

ORDER

(CONTINUATION . . .)

AS REFERENCED IN JOHN A RADTKE'S PETITION FOR SANCTIONS ARE FRIVOLOUS, ABUSIVE AND VEXATIOUS;

④ THAT CAUSE EXISTS TO RESTRAIN ANY FORM OF CONTACT BETWEEN MARY RADTKE AND JOHN A. RADTKE OR ELSIE MANNIX, HIS WIFE.

⑤ THAT CAUSE EXISTS TO SANCTION THE CONDUCT OF MARY RADTKE;

NOW THEREFORE, FOR THE REASONS STATED BY THE COURT, IT IS HEREBY ORDERED:

① THAT MARY RADTKE'S MOTION TO DISMISS IS DENIED;

② THAT MARY RADTKE'S MOTION FOR CONTINUANCE IS DENIED;

③ THAT JOHN A. RADTKE'S PETITION FOR SANCTIONS AND ATTORNEYS FEES IS GRANTED. MARY RADTKE IS SANCTIONED AS FOLLOWS:

a). MARY RADTKE SHALL NOT FILE ANY FURTHER PLEADINGS OR OTHER DOCUMENTS IN THIS CAUSE, PROVIDED, HOWEVER, THAT MARY RADTKE MAY SEEK

Dated at Waukegan, Illinois this
24 day of Aug , 20 00.

ORDER PREPARED BY: NEAL H. LEVIN
(Please print name and address)
1970 N. HALSTED
CHICAGO 60614

ENTER: (CONTINUED . . .)

_____
JUDGE

171-225 rev 12/99

2/4

COUNTY OF LAKE )

PAGE 1 of 4

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

FILED

AUG 24 2000

CIRCUIT CLERK

Mary Ellen Radtke
A/K/A Mary Ellen Hoover and

vs

John A. Radtke

GEN. NO. 92 D 1279

## ORDER

This matter coming before the court on John A. Radtke's Petition for Sanctions and Attorneys Fees and Petition for Rule to Show Cause, each filed August 18, 2000, and Petitioner Mary Radtke's Motion to Dismiss and Motion for Continuance, the former filed on today's date without notice and the latter being un-filed and without notice, notice and jurisdiction being proper as to the Petitions of John A Radtke who appears personally and by attorney Neal H Levin, Mary Radtke appearing pro se both parties being afforded an opportunity to present oral arguments:

THE COURT FINDS:

① That notice of John A Radtke's Petitions is proper under the rules;

② That no cause exists for any extension of time to respond to John Radtke's Petitions.

③ That the filings and pleadings so filed by Mary Radtke

(CONTINUED

Dated at Waukegan, Illinois this
2-4 day of Aug , 20 00 .

ENTER:

ORDER PREPARED BY: Neal H Levin
(Please print name and address)
1970 N. Halsted
Chicago IL 60614

JUDGE

Exhibit X 1-4

17:3 225 rev 12/99

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE   )

FILED
OCT 31 2001
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS      )
                                       )
          -VS-                  )     GEN. NO.    **01 CM 4001**
                                         )                           Formerly 01CM 842
**MARY HOMER**               )

## MOTION TO DISMISS

       Now comes the Defendant, **MARY HOMER,** by his attorney, Assistant Public Defender, Moira G. Aronson, and moves this Honorable Court to dismiss the instant charges against the Defendant. In support of this motion the Defendant states as follows:

1. The Defendant was charged with one count of Disorderly Conduct allegedly occurring on January 31, 2001. The Lake County Public Defender was appointed to represent Ms. Mary Homer.

2. As part of pre-trial negotiation on April 3, 2001, the State represented by Randie Bruno and Defense represented by Keith Grant, agreed that if Ms. Mary Homer was to remain out of the Lake County Law Library the charge would be nolle prosequi at the next date. A new date for a pre-trial conference was set on May 31, 2001.

3. In good faith, Ms. Homer complied with the agreement to stay out of the Lake County Law Library.

4. On May 31, 2001 before the Honorable Judge Lawler, 01 CM 842 was nolle prossed pursuant to the negotiation.

5. On June 12, 2001, the State filed a one-count information against the Defendant, alleging that the Defendant committed the act of Disorderly Conduct on January 31, 2001. This information is a re-file of 01 CM 842.

6. On June 25, 2001, the Lake County Public Defender was again appointed to represent Ms. Mary Homer on the same charge of Disorderly Conduct.

7. The State's re-filing the charges from 01 CM 842 is violating the previously reached and executed agreement.

8. "The Prosecution must honor the terms of agreements it makes with defendants. To dispute the validity of this precept would surely result in the total nullification of the bargaining system between the prosecution and the defense." *People v. Starks*, 106 Ill2d 441, 478

Exhibit Y

N.E2d 350, 354 (1985).  See also *People v. Wendt*, 283 Ill.App.3d 947, 670 N.E.2d 1230, 1234 (1996).

**WHEREFORE,** the defendant requests that this Honorable Court dismiss these charges with prejudice creating a final resolution on this matter as was the intent of the agreement between the parties.

