*Original*
*please file* 28

United States District Court
Southern District of Texas
FILED

NOV 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE )
    Plaintiff, )
     )   Civil No. B-02-063
    v. )
     )
JOHN A. RADTKE )
    Defendant. )

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, petitioner in the above-entitled cause, filed NOTICE OF OBJECTION TO LETTER DATED OCTOBER 11, 2002 TO JUDGE RECIO FROM NEAL H. LEVIN and Affidavit with the Clerk of the Court, U.S. Courthouse, 600 E. Harrison St., Brownsville, Texas 78520 on October 2**3**, 2002.

*stroke on Oct 23*

Mary Homer-Radtke

### PROOF OF SERVICE

A true, correct, and complete copy of NOTICE OF OBJECTION TO LETTER DATED OCTOBER 11, 2002 TO JUDGE RECIO FROM NEAL H. LEVIN and Affidavit was mailed first class to John A. Radtke, 1641 Elmwood Dr., Highland Park, Illinois 60035 on October 23, 2002 from an Illinois post office.

Mary Homer-Radtke

October 22, 2002
Mary Homer-Radtke
P.O. Box 126
Lake Jackson, Texas 77566

Temporary
408 N. Lake St. #108
Mundelein, Illinois 60060

IN THE UNITED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE         )
    Plaintiff,         )
                       )    Civil No. B-02-063
      v.              )
                       )
JOHN A. RADTKE          )
    Defendant.         )

NOTICE OF OBJECTION TO LETTER DATED OCTOBER 11, 2002 TO JUDGE
RECIO FROM NEAL H. LEVIN

COMES NOW Mary Homer-Radtke, claiming sui juris status as
plaintiff in the above-styled cause respectfully objects to the
letter from Neal H. Levin and in support of the objections states
the following:

    1.    Mary Homer-Radtke filed a PETITION AND COMPLAINT IN
THE NATURE OF A PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF
and MOTION FOR PRELIMINARY INJUNCTION on April 2, 2002.

    2.    Proper service was given to John A. Radtke on April
16, 2002.

    3.    John A. Radtke was in technical default for failing to
answer or appear as of May 7, 2002.  John A. Radtke was in
technical default before Mary Homer-Radtke filed bankruptcy on
May 10, 2002 naming John Allen Radtke as spouse.

    4.    Mary Homer-Radtke filed requests for default pursuant
to F.R.C.P. 55(a) that were sent certified mail to Olivia
Gutierrez or any clerk with authority to the Courthouse at
Brownsville, Texas and the Courthouse at Corpus Christi, Texas.

    5.    Neal H. Levin made a surprise visit to the Courthouse
on May 28, 2002 without timely filing of a pro hac vice, without
service to Mary Homer-Radtke, without proof of service, and
without the signature of Judge Recio.  Agent Neal H. Levin did
not have standing to argue pro hac vice on behalf of his client
John A. Radtke.  Agent Levin did not have standing to tender
documents to the court.  Agent Levin did not provide copies to
Mary Homer-Radtke.  According to the Minutes (#12), agent Levin

1

tendered a void judgment and void settlement to the court knowing the documents were not in the trial court record.  Multiple notices were given to John A. Radtke and Elsie Pendregast Mannix that the judgment and settlement were void ab initio.  On May 28, 2002, agent Levin's argument was hearsay due to the fact that agent Levin has no personal knowledge of the marriage of John Allen Radtke and Mary Ellen Homer.

6.    Mary Homer-Radtke properly served Neal H. Levin and John A. Radtke summons and complaint for sanctions for signing a pro hac vice in violation of Supreme Court Rule 6 and for violations of the federal rules of evidence, 402 and 403.

7.    Mary Homer-Radtke sent certified mail requests for default to the Clerks at Brownsville and Corpus Christi, Texas.

8.    Upon information and belief, when Case B-02-063 was referred to the bankruptcy court, it was filed in the civil division rather than the bankruptcy division.  Mary Homer-Radtke noticed the court in the filing of documents that as of the dismissal on July 11, 2002, the bankruptcy court no longer had jurisdiction over the parties or the marriage of John Allen Radtke and Mary Ellen Homer.  Mary Homer-Radtke was not given notice of an adversary case number until after dismissal of the bankruptcy case.

9.    Mary Homer-Radtke received an ORDER SETTING HEARING for August 7, 2002 executed by Judge Richard Schmidt on July 25, 2002.  This was the first communication from the court with an adversary number.  A true, correct and complete copy of the order evidencing the fact that John Radtke's name had been removed as debtor on July 25, 2002 is attached hereto as Exhibit A.

10.   Mary Homer-Radtke filed the following in response to the dismissal and Judge Schmidt's order: MOTION TO STRIKE THE VOID PRO HAC VICE PURSUANT TO SUPREME COURT RULE 6 with AFFIDAVIT file stamped July 29, 2002; EMERGENCY OBJECTION TO BANKRUPTCY COURT'S FRAUDULENT CONVERSION OF FEDERAL CASE B-02-063 TO ADVERSARY CASE 02-2054-C with AFFIDAVIT file stamped July 31, 2002; EMERGENCY OBJECTION TO HEARING SET FOR AUGUST 7, 2002 with

2

AFFIDAVIT file stamped July 31, 2002; NOTICE TO LETTY GARZA IN REGARD TO NO NOTICE OF COMPLAINT FOR HEARING AND NO JURISDICTION OVER MARY HOMER-RADTKE, appearing specially, file stamped August 12, 2002; NOTICE TO TRUSTEE, CINDY BOUDLOCHE, AND BANKRUPTCY COURT OF VOID RULE 23 ORDER with AFFIDAVIT, appearing specially, file stamped August 12, 2002.

