IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 26 2002

Michael N. Milby
Clerk of Court

Mary Homer-Radtke   )
                    )
    Plaintiff       )
                    )
         v.         )
                    )   No. B-02-063
                    )
John A. Radtke,     )
                    )
    Defendant.      )
                    )

EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE

COMES NOW Mary Homer-Radtke, plaintiff, reserving rights under U.C.C. 1-207 objecting to the brief and void attachments moving this court to strike from the record the brief of John A. Radtke and in support states the following:

1. Mary Homer-Radtke mailed a letter dated October 14, 2002 to Clerks Olivia Gutierrez and LuLu Mardis regarding requests for default judgments mailed to courthouses in Brownsville and Corpus Christi, Texas. John A. Radtke was in technical default on May 7, 2002 for failing to answer or appear. John A. Radtke and Neal H. Levin were in technical default for failing to answer or appear regarding a summons issued on June 11, 2002 and complaint served by certified mailing on June 12, 2002. A Pro Hac Vice signed by Neal H. Levin was not timely filed, was without proof of service, and was not signed by a judge in violation of Supreme Court Rule 6. Agent Neal H. Levin did not have standing in the court on May 28, 2002 when he tendered to the Court a void judgment and void settlement which are not in the trial court record (Docket Entry #12).

1

2. Mary Homer-Radtke rreceived from Olivia Gutierrez an Order of the court requiring a brief and hearing on December 2, 2002.

3. Mary Homer-Radtke was hospitalized with a stroke on October 23, 2002. Due to visual impairment, Mary Homer-Radtke cannot drive and cannot read to do research. A true and correct copy of the visual test is attached hereto as Exhibit A.

4. Mary Homer-Radtke received John Radtke's brief in an envelope mailed on November 14, 2002.

5. Mary Homer-Radtke objects to the attachments A, B, C, as irrelevant and not admissable as evidence of Mary Homer-Radtke's intent. Exhibits A, B, and C are neither evidence of Mary Homer-Radtke's physical presence nor intent.

6. Mary Homer-Radtke objects to Exhibit D as irrelevant pursuant to Rules of Evidence, Rule 402 and 403. There is no judgmment dissolving the marriage of John Allen Radtke and Mary Ellen Homer in the trial court record. John and Mary are lawfully married. John secretly engaged in bigamy. On May 28, 2002 , John's agent, Neal H. Levin, was without standing in the court when he argued on behalf of John A. Radtke and tendered Exhibit D, the void judgment, to the court without giving a copy to Mary. Mary Homer-Radtke objected to Neal H. Levin being allowed to speak and tender documents. The minutes of the hearing are evidence that Judge Recio relied on the judgment to Mary's detriment. Mary was denied access to the court and a default judgment due as of May 7, 2002.

7. Mary Homer-Radtke objects to Exhibit E as irrelevant pursuant to Rules of Evidence, Rule 402 and Rule 403. Jurisdiction never transferred to the Appellate Court because there was no judgment of dissolution of the marriage of John Allen Radtke and Mary Ellen Homer in the trial court record. Mary Homer-Radtke could not vacate a void judgment which was not in the trial court record.  Judge Jane Waller financially exploited Mary Hommer-Radtke by trapping Mary Homer-Radtke in the trial court. Without jurisdiction conferred by a petition, Judge Jane Waller executed a restraining order denying Mary the opportunity to claim possession of the marital estate of John Allen Radtke and Mary Ellen Homer.  Judge Jane Waller called sanctions for $5,000 against Mary, a judgment.  Judge Jane Waller failed to write an interlocutory order conferring jurisdiction to the Appellate Court.   The Appellate Court-Second District denied motions to supplement the record.    Consequently the appellate Court never had jurisdiction.  The Appellate Court cannot make a void judgment valid.  The Supreme Court has declared Rule 23 Orders unconstitutional.  Agent Neal H. Levin attaches the void Rule 23 Order to decieve and influence the Court.

8.) Mary Homer-Radtke wrote an emergency motion on October 2, 2002, to the Appellate Court in order to return to Texas when Affiant's 94 year old mother fell, broke fingers in her right hand, and was hospitalized. The Clerk of the Court said that the judges didn't consider caring for Affiant's mother an emergency. Mary Homer-Radtke could not return to Texas until the court ruled

3

on the motion for an extension of time or the trial court would seize the property and sell it to an "innocent third party".

9.) On October 22, 2002, Mary Homer-Radtke filed an objection with the Appellant Court noticing the court of fraud. In trial case 98CH1240. Associated Mortgage, Inc.'s agent, Kim M. Casey drafted an affidavit for John A. Radtke in support of the sale. Upon information and belief, John A. Radtke intends to collect sanctions for attorney fees through the federal court on December 2, 2002 that John or agent Levin will be paid with the proceeds from the sale of the property.

