*original 34*
*please file*

Mary Homer-Radtke                                November 10, 2002
Temporary:
408 N. Lake St., #108        P.O. Box 126
Mundelein, Illinois 60060    Lake Jackson, Texas 77566

United States District Court
Southern District of Texas
FILED

Honorable Felix Recio
U.S. Courthouse                                  NOV 26 2002
600 E. Harrison,
Brownsville, TX 78520                            Michael N. Milby
                                                 Clerk of Court

RE: Homer-Radtke v. Radtke – B-02-063, U.S. District Court, Southern District of Texas

Dear Judge Recio:

     I was hospitalized for a stroke on October 23, 2002. About 8:30am I experienced a pain behind my ear and severe vision problems. I would have gone immediately to the hospital if I had insurance or money to pay for services. I am poor.

     I have been financially exploited by my husband with the cooperation of judges and officers of the court in the 19th Judicial District Circuit Court under the color of law. The court was without jurisdiction on July 30, 1992 when Judge Jane Waller converted the marital estate and my non-marital loans to the control of my husband, John A. Radtke. Although I was asked by employees, I was denied the opportunity and right to manage our businesses. I found through personal experience that the Lake County Courthouse serves as a collection agency for attorney fees. The attorneys are beholden to the judges.

     When I researched void judgments beginning in December/January 2000, I gave repeated notice and opportunity to contact me to everyone, including, but not limited to, Jane Waller, John A. Radtke, and Elsie Mannix that John and I are legal husband and wife. A void judgment does not have the force and effect of law and can be vacated directly or collaterally.

     In good faith, I tried to claim the right to possession of my property in the trial court system in July of 2000, Jane Waller was assigned as judge. All my motions were denied. Jane Waller said that she took the record home so she knew that there was no dissolution of the marriage of John Allen Radtke and Mary Ellen homer in the trial court record. On August 30, 2000 when I appealed the Order of July 31, 2000, Jane Waller knew that the Appellate Court did not have jurisdiction.

     My husband's agent, Neal H. Levin was in on the scheme to financially exploit me. Jane Waller signed a restraining order without a petition or jurisdiction of the court on August 24, 2000 and granted John a rule to show cause and sanctions of $5,000(asked over $15,000) which were called a "judgment" . Under Illinois law, only a pleading can end in a judgment, not a petition for sanctions. John's agent, Neal H. Levin, converted the sanctions to a memorandum of judgment lien slandering title of property and then entered the foreclosure action that John initiated with a counter-complaint against me to collect the sanctions granted in Case 92D1279.

     Without a final judgment in the record, the Appellate Court did not have jurisdiction over the appeal that I filed on August 30, 2000 - #2-00-1065. Agent Levin wrote an Order on October 13, 2000 forcing me to file any and all petitions by November 10, 2000. The order witten by Jane Waller's attorney entered on January 9, 2001 was written using the wording required in an interlocutory appeal. Jane forgot that she had signed an order for a status hearing on January

1

12, 2001 so she struck the hearing against my objections and made the transcript of the hearing disappear. Jane Waller didn't anticipate that I was going to file a motion to reconsider and set it for hearing on February 25, 200ℓ. Jane Waller was Chief Judge as of January 1st. This time the scheme required agent Levin to file a motion advancing the hearing and challenging the award of attorney fees. He wanted to know why he wasn't receiving the $15,000 requested. Jane Waller denied my motion to reconsider which gave me another appeal.

I was arrested in the law library on January 31, 2001 when I was sitting at a computer preparing a motion to file for transcripts as a pauper. I believe that I was arrested because my motion voided the wording required for an interlocutory appeal denying the Appellate Court jurisdiction. The case was prosecuted by Jane Waller's husband, Michael Waller who does business as the State's Attorney. There is no justice for non-attorneys. It took me close to one year before the false arrest was dismissed with prejudice. During that time, an arrest warrant was issued for my failure to show for a hearing which was not noticed. I was damaged financially, socially, emotionally, and professionally.

I believe that the judges in the Appellate Court denied my motions to supplement the record because the judges knew that the judgment was void ab initio and was procured by fraud. I believe the judges in the Appellate Court were protecting their colleagues in the trial court. The judges called their Rule 23 Order a "final order" trying to make a void judgment, missing from the record, valid. The Appellate Court's Rule 23 Order entered on April 1, 2002 is void. The Rule 23 Order is also void because the Appellate Court never had jurisdiction – can't vacate a final judgment when there isn't a final judgment to vacate in the trial court record . The Order of January 9, 2001 was not interlocutory because the issues were not resolved. I wrote motions to vacate the void Rule 23 Order and filed the motions in the trial court, the Appellate Court, and the bankruptcy court. I believe Judge Richard S. Schmidt wrote the sua sponte orders to avoid ruling on my motions to vacate the void Rule 23 Order, the motion to strike the pro hac vices, and any other motion or evidence that supports the fact that John Allen Radtke and Mary Ellen Homer are lawful husband and wife.

Late in 2001 I received a video taping of a Christian television program, circa 1995, naming Jane Waller, doing business as a judge, and husband Michael Waller, doing business as the State's Attorney as belonging to a coven. I believe that I have been systematically exploited because professionally I became a "whistle blower" exposing the relationship between wicca/cult, the "big business" of illegal drug trafficking and the criminal justice system. I believe that Jane and Michael Waller have sought revenge. I filed three motions for substitution of Jane Waller as judge due to her bias and prejudice in September of 2000 that were denied. I have never been treated fairly by officers of the court in Lake County.

I believe that everyone should be given notice that Michael Waller, doing business as the State's Attorney, participated in the false arrest of my son, Jeffrey Aaron Radtke on October 30, 1992. My son disappeared on November 10, 1992. A public myth regarding a body allegedly on the railroad tracks on November 12, 1992, not that of my son, was created by the media. No family member or friend was allowed to make the legally required positive identification. I believe that the disappearance of my son is directly related to the financial exploitation that I have experienced in the court system – 720 ILCS 5/16-1.3.

I received an ORDER filed on October 17, 2002 from Olivia Gutierrez while in the hospital. I have suffered visual impairment. I cannot see to do the research to file a brief. I filed an amended complaint correcting the jurisdictional defect in the original complaint. I want a jury demand on the amended complaint. When I was capable of doing research, I found that neither

the court nor I can force John to admit that we are married. Since John is a bigamist, he cannot be required to testify against himself. I have provided evidence that John Allen Radtke and Mary Homer-Radtke are legally married and there is no dissolution of the marriage in the trial court record. A review of the record in Case B-02-063 shows that I am due default judgments. This court has jurisdiction and has authority but has not declared my rights. Until I have a theory of indemnity, I cannot foreclose on the property. I remain poor and may be denied needed health care. This court's failure to grant the preliminary injunction gave John the opportunity to transfer title of properties and sell three properties in Lake County, Illinois. I have been damaged financially, socially, and emotionally. I am visually impaired due to the fact that I did not get relief. I cannot drive and cannot appear in court on December 2, 2002.

    If I am going to be represented in court, I am going to have to find an attorney for the disabled to consult who will take this case on contingency. I will not waive my right to represent myself in the court. I have never received effective assistance of counsel and do not trust attorneys. There is nothing that I am saying in this letter that I have not said in affidavits. It is easier for me to write a letter than to write court documents. Since Neal H. Levin writes letters to the judge, I guess I have that same right.

                        Respectfully,

                        Mary Homer-Radtke

cc  Neal H. Levin,    Neal H. Levin & Associates, P.C.,    954 W. Washington Boulevard
    Suite 2 SW, Chicago, IL 60607