35

Original
please file

IN THE UNTED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 26 2002

Michael N. Milby
Clerk of Court

MARY HOMER-RADTKE )
    Plaintiff, )
     )
     )  Civil No. B-02-063
v. )
     )
JOHN A. RADTKE )
    Defendant. )

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, petitioner in the above-entitled cause, filed LETTER to **CLERKS + NOTICE TO STAY PROCEEDINGS DUE TO VISUAL IMPAIRMENT + COURT'S LACK OF JURISDICTION** and Affidavit ~~and EMERGENCY MOTION FOR EXPENSES~~ with the Clerk of the Court, U.S. Courthouse, 600 E. Harrison St., Brownsville, Texas 78520 on November 23, 2002.

_____
Mary Homer-Radtke

PROOF OF SERVICE

A true, correct, and complete copy of the letter, the EMERGENCY OBJECTIONS AND MOTION TO STRIKE BRIEF OF JOHN A. RADTKE and EMERGENCY MOTION FOR EXPENSES and Affidavit was mailed first class to John A. Radtke, 1641 Elmwood Dr., Highland Park, Illinois 60035 on November 23, 2002.

_____
Mary Homer-Radtke

October 22, 2002
Mary Homer-Radtke
P.O. Box 126
Lake Jackson, Texas 77566

Temporary
408 N. Lake St. #108
Mundelein, Illinois 60060

```
                     STATE OF ILLINOIS
       IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
                      COUNTY OF LAKE
                                    )
ASSOCIATED MORTGAGE, INC.           )
                                    )
      Plaintiff,                    )
                                    )
           v.                       )   No. 98 CH 1240
                                    )
JOHN A. RADTKE, MARY ELLEN          )
RADTKE, CASA-BLANCA TRUST           )
Dated January, 1998,                )
LIBERTYVILLE NATIONAL BANK,         )
LOCH LOMOND PROPERTY OWNERS         )
ASSOCIATION,                        )
      defendant.                    )
```

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT Mary Homer-Radtke, defendant in the above-entitled cause, filed NOTICE TO STAY PROCEEDINGS DUE TO VISUAL IMPAIRMENT AND COURT'S LACK OF JURISDICTION with the 19th Judicial District Circuit Court, Waukegan, Illinois on November 22,, 2002.

## PROOF OF SERVICE

A true, correct, and complete copy of <u>NOTICE TO STAY PROCEEDINGS DUE TO VISUAL IMPAIRMENT AND COURT'S LACK OF JURISDICTION</u> was mailed to Gary Del Re, Sheriff's Department, at 25 Martin Luther King, Waukegan, Illinois 60085 and records to the Appellate Court, Second District, 55 Symphony Way, Elgin, Illinois 60120 and to Kim M. Casey, Holmstrom & Kennedy P.C., 800 N. Church St., P.O. 589, Rockford, Illinois on November _____, 2002 from Illinois.

_____
Mary Homer-Radtke

November 22, 2002
c/o temporary mailing address
408 N. Lake St., #108
Mundelein, Illinois (60060)

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
COUNTY OF LAKE

| | |
|---|---|
| ASSOCIATED MORTGAGE, INC. )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br>JOHN A. RADTKE, MARY ELLEN )<br>RADTKE, CASA-BLANCA TRUST )<br>Dated January, 1998, )<br>LIBERTYVILLE NATIONAL BANK, )<br>LOCH LOMOND PROPERTY OWNERS )<br>ASSOCIATION, )<br>   defendant/appellant. ) | No. 98 CH 1240 |

<u>NOTICE TO STAY PROCEEDINGS DUE TO VISUAL IMPAIRMENT AND
COURT'S LACK OF JURISDICTION</u>

COMES NOW, Mary Homer-Radtke, making a special appearance as aggrieved party in the above-styled cause, notices this Court reserving rights under U.C.C.1-207, for NOTICE TO STAY PROCEEDINGS DUE TO VISUAL IMPAIRMENT AND COURT'S LACK OF JURISDICTION and in support of said notice states the following:

   1.)   Inspection of the record of Case No. 98-CH-1240 evidences the uncontroverted fact that a valid Complaint to fForeclose Mortgage and a valid Amended Complaint are not a part of the record and jurisdiction, subject-matter or in personam, was never conferred upon the trial court by law.

