UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 1 4 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARY HOMER-RADTKE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-063 |
| | § | |
| JOHN A. RADTKE, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Mary Homer-Radtke has filed this lawsuit against her former husband, John A. Radtke, alleging that an injunction should issue that would prohibit John Radtke from selling or transferring property attained by the couple during their marriage. Mary Homer-Radtke also claims that she is legally still married to her ex-husband. For the following reasons, this Court recommends *sua sponte* that this case be DISMISSED WITH PREJUDICE.

### BACKGROUND

On June 6, 1995, an Illinois trial court dissolved the marriage of John A. Radtke and Mary Homer Radtke, and incorporated the terms of a marital settlement agreement and joint parenting agreement, which was executed by the parties, into the judgment of dissolution. Both parties were represented by counsel at a June 6, 1995 "prove-up" hearing. On July 5, 1995, Mary Homer Radtke filed a motion to set aside and vacate the judgment of dissolution. Plaintiff's motion alleged that the judgment of dissolution had been made under duress. On July 18, 1995, Mary Homer Radtke filed a notice of motion which set her motion to vacate for hearing on July 28, 1995. Although it can not be determined from the record or the pleadings, it appears that

1

Plaintiff's motion to set aside and vacate judgment was unsuccessful in 1995.

Approximately five years later, Plaintiff Radtke filed a *pro se* notice of motion, which set her five year old motion to vacate for a hearing on July 31, 2000. On July 31, 2000, the Illinois state court denied Mary Homer Radtke's motion to vacate as untimely pursuant to a local rule.

On August 18, 2000, Defendant John A. Radtke filed a petition for sanctions and attorney fees pursuant to Supreme Court Rule 137 (in Illinois). The petition alleged that various documents filed by Mary Homer Radtke in 1999 and 2000 were filed without a basis in law or fact and with the intent to harass John A. Radtke. On August 24, 2000, the trial court found that the documents identified in Mary Homer Radtke's petition were frivolous, abusive, and vexatious. The trial court found that sanctions were appropriate and continued the matter for determination of attorney fees and costs. Defendant John A. Radtke was eventually awarded $5,000.00 in sanctions from Mary Homer Radtke. In the Appellate Court of Illinois, Second District, in Cause Number 92–D–1279, decided on April 3, 2002, *all* of Plaintiff Mary Homer Radtke's appeals stemming from her divorce and the sanction situation were either dismissed or affirmed by the appellate court.

On May 21, 2002, Mary Homer Radtke, under the pains and penalties of perjury, filed a notice of appeal with the Circuit Court of the Nineteenth Judicial District in Waukegan, Illinois in a foreclosure action. In the notice of appeal, she listed her address as 408 N. Lake Street # 108 in Mundelein, Illinois, and listed an Illinois phone number as her own. As recently as November 7, 2002, she has sent correspondence to John A. Radtke's attorney with the same return address in Mundelein, Illinois.

Additionally, Plaintiff Mary Homer Radtke inexplicably filed a bankruptcy petition for

herself and her ex-husband John A. Radtke, *without his consent*. The Bankruptcy Court issued an order striking John A. Radtke from the bankruptcy filing and ordered Mary Homer Radtke to file no further pleadings in her main case. Finally, on September 26, 2002, the Bankruptcy Court, *sua sponte*, dismissed the case.[1]

Meanwhile, Mary Homer Radtke filed the instant petition for injunctive and declaratory relief in the United States District Court for the Southern District of Texas, Brownsville Division, on April 2, 2002. Plaintiff claims that she is entitled to bring suit in federal court due to diversity jurisdiction, under 28 U.S.C. Section 1332. She claims that diversity is appropriate due to the fact that she resides in Harlingen, Texas. In Plaintiff's original petition, as well as in all other pleadings Radtke has filed over the past eight months, she attempts to relitigate issues previously decided by the state courts of Illinois.

## ANALYSIS

There exists no subject matter jurisdiction for this court to hear this case because no diversity exists, and this case should be dismissed. No subject matter jurisdiction exists over this cause of action because the parties are both residents of Illinois, thereby destroying the Plaintiff's contention of diversity jurisdiction. This court finds that Mary Homer Radtke is not a resident of Texas, but is merely using her mother's address in Harlingen for the improper purpose of bringing this matter before the Court.

Plaintiff's Illinois residency is supported by the fact that she listed her residence as being in Illinois when she filed a Notice of Appeal in an Illinois foreclosure action on May 21, 2002. Secondly, Plaintiff listed her Illinois address as her return address on envelopes postmarked May

---

[1] See Attached Order, Case No. 02-10280-B-13.

21, 2002, and November 7, 2002, which she mailed to the attorney for the Defendant.

