IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 7 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARY HOMER-RADTKE, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-063 |
| JOHN A. RADTKE, | § § | |
| Defendant. | § § | |

## ORDER TO SHOW CAUSE

BE IT REMEMBERED that on March 6, 2003, the Court considered Defendant's letter of February 28, 2003, in which Defendant requests a hearing on a motion for sanctions and attorneys' fees. Defendant's request for a hearing on his motion is **DENIED**. However, the Court **ORDERS** Plaintiff Mary Homer-Radtke **TO SHOW CAUSE** why an anti-suit injunction should not issue against her for violations of Rule 11 of the Federal Rules of Civil Procedure.

I.   **No Motion for Sanctions or Attorneys' Fees Is Pending Before the Court**

As an initial matter, in his February 28, 2003, letter to the Court, Defendant requests a hearing on a Motion For Sanctions and Attorney Fees Pursuant To Federal Rule Of Civil Procedure 11 which was Federal Expressed to the District Clerk's Office in August 2002. The motion is attached to the letter. (Letter, at Ex. 1). Reading Defendant's letter and the accompanying attachments was the first time this Court has seen Defendant's motion. The docket sheet for this matter does not reflect that Defendant filed a motion for sanctions or attorneys' fees. Moreover, there is no such motion in either the pleading or correspondence side of the file. Therefore, there is no motion for sanctions and attorneys' fees currently pending before the Court.

II.  **Order to Show Cause**

The Court, on its own motion, **ORDERS** Plaintiff Mary Homer-Radtke to **SHOW CAUSE** why (a) the filing of the complaint in this matter does not violate Rule 11(b)(1)-

1

(3) of the Federal Rules of Civil Procedure and (b) an injunction should not issue enjoining Plaintiff from filing against Defendant John A. Radtke any action, complaint, or motion that directly or tangentially raises any issues alleged in this action, cause number B-02-63, in this or any other United States District Court without first obtaining leave of this Court.

### A. Facts Forming the Basis for this Order to Show Cause

Plaintiff filed this lawsuit against Defendant John A. Radtke, her ex-husband, alleging that an injunction should issue that would prohibit him from selling or transferring property attained by the couple during marriage. Plaintiff also sought a ruling from this Court that she and her former husband are still married.

Plaintiff filed this lawsuit despite the fact that her marriage to Defendant was dissolved pursuant to a June 6, 1995, order of an Illinois trial court incorporating the terms of a marital settlement agreement and joint parenting agreement executed by both Plaintiff and Defendant. Plaintiff appealed the order dissolving marriage to the Illinois appellate courts, at least once and possibly two or three times. The Illinois courts of appeals upheld the order dissolving marriage, and the order is final.

In 1995, Plaintiff filed a motion to vacate the judgment dissolving her marriage to Defendant but waited nearly five years before filing a *pro se* notice of motion setting her motion to vacate for hearing. The Illinois trial court denied the motion and sanctioned Plaintiff $5,000 for filing frivolous, abusive, and vexatious documents in the course of the litigation.

Apparently not satisfied with the rulings in the Illinois courts, Plaintiff filed the instant action in the Southern District of Texas. This Court adopted the Report and Recommendation of the magistrate judge and dismissed this case with prejudice for lack of subject matter jurisdiction. The Court also adopted the recommendation of the magistrate judge that Plaintiff be enjoined from filing more pleadings in the Brownsville Division without leave of Court. The latter ruling was based on the finding that "Plaintiff appears to be using this Court to settle a personal vendetta she has with her ex-husband, and is wasting judicial tine and resources in doing so." *See* Magistrate Judge's Amended Report and Recommendation, at 6.

In addition to filing this suit in the United States District Court for the Southern District of Texas, Plaintiff filed a bankruptcy petition in this district on behalf of herself and her ex-husband, without his consent. That petition in bankruptcy was subsequently dismissed by the bankruptcy court.

### B.   Violations of Rule 11(b)(1)-(3)

Plaintiff Mary Homer-Radtke's complaint in this litigation appears to violate Rule 11(b)(1)-(3) of the Federal Rules of Civil Procedure which provides as follows:

> (b) Representations to Court.
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

This case appears to be for the sole purpose of harassing Defendant, a non-resident of Texas over whom the Court cannot exercise personal jurisdiction. The claims made in the complaint are not warranted under current law or any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law because they are based on family law and are, thus, within the sole province of the state courts. Finally, Plaintiff's factual contention that she and Defendant are still married have no evidentiary support whatsoever in light of a seven year old, final order dissolving the marriage.

### C.   Potential Appropriate Sanctions

If after a hearing the Court finds Plaintiff cannot demonstrate a valid reason for filing the complaint in this case "the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible

for the violation." Fed. R. Civ. P. 11(c).  The Court's power to sanction, however, is not limitless.

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.  Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2).

Sanctions have not deterred Plaintiff from filing appeals in Illinois, this case, or a bankruptcy petition on behalf of herself and her ex-husband; therefore, the Court is not convinced that sanctions or attorneys' fees will effectively deter Plaintiff from future vexatious conduct.  The Court, however, reserves the possibility of awarding sanctions should it become evident from subsequent pleadings or argument that sanctions will serve as a deterrent.

In lieu of sanctions or an award of attorneys' fees, the Court considers an anti-suit injunction appropriate under the circumstances of this case.  As stated above, the Court will consider enjoining Plaintiff from filing against Defendant John A. Radtke any action, complaint, or motion that directly or tangentially raises any issues alleged in this action, cause number B-02-63, in this or any other United States District Court without first obtaining leave of this Court.

### III.     Procedure Regarding the Show Cause
#### A.     Briefing

Plaintiff will file a brief showing cause why an anti-suit injunction should not issue against her.  Plaintiff shall file no other brief, motion, or paper.  The brief shall be no longer than 5 pages and is due on or before March 20, 2003.  For purposes of this filing, and this filing alone, Plaintiff is excused from the Court's earlier order enjoining her from filing any further briefs in this matter.

Although not necessary, Defendant may also file a brief addressing the issues in this show cause order; however, Defendant is also limited to 5 pages and must file his

brief on or before March 20, 2003.

Neither party will file a response or reply brief unless requested by the Court.

**B.    Hearing**

The Court will hear argument on this Order To Show Cause on April 7, 2003, at 10:00 a.m. Plaintiff is required to appear in person. The Court is cognizant of Defendant's concerns about the costs of litigation. Therefore, should Defendant choose to make an appearance, the Court grants Defendant permission to attend the show cause hearing by telephone.

**IV.    Conclusion**

The Court finds Defendants Motion For Sanctions and Attorney Fees Pursuant To Federal Rule Of Civil Procedure 11 is not pending and **DENIES** his letter request for a hearing.

The Court **ORDERS** Plaintiff to **SHOW CAUSE** why an anti-suit injunction should not issue against her for violations of Rule 11.

The Court **ORDERS** Plaintiff to file a brief of 5 pages or less addressing the issues in this Order To Show Cause on or before March 20, 2003.

The Court **ORDERS** Plaintiff to appear at a show cause hearing on April 7, 2003, at 10:00 a.m. Defendant is granted permission to appear by telephone.

DONE at Brownsville, Texas, this 6th day of March 2003.

Hilda G. Tagle
United States District Judge