United States District Court
Southern District of Texas
FILED

MAR 2 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY HOMER-RADTKE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. B-02-063 |
| ) | |
| JOHN A. RADTKE, ) | |
| ) | |
| Defendant. ) | |

### JOHN A. RADTKE'S BRIEF ADDRESSING ISSUES IN THE ORDER TO SHOW CAUSE

NOW COMES Defendant, John A. Radtke, by and through his attorneys, Neal H. Levin & Associates, P.C., and for his brief addressing issues in this Court's March 7, 2003 Order to Show Cause, states as follows:

**Introduction**

In this brief, Defendant, John A. Radtke, addresses this Court's March 7, 2003 Order regarding sanctions wherein this court stated as follows: "Sanctions have not deterred Plaintiff from filing appeals in Illinois, this case, or a bankruptcy petition on behalf of herself and her ex-husband therefore, the Court is not convinced that sanctions or attorneys' fees will effectively deter Plaintiff from future vexatious conduct." The Defendant respectfully disagrees. In fact, it is exactly the court ordered monetary sanctions that deterred Plaintiff from filing further vexatious and frivolous pleadings in the Circuit Court of the Nineteenth Judicial Circuit Court, Lake County, Illinois, ultimately bringing her to Texas.

**Relevant Facts**

On August 24, 2000, the Circuit Court of the Nineteenth Judicial Circuit Court, Lake County, granted the Defendant's Petition for Sanctions and Attorneys' Fees Pursuant to Illinois Supreme Court Rule 137, finding that Plaintiff's filings and pleadings were "frivolous, abusive and vexatious", and ordered as follows:

> Mary Homer-Radtke shall not file any further pleadings or other documents in this cause provided however that Mary Homer-Radtke may seek leave of court to file any future

>pleadings, motions or other documents. Leave of court shall only be sought by the filing of notice of motion indicating the relief sought . . . If the Notice of the relief sought is also frivolous, abusive or vexatious, Mary Homer-Radtke shall be subject to further sanctions . . . Attorney fees and costs are awarded in favor of John A. Radtke and against Mary Radtke in an amount to be determined upon submission of an affidavit . . .

A true and correct copy of the Circuit Court of the Nineteenth Judicial Circuit Court, Lake County Order is attached hereto as *Exhibit 1*. After submission of an affidavit setting forth the attorney fees incurred by John Radtke, the Lake County Circuit Court ordered monetary sanctions in the amount of $5,000 against Mary Radtke.

Having exhausted all of her remedies in Illinois – and then some -- she sought to further harass Defendant by attempting to relitigate the parties' dissolution in Texas, of which she is not even a resident. This action was prompted not only by unfavorable rulings in the Illinois Court, which never stopped Ms. Radtke from filing subsequent pleadings before – the same being true even in this Court – but also prompted by the existence of Judge Waller's order of sanctions.

Mary Homer-Radtke no longer files the type of pleadings in Lake County, Illinois that she did here in Texas, and the order of sanctions has quite obviously been a contributing factor in deterring Mary Homer-Radtke from filing the frivolous, abusive and vexatious pleadings, although now to the peril of this tribunal.

**Argument**

Mary Homer-Radtke has engaged in a pattern of abuse of the court systems that demonstrates a blatant disregard for the truth and for the proper function of the courts. Her pleadings are utterly implausible and characterized by abuse, and she has been carrying on for years. *See e.g. Lerch v. Boyer*, 929 F. Supp 319, (N.D. Ill 1996). (Monetary sanctions were ordered against pro se plaintiffs pursuant to Federal Rule of Civil Procedure 11 which included attorney fees for the matter in question and an earlier case). Mary Homer-Radtke knows how to use the legal system to file and publish her personal vendetta and ridiculous motions. Her abuse of the legal process and judicial system has been tremendous and overwhelming in volume and arguments and will obviously continue unless she is adequately deterred. She seeks forum after forum to file, and it is the monetary sanctions along with the injunction that stopped her in Lake County, Illinois. Mary Homer-Radtke must now be deterred from the Federal system and learn that her vexatious filings have a consequence. The Court's proposed injunction, along with the

2

imposition of and continuing threat of sanctions will prove most likely to be the deterrent necessary to keep her out of Court. *See also **Williams v. Revlon Co.,*** 156 F.R.D. 39, (S.D.N.Y. 1994). (Monetary sanctions were ordered against a prison inmate pursuant to Federal Rule of Civil Procedure 11.)

