IN THE UNTED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

| Mary Homer-Radtke | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. B-02-063 |
| John A. Radtke, | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT on March 30, 2003 I filed with the United States District Court for the Southern District of Texas, 600 E. Harrison, Brownsville, Texas the attached NOTICE TO HONORABLE HILDA G. TAGLE REGARDING CASE B-02-063 AND DENIAL OF DUE PROCESS FOR FAILING TO ENTER DEFAULT JUDGMENTS AS REQUESTED PURSUANT TO F.R.C.P. 55(a).

### PROOF OF SERVICE

I, Mary Homer-Radtke, mailed a true and correct copy to John A. Radtke, 1641 Elmwood, Highland Park, Illinois 60035 on March ____, 2003 at Illinois with proper postage attached.

_____
Mary Homer-Radtke

C/o 408 N. Lake St., #108
Mundelein, Illinois (60060)

State of Illinois
County of Lake

S_____ ____ me on 31 March 2003
by _____
Notary Public

"OFFICIAL SEAL"
MARTHA JANE GEDVILAS
Notary Public, State of Illinois
My Commission Expires 6/10/06

```
               IN THE UNTED STATES COURT FOR THE

                   SOUTHERN DISTRICT OF TEXAS
MARY HOMER-RADTKE              )
     Plaintiff,                )
                               )    Civil No. B-02-063
          v.                   )
                               )
JOHN A. RADTKE                 )
     Defendant.                )
```

NOTICE TO HONORABLE HILDA G. TAGLE REGARDING CASE B-02-063 AND DENIAL OF DUE PROCESS FOR FAILING TO ENTER DEFAULT JUDGMENTS AS REQUESTED PURSUANT TO F.R.C.P. 55(a)

Honorable Hilda G. Tagle                           March 17, 2003
U.S.Courthouse
600 E. Harrison
Brownsville, TX 78520

Dear Judge Tagle:

    John A. Radtke was given proper service of the complaint and petition for injunction that I filed with the federal court in Texas on April 2, 2002. None of my affidavits were countered so they stand as truth. I wrote several requests for a default judgment pursuant to F.R.C.P. 55(a) sending them by certified mail. I was disturbed that Magistrate Felix Recio instructed the clerks not to allow me to file my requests with the Clerk of the Court in Brownsville, Texas. It was an unreasonable inconvenience and expense for me.

    John A. Radtke was in technical default as of May 7, 2002. I want to know where is the judgment that I requested? Clerk Lulu Mardis said that she had inspected the record and that I was due a default judgment. I am also due entry of default judgments for the petition for sanctions. I wrote follow-up letters to the Clerks regarding the default judgments from Illinois. I need to be granted my default judgments before moving on to another issue.

    I find it impossible to move forward in this case until I have received the default judgments that I have requested. The failure of this court to enter default judgments is a denial of due process and making it impossible for me to prepare a strategy to move forward in this case.

    I am looking forward to hearing from you regarding this most urgent matter.

State of Illinois                        Respectfully,
County of Lake
                                         Mary Homer-Radtke
___ me on 31 March 2003
by _____                       "OFFICIAL SEAL"
                                         MARTHA JANE GEDVILAS
                                         Notary Public, State of Illinois
      Notary Public         1            My Commission Expires 6/10/06

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mary Homer-Radtke | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. B-02-063 |
| | ) |
| John A. Radtke, | ) |
| | ) |
| Defendant. | ) |

NOTICE OF FILING

PLEASE TAKE NOTICE THAT on ~~March~~ April 3, 2003 I filed with the United States District Court for the Southern District of Texas, 600 E. Harrison, Brownsville, Texas the attached **SECOND NOTICE AND DEMAND TO INVESTIGATE STATE AND FEDERAL TAX RETURNS FOR INCOME CREDITS AND FINANCIAL EXPLOITATION BY JOHN A. RADTKE**

PROOF OF SERVICE

I, Mary Homer-Radtke, mailed a true and correct copy to Illinois Department of Human Services, Office of Rehab Services, Disability Determination, P.O. Box 9250, Springfield, Illinois 62794-9250 on March 24, 2003 and to John A. Radtke, 1641 Elmwood, Highland Park, Illinois 60035 on April ____, 2003 at Illinois with proper postage attached.