Respectfully submitted,

Moira G. Aronson
Attorney for Defendant

Moira G. Aronson
Office of the Public Defender
15 South County Street
Waukegan, IL 60085
Phone:  (847) 377-3360
Fax: (847) 360-5923

*y*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 02-10280-B-13 |
| MARY HOMER-RADTKE | § | |
| JOHN RADTKE | § | |
| | § | (CHAPTER 13) |
| DEBTOR | § | |

## TRUSTEE'S MOTION TO DISMISS

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE. ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES

IF A RESPONSE IS FILED BY DEBTOR, A HEARING WILL BE SET ON THIS MOTION FOR *JULY 11, 2002 AT 9:05 A.M.* BEFORE THE U.S. BANKRUPTCY JUDGE AT THE UNITED STATES BANKRUPTCY COURT LOCATED AT:

United States Courthouse, 600 E. Harrison, Brownsville, TX 78521

THIS CASE WILL BE DISMISSED TWENTY (20) DAYS AFTER THIS MOTION IS FILED - WITHOUT NOTICE AND HEARING - UNLESS PRIOR TO THE ENTRY OF THE DISMISSAL ORDER, THE DEBTOR FILED A RESPONSE TO THIS MOTION WITH THE U.S. BANKRUPTCY CLERK'S OFFICE LOCATED AT UNITED STATES COURTHOUSE, 1133 N. SHORELINE, CORPUS CHRISTI, TX 78401,

      A.     REQUESTING A HEARING     AND

      B.     STATING THE SPECIFIC REASON WHEREIN THE TRUSTEE IS IN ERROR

      COMES NOW Cindy Boudloche, Trustee ("Trustee"), and moves the Court for

an Order dismissing the Debtors' case as follows:

1.     Debtors filed a joint Chapter 13 petition in bankruptcy on May 10, 2002, pro se.

2.     Debtors have not yet filed complete schedules, statement of financial affairs or a chapter 13 plan.

3.     On information and belief, the Debtors are no longer married, having been divorced on June 2, 1995, and therefore ineligible to file this joint petition in bankruptcy.

Exhibit 2

4.    The alleged Debtor spouse, John Radtke, did not sign the petition in bankruptcy.

5.    The alleged Debtor spouse, John Radtke, is a resident of the State of Illinois and, on information and belief, Debtor Mary Homer-Radtke has not been domiciled in or a resident of the Southern District of Texas for 180 days preceding the filing of the petition or for a longer part of such 180 days than in any other District.

WHEREFORE, the Trustee prays the Court to DISMISS this case.

Respectfully submitted:

By: _Mary V. Hower_
Mary V. Hower
MO Bar No.29941/SDTX Ad.No.27924
711 N. Carancahua, Ste. 1508
Corpus Christi, TX 78475
Office: (361) 883-5786  ext. 43
Fax: (361) 882-4973
ATTORNEY FOR TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Dismiss was mailed June 12, 2002, by United States Mail to the Debtors, Debtors' Counsel, U.S. Trustee and the Attorney for the U.S. Trustee.

_Mary V. Hower_
Mary V. Hower

**Debtor(s)**
Mary Homer-Radtke and John Radtke
P.O. Box 533793
Harlingen, TX  78550

**U.S. Trustee**
U.S. Trustee
515 Rusk, Room 3516
Houston, TX  77002

**Attorney for the U.S. Trustee**
Barbara C. Kurtz
Attorney for the U.S. Trustee
606 N. Carancahua, Ste. 1107
Corpus Christi, TX  78476

**And to the following parties of interest**

2

Shiela Zeller, Attorney at Law
Neal H. Levin & Associates. P.C.
954 West Washington Blvd., Ste. 2 SW
Chicago, IL 60607

Catherine Nelson
Bankruptcy Specialist
Internal Revenue Service
Insolvency Group 6
300 E 8th St., Stop 5026 AUS
Austin, TX 78701

Casa Blanca
872 S. Milwaukee
Libertyville, IL 60048

Christopher Briggs
809 N. County St.
Waukegan, IL 60085

Daniel Bender
3358 Neva
Chicago, IL 60034

Darlene Watson
9251 Jamaica Way, #25
Demotte, IN 46310

Helen Homer
1000 Camelot Dr., #6207
Harlingen, TX 78550

Jeremy Radtke
185 Glen Ave., 2F
Grayslake, IL 60030

John A. Radtke
1641 Elmwood
Highland Park, IL 60035

Neil H. Levin
1970 N. Halsted
Chicago, IL 60000

North Shore Agency
P.O. Box 8909
Westbury, NY 11590-8909

SBC Ameritech
Chicago, IL 60085

William Garris
600 Cypress
Waukegan, IL 60085

William Homer
1118 Keith
Waukegan, IL 60085

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:                          §
                                §          CASE NO. 02-10280-B-13
MARY HOMER-RADTKE              §
JOHN RADTKE                     §
                                §          (CHAPTER 13)
        DEBTOR(S)               §

## ORDER OF DISMISSAL

Came on this day for consideration the Trustee's Motion to Dismiss, and, having considered the pleadings and the evidence presented thereon, the Court finds that relief should be granted as prayed.

IT IS THEREFORE ORDERED that the above referenced case is hereby dismissed.

Dated:_____

_____
U.S. Bankruptcy Judge

2

AO 440 Rev 10 93 Summons n a C v Action

# United States District Court

## DISTRICT OF

MARY HOMER - RADTKE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: B-02-..063

JOHN A. RADTKE

TO: (Name and address of defendant)

John A. Radtke
1641 Elmwood
Highland Park
Illinois 60035

John A. Radtke
% B. Radtke & Sons, Inc
101 W. Main St.
Round Lake Park
Illinois 60073

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mary Homer - Radtke, pro per
c/o 1000 Camelot Drive #6207
Harlingen, Texas 78550

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

April 2, 2002

DATE

(BY) DEPUTY CLERK

Exhibit AA