11.    The fax transmission sent August 6, 2002 to Letty Garza from Mary Homer-Radtke states:

"This is notice to Letty Garza pursuant to telephone announcment made by Mary Homer-Radtke on July 29, 2002 regarding Case No. 02-10280-B-13/Adv No. 02-2054-C.  I did not receive a complaint for the ORDER SETTING HEARING executed by Judge R. Schmidt on July 25, 2002.  As I said on July 29, 2002, I am duty bound helping my 94 year old mother move which is scheduled for August.  I believe the bankruptcy court lost jurisdiction on July 11, 2002.  Please file this (attached) notice and notice of filing with the clerk of the court."

12.    According to the docketing statement printed late August at the Courthouse in Brownsville, a hearing was held on August 7, 2002.

13.    Mary Homer-Radtke received the same ORDER SETTING HEARING for October 9, 2002 executed by Judge Richard Schmidt on August 20, 2002. A true and correct copy of the order evidencing the fact that John Radtke's name had been removed as debtor is attached hereto as Exhibit C.

14.    Mary Homer-Radtke filed the following motions in response to Judge Schmidt's second ORDER SETTING HEARING: EMERGENCY OBJECTION AND MOTION TO CORRECT THE WORDING OF ORDER OF DISMISSALS FOR CASE NO. 02-10280-B-13 with AFFIDAVIT, special appearance, file stamped August 23, 2002; EMERGENCY OBJECTION TO ENTRY IN RECORD AND MOTION TO VACATE FROM THE RECORD THE VOID RULE 23 ORDER EXECUTED BY STATE APPELLATE JUDGES P.J. HUTCHINSON, CALLUM AND J.J. KAPALA ON APRIL 1, 2002, VOID JUDGMENT OF JUNE 6, 1995 AND VOID SETTLEMENT OF JUNE 2, 1995 with AFFIDAVIT, special appearance,  file stamped August 23, 2002; NOTICE AND ANNOUNCEMENT TO LETTY GARZA AND COURT OF OBJECTION TO "ORDER

3

SETTING HEARING" EXECUTED BY JUDGE RICHARD S. SCHMIDT ON AUGUST
20, 2002 FOR BANKRUPTCY COURT'S LACK OF JURISDICTION with
AFFIDAVIT, special appearance, sent certified mail and faxed on
September 24, 2002 (80 pages, evidence of legal marriage of John
Allen Radtke and Mary Ellen Homer); AFFIDAVIT regarding gross
error in the computerized trial court docket with a certificate
of mailing on October 2, 2002; MOTION FOR CONTINUANCE OR, IN THE
ALTERNATIVE, DEFAULT JUDGMENT DECLARING LAWFUL THE MARIAGE OF
JOHN ALLEN RADTKE AND MARY ELLEN HOMER-RADTKE with AFFIDAVIT sent
certified mail September 30, 2002.

15.   Mary Homer-Radtke returned to Illinois to participate
in a seminar and prepare a brief for an appeal in the unlawful
foreclosure on property for which there is no promissory note.  A
true and correct copy of a final accounting on the bankruptcy
evidencing Associated Mortgage, Inc. as "unsecured" is attached
hereto as Exhibit D.

16.   When Mary Homer-Radtke's mother fell, Mary Homer-
Radtke prepared and filed a motion for an extension of time to
file the brief allowing Mary Homer-Radtke opportunity to return
to her home in Texas to care for her mother.  A true and correct
copy of the motion which has not been ruled upon is attached
hereto as Exhibit E.

17.   John A. Radtke tracks the whereabouts and intentions
of Mary Homer-Radtke through their children.  When it was evident
that Mary Homer-Radtke would not be appearing on October 9, 2002
in Brownsville, Texas the void "SUA SPONTE ORDER REOPENING CASE
FOR LIMITED PURPOSE AND DENYING ALL MOTIONS FILED AFTER
DISMISSAL" and the void "SUA SPONTE ORDER DISMISSING CASE" were
entered without notice to Mary Homer-Radtke due to exparte
communications. In response to the ORDER SETTING HEARING ordering
interested parties to appear on October 9, 2002, Mary Homer-
Radtke mailed a MOTION FOR CONTINUANCE OR, IN THE ALTERNATIVE,
DEFAULT JUDGMENT DECLARING LAWFUL THE MARIAGE OF JOHN ALLEN
RADTKE AND MARY ELLEN HOMER-RADTKE with AFFIDAVIT which was
entered into the record on October 2, 2002.

18. Mary Homer-Radtke objects that Judge Richard Schmidt, without authority conferred by jurisdiction, sua sponte removed John Radtke as debtor when Mary Homer-Radtke has provided evidence that John Allen Radtke and Mary Ellen Homer are legally married. Illinois as well as Texas is a community property state. Mary Homer-Radtke has the God-given and legal right to name John Allen Radtke as her spouse.

19. Mary Homer-Radtke objects that Judge Richard Schmidt, without authority conferred by jurisdiction, sua sponte denied all motions filed by Mary Homer-Radtke and changed the dismissal executed by Judge Leal to "dismissed with prejudice" denying Mary Homer-Radtke access to the court.

20. Mary Homer-Radtke objects that agent Neal H. Levin's letter dated October 11, 2002 is written to deceive Judge Recio for the following reasons: agent Levin fails to reference the ORDER SETTING HEARING executed on July 25, 2002 and again on August 20, 2002 whereby Mary Homer-Radtke was being coerced into appearing in court as an "interested party" on August 7, 2002 or October 9, 2002 which would effectively waive personal jurisdiction; agent Levin fails to attach the ORDER SETTING HEARING evidencing Judge Schmidt's removal of John Allen Radtke as debtor before the void sua sponte orders were entered on September 4, 2002; agent Levin falsely states that "we had served a Motion for Sanctions and Attorney Fees" knowing that Mary Homer-Radtke has not been served; agent Levin fails to disclose that he did not give service of a motion delivered via overnight courier on August 2, 2002 to Mary Homer-Radtke; agent Levin is coercing Judge Recio into ruling on a motion knowing that both his client and himself are in technical default; agent Levin is attempting to receive sanctions for attorney fees and expenses in excess of $16,000 for arguing pro hac vice on May 28, 2002 and July 11, 2002 in violation of Supreme Court Rule 6.