10.) On October 23, 2002, Mary Homer-Radtke was hospitalized for a stroke. Mary Homer-Radtke did not go to the hospital immediately due to the fact that Mary does not have health care insurance or money to pay for services. In order to prevent permanent visual impairment, Mary would have had to go to the hospital within three hours. Mary is visually impaired due to the fact that the federal court has not granted default judgmments and preliminary injunction. Affiant has been denied income from and enjoyment of the property since Judge Jane Waller, without jurisdiction, converted the property to John A. Radtke on or about July 30, 1992.

11.) Mary Homer-Radtke objects to John A. Radtke's brief which was filed knowing that Mary intends to return to Texas; that Mary experienced a stroke; that Mary needs a heart operation before returning to Texas; and knowing that Mary is visually impaired requiring someone to drive Mary to Texas.

12.) Mary Homer-Radtke corrected the jurisdictional defect of the PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF in the AMENDED PETITION AND COMPLAINT IN THE NATURE OF A PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF. The amended complaint was sent to the Clerk of the Court by certified mail on November 8, 2002. The amended complaint was mailed to John A. Radtke on November 8, 2002.

13.) Mary Homer-Radtke wants a trial by jury in Case B-02-063.

14.) Mary Homer-Radtke objects to the hearing on December 2, 2002. Mary Homer-Radtke will not waive the right to appear on her own behalf.

15.) WHEREAS the brief of John A. Radtke must be stricken from the record due to the void attachments.

**AFFIDAVIT**

I, Mary Homer-Radtke, of lawful age and competent to testify being first duly sworn, upon oath state as follows:

I. I am plaintiff in the above styled matter.

II. I was do default judgent on May 7, 2002.

III. I am legally married to John A. Radtke.

IV. I have searched the trial court record many times without finding a decree.

V. I requested that Sally Coffelt, Clerk of the Court, send me evidence of a decree pursuant to the Freedom of Information Act.

VI. I did not receive the required response to my request.

VII. I have been financially exploited by John A. Radtke, John's agents, and officers of the court.

VIII. I have been adjudicated by the courts to be a poor person.

IX. I have acted in good faith at all times.

X. I heard John say that he intended to buy real property with a postal address of 502 Dublin, Mundelein, Illinois at Sheriff's sale.

XI. I was denied the opportunity to defend in the foreclosure action during the month of May due to an Order of this court ordering only Affiant to appear in court on May 28, 2002.

XII. I objected to agent Neal H. Levin being allowed to argue pro hac vice without proper filing, without notice, without proof of service, in violation of Supreme Court Rule 6.

XIII. Upon information and belief, I was damaged due to Judge Recio's reliance on a void judgment and void settlement tendered by agent Levin that are not in the trial court record. Entry #12)

XIV. Upon information and belief. I was damaged when agent Levin was allowed to tender a void Rule 23 Order.

XV. I wrote motions to strike the pro hace vice, to strike/vacate from the record the void judgment, the void settlement, and the void Rule 23 Order.

XVI. I filed an emergency motion with the Appellate Court in an effort to return to Texas to care for my elderly mother who had fallen, had an operation, and was hospitalized.

XVII. I could not leave for Texas without receiving a ruling.

XVIII. I heard the Clerk say that the judges did not consider my motion an emergency on October 22, 2002.

XIX. I wrote Olivia Gutierrez and LuLu Mardis asking why I had not received the timely requested default judgments.

XX. I had a stroke on October 23, 2002.

XXI. I did not go to the hospital immediately due to the fact that I am poor.

XXII. I am visually impaired.

XXIII. I have told our children my intentions.

XXIV. Upon information and belief, our children have communicated with my husband, John A. Radtke.

XXV. I received an Order from Olivia Gutierrez ordering a brief due November 15, 2002 and a hearing on December 2, 2002.

XXVI. I sent notice to the court of the stroke and visual impairment.

XXVII. I no longer will allow the court to appoint an attorney.

XXVIII. I will not waive my right to appear on my own behalf.

XXIX. I prepared for mailing on October 23, 2002 an amended complaint which cures the jurisdictional defects of the original complaint.

XXX. I was hospitalized on October 23, 2002 so I could not mail the amended complaint until November 8, 2002.

XXXI. I am dependent on friends to drive me.

XXXII. I cannot prepare a brief.

XXXIII. Upon information and belief, the brief of John A. Radtke is void due to the void attachments.

XXXIV. Upon information and belief, John intends that Judge Recio rely on the brief to dismiss this case.

XXXV. I have a right to default judgments.

XXXVI. If I had default judgments, I would have claimed possession of lawful portion of the property.

XXXVII. I would not have been poor on October 23, 2002.

XXXVIII. I would have gone immediately to the hospital where I would have been given blood thinners to dissolve the blood clot.