   2.)   Inspection of the Record of Case No 1. 98-Ch-1240 evidences the uncontroverted fact that Judge Dunn recused himself, Judge Goshgarian was suspended, and Judge Walter has taken judicial notice that the court is without jurisdiction rendering all orders void ab initio.

   3.)   Mary Homer-Radtke denies that the trial court has or had jurisdiction at any time.

   4.)   Without jurisdiction all of the orders of the trial court are void ab initio.

1

5.) When jurisdiction is denied, Illinois law clearly places the burden on the party that claims a court has jurisdiction to prove it.

6.) At no time has agent for Associated Mortgage, Inc. proven that the trial court held jurisdiction.

7.) Unless Associated Mortgage, Inc. clearly proves that the trial court, a court of limited jurisdiction, held jurisdiction, under Illinois law, there can be no presumption that the trial court held jurisdiction.

8.) Under Illinois law, the establishment that a trial court holds jurisdiction must come from the record of the case.

9.) On or about December of 1999 Mary Homer-Radtke began researching void judgments discovering that the government seizes private property through the state court system by selling the property to "an innocent third party". See JoJan v. Brent as an example of the process whereby without jurisdiction, officers of the court receive a judgment for sale of the property; the judgment is void; the property is sold to an "innocent third party"; the property is not returned to the owner.

10.) On October 23, 2002, Mary Homer-Radtke suffered a stroke with resulting visual impairment. Mary Homer-Radtke did not go to the hospital immediately due to the fact that Mary is poor and without health insurance. Mary was told that treatment within three hours reduces or eliminates permanent disability. Exhibit C

11.) Inspection of the record of Case No. 92-D-1279 evidences the uncontroverted fact that a valid Petition for Dissolution of Marriage is not a part of the record of Lake County Case No. 92-D-1279 and jurisdiction, subject-matter or in personam, was never conferred upon the trial court by law.

12.) Inspection of the record of Case No. 92-D-1279 evidences the uncontroverted fact that Judge Jane Waller, without authority conferred by jurisdiction and without professional accounting licensing, converted the marital estate of John Allen Radtke and Mary Ellen Homer and loans to B. Radtke & Sons, Inc. segregable to Mary to the control of husband, John.

13.) The record in trial court Case 92-D-1279 evidences the elements of conversion that on July 30, 1992 without jurisdiction granting authority to Judge Jane Waller, an order was executed and entered converting Mary's property to the control of John; that Mary had a right to the property; that Mary had a right to immediate possession of the property; that Mary demanded possession of the property.

14.) The record in trial court Case 92-D-1279 evidences the uncontroverted fact that Mary Homer-Radtke gave notice, including, but not limited to, Judge Jane Waller, John A. Radtke, and Elsie Mannix that John and Mary are legally married; that John secretly engaged in bigamy; that Elsie Mannix (Radtke) aided John in financially exploiting Mary; that Judge Jane Waller, without jurisdiction conferred by a petition executed a restraining order on August 24, 2000 denying Mary the right to claim possession of the property converted to John's control on July 30, 1992; that there is no decree in the record; that Mary has been adjudicated a poor person.

15.) The record in trial court Case 98-CH-1240 evidences the uncontroverted fact that John supports the sale of the property with a postal address of 502 Dublin, Mundelein, Illinois; that John told Mary he was denied the opportunity to pay-off the alleged amount owing by plaintiff's attorney, Kim M. Casey; that John and his agents have had frequent contact with plaintiff's agents; that plaintiff's attorney, Kim M. Casey, drafted an affidavit for John supporting the foreclosure; that John dissipated marital assets to send his agent, Neal H. Levin, to Brownsville, Texas on May 28, 2002 and on July 11, 2002; that Mary was denied the right and opportunity to defend in the foreclosure action in May of 2002; that Mary was denied a timely filed demand for trial by jury in May of 2002; that John through agent Neal H. Levin slandered title of the property by converting sanctions against Mary to a memorandum of judgment against Casa-Blanca ; that John and his agents intend to collect attorney fees awarded as sanctions in Case 92-D-1279, $5,000.00; that John and

agents have conspired with officers of the court to collect tens of thousands of dollars for John's support in procurring a judgment for sale of the property.

15.) Prior to the stroke, Mary Homer-Radtke was disabled with congenital Legge-Perthes Disease. Under Illinois law, disabled and elderly are protected against financial exploitation by a fiduciary. A judge has a fiduciary duty to the people who appear in court. The relationship of husband and wife is a fiduciary relationship.