For purposes of satisfying the citizenship element of 28 U.S.C. Section 1332(a), diversity normally requires that an individual have both a physical presence in the state and an intent to reside there indefinitely. Furthermore, a person can have only *one* domicile. This court is convinced that Plaintiff is unable to satisfy the requirement of diversity because not only is she not regularly present physically in the State of Texas, she also has no intent to reside in Texas indefinitely. The Court reaches such a conclusion based on Mary Homer Radtke's sworn pleadings in Illinois. Additionally, Mary Homer Radtke makes no claim to contradict her domicile in Illinois. She only claims that John Radtke's pleadings regarding her address as stated on her sworn pleadings in Illinois "are neither evidence of Mary Homer-Radtke's physical presence nor intent."[2] Therefore, this case should be dismissed based on a lack of jurisdiction.

Additionally, this case should be dismissed *sua sponte* because this court can not exercise jurisdiction over a case in which the Plaintiff has failed to sufficiently plead the necessary amount in controversy. Although Plaintiff made a general allegation that the "res of this controversy exceeds five hundred thousand dollars ($500,000)," such a statement alone is insufficient to meet jurisdictional requirements. If it is apparent from the face of the pleadings that the plaintiff can not recover the amount claimed, the suit must be dismissed.[3] Plaintiff Radtke has failed to sufficiently aver facts, and in fact has presented *no facts whatsoever*, to support her contention that the amount of her claim exceeds $75,000, let alone $500,000.

No case or controversy exists in order for this court to exercise its subject matter

---

[2] See Doc. # 33 at 2.

[3] See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1937).

jurisdiction. Plaintiff and Defendant obtained a Judgment for Dissolution of Marriage on June 6, 1995, whereby the parties divided the marital property pursuant to the Marital Settlement Agreement.[4] Plaintiff apparently has been attempting to relitigate the parties' dissolution since 1995. In addition to numerous other pleadings, the Plaintiff has filed three appeals seeking to vacate the parties' judgment for dissolution. The Appellate Court of Illinois affirmed the parties' dissolution of marriage on April 3, 2002.[5] In this matter, Plaintiff seeks to relitigate the divorce of Plaintiff and Defendant, and to enjoin Defendant from selling or transferring his assets which were legally awarded to him. It further seeks to declare whether the parties remain legally married. In order for a court to exercise judicial power under Article III of the Constitution, a case of controversy must exist. A federal court cannot render advisory opinions nor decide questions that cannot affect the litigants' rights in the case before them.[6] Here, no subject matter jurisdiction exists because no case or controversy exists due to the fact that the parties' marriage has already been dissolved and fully litigated. Furthermore, the Court cannot enjoin Defendant from selling or transferring his property because it has already been awarded to him in the Marital Settlement Agreement entered in 1995. Further, this federal court should not intervene in proceedings where the subject matter is otherwise reserved for the states. Probate and domestic matters are historically such proceedings.

Furthermore, Plaintiff has filed this suit in the wrong venue. Under 28 U.S.C. Section 1391, plaintiff may file suit in a district where either (1) the defendant resides; (2) where

---

[4] See Doc. # 30, Exhibit D.

[5] See Doc. # 30, Exhibit E.

[6] See Preiser v. Newkwirk, 422 U.S. 395 (1975).

5

substantial events or omissions occurred giving rise to the cause of action; or (3) where the defendant is subject to personal jurisdiction. Not only has Plaintiff Radtke failed to plead any facts which would give rise to venue in this Court, she cannot fulfill the venue requirement with any such evidence.

### RECOMMENDATION

For the reasons articulated above, this Court recommends that Cause Number B-02-063 be DISMISSED WITH PREJUDICE. Additionally, this Court recommends that Mary Homer Radtke receive leave of court before filing any more pleadings in the Brownsville Division (except for possible objections she may have to this report). Plaintiff appears to be using this Court to settle a personal vendetta she has with her ex-husband, and is wasting judicial time and resources in doing so. The disposition of her divorce appears well-settled in the Illinois state courts, and Mary Homer-Radtke is coming dangerously close to being sanctioned by this court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

DONE at Brownsville, Texas, this 13th day of January, 2003.

Felix Recio
United States Magistrate Judge

---

[7] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY HOMER RADTKE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-063 |
| | § | |
| JOHN A. RADTKE, | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Amended Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Amended Report and Recommendation is hereby ADOPTED. Cause Number B-02-063 is hereby DISMISSED. The United States District Court should be advised that Plaintiff Mary Homer Radtke must obtain leave of court before filing any further pleadings in the Brownsville Division.

DONE at Brownsville, Texas this _____ day of _____, 2003.

                                                                         Hilda Tagle
                                                                         United States District Judge