Consequently, this court should not only impose an injunction against Ms. Radtke, having national breadth, but must also order monetary sanctions as well as a continuing threat of additional sanctions in the event of any violation of the injunction, as an effective deterrent against further abuses which have caused thousands of dollars in losses to the Court as well as John Radtke. [1]

Furthermore, in spite of Mary Homer-Radtke's false claims of poverty, she has sufficient assets to pay appropriate monetary sanctions. Mary Homer-Radtke owns her home located at 502 Dublin, Mundelein, Illinois and on information and belief, she has approximately $70,000 in equity. Her home is currently the subject of a mortgage foreclosure action, ***Associated Mortgage v. Radtke, et al*** 98 CH 1240, Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. Based on the claim of the Plaintiff in that action, set for summary judgment this week after months upon months of delay occasioned by frivolous motions and appeals, as well as the presumed value of the subject property where Ms. Radtke continues to reside, she has sufficient assets to pay a monetary sanction ordered by this court as well as those imposed by Judge Waller in Lake County, Illinois. See e.g. ***Pope v. Federal Ex., 49 F.3d 1327 (8th Cir. 1995),*** and *Allen v. Utler,* 129 F.R.D. 1 (D.D.C. 1990). Attached hereto as ***Exhibit 2*** is the Memorandum of Judgment Defendant John Radtke recorded against said property for the $5,000 order of sanctions from the Nineteenth Judicial Circuit, Lake County, Illinois.

**Conclusion**

Defendant, John A. Radtke, has incurred significant expense in defending against Mary Homer-Radtke's unlawful behavior in this District. In the spirit of Rule 11, John Radtke sought reimbursement of fees associated with having to appear and defend against this vexatious

---

[1] It should be noted that Mary Homer-Radtke is clearly *not* deterred short of sanctions. Even though the U.S. Bankruptcy Court, Southern District of Texas (Corpus Christi), Adversary Proceeding 02-0205 was terminated on September 18, 2002 by the Chief Judge, Mary Homer-Radtke continued to file pleadings and documents in that case as that Court failed to rule upon the pending motion for sanctions. Certainly, as history dictates, only a sanction order would have avoided further harassment of the Court and John Radtke.

lawsuit. To date, Defendant has been required to expend approximately $17,972.10 in attorney fees and costs in defense of this action. Monetary sanctions are obviously warranted here which should include an order to pay all of Defendant's attorneys' fees and costs related to this matter and a penalty to the Court

Defendant, John Radtke, concurs with this court's findings that Mary Homer-Radtke violated Federal Rule of Civil Procedure 11 and concurs that an anti-suit injunction is also an appropriate sanction under these circumstances, so long as the injunction is accompanied by a threat of further sanction in the event of violation thereof. Such an injunction will surely be effective in deterring her from filing in this and other Federal Districts.

                                              Respectfully submitted,
                                              **JOHN A. RADTKE**

                                              By: _____
                                                 One of his Attorneys

Neal H. Levin, Esq.
Neal H. Levin & Associates, P.C.
954 W. Washington Blvd.
Suite 2 SW
Chicago, IL 60607
312/421-2100
312/421-1881 (fax)
Illinois Attorney No. 6203156
Admitted *Pro Hac Vice*

STATE OF ILLINOIS )
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

Page 1 of 4

IN RE: THE MARRIAGE OF

MARY ELLEN RADTKE
A/K/A MARY ELLEN HOWER and
vs.
JOHN A. RADTKE

FILED
AUG 24 2000
Sally D. Coffelt
CIRCUIT CLERK

GEN. NO. 92 D 1279

## ORDER

This matter coming before the court on John A Radtke's Petition for Sanctions and Attorneys Fees and Petition for Rule to Show Cause, each filed August 18, 2000, and Petitioner Mary Radtke's Motion to Dismiss and Motion for Continuance, the former filed on today's date without notice and the latter being un-filed and without notice, notice and jurisdiction being proper as to the Petitions of John A. Radtke who appears personally and by attorney Neil H. Levin, Mary Radtke appearing Pro Se, both parties being afforded an opportunity to present oral arguments;

The Court finds:

① That notice of John A Radtke's Petitions is proper under the rules;

② That no cause exists for any extension of time to respond to John Radtke's Petitions.

③ That the filings and pleadings so filed by Mary Radtke
(Continued...)

Dated at Waukegan, Illinois this
24 day of Aug, 20 00.
ORDER PREPARED BY: NEAL H. LEVIN
(Please print name and address)
1970 N. Halsted
Chicago, IL 60614

ENTER:

_____
JUDGE

171-225 rev 12/99

STATE OF ILLINOIS ) ss
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PAGE 2 OF 4

IN RE:  THE MARRIAGE OF )
)
MARY ELLEN RASTKE )
      and )
)  GEN. NO. 92 D 1279
JOHN A RASTKE )

## ORDER

(CONTINUATION...)

AS REFERENCED IN JOHN A. RASTKE'S PETITION FOR SANCTIONS ARE FRIVOLOUS, ABUSIVE AND VEXATIOUS;

④ THAT CAUSE EXISTS TO RESTRAIN ANY FORM OF CONTACT BETWEEN MARY RASTKE AND JOHN A. RASTKE OR ELSIE MANNIX, HIS WIFE.