_____
Mary Homer-Radtke

C/o 408 N. Lake St., #108
Mundelein, Illinois (60060)

IN THE UNTED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE                )
    Plaintiff,             )
                           )    Civil No. B-02-063
    v.                     )
                           )
JOHN A. RADTKE                   )
    Defendant.             )

SECOND NOTICE AND DEMAND TO INVESTIGATE STATE AND FEDERAL TAX RETURNS FOR INCOME CREDITS AND FINANCIAL EXPLOITATION BY JOHN A. RADTKE

Illinois Department of Human Services                 March 14, 2003
Office of Rehab Services, Disability Determination      March 24, 2003
P.O. Box 19250
Springfield, Illinois 62794-9250

RE: Mary Homer-Radtke – 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 -NOTICE & DEMAND for rights for "income credits" to be applied for SSDI under joint tax filings and individual tax filings with husband, John A. Radtke- SS# 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

ATTN: DIRECTOR;   DEPUTY DIRECTOR - Joan M. Fafoglia;   ADJUDICATOR - Shelli Bartlett; SECRETARY - Linda Renee Baker

To Whom It May Concern:
      I do not understand this system. Please direct this notice and demand to the proper parties. I have been determined disabled by the Department of Human Services. I was told that there is a separate determination made for Social Security benefits although the same body with the same disabilities is receiving benefits from the same umbrella organization. When I went to the social security office, I was told that I do not have income credits for SSDI. Why have I been denied income credits for ownership of businesses, rental income from industrial properties, equipment, and all income claimed on the state and federal tax returns?
      John Allen Radtke and Mary Ellen Homer were married, under the laws of God, on June 17, 1967 in Harlingen, Texas at the 1st Presbyterian Church. God was the third party to our marriage – not the state. I, Mary Ellen Homer-Radtke, contributed to the growth of the marital estate, financially, socially, and emotionally. I was a party to purchasing businesses. My parents gifted me the money for the purchase of the family home. I provided the downpayment for the purchase of an industrial building located at 101 W. Main St., Round Lake Park, Illinois. It was my money from childhood bonds that went to purchase machinery for the businesses. My financial contributions have provided income and continue to contribute to the growth of the marital estate. My husband refused to pay me when I worked part-time and full-time for the businesses. John has had the pattern of not filing tax returns, business and personal, for years at a time. John dissipated hundredss of thousands of dollars for his own use keeping the dissipation secret by forcing me to sign the tax returns in mass without an explanation.
      John abandoned me, family, and home on or before January 1, 1990. In 1992, John was removed from management of the businesses. I don't know who had the power and authority to remove him but I know that John was not liked by the employees. Even though employees

1

wanted me to manage the businesses, I was threatened and denied the opportunity by my husband and his agent, Kathleen Roseborough. I was denied the right to go to my property and denied the right to communicate with the employees. My husband also threatened the employees not to have any contact with me.

In 1992, John changed tax accountants from Detterbeck to Friduss, Lukee, and Schiff. John failed to provide tax information to Jarvis Friduss, C.P.A. in a timely manner so I filed separately as head of the household – tax returns prepared by Marjorie Bauschke. The tax returns evidence the fact that I did not receive income from my loans to the company and income from joint ownership of property. Inspection of John's filed tax returns are evidence that I was financially exploited and denied income from our jointly held businesses, industrial buildings, equipment, etc.. I believe that an investigation of the tax returns will evidence tax fraud as well. I believe that I have been defrauded of an annual income of in excess of $75,000.00. If I filed any tax returns claiming to be divorced, I made a mistake. I was brainwashed by the court system. I was trapped and traumatized in the court system. I have no law school training.