21. Mary Homer-Radtke objects that agent Levin intends that Judge Recio grant a ruling for attorney fees and expenses in favor of John A. Radtke. John A. Radtke instigated an unlawful

foreclosure action on the family residence, 98CH1240, with the
intention of purchasing the property at the Sheriff's sale. Agent
Levin engaged in felony slander of title on February 5, 2001 by
converting unlawful sanctions against Mary Homer-Radtke granted
in Case 92D1279 to a judgment lien against Casa-Blanca (trust),
owner of property. Agent Levin intends to collect the sanctions
for attorney fees and expenses via seizure of the property. A
true, correct, and c        e affidavit of plaintiff's agent Kim M.
Casey evidencing numerous billings for communications with John
and preparation of an affidavit for John A. Radtke, defendant, is
attached hereto as Exhibit F.

22. Jeremy Radtke, son of Mary and John, received a copy
of agent Neal H. Levin's letter to Honorable Felix Recio on
October 16, 2002. Mary Homer-Radtke does not have access to the
bankruptcy filings and has not received copies of the void sua
sponte orders. Mary Homer-Radtke has not had the opportunity to
object to or to respond to said void orders.

23. Mary Homer-Radtke objects to agent Neal H. Levin's
letter to Honorable Felix Recio as prejudicing the court.

24. Mary Homer-Radtke made requests for default judgment
as John A. Radtke was in technical default for not answering or
appearing as of May 7, 2002. John A. Radtke was in technical
default prior to the bankruptcy filing on May 10, 20002. John A.
Radtke was in technical default prior to the Order entered on
June 11, 2002 referring this case to the bankruptcy court.

25. Mary Homer-Radtke objects to agent Levin's attempt to
have heard a motion without an answer or appearance by John A.
Radtke. Technical defaults for both the summons and complaint
entered on April 2, 2002 and the summons and complaint entered on
June 11, 2002 must be removed before motions can be entered by
the parties.

26. Mary Homer-Radtke objects to agent Neal H. Levin
attaching as evidence void sua sponte orders to justify removal
of John Allen Radtke as debtor. The orders are void and not
merely voidable. The ORDER SETTING HEARING executed on July 25,

2002 and August 20, 2002 by Judge Richard Schmidt evidences prior intention to remove John Allen Radtke as debtor and bias and prejudice against Mary Homer-Radtke.

### AFFIDAVIT

I, Mary Ellen Homer-Radtke, of lawful age and competent to testify, state as follows based on my own personal knowledge:

I. I have been denied income from and enjoyment of my personal and real property since Jane Waller executed an order on July 30, 1992 converting the property to the control of my husband, John A. Radtke.

II. I filed an appeal to vacate a void judgment/settlement on August 30, 2000.

III. I inspected the trial court record finding that there was no void judgment/settlement in the trial court record.

IV. I was denied the opportunity to supplement the record with a void judgment and void settlement by the Appellate Court.

V. I filed a petition for declaratory judgment and a motion for injunctive relief with the United States Court in the Southern District of Texas to determine a theory of indemnity to claim lawful portion of the marital estate of John Allen Radtke and Mary Ellen Homer-Radtke.

VI. I had the right to a default judgment on May 7, 2002.

VII. I was traumatized when agent Neal H. Levin made a surprise visit to Judge Recio's courtroom on May 28, 2002.

VIII. I objected knowing that agent Levin did not have standing in the court.

IX. I objected when I saw agent Levin tender documents to the court without giving me a copy.

X. I heard Judge Recio say that he was going to recommend dismissal of the case.

XI. I gave proper service to agent Levin and John A. Radtke summons and complaint for sanctions for violations of Supreme

Court Rule 6 and for tendering inadmissible documents as evidence.

XII. I made requests to the clerk for default judgments.

XIII. I did not receive the default judgments.

XIV. I was not granted my motion for injunctive relief.

XV. I wrote a motion to vacate Judge Recio's order referring Case B-02-063 to the bankruptcy court which was never heard.

XVI. I agreed to dismiss my bankruptcy case naming John Allen Radtke as my spouse on July 11, 2002 because I did not have time to access the documents stored in Illinois to prepare the required financial statements and plan due to an impending move with my 94 year old mother.

XVII. I was confronted in the lobby of the courthouse by agent Levin on July 11, 2002.

XVIII. I heard agent Levin say that he thought I am a joke and the judges think I am a joke.

XVIX. I heard agent Levin say that sanctions he mailed me had been returned to him.

XX. I saw a green card signed by somebody that agent Levin claimed was proof of service for documents returned to him.

XXI. I heard agent Levin tell me that I had to withdraw my bankruptcy filing and my petition for declaratory judgment and injunctive relief or he was going to get sanctions against me.

XXII. I heard agent Levin say that he was going to get the Lake County Office of the Recorder of Deeds in Illinois to remove my liens on properties.

XXIII. I heard agent Levin ask me what I wanted.

XXIV. I heard and saw agent Levin telling me that I was going to get zero by holding up his fingers in a circle.

XXV. I filed requests for default judgments on my petition for sanctions against agent Levin and my husband, John A. Radtke with the court clerks at Brownsville and Corpus Christi.

XXVI. I did not receive the default judgments.

XXVII.  I returned to Illinois for a seminar and to prepare an appeal brief in an unlawful foreclosure action.

XXVIII. I discovered that a theft had occurred with perfected negotiable instruments missing, approximately $150,000 face value in loans to B. Radtke & Sons, Inc. missing, my marriage license missing, 15 trusts missing, and legal documents missing.

XXIX. I wrote affidavits filing them with Mundelein, Illinois police report.

XXVIII. I discovered at the Office of the Recorder of Deeds that the properties encumbered with priority liens and U.C.C. financial statements had been sold.

XXIX.  I discovered on September 19, 2002 and September 26, 2002 that the records in Case 92D1279 and Case 99P729 have been tampered with.