XXXIX. I have been damaged financially, socially, emotionally, and now physically.

"With Explicit Reservation of All Rights"

_Mary Homer-Radtke_
Mary Homer-Radtke

STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF LAKE


    Before me, the undersigned, a Notary Public in and for said County and State on this 23rn day of NOV, 2002, personally appeared MARY HOMER LANTKE to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires 2-9-02   Barbara J. Col____ Notary Public

```
"OFFICIAL SEAL"
BARBARA J. COLEMAN
Notary Public, State of Illinois
My Commission Exp. 02/09/2005
```

Name Homer-Radtke, Mary    DOB 1/14/45    orientation x3 nl
Fam Hx: glc    cat Parents
Date 10/29/02    Pt Hx - heart    Hnt    maj med prob
Last eye exam 2001 with Optometrist    glc    DM    cat mac degen
CC: history Master's Degree in    MEDS: social work    FOR: mood, affect okay
Visual distortions

→ No meds prior to hospitalizat.

making breakfast last Wednesday
pain behind Rt side of back of head
— looked spaced out    Drive    day    night
— not    Allergies to meds    ETOH    smoke
                                NKA    general constitutional    okay
lost left field of vision

One letter at a time
VSC  R 20/80  50±  PH         VCC  R _____ 20/  50±  PH
ccl  L 20/60  50±  PH              L _____ 20/  50±  PH

READERS  R_____    OU' AT    ADD
         L_____      5

REF given to patient  R       ADD
                       L

                                    2 strgth
RX manifest  R  -1.00 +50 x 180 = 20/25 -3   MAN  +2.50
             L  -75 +50 x 5      20/25 -3    RET
                                              CYC    ADD

EEE         OD       OS
  LIDS LASHES                              MUS BAL
  LACRIMAL                                 MROD  XT  ET  ORTHO
  CONJ: bulbar palpebral   Okay →          EOMI
  SCL                                      NO MARCUS GUNN
  PUPILS SIZE  2 (2.5) 3    2 (2.5) 3  shape  nl nl
  NON REACTIVE 1  2  3 non R 1 (2) 3        STEREO  Fly
TA < 14/14  TIME 430                              Animal  Ø
                                                  Dot
  SL  CORNEA endoth, epith                COLOR  OD Ø
      stroma tearfilm                            OS missed
      AC depth cells flare                       1/4 out of 4
      LENS clarity          Okay →        FIELDS  AMS
      capsule cortex nucleus                     CON  FULL
FUNDUS  MEDIA                             DILAT  1/2 MYD  2 1/2 HOMA
        DISC C/D ratio      Okay →        Direct  Indirect  +78 lens
        MACULA                            K:
        VESS NFL                          left superior OS
        PERIPH                            homonomy hemi
                             PLAN         Quadranon of sig
IMP  Refractive Error                     Rt occipt lobe
     Cataract  Incipient  Cortical  Nuclear   Glasses
     Glaucoma Suspect  Open Angle  Closed     PC        RTO:       FOR:
     Blepharitis                              CL  Order now    (1) 3 mos
     Pinguecula                                   Fit Later    (2) 6 mos
     Vitreous Floaters       Headache      Eyelash Scrub      (3) 1 yr
     Diabetic Retinopathy    Maculopathy                      (4) 2 yrs
     Hypertensive Retinopathy  Conjunctivitis   Antibiotic    (5)

J.T. Muni, M.D. • 890 Garfield Avenue • Suite 104 • Libertyville, Illinois 60048 • 847-367-8272

Exhibit A





Homer-Radtke 10-29-02

Disability
working on medicare
Jim

A-3

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mary Homer-Radtke | ) |
| Plaintiff, | ) |
| v. | ) No. B-02-063 |
| John A. Radtke, | ) |
| Defendant. | ) |

### ORDER

This matter coming before the court on EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE and AFFIDAVIT, all parties having been given due notice, the court being advised in the premises and having jurisdiction of the parties and the subject matter,

IT IS HEREBY ORDERED THAT Plaintiff's EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE is hereby

granted ___ denied ___.

_____
Judge Felix Recio

*refund
please file*

IN THE UNTED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARY HOMER-RADTKE )<br>    Plaintiff, )<br>                  )<br>v.                   )<br>                  )<br>JOHN A. RADTKE )<br>    Defendant. ) | Civil No. B-02-063 |

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, petitioner in the above-entitled cause, filed LETTER to JUDGE RECIO DATED NOVEMBER 10, 2002 and EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE and Affidavit and EMERGENCY MOTION FOR EXPENSES with the Clerk of the Court, U.S. Courthouse, 600 E. Harrison St., Brownsville, Texas 78520 on November 23, 2002.

_____
Mary Homer-Radtke

PROOF OF SERVICE

A true, correct, and complete copy of the letter, the EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE and EMERGENCY MOTION FOR EXPENSES and Affidavit was mailed first class to Neal H. Levin, 954 W. Washinton Blvd, Ste 2SW Chicago, IL 60607 on November 23, 2002.

_____
Mary Homer-Radtke

October 22, 2002
Mary Homer-Radtke
P.O. Box 126
Lake Jackson, Texas 77566

Temporary
408 N. Lake St. #108
Mundelein, Illinois 60060