16.) Mary Homer-Radtke has been trapped in the trial court system. Mary Homer-Radtke timely filed motions to dismiss and/or strike the complaint and amended complaint. The record evidences the uncontroverted fact that Mary Homer-Radtke's motions are denied. Mary Homer-Radtke has been traumatized, fearing that this court continues to make rulings in a racket to seize the property by judicial sale to an "innocent third party".

17.) This is notice that Mary Homer-Radtke cannot drive due to the stroke and cannot do research due to the visual impairment. Mary lives in the constitution. Mary Homer-Radtke has not had peace of mind since learning of the frivolous foreclosure action. Mary Homer-Radtke has been damaged financially, socially, emotionally and now physically due to the conversion to the control of John and denial of income from and enjoyment of lawful portion of property of the marital estate of John Allen Radtke and Mary Ellen Homer and property segregable to Mary Homer-Radtke.

18.) This is notice that Mary Homer-Radtke has a right to a stay of proceedings to protect the property from seizure.

## AFFIDAVIT

I.   I was not given notice of a pending lawsuit filed on November 12, 1998 with the Lake County Recorder of Deeds.

II.  I was not served a valid summons and complaint pursuant to Illinois law.

III. I live in the constitution.

IV.  I learned about government seizure of private property

4

through research and personal experience.

V. I have been trapped in the trial court system because my motions are denied by the judges in this case.

VI. I was financially impoverished when Judge Jane Waller without jurisdiction converted the marital estate and property segregable to Affiant to the control of my husband, John Radtke.

VII. I have experienced a breach of my peace ever since learning about the foreclosure action.

VIII. I am terrified in court due to the fact that the judges fail to dismiss the complaint which does not have the promissory note required for relief by law and does not have the elements of a breach of contract.

IX. I was told by my husband, John A. Radtke that he wanted to buy the house at Sheriff's sale.

X. I was told by my husband, John A. Radtke, that plaintiff's agent, Kim M. Casey would not allow John to pay-off the alleged amount owing.

XI. I saw that agent Kim M. Casey drafted an affidavit for John in support of the foreclosure.

XII. I filed in person on October 22, 2002 an objection noticing the Appellate Court of fraud and felony with the intent of collecting attorney fees through seizure of the property.

XIII. I did not go immediately to the hospital when I experienced a pain in my head and visual disturbance at 8:30am on October 23, 2002 due to my poverty and lack of health insurance.

XIV. I cannot drive due to the visual impairment.

XV. I cannot read to do research due to the visual impairment.

XVI. I have been financially exploited by my husband, John A. Radtke.

XVII. I have been financially exploited by my husband's agents including, but not limited to Kathleen Roseborough, Neal H. Levin, Kim M. Casey, Al Jones, and their associates.

XVIII. Upon information and belief, under the law of agency, my husband, John A. Radtke, is responsible for the acts of his agents.

XIX. Upon information and belief, my husband secretly became a bigamist prior to the court hearing set for July 31, 2000 to set aside and vacate the judgment which was not in the record.

XIX. Upon information and belief, Elsie Mannix, nka Elsie Radtke, has aided my husband, John A. Radtke in financially exploiting Affiant.

XX. I have been financially exploited by judges who act without jurisdiction.

XXI. I have the right to income from and enjoyment of the marital estate of John Allen Radtke and Mary Ellen Homer and non-marital loans to the companies.

XXII. I have been adjudicated a poor person by the court.

XXIII. I am visually impaired due to the fact that judges in the 19th Judicial District Circuit Court acted without jurisdiction.

XXIV. I have not had my property restored to the possession of Affiant due to the fact that the Appellate court judges acted without jurisdiction filing a void Rule 23 Order on April 1, 2002.

XXV. I have not had my property restored to the possession of Affiant due to the fact that the federal court in Case 02-063 has relied on a void judgment, not in the record, and the void Rule 23 Order tendered without standing in the court by agent Neal H. Levin to Judge Felix Recio on May 28, 2002.

XXVI. I have not had my property restored to the possession of Affiant due to the fact that the U.S. Trustee has relied on the void judgment, not in the record, the void settlement, not in record, and the void Rule 23 Order entered as a "final order" by Clerk of the Appellate Court.