⑤ THAT CAUSE EXISTS TO SANCTION THE CONDUCT OF MARY RASTKE;

NOW, THEREFORE, FOR THE REASONS STATED BY THE COURT, IT IS HEREBY ORDERED:

① THAT MARY RASTKE'S MOTION TO DISMISS IS DENIED;

② THAT MARY RASTKE'S MOTION FOR CONTINUANCE IS DENIED;

③ THAT JOHN A. RASTKE'S PETITION FOR SANCTIONS AND ATTORNEYS FEES IS GRANTED. MARY RASTKE IS SANCTIONED AS FOLLOWS:

   a). MARY RASTKE SHALL NOT FILE ANY FURTHER PLEADINGS OR OTHER DOCUMENTS IN THIS CAUSE, PROVIDED, HOWEVER, THAT MARY RASTKE MAY SEEK

Dated at Waukegan, Illinois this 24 day of Aug, 20 00.
ORDER PREPARED BY: NEAL H. LEVIN
(Please print name and address)
1970 N. Halsted
Chicago 60614

ENTER: (CONTINUED...)

_____
JUDGE

171-225 rev 12/99

STATE OF ILLINOIS )
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PAGE 3 OF 4

IN RE: THE MARRIAGE OF

MARY ELLEN RASTKE
and
JOHN A. RASTKE

FILED AUG 24 2000
Sally D. Coffelt
CIRCUIT CLERK

GEN. NO. 92 D 1279

## ORDER

(CONTINUATION...)

LEAVE OF COURT TO FILE ANY FUTURE PLEADINGS, OR MOTIONS, OR OTHER DOCUMENTS. LEAVE OF COURT SHALL ONLY BE SOUGHT BY THE FILING OF A NOTICE OF MOTION INDICATING THE RELIEF SOUGHT. NO ATTACHMENTS SHALL ACCOMPANY THE NOTICE OF MOTION. ANY SUCH NOTICE OF MOTION SHALL BE SERVED UPON MR. LEVIN ONLY IN ACCORDANCE WITH APPLICABLE RULES. IF THE NOTICE OR THE RELIEF SOUGHT IS ALSO FRIVOLOUS, ABUSIVE OR VEXATIOUS, MARY RASTKE SHALL BE SUBJECT TO FURTHER SANCTIONS.

b.) MARY RASTKE IS <u>RESTRAINED</u> FROM HAVING <u>ANY</u> CONTACT WITH JOHN A. RASTKE OR ELSIE MANNIX, HIS WIFE.

c.) ATTORNEYS FEES AND COSTS ARE AWARDED IN FAVOR OF JOHN A. RASTKE AND AGAINST MARY RASTKE IN AN AMOUNT TO BE DETERMINED UPON SUBMISSION OF AN AFFIDAVIT IN SUPPORT OF ATTORNEYS FEES AND HEARING THEREON.

(CONTINUED...)

Dated at Waukegan, Illinois this
24 day of Aug, 20 00.
ORDER PREPARED BY: NEAL H LEVIN
(Please print name and address)
1970 N. HALSTED
CHICAGO 60614

ENTER:

_____
JUDGE

171-225 rev 12/99

STATE OF ILLINOIS)
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

Page 4 of 4

IN RE: THE MARRIAGE OF )
)
MARY ELLEN RASTKE )
and )
JOHN A. RASTKE )
)

GEN. NO. 92 D 1279

## ORDER

(CONTINUATION...)

④ THAT A RULE TO SHOW CAUSE IS ISSUED AS TO WHY MARY RASTKE SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR HER FAILURE TO COMPLY WITH THE JUDGMENT FOR DISSOLUTION DATED JUNE 6, 1995, AS SET OUT IN JOHN A. RASTKE'S PETITION FOR RULE TO SHOW CAUSE;

⑤ THAT HEARING ON THE ATTORNEYS FEES AND RULE TO SHOW CAUSE IS SET FOR SEPTEMBER 14, 2000, AT 9:00 A.M. IN ROOM 103 WITHOUT FURTHER NOTICE.

Dated at Waukegan, Illinois this
24 day of Aug, 20 00.

ORDER PREPARED BY: NEAL LEVIN
(Please print name and address)
1930 N. Halsted
Chicago IL

ENTER:

_____
JUDGE

171-225 rev 12/99

Memorandum of Judgment

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

MARY ELLEN HOMER
a/k/a MARY ELLEN RADTKE,

      Petitioner,

v.

JOHN A. RADTKE,

      Respondent.




4640390

CASE NO. 92 D 1279

## MEMORANDUM OF JUDGMENT

On **January 9, 2001**, Judgment was entered in this court in favor of the respondent, **John A. Radtke**, and against petitioner, **Mary Ellen Homer**, whose address is: **502 Dublin, Mundelein, Illinois** in the amount of **$5,000.00 (five thousand dollars and 00/100 DOLLARS).**

Lot 21 in Block 14 in Loch Lomond, a subdivision in part of Section 24, Township 44 North, Range 10 East of the Third Principal Meridian, according to the Plat thereof, recorded April 7, 1954 as Document No. 820686 in Book 32 of Plats, Page 98 in Lake County, Illinois, situated in Lake County, Illinois.

**PIN 10-24-404-021**

CERTIFIED:

*Sally D. Coffelt*

Clerk of the Court

Attorneys for Plaintiff
NEAL H. LEVIN & ASSOCIATES, P.C.
The Bridgeview Bank Building
1970 N. Halsted Street
Chicago, Illinois 60614
312/421-2100
Attorney No: 19932

**SALLY DEADRICK COFFELT, CLERK OF THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**