Due to financial impoverishment, I began researching the law to protect my rights beginning in the year 2000. Without the authority conferred by jurisdiction, the trial court converted the marital estate and my non-marital loans to the company, to the control of John A. Radtke on July 30, 1992. When the court moves forward without jurisdiction, all of the orders are void. I had the right to immediate possession of my property. I demanded return of my property. I was denied return of my property. Since all orders and judgments are void from the beginning, the trial court never had jurisdiction over the marriage of John Allen Radtke and Mary Ellen Homer. Void orders and judgments have no force and effect of law. John and I remain lawfully married. Asking a court to declare the orders and judgments void is a formality and not a necessity. Void orders/judgments have been used by John's agents to deceive and engage in ongoing financial exploitation of lawful wife, Mary Homer-Radtke.

The financial exploitation is evidenced by the fact that my husband secretly became a bigamist on July 4, 2000. None of our children attended the secret wedding because they had been deceived into believing that the wedding was taking place on August 6, 2000 in Mexico. In the spirit of fair play, I set for hearing a nunc pro tunc motion to have heard a motion to vacate the void judgment. I wrote the motion to vacate by hand and entered it into the record on July 5, 1995. The motion was not heard at the time because John called me and threatened me. I was terrified of his agent, Kathleen Roseborough. On July 31, 2000, the trial court denied me due process of the law by not hearing the motions and by denying me my right to have subpoenaed witnesses testify. I heard my bigamist husband's agent, Neal H. Levin, admit to ex parte communications with the judge prior to the hearing. On August 24, 2000, the trial court aided and abetted my bigamist husband with the intention of permanently depriving me of possession of my property. Without a petition conferring jurisdiction to the court, Jane Waller, executed an order giving John Radtke and Elsie Mannix the authority, under the color of law, to have me arrested. This unlawful act allowed my bigamist husband the opportunity to transfer property under the color of law. The financial exploitation is evidenced by the fact that there has been a significant fraudulent transference of property. The Office of the Recorder of Deeds evidences the fraudulent transfer of title and felony slander of title by my husband, John A. Radtke.

Financial exploitation of a disabled person by a fiduciary with the intention of permanently depriving the disabled person of property is a felony pursuant to 720 ILCS 5/16-1.3. Husband and wives have a fiduciary relationship. My husband, John Allen Radtke, intended to permanently deprive me of not only the marital estate but non-marital loans and joint loan to the businesses – face value of over $140,000.00 with a real value of approximately $300,000.00. John's agents, including but not limited to, Jarvis Friduss, C.P.A., Kathleen Roseborough, Ina Berkley, Elaine Collins, Neal H. Levin and Kim M. Casey knowingly aided and abetted John in the financial exploitation. Agent Kathleen Roseborough coordinated the financial exploitation in the courts with accountant Jarvis Friduss and mediators Ina Berkley and Elaine Collins. The

financial exploitation is evidenced by fraudulent business evaluations prepared by Jarvis Friduss, C.P.A.. The financial exploitation is evidenced by a rough draft of a settlement prepared by my husband's agent, Kathleen Roseborough and faxed from the law offices of Mandel, Lipton, and Stevenson, to Elaine Collins of Meridian for Financial Equity on June 2, 1995. I signed under duress noticing the parties that I rejected the settlement the following morning. Financial exploitation allowed and perpetrated by the court is evidenced in the transcript of June 6, 1995. Under oath, I testified that I signed under duress. Off the record, threats and intimidation by the judge and witness tampering by the attorneys is evidenced by affidavits filed in Case 92D1279. All orders and judgments were void ab initio in Case 92D1279. The trial court, a court of limited jurisdiction, lost jurisdiction from the beginning. Further evidence of financial exploitation is evidenced in an affidavit prepared by agent Kim M. Casey for John A. Radtke in support of a judgment of foreclosure on the home where I live – Case 98CH1240. John initiated the foreclosure action intending to purchase the home at a judicial/sheriff's sale.