XXX.  I was given a FedEx delivery made to my son Jeremy Radtke on October 16, 2002 which contained a letter dated October 11, 2002 delivered by overnight courier to Judge Felix Recio.

XXXI. I was not served copies of a complaint for sanctions.

XXXII. I was not given notice of a hearing on September 4, 2002 wherein Judge Schmidt sua sponte negated the order of dismissal by Judge Leal entered on July 11, 2002.

XXXIII. I was denied the opportunity to object.

XXXIV. I was denied the opportunity to appear.

XXXV. I am going to write a motion to vacate the void sua sponte orders.

XXXVI. I object that agent Levin is writing Judge Felix Recio knowing that John A. Radtke is in technical default of the complaint filed on April 2, 2002.

XXXVII. I object that agent Levin is writing Judge Felix Recio when he as attorney and principal John A. Radtke are in technical default of a complaint for sanctions for signing an untimely filed pro hac vice without notice to Mary, without proof of service and without having been executed by Judge Recio.

9

XXXVIII. I object that agent Levin has attached exhibits of void sua sponte orders intending to influence Judge Felix Recio to be biased and prejudiced against Mary Homer-Radtke.

XXXIX. I object that agent Levin is writing Judge Felix Recio for sanctions which cannot be granted against a non-attorney litigant.

XXXX. I have been damaged financially, socially, and emotionally.

Further Affiant sayeth naught.

Mary Ellen Homer-Radtke
P.O. Box 126
Lake Jackson, Texas 77566

STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF LAKE


Before me, the undersigned, a Notary Public in and for said County and State on this 22ND day of October, 2002, personally appeared MARY HOMER RADTKE to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 12-14-2004  Diane Villarreal Notary Public


"OFFICIAL SEAL"
DIANE VILLARREAL
Notary Public, State of Illinois
My Commission Exp. 12/14/2004

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARY ELLEN HOMER-RADTKE | § | Case No. 02-10280-B-13 |
| | § | |
| | § | Chapter 13 |
| Debtor(s) | § | |
| | § | |

| | | |
|---|---|---|
| MARY ELLEN HOMER-RADTKE | § | |
| | § | |
| Plaintiff(s) | § | |
| | § | Adv. No. 02-2054-C |
| vs. | § | |
| | § | |
| JOHN ALLEN RADTKE | § | |
| | § | |
| Defendant(s) | § | |
| | § | |

## ORDER SETTING HEARING

You are hereby notified that a hearing is set on the Complaint (Docket Entry #1), before the Honorable Richard S. Schmidt on: August 7, 2002, at 9:00 a.m.

> United States Bankruptcy Courtroom
> Third Floor
> United States Courthouse
> 600 East Harrison
> Brownsville, Texas

A docket call will not be held prior to this hearing. Announcements are to be made in writing via telefax to Letty Garza (361)888-3481, no later than 1:00 p.m. on July 31. Failure to make announcements by fax (or by telephone if necessary) may result in this matter not being heard.

It is therefore ORDERED that all interested parties shall appear at the date and time indicated above.

It is further ORDERED that the clerk shall serve a copy of this Order on the Movant.

It is further ORDERED that pursuant to Bankruptcy Local Rule 2002, Movant shall serve a copy of this notice to all parties that are required to be served and, pursuant to Bankruptcy Local Rule 1001(h), Movant shall file a certificate of service with the clerk.

Dated: **JUL 2 5 2002**

RICHARD S. SCHMIDT
United States Bankruptcy Judge

*Exhibit A*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARY ELLEN HOMER-RADTKE | § | Case No.  02-10280-B-13 |
| | § | |
| | § | Chapter 13 |
| Debtor(s) | § | |
| | § | |

| | | |
|---|---|---|
| MARY ELLEN HOMER-RADTKE | § | |
| | § | |
| Plaintiff(s) | § | |
| | § | Adv. No.  02-2054-C |
| vs. | § | |
| | § | |
| JOHN ALLEN RADTKE | § | |
| | § | |
| Defendant(s) | § | |
| | § | |

### ORDER SETTING HEARING

You are hereby notified that a hearing is set on the Application for Removal (Docket Entry #1), before the Honorable Richard S. Schmidt on: October 9, 2002, at 9:00 a.m.

> United States Bankruptcy Courtroom
> Third Floor
> United States Courthouse
> 600 East Harrison
> Brownsville, Texas

A docket call will not be held prior to this hearing. Announcements are to be made in writing via telefax to Letty Garza (361)888-3481, no later than 1:00 p.m. on  October 2. Failure to make announcements by fax (or by telephone if necessary) may result in this matter not being heard.

It is therefore ORDERED that all interested parties shall appear at the date and time indicated above.

It is further ORDERED that the clerk shall serve a copy of this Order on the Movant.

It is further ORDERED that pursuant to Bankruptcy Local Rule 2002, Movant shall serve a copy of this notice to all parties that are required to be served and, pursuant to Bankruptcy Local Rule 1001(h), Movant shall file a certificate of service with the clerk.

Dated: __AUG 2 0 2002__

RICHARD S. SCHMIDT
United States Bankruptcy Judge

*Exhibit C*

UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE
PO BOX 533793

CASE NO. 02-10280-B

HARLINGEN  TX  78550
SSN1: 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 SSN2: 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

FINAL REPORT AND ACCOUNTING
September 20, 2002
DISMISSED BEFORE CONFIRMATION
    I, Cindy Boudloche, Chapter 13 Trustee, am filing the following final report and
counting and certify that the estate has been fully administered.  Any objections to this
nal report and account must be filed within 30 days.