XXVII. I have a certified copy of CERTIFICATE IN LIEU OF RECORD executed by Sally Coffelt, Clerk of the Court, that was

prepared by Candie, Clerk of the Appellate Court, evidencing the fact that there is no dissolution of the marriage of John Allen Radtke and Mary Ellen Homer.

XXVIII. I have the right to the return of possession of Affiant lawful portion of the property, including the alleged promissory note which is a negotiable instrument.

XXIX. I demand return of possession to Affiant of lawful portion of the property converted to the control of my husband who as bailee had the fiduciary duty to hold the property.

XXX. I have the right to a permanent stay of proceedings to protect the property from seizure by John Radtke and officers of the court.

XXXI. I have been damaged financially, socially, emotionally and now physically.

XXXII. Further Affiant sayeth naught.

Respectfully submitted,

"With explicit reservation of all rights"

_____
Mary Homer-Radtke
c/o P.O. Box 126
Lake Jackson, Texas 77566

C/o 408 N. Lake St., #108
Mundelein, Illinois 60060


STATE OF ILLINOIS                    INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF LAKE

Before me, the undersigned, a Notary Public in and for said County and State on this 23rd day of NOV, 2002, personally appeared MARY HOMER-RADTKE to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 2-9-05

_____ Notary Public

"OFFICIAL SEAL"
BARBARA J. COLEMAN
Notary Public, State of Illinois
My Commission Exp. 02/09/2005

7

Name: Homer-Radtke, Mary   DOB 10/14/45   orientation x3
Date: 10/29/02   Fam Hx: glc   cat   (cataracts)
Last eye exam 2001 with optometrist   Pt Hx: heart  Hnt   maj med prob
CC: history Master's Degree in   glc  DM   cat mac degen
Visual distortions  social work   MEDS:   FOR: mood, affect okay

⊖ No meds prior to hospitalizat.

making breakfast last wednesday
pain behind Rt side of back of head
— looked spaced out   Drive  day  night
— not   Allergies to meds   ETOH  smoke
NKA   general constitutional okay

lost left field of vision

One letter at a time
VSC  R 20/80  50± PH      VCC  R _____ 20/ 50± PH
ccl  L 20/60  50± PH           L _____ 20/ 50± PH

READERS  R _____      OU  AT   ADD
         L _____      5

REF given to patient  R ____   ADD
                      L ____

RX manifest  R  -1.00 +50 x 180 = 20/25 -3  c stgl   MAN  +2.50
             L   -75 +50 x 5    20/25 -2          RET
                                                  CYC   ADD

EEE          OD    OS                MUS BAL
 LIDS LASHES                          NROD  XT  ET  ORTHO
 LACRIMAL      Okay →                 EOMI
 CONJ: bulbar palpebral               NO MARCUS GUNN
 SCL
 PUPILS SIZE  2 (2.5) 3   2 (2.5) 3  shape  nl  nl
 NON REACTIVE 1  2   3  non R 1  2  3        Fly
TA < 14/14   TIME 430                STEREO  Animal ⊖
                                             Dot
SL  CORNEA endoth. epith             COLOR   OD ⊖
    stroma tearfilm                          OS missed ¼ out of 4
    AC depth cells flare   Okay →    FIELDS  AMS
    LENS clarity                             CON  FULL
    capsule cortex nucleus
FUNDUS MEDIA                         DILAT  1/2 MYD  2 1/2 HOMA
       DISC C/D ratio                Direct  Indirect  +78 lens
       MACULA          Okay →        K's
       VESS NFL                      left homony hemi superior OS
       PERIPH                        quadranopsia
                        PLAN         Rt occipt lobe
IMP Refractive Error                 RTO:     FOR:
    Cataract  Incipient Cortical Nuclear  Glasses      (1) 3 mos
    Glaucoma Suspect Open Angle Closed  PC            (2) 6 mos
    Blepharitis                  CL  Order now        (3) 1 yr
    Pinguecula                       Fit Later        (4) 2 yrs
    Vitreous Floaters   Headache   Eyelash Scrub      (5)
    Diabetic Retinopathy Maculopathy
    Hypertensive Retinopathy Conjunctivitis  Antibiotic  JTm

J.T. Muni, M.D. • 890 Garfield Avenue • Suite 104 • Libertyville, Illinois 60048 • 847-361-8272

Exhibit C-1



Homer - Radtke    10·29·02

Disability
working to medicare
        Jim

M-3