I have been disabled since childhood with Legg-Calve-Perthes Disease. The hip condition, accompanied by Osteoarthritis, limited my employment possibilities as an adult.. My masters degree in social work gave me managerial skills that I would have supplemented with a degree in business administration. I had the emotional support and the financial support of employees. I was denied the opportunity to manage my own businesses. An annual salary of $54,000.00 was credited to my husband even though he was not managing the businesses. I was denied the benefits of business ownership including, but not limited to, health insurance.

On October 23, 2002, I had a stroke. I was without health insurance and had no money to pay for services. I did not go to the emergency room immediately because I am poor. I am legally blind due to the financial exploitation of my husband, John A. Radtke and his agents

My husband's Social Security Number is 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. I demand that an investigation of both state and federal tax returns be made and that I be given earned income credit as legal wife and owner of the marital estate of John Allen Radtke and Mary Ellen Homer. I would appreciate any help I can get from this department to secure return of possession of my property. I have been damaged financially, socially, emotionally, and now physically.

I will be looking forward to hearing from you regarding my benefits. I will send a copy of this notice and demand to the attorney general and any related committees litigating on behalf of the disabled. I will also send a copy to Chicago Title and Trust. Thank you for your help.

AFFIDAVIT

I am of lawful age and competent to testify, after having been duly sworn state as follows:

I. I have been financially exploited by my husband, John A. Radtke.
II. I am being denied medical services and benefits.
III. I have been financially exploited in the court.
IV. I have been traumatized in the court.
V. I have been damaged socially emotionally, financially, and physically.
VI. Further Affiant Sayeth Naught

_____
Mary Homer-Radtke

3

IN THE UNTED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Homer-Radtke | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. B-02-063 |
| John A. Radtke, | ) ) | |
| Defendant. | ) | |

### NOTICE OF FILING

PLEASE TAKE NOTICE THAT on March 30, 2003 I filed with the United States District Court for the Southern District of Texas, 600 E. Harrison, Brownsville, Texas the attached <u>AFFIDAVIT OF MARY HOMER-RADTKE IN REGARD TO NOTICE TO JUDGE TAGLE.</u>

### PROOF OF SERVICE

I, Mary Homer-Radtke, mailed a true and correct copy to John A. Radtke, 1641 Elmwood, Highland Park, Illinois 60035 on March ____, 2003 at Illinois with proper postage attached.

_____
Mary Homer-Radtke

C/o 408 N. Lake St., #108
Mundelein, Illinois (60060)

State of Illinois
County of Lake
S._____ on 31 March 2003
by _____
Notary Public

"OFFICIAL SEAL"
MARTHA JANE GEDVILAS
Notary Public, State of Illinois
My Commission Expires 6/10/06

IN THE UNTED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE )
    Plaintiff, )
     )  Civil No. B-02-063
    v. )
     )
JOHN A. RADTKE )
    Defendant. )

### AFFIDAVIT OF MARY HOMER-RADTKE IN REGARD TO NOTICE TO JUDGE TAGLE

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1. I do not have law school training.

2. As a result of my 94 year old mother being hospitalized for a fall in the night in March of 2002, I intended to make Harlingen, Texas my domicile.

3. I filed a complaint and a petition for injunctive relief with the United States Court for the Southern District of Texas on April 2, 2002.

4. I intended to confer jurisdiction to the federal court under diversity and declaratory judgment.

5. I went to the library at the courthouse where I did research.

6. In my research I found that diversity not only applies to parties living in separate states but it applies when the aggrieved party is being denied due process and equal protection under the law in the state court.

7. I sent by certified mail the summons and complaint to John A. Radtke on April 12, 2002.

8. I received a certified mailing card evidencing a signature that I recognized as that of John A. Radtke with a delivery date of April 16, 2002.

9. I entered evidence of proper service to John A. Radtke on May 9, 2002 in my Motion for Status Hearing.

10. I inspected the record of this case in June of 2002 finding that John A. Radtke was in technical default as of May 7, 2002 for failing to appear or file a responsive pleading.

1

11. I patterned my requests for a default judgment pursuant to F.R.C.P. Rule 55(a) after a form that I researched in the library at the courthouse.