CEIPTS:
ount paid to Trustee by or for the Debtor for benefit of creditors.$       .00

| EDITOR'S NAME | CLASS | CLAIM AMT | PRIN PD | INT PD | BAL DUE |
|---|---|---|---|---|---|
| SOCIATED MORTGAGE INC | DISPUTED UNSE | .00 | .00 | .00 | UNCONFIRME |
| SA BLANCA | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| RISTOPHER BRIGGS | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| NIEL BENDER | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| RLENE WATSON | DISPUTED UNSE | .00 | .00 | .00 | UNCONFIRME |
| LEN HOMER | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| REMY RADTKE | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| HN A RADTKE | DISPUTED UNSE | .00 | .00 | .00 | UNCONFIRME |
| M M CASEY | DISPUTED UNSE | .00 | .00 | .00 | UNCONFIRME |
| TIONAL CITY BANK | UNSECURED | 1,601.05 | .00 | .00 | UNCONFIRME |
| IL H LEVIN | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| RTH SHORE AGENCY | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| C AMERITECH | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| LLIAM GARRIS | UNSECURED | .00 | .00 | .00 | UNCONFIRME |
| LLIAM HOMER | UNSECURED | .00 | .00 | .00 | UNCONFIRME |

| | |
|---|---|
| COURT CLERK | .00 |
| TRUSTEE EXPENSE | .00 |
| TRUSTEE COMP | .00 |
| ATTORNEY FEE | .00 |
| PRIORITY | .00 |
| SECURED | .00 |
| INTEREST | .00 |
| UNSECURED | .00 |
| OTHER | .00 |
| ** TOTAL ** | .00 |

TTORNEY PRO SE DEBTOR

ATE CONFIRMED:
ATE CLOSED: Jul 11, 2002

EFUND TO DEBTOR         .00

*Cindy Boudloche*

TRUSTEE

*Exhibit D*

RECEIVED

OCT 0 2 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

COPY

FILED

OCT 0 2 2002

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

Case No. 2-02-0504
APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

|  |  |
|---|---|
| Associated Mortgage, Inc. ) | Appeal from the Circuit |
| ) | Court of the Nineteenth |
| plaintiff/appellee ) | Judicial Circuit |
| ) | Lake County, Illinois |
| v. ) |  |
| John Radtke, Mary Radtke ) |  |
| Loch Lomond Property ) | Gen. No. 98 CH 1240 |
| Owners Association, ) |  |
| Libertyville National Bank) |  |
| Casa Blanca trust dated ) | Honorable Stephen Walter, |
| 1998 ) | Judge Presiding |
| defendant/appellant. ) |  |

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT on October 2, 2002 I filed with the Ap-
pellate Court of Illinois, Second District, the attached APPEL-
LANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO PREPARE
BRIEF and AFFIDAVIT.

### PROOF OF SERVICE

I, Mary Homer-Radtke, swear under penalties as provided by

law pursuant to 735 ILCS 5/1-109, that I served this notice by

mailing a true and correct copy to Kim M. Casey, Holmstrom & Ken-

nedy,P.C., 800 N. Church St., P.O. Box 589, Rockford, Illinois

61105 on October 2, 2002 at Illinois with proper postage at-

tached.

Mary Homer-Radtke
C/o P.O. Box 126
Lake Jackson, Texas 77566

Exhibit E-1

3.)  Mary Homer-Radtke denies that the trial court has or had jurisdiction at any time.

4.)  Without jurisdiction all of the orders of the trial court were void ab initio.

5.)  When jurisdiction is denied, Illinois law clearly places the burden on the party that claims a court has jurisdiction to prove it.

6.)  At no time has Associated Mortgage, Inc. proven that the trial court held jurisdiction.

7.)  Unless Associated Mortgage, Inc. clearly proves that the trial court, a court of limited jurisdiction, held jurisdiction, under Illinois law, there can be no presumption that the trial court held jurisdiction.

8.)  Under Illinois law, the establishment that a trial court holds jurisdiction must come from the record of the case.

9.) Judge Stephen Walter has taken judicial notice that the necessary parties have not been joined. Illinois law requires a true and correct copy of a promissory note and mortgage be attached for relief. The "Lost Note" Affidavit executed by William Sullivan is evidence that Associated Mortgage, Inc. is not holder of the promissory note. Relief cannot be granted. Inspection of the record evidences the fact that Associated Mortgage, Inc. has no legal authority in this matter. Employees of Associated Mortgage, Inc. and employees of affiliates of Associated Banc-Corp have failed to respond to qualified written inquiries as required by federal servicing law and Fair Debt Collections Practices Act.

2

E₂

Inspection of the record shows that a greedy attorney saw the opportunity to file a frivolous lawsuit engaging the court as a forum to extort money for attorney fees and court costs.

10.) This court gave an extension of time, 45 days, for filing of Appellant's brief due to Appellant's commitment to care for her mother in Texas.

11.) While Mary Homer-Radtke was ordered to appear in the United States Court for the Southern District of Texas, agent Kim M. Casey was engaging in foul play on behalf of Associated Mortgage, Inc. for the purpose of procuring a default judgment in the state trial court.

12.) When Mary Homer-Radtke returned to Illinois where the trial court records for Appeal 2-02-054 were stored, there had been a theft. A true, correct and complete copy of the Freedom of Information Act request for police report #02-14082 and affidavits are attached hereto as Exhibit A-1, A-2 and A-3 respectively.

13.) Mary Homer-Radtke has not had the opportunity to search for the records for Case 98CH1240.

14.) On October 1, 2002, Mary Homer-Radtke received notice that her 94 year old mother had fallen and was hospitalized. A true, correct, and complete copy of the notice is attached hereto as Exhibit B.

15.) Mary Homer-Radtke has a fiduciary duty to return to Texas to care for her 94 year old mother.

3

E_3

16.) This court's ORDER requiring Appellant to prepare a brief for a foreclosure action in which the trial court does not and never has had jurisdiction is a hardship.