12. I filed a Chapter 13 Bankruptcy naming John Allen Radtke as my husband on May 10, 2002 at the Brownsville courthouse using "do it yourself" forms that I purchased at an office supply store.

13. I did not receive an order noticing me that I was not being allowed to file documents with the clerk at the courthouse in Brownsville, Texas.

14. I went to the courthouse to timely file a motion to vacate the order(16) referring the case to bankruptcy court.

15. I was taken by surprise on July 21, 2002, when I heard the clerks, Olivia Gutierrez and Lulu Mardis, say that Judge Recio had told them not to allow me to file anything with the court.

16. On July 21, 2002, I demanded that I be allowed to timely file a motion to vacate the ORDER REFERRING CASE TO BANKRUPTCY COURT (16).

17. I was alarmed when I heard the clerk say that filing something does not mean that it is entered into the record.

18. I was disturbed that even if I filed a document with the clerk, it may not be heard.

19. I was alarmed believing that this court was being unreasonable not allowing me to file at the courthouse.

20. I was disturbed not knowing how to access the court.

21. I did not know where the record of this case was being kept.

22. I did not know how to caption my documents.

23. I was not allowed to file with the clerk at Brownsville, Texas my request to the clerk for a default judgment.

24. I was forced to bear the time and expense of mailing my requests.

25. I did not know where to send my requests for a default judgment.

26. I did not know whether or not my requests would be filed.

27, I mailed for filing the requests for entry of default with affidavits to the Clerk that I was told was in charge of this case, Olivia Gutierrez, in Brownsville, Texas, and to Corpus Christi by certified mail on July 6, 2002.

28. I received a file stamped copy dated July 15, 2002 from both courts.

29. I was taken by surprise when Neal H. Levin, without notice, came to the court on May 28, 2002.

30. I was disturbed that Neal H. Levin was allowed to argue Pro Hac Vice.

31. I was disturbed that Neal H. Levin tendered to the court documents without handing me a copy.

32. I was alarmed when I learned that Neal H. Levin had made misrepresentations to the court by tendering void documents.

33. I researched in the library at the courthouse Pro Hac Vice and Supreme Court Rule 6.

34. I mailed a request to the Clerk for an entry of default pursuant to F.R.C.P. 55(a) against John A. Radtke and Neal H. Levin for failing to appear or file a responsive pleading in regard to a PETITION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 11 and AFFIDAVIT.

35. I received proof of receipt of service evidencing service of summons and complaint for John A. Radtke with a signature that I recognized as that of John A. Radtke signed on June 15, 2002.

36. I received proof of receipt of service for Neal H. Levin signed and dated on July 1, 2002 evidencing service of summons and complaint.

37. I did not receive notice that Neal H. Levin withdrew the Pro Hac Vice.

38. I received copies of the REQUEST TO CLERK FOR ENTRY OF DEFAULT PURSUANT TO F.R.C.P. RULE 55(a) with AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT file stamped dated on July 29, 2002.

39. I heard Clerk Lulu Mardis at Brownsville ask me about whether I had received my default judgments in August of 2002..

40. I heard Clerk Lulu Mardis say that she had inspected the record finding that I was due default judgments.

41. I was disturbed when I went to the courthouse in Brownsville, Texas to look at the record of my cases on the computer finding that the computer was not working.

42. I was disturbed that I could not access the records of my cases.

3

43. I filed collateral motions to vacate void orders/judgments from the state court.

44. When I saw the record of this case on the computer screen in late August of 2002, I discovered that without notice I was denied injunctive relief.

45. I saw that I was not given notice of the courts entries in this case.

46. I find it impossible to move forward in this case until I have received the default judgments that I have requested.

47. I am being denied protection from dissipation of the property in the marital estate of John Allen Radtke and Mary Ellen Homer as well as dissipation of my non-marital loans to the company.

48. I am being denied income from and enjoyment of the property in the marital estate of John Allen Radtke and Mary Ellen Homer and my non-marital property that was converted to the control of John A. Radtke on July 30, 1992.