17.) WHEREFORE, Appellant Mary Homer-Radtke, respectfully requests:

(1)  that in the interest of fair play and judicial economy this court compel Associated Mortgage, Inc. to prove from the record of the case that the trial court held jurisdiction at any time;

(2)  that this court require proof of jurisdiction before granting an extension of time for Appellant to prepare Appellant's brief allowing Mary Homer-Radtke the time to care for her elderly mother.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Respectfully submitted,

"With explicit reservation of all rights"

Mary Homer-Radtke

October 1, 2002

Mary Homer-Radtke
c/o P.O. Box 126
Lake Jackson, Texas 77566

E+

4

## VILLAGE OF MUNDELEIN
## DEPARTMENT OF POLICE

Date Records Requested____September 21, 2002____

Requestor's Name (Print)____Mary Homer - Radtke____

Requestor's Address (Print)____Will pick up____ PO Box 126 Lake Jackson Tx 77566

Requestor's Phone Number____N/A____

I hereby request to inspect or have copied the following public records:    968-4600

1.____02-14082____

2._____

I certify under penalty of perjury that this request is not for the purpose of furthering a commercial enterprise, and that the information received will not be utilized for furthering a commercial enterprise, nor is this information to be used to violate individual privacy nor to disrupt the duly undertaken work of any public body.

_____
**Signature of Requestor**

A charge will apply for the research of records under this act. The minimum charge will be $.25 for each page photocopied. The Mundelein Police Department has seven working days to make a decision as to approval or denial. If you are not contacted within seven days your request has been denied. If your request is denied you may appeal that decision to the Mayor of the Village of Mundelein, 440 east Hawley Street, Mundelein, IL 60060

Received by the Mundelein Police Department:____ 10/1/02 3:29 PM.
**Clerk's Signature/Date/Time**

Command Officer   Approved_____   Deny_____   Cost_____

Request Received _____        _____
            **Date and Time**                        **Person Receiving**

Exhibit A-1
E 5

AFFIDAVIT IN SUPPORT OF THEFT OF PROPERTY FROM 502 DUBLIN, MUNDELEIN, ILLINOIS BETWEEN THE 10TH OF MARCH AND THE 8TH OF SEPTEMBER, 2002

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1) On or about the 8th of March, I went through the records in my office, in my sitting room, and in my basement and removed specific files to take with me to Texas.

2) On or about the 8th of March, I observed that all documents, including but not limited to, documents recorded with the Lake County Recorder of Deeds, the U.S. District Court in Chicago, the 19th Judicial District Circuit Court, the Cameron County Recorder's Office, the Secretary of State of Illinois and the Secretary of State of Texas were stored in plastic boxes, in marked cardboard boxes, in a metal file cabinet and an oak file cabinet, and a small fireproof box.

3) On or about the 9th of March, I went through personal items to pack.

4) On or about the 9th of March, I observed that my personal possessions were in order.

5) On or about the 8th of September, 2002 I returned to 502 Dublin, Mundelein, Illinois.

6) I observed that my home was in disarray.

7) I observed boxes in the kitchen, hallway, living-room, bedrooms, and basement which were not there on the 9th of March, 2002.

8) I observed that kitchen cabinets were empty with boxes of food in front of the cabinets.

9) I observed that my financial records had been removed from the living-room.

10) I observed that audio tapes, video tapes, and the cordless telephone/answering machine had disappeared from my bedroom and that the drawers under my bed were empty.

11) I observed that two plastic boxes of U.C.C.1 financial statements stored in my office were no longer there.

12) I saw two packages of U.C.C. forms on the floor.

1

Exhibit A-2
E6

13)  I opened file drawers to the two file cabinets finding that most of the file drawers were empty.

14)  I observed that that the three ring binders that held copies of documents from the Lake County Recorder of Deeds were empty.

15)  I observed that the firebox where I kept original liens, air and mineral rights, original loan documents, my shares for B. Radtke & Sons, Inc., and original documents of value was empty.

16)  I searched in my black rolling file baskets and observed that the personal green file folders for Jessica Radtke, Jeremy Radtke, Rebecca Radtke and Jeffrey Radtke and my personal file folder was not there. The file folders contained social security information, birth certificates, original marriage license, Canadian identification cards, bonds, and professional licensing certificates.

17)  I observed that the two-line telephone, tape recorder, and audio tapes were no longer in my study.

18)  I observed that computer disks were missing.

19)  I observed that a blue box containing 15 original trusts was no longer next to the firebox.

20)  I observed that original charging letters and defaults filed in a plastic box were no longer there.

21)  I found three black plastic bags of audio tapes in the back yard.

22)  I observed that blue tarps were partially covering things in the backyard.

23)  I observed that the original court records for Case 98CH1240 were no longer in the cases where I had stored them.

24)  I searched and could not find the original court records for Case 98CH1240.

25)  I went into the basement storage room observing that there were no longer five apple boxes of court records.

26)  I saw that the law books were no longer in the book cabinet.

$E_7$

27)  I observed that my professional counseling library, audio and video tapes were no longer on the bookshelves.

28)  I saw that half of the white cardboard boxes labeled with respective cases were missing from the wall in the utility room.

29)  I confronted my children about the missing items and have not been advised as to the whereabouts of the missing items.

30)  Upon information and belief, the following is a part and partial list of items missing: original U.C.C.1 financial statements, original liens on property, original marriage license, original court documents for Case 98CH1240, original charging letters, original loans to B.Radtke & Sons, Inc., original loan to Audrey Kirkpatrick, certified birth certificates, 15 trusts, banking records, tax records, certificate of authenticity of Martin guitar, air and mineral rights lien, shares to B.Radtke & Sons, Inc., computer disks, seminar video tapes, telephones, tape recorders, law books, mental health professional books.

Mary Homer-Radtke

STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF LAKE

Before me, the undersigned, a Notary Public in and for said County and State on this _16th_ day of _Sept._ , 2002, personally appeared _Mary Homer-Radtke_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act. Given under my hand and seal the day and year last above written.

My commission expires _12-14-04_

_Diane Villarreal_ Notary Public

"OFFICIAL SEAL"
DIANE VILLARREAL
Notary Public, State of Illinois
My Commission Exp. 12/14/2004

3

E8

SECOND AFFIDAVIT IN REGARD TO THE THEFT OF PROPERTY FROM 502 DUBLIN, MUNDELEIN, ILLINOIS BETWEEN THE 10TH OF MARCH AND THE 8TH OF SEPTEMBER, 2002 - WRITTEN ON SEPTEMBER 31, 2002

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1) I appeared at the Mundelein Police Department on the 18TH day of September in the year 2002 to report a theft from the home at 502 Dublin located in the Village of Mundelein, Illinois. The home has posted no trespassing signs on the doors.