49. I returned to Illinois on or about September 14, 2002 finding that my home had been broken into and entered.

50. I filed a complaint with the Village of Mundelein Department of Police, 02-14082.

51. I am alarmed believing that this is a case of identity theft as all my personal documents were stolen including original birth certificate, certified birth certificates, baptismal certificates, professional licensing documents, professional degrees.

52. I made a complaint that approximately $50M USD in negotiable instruments including the original loans to B.Radtke & Sons signed by John A. Radtke as President with a face value of approximately $150,000.00 and a real value to me of approximately $300,000.00 were stolen.

53. On October 23, 2002, I was without health insurance or money to pay for services when I had an acute stroke.

54. Due to this radical change in the circumstances of my life, I am now claiming Illinois as my domicile.

55. I was determined legally blind by the Department of Human Services.

56. I cannot drive.

57. I cannot afford simple amenities like a telephone.

58. I cannot defend myself in the court.

59. I believe that it is unreasonable of this court to expect me to move forward in this case until I have received the default judgments that I requested.

60. I have inspected the records in the Office of the Recorder of Deeds in Lake County, Illinois.

61. I discovered that there has been transfer of every property in the marital estate of Mary Ellen Homer and John Allen Radtke.

62. Upon information and belief, John A. Radtke is seeking sanctions in multiple cases intending to collect in a foreclosure action that will make me homeless.

63. I believe that it is unreasonable of this court to expect me to move forward in this case without assistance of competent counsel knowledgeable in disability law.

64. I believe that it is unreasonable of this court to expect me to move forward in this case without the money to pay for competent counsel.

65. I have been damaged financially, emotionally, socially, and physically.

Signed and Sworn to this 31st Day of March
"With explicit reservation of all rights"

_____
Mary Homer-Radtke

Signed and Sworn to before me this 31 Day of March 2003

_____   (Seal)
Notary Public

"OFFICIAL SEAL"
MARTHA JANE GEDVILAS
Notary Public, State of Illinois
My Commission Expires 6/10/06

5

IN THE UNTED STATES COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

MARY HOMER-RADTKE            )
    Plaintiff,             )
                           )   Civil No. B-02-063
    v.                     )
                           )
JOHN A. RADTKE               )
    Defendant.             )

## AFFIDAVIT OF MARY HOMER-RADTKE IN REGARD TO FAILURE OF COURT TO ENTER DEFAULT JUDGMENTS

I, Mary Homer-Radtke, of lawful age and competent to testify, being first duly sworn, upon oath state as follows:

1. I filed a complaint and a petition for injunctive relief with the United States Court for the Southern District of Texas on April 2, 2002.

2. I inspected the record of this case on or about June of 2002.

3. I found that John A. Radtke was in technical default as of May 7, 2002 for failing to appear or file a responsive pleading to the summons and complaint.

4. I filed a Chapter 13 bankruptcy on May 10, 2002.

5. I named John Allen Radtke as my spouse in the space provided on the "do it yourself" forms.

6. I received an ORDER REFERRING CASE TO BANKRUPTCY COURT entered on June 11, 2002.

7. I timely wrote a motion to vacate the order entered June 11, 2002.

8. On July 21, 2002, I was taken by surprise when I heard the clerks, Olivia Gutierrez and Lulu Mardis, say that Judge Recio had told them not to allow me to file anything with the court when I went to file the motion to vacate.

9. I was alarmed when the clerk filed my motion saying that filing something does not mean that it is entered into the record.

10. I was disturbed not knowing how to access the court.

11. I mailed for filing the requests for default judgments with affidavits to both Brownsville, Texas and to Corpus Christi, Texas, by certified mail on July 6, 2002.

1

12. I received a file stamped copy dated July 15, 2002 from both courts.

13. I researched in the library at the courthouse Pro Hac Vice and Supreme Court Rule 6.

14. I mailed a summons and petition for sanctions against Neal H. Levin and John A. Radtke on or about June 12, 2002.

15. I received a green card with a signature that I recognized as that of John A. Radtke with a dated receipt of June 15, 2002.