2) The police report was assigned the number 02-14082.

3) I estimate that the missing negotiable instruments have a face value in excess of $50M.

4) I have looked for the named instruments in the place where they were kept.

5) I have searched for the named instruments throughout the house.

6) Negotiable instruments which I have not found, believing them stolen, include three original loan documents executed by John A. Radtke as President of B.Radtke & Sons, Inc.: $54,000+ to Mary Ellen Radtke; $52,000+ jointly to John A. Radtke and Mary Ellen Radtke; $42,000+ to Helen M. Homer. I have power of attorney over the loan to Helen M. Homer that was paid in part. The loans are due 9% interest paid monthly since January of 1992 with the exception of the joint loan which paid interest to John A. Radtke according to the 1992 corporate tax returns for the month of January, 1992. The court records for Case 92D1279 referencing the loan documents are currently being held by the Appellate Court-Second District in Elgin, Illinois according to Jane H. and Candie, Clerks of the trial and appellate courts. The corporate tax records evidence the validity of the loan documents.

7) Negotiable instruments which I have not found, believing them stolen, include a perfected negotiable instrument for $30,000,000.00 against S.P. McKay, Lake County Deputy #555, Lake County Sheriff's Department. Evidence of the negotiable instrument is documented with the Office of the State's Attorney due to the false arrest of Mary Homer-Radtke on January 31, 2001 in the William Block Memorial Library.

1

Exhibit A-3
E9

8)    Negotiable instruments which I have not found, believing them stolen, include a perfected judgment against John A. Radtke for $9,960,000.00USD for breach of the fiduciary relationship, financial exploitation, and damages pursuant to Illinois law. Evidence of the judgment is filed in the Lake County Office of the Recorder of Deeds - filing 4805394.

9)    Negotiable instruments which I have not found, believing them stolen, include a perfected judgment against Elsie Virginia Pendregast Mannix (Radtke) for $9,960,000.00USD for willfully aiding and abetting John A. Radtke, husband in the lawful marriage of John Allen Radtke and Mary Ellen Homer, in the financial exploitation of Mary Homer-Radtke, with the intention of permanently depriving Mary Homer-Radtke of use and enjoyment of the marital estate of John Allen Radtke and Mary Ellen Homer and non-marital property owned by Mary Homer-Radtke that was unlawfully converted to the control of John A. Radtke on July 30, 1992, and for alienation of affection pursuant to Illinois law.

10)    I have not found and believe stolen perfected defaulted instruments against Elaine Collins, Ina Berkley, Kathleen Roseborough, Eva Schwartzman, Neal H. Levin, Sally Lichter, Douglas Stiles for financial exploitation of a disabled person pursuant to the laws of Illinois. Some of these instruments are documented in the public record.

11)    I have not found and believe stolen defaulted instruments under the Freedom of Information Act sent to persons including, but not limited to, Jim Wipper, Barbara Richardson, Barb Iwanski, Sally D. Coffelt, Gary Del Re, and Marianne Zimmerman.

12)    I have named specific documents in order to establish that I, Mary Ellen Homer-Radtke, had these instruments in my possession prior to the theft reported to the Mundelein Police Department on September 18, 2002.

13.)    I have named specific documents to establish that I, Mary Ellen Homer-Radtke, have the right to foreclose on the named instruments.

13)    Further Affiant sayeth naught.

Mary Homer-Radtke

2

E10

STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF LAKE
    Before me, the undersigned, a Notary Public in and for said
County and State on this _31_ day of _October_, 2002, personally
appeared _Mary Homer-Radtke_ to me known to be the identical person
who executed the within and foregoing instrument and acknowledged
to me that he executed the same as his free and voluntary act.
Given under my hand and seal the day and year last above written.
My commission expires _____

_____ Notary Public

"OFFICIAL SEAL"
A.J. OBENAUF
Notary Public, State of Illinois
My Commission Exp. 12/14/2004

3

E

MARY,

I DROPPED BY TO GIVE YOU A MESSAGE
BUT YOU WEREN'T HOME.

GRANDMA FELL OUTSIDE ON SUNDAY (I THINK)
AND HURT HER HAND PRETTY BAD, THREE
BROKEN FINGERS AND SOME TORN SKIN.
SHE'S HAD HAND SURGERY AND IS IN THE
HOSPITAL UNTIL TUESDAY. THE HOSPITAL
NUMBER IS 281-996-5000 ROOM 250.
ERIC SAW HER TODAY AND I CALLED HER
THIS AFTERNOON. SHE IS DOING WELL,
BUT THEY ARE WORRIED ABOUT INFECTION
AND SHE'LL BE SORE FOR QUITE A WHILE.
SHE'LL BE RELEASED SOMETIME TUESDAY
TO GO HOME.

IF YOU NEED TO REACH ME, MY CELL #
IS 262-880-3845. I'M GOING TO ERIC'S
HOUSE TO CHECK HIS LAWNS AND MOW
IF NEEDED.

TAKE CARE,

JOHN F. HOMER

Exhibit B   E₁₂

Case No. 2-02-0504
APPEAL TO THE APPELLATE COURT OF
ILLINOIS, SECOND DISTRICT

| | | |
|---|---|---|
| Associated Mortgage, Inc. | ) | Appeal from the Circuit |
| | ) | Court of the Nineteenth |
| plaintiff/appellee | ) | Judicial Circuit |
| | ) | Lake County, Illinois |
| v. | ) | |
| John Radtke, Mary Radtke | ) | |
| Loch Lomond Property | ) | Gen. No. 98 CH 1240 |
| Owners Association, | ) | |
| Libertyville National Bank | ) | |
| Casa Blanca trust dated | ) | Honorable Stephen Walter, |
| 1998 | ) | Judge Presiding |
| defendant/appellant. | ) | |

AFFIDAVIT

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1.) I am appellant in the above-entitled action.