16. I received a green card with a signature of receipt dated July 1, 2002 for Neal H. Levin.

17. I did not receive notice that Neal H. Levin withdrew his Pro Hac Vice entered into the record on or about May 29, 2002.

18. I mailed Request to Clerk for Entry of Default Pursuant to F.R.C.P. 55(a).

19. I received copies of the request for entry of default file stamped dated July 29, 2002.

20. I heard Clerk Lulu Mardis at Brownsville ask me about whether I had received my default judgments on or about August of 2002.

21. I heard Clerk Lulu Mardis say that she had inspected the record.

22. I heard Clerk Lulu Mardis say that I was due default judgments.

23. I find it impossible to move forward in this case until I have received the default judgments that I have requested.

24. I am disadvantaged for not having access to the court records.

25. I am disadvantaged for not having law school training.

26. I am disadvantaged for my visual impairment.

27. I am disadvantaged as a poor person.

28. I am being denied relief for this court's failure to enter the default judgments.

29. I went to the Office of the Recorder of Deeds in Lake County, Illinois on or about September of 2002.

30. I discovered that title to all of the properties in the marital estate had been transferred since the filing of this federal lawsuit.

31. I am being denied income from and enjoyment of the property in the marital estate of John Allen Radtke and Mary Ellen Homer as well as affiant's non-marital property converted to the control of John A. Radtke..

32. On October 23, 2002, I had an acute stroke.

33. I was without health insurance or money to pay for services.

34. I was determined legally blind by the Department of Human Services.

35. My disabilities make it impossible for me to defend myself in court.

36. My disabilities make it impossible for me to research the law.

37. .As a poor person, I am being denied competent legal counsel.

38. As a disabled person, I am being denied competent legal counsel.

39. I believe that it is unreasonable of this court to expect me to move forward in this case without assistance of competent legal counsel.

40. I believe that it is unreasonable of this court to expect me to move forward in this case without the money to pay for competent legal counsel.

41. I believe that John A. Radtke is seeking sanctions against me in multiple lawsuits in order to collect the sanctions in a foreclosure action in Illinois.

42. I received an order entered into the record in Case 02 CH1925, filed without a signature on November 18, 2002, that I cannot read regarding a default judgment for quiet title in favor of John A. Radtke and sanctions against Affiant on the properties in the marital estate of John Allen Radtke and Mary Ellen Homer.

43. I have been denied peaceful enjoyment of my life.

44. I have been damaged financially, emotionally, socially, and physically.

Signed and Sworn to this 30th Day of March 2003
"With explicit reservation of all rights"

Mary Homer-Radtke

State of Illinois
County of Lake                                                                                    (Seal)
Signed and Sworn to before me this __31__ Day of March 2003

"OFFICIAL SEAL"
MARTHA JANE GEDVILAS
Notary Public, State of Illinois
My Commission Expires 6/10/06

3

# Neal H. Levin & Associates, P.C.
**Attorneys at Law**

954 W. Washington Boulevard
Suite 2 SW
Chicago, IL 60607
312.421.2100
312.421.1881 - Fax

*[Handwritten annotation:* I OBJECT! Where is my default? I have no money. I am trapped in Mundelein. I have no telephone. I demand equal protection under the law. Mary Homer-Radtke*]*

**VIA FACSIMILE (956-548-2598)**

April 2, 2003

Honorable Hilda G. Tagle
U.S. Courthouse
600 E. Harrison,
Brownsville, TX 78520

RE: **Homer-Radtke v. Radtke**
B-02-063, U.S. District Court, Southern District of Texas (Brownsville)

Dear Judge Tagle:

On March 7, 2003, in the above referenced matter, this Court entered Order to Show Cause, which among other things, set this matter for hearing on April 7, 2003. Although the Order allows Defendant, John A. Radtke, to appear telephonically, I wanted to inform the court that the Defendant will appear in person through the undersigned for said hearing.

Very truly yours,

NEAL H. LEVIN & ASSOCIATES, P.C.

By: Neal H. Levin, Esq.

cc: Mary Homer-Radtke
502 Dublin
Mundelein, IL 60060