2.) I am appearing specially by affidavit to move the court to compel Appellee to prove that the trial court had jurisdiction before Appellant is ordered to prepare Appellant's brief.

3.) I have been trapped in the trial court in Lake County for approximately four years due to a complaint and amended complaint to foreclosure on property located at 502 Dublin, Mundelein, Illinois.

4.) Upon information and belief, I am being wrongfully accused of lawfully owing Associated Mortgage, Inc..

5.) I have researched the Illinois statutes finding that unless a true, correct, and complete copy of promissory note is attached to the complaint, relief cannot be granted in the court.

6.) I have lived in fear of the judges in the Lake County court system who have denied my motions to dismiss this case.

7.) To the best of my knowledge, I have exhausted all private, administrative, and court remedies seeking to restore clear title to the property.

8.) To the best of my knowledge, I have exhausted all private, administrative, and court remedies seeking to stop the seizure of the property.

1

E13

9.) I have given notice to the trial court and the appellate court that the trial court lacks jurisdiction in this matter.

10.) I am duty bound to care for and help my elderly mother.

11.) I was denied the opportunity to defend in the foreclosure action because I was court ordered to appear in the United States Court for the Southern District of Texas.

12.) I filed the appeal because agent Kim M. Casey, on behalf of Associated Mortgage, Inc., engaged in foul play by setting for hearing a motion for a default judgment without notice to Mary Homer-Radtke.

13.) I returned to Illinois where the court records were stored in order to prepare the brief as court ordered.

14.) I discovered that documents and negotiable instruments had been stolen from my home in Illinois.

15.) I received notice that my mother was hospitalized for a fall requiring me to return to Texas.

16.) I cannot prepare the brief.

17.) My children and I have been traumatized for nearly four years due to the unlawful foreclosure action.

18.) I was never given notice of a pending lawsuit.

19.) I was never served with summons and complaint.

20.) I deny that the trial court at any time had jurisdiction.

21.) I have been damaged financially, socially, and emotionally as a result of foreclosure action, 98CH1240.

22.) I have read the Affidavit and know the contents of said document; and

23.) Of my own knowledge, the matters set out in the Affidavit are true of my own knowledge, except as to those matters set forth upon information and belief, and as to matters set forth upon information and belief, I believe those matters to be true.

23.) Further Affiant sayeth naught.

_Mary Homer-Radtke_

Mary Homer-Radtke

E14

2

STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF LAKE

    Before me, the undersigned, a Notary Public in and for said
County and State on this _2w_ day of _OCT_ , 2002, personally
appeared _MARY ELLEN HANEN - NAOTHLL_ to me known to be the identical person
who executed the within and foregoing instrument and acknowledged
to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above
written.

My commission expires _2-9-05_

                      _Barbara J. Coleman_ Notary Public

```
"OFFICIAL SEAL"
BARBARA J. COLEMAN
Notary Public, State of Illinois
My Commission Exp. 02/09/2005
```

3

E,S

)LMSTROM & KENNEDY, P.C.
)0 North Church Street
)0. Box 589
)ckford, IL 61105-0589
.15) 962-7071

Statement No.  187963
Tax ID No. 36-3948759

December 12, 2001
File No. 9323400-000250 KMC

Associated Bank                    Re:  Radtke, John A. 1002929
Attn: Asset Recovery Dept.
1305 Main Street
Stevens Point    WI 54481

---

Previous Balance . . . . . . . . . . . . . . .    1,476.57

  11/27/01 Paid on Account - Thank You       1,476.57
                      Total Payments:        1,476.57

Previous Balance Remaining . . . . . . . . . .       .00

  New Charges . . . . . . . . . . . . . .      2,700.22

CURRENT BALANCE DUE . . . . . . . . . . . . . .      2,700.22

---

ETAIL OF NEW CHARGES BILLED THIS STATEMENT, IF APPLICABLE:

rofessional Services Rendered

| Date | Description |
|------|-------------|
| L/01/01 | Receive and review Motion to Disqualify; Motion for Sanctions and Motion to Take Judicial Notice. |
| ./02/01 | Receive and review Motion for Expenses. |
| ./02/01 | Review pleadings. |
| ./05/01 | Prepare for hearing on all pending Motions. |
| ./06/01 | Court Appearance - Hearing on Motion to Disqualify our Motion to Dismiss Counterclaim and Third Party Claim |
| ./06/01 | Review Jury Demand Procedure and Prior Pleadings. |
| ./12/01 | Review Draft Order; fax comments to Attorney Levin. |
| L/13/01 | Prepare for hearing on Motions. |
| L/14/01 | Court Appearance - Motions for Sanctions. |
| L/16/01 | Draft Motion to Strike Jury Demand. |
| L/16/01 | Draft Affidavit for John Radtke. |
| L/16/01 | Research and draft Affidavit on Motion for Judgment. |
| L/19/01 | Letter to Attorney Levin with Affidavit for J. Radtke. |
| L/20/01 | Telephone conference with G. Byrne regarding Mundelein history. |

C. 000084

Exhibit F

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. B-02-063 |
| | ) | |
| John A. Radtke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter coming before the court on NOTICE OF OBJECTION TO LETTER DATED OCTOBER 11, 2002 TO JUDGE RECIO FROM NEAL H. LEVIN and AFFIDAVIT, all parties having been given due notice, the court being advised in the premises and having jurisdiction of the parties and the subject matter,

IT IS HEREBY ORDERED THAT this court is given notice of Plaintiff's objections to Neal H. Levin's request to hear Rule 11's which were not served upon Mary Homer-Radtke and notice that John A. Radtke is in technical default for failing to answer the complaint and Neal H. Levin and John A. Radtke are in technical default for failing to answer the the petition for sanctions is hereby

allowed ____ denied ____.

_____
Judge Felix Recio