IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| MARY HOMER-RADTKE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-063 |
| JOHN A. RADTKE, | § § § | |
| Defendant. | § | |

## ANTI-SUIT INJUNCTION AGAINST MARY HOMER-RADTKE

BE IT REMEMBERED that on April 14, 2003, the Court made the following findings of fact and conclusions of law and issued an anti-suit injunction against Plaintiff Mary Homer-Radtke.

### I.   Factual Background

The marriage between Plaintiff Mary Homer-Radtke and Defendant John A. Radtke was dissolved pursuant to a June 6, 1995, order of an Illinois trial court incorporating the terms of a marital settlement agreement and joint parenting agreement executed by both Plaintiff and Defendant.

Plaintiff appealed the order dissolving marriage. The Illinois court of appeals upheld the order dissolving marriage, and the order is now final.

In 1995, Plaintiff filed a motion to vacate the judgment dissolving her marriage to Defendant but waited nearly five years before filing a *pro se* notice of motion setting the motion to vacate for hearing. The Illinois trial court denied the motion and sanctioned Plaintiff $5,000 for filing frivolous, abusive, and vexatious documents in the course of the litigation.

Plaintiff filed the instant action in the Southern District of Texas alleging that an injunction should issue prohibiting Defendant from selling or transferring property attained by the couple during their marriage. Plaintiff also sought a ruling from this Court that she and her former husband are still married. This Court adopted the Report

and Recommendation of the magistrate judge and dismissed this case with prejudice for lack of subject matter jurisdiction. The Court also adopted the recommendation of the magistrate judge that Plaintiff be enjoined from filing more pleadings in the Brownsville Division without leave of Court. The latter ruling was based on the finding that "Plaintiff appears to be using this Court to settle a personal vendetta she has with her ex-husband, and is wasting judicial time and resources in doing so." *See* Magistrate Judge's Amended Report and Recommendation, at 6.

In addition to filing this suit in the United States District Court for the Southern District of Texas, Plaintiff filed a bankruptcy petition in this district on behalf of herself and her ex-husband, without his consent. That petition in bankruptcy was subsequently dismissed by the bankruptcy court.

On March 7, 2003, the Court entered an order to show cause notifying Plaintiff that unless she could show good cause for filing her complaint and other pleadings the Court would consider issuing an anti-suit injunction against her. The Court ordered briefing and scheduled a show cause hearing. The order to show cause was served on Defendant and on Plaintiff at all three of her known addresses. Plaintiff failed to appear at the hearing on April 7, 2003; the Court heard argument of defense counsel; and the Court entered an oral order on the record enjoining Plaintiff from filing future cases in federal district courts in the United States without obtaining leave from this Court. This order memorializes that oral order.

## II. Analysis

### A. Rule 11 Violation

Plaintiff Mary Homer-Radtke's complaint in this litigation violates Rule 11(b)(1)-(3) of the Federal Rules of Civil Procedure which provides as follows:

> (b) Representations to Court.
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of

> litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

This case appears to have been filed for the sole purpose of harassing Defendant, a non-resident of Texas over whom the Court cannot exercise personal jurisdiction. The complaint was filed despite the obvious fact that this Court lacks subject matter jurisdiction because both Plaintiff and Defendant are residents of Illinois and there is no federal question. Moreover, under no stretch of the imagination or the venue rules is venue proper in Texas, much less the Southern District of Texas. The claims made in the complaint are not warranted under current law or any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law because they are based on family law and are, thus, within the sole province of the state courts. Finally, Plaintiff's factual contention that she and Defendant are still married have no evidentiary support whatsoever in light of a seven year old, final order dissolving the marriage. Plaintiff has violated Rule 11.

### B. Sanctions

Having held a show cause hearing after notice to the Plaintiff, having heard argument of counsel, and having reviewed the record on file, the Court "may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) [of Rule 11] or are responsible for the violation." Fed. R. Civ. P. 11(c). The Court's power to sanction, however, is not limitless. The Court is constrained to impose the narrowest sanction which will achieve the aim of deterring the offensive conduct.

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees

and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2).

Monetary sanctions have not deterred Plaintiff from filing appeals in Illinois, this case, or a bankruptcy petition on behalf of herself and her ex-husband. Defendant contends that monetary sanctions have in fact begun to deter Plaintiff from filing motions and letters in the Illinois cases. The Court remains unconvinced that monetary sanctions or an award of attorneys' fees will effectively deter Plaintiff from future vexatious conduct. Therefore, the Court will award neither monetary sanctions or attorneys' fees at this time.

In lieu of sanctions or an award of attorneys' fees, the Court considers an anti-suit injunction appropriate under the circumstances of this case. The Fifth Circuit has cited with approval cases such as *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), in which district courts have been permitted to issue anti-suit injunctions against vexatious litigants. *See Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986). Martin-Trigona had a history of filing meritless lawsuits, motions, and pleadings. Martin-Trigona used the legal system to harass all those who had the misfortune to cross his path. *In re Martin-Trigona*, 737 F.2d at 1256. The district court, after enduring an incessant stream of frivolous motions, demands, and letters from Martin-Trigona, entered an order preventing Martin-Trigona from filing any further pleadings or motions without prior leave of court. *See id.* at 1258-1259. Moreover, the order prevented Martin-Trigona from filing any new action or proceeding in any court (state or federal) without first obtaining leave of that court. *See id.* The Second Circuit affirmed the district court's injunction restricting Martin-Trigona's access to the courts except to the extent it prevented him from filing new actions in state courts. *See id.*

Several other courts have imposed similar sanctions limiting a person's access to the court system. *See, e.g., Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), *cert. denied*, 479 U.S. 1099, (1987). In *Safir*, the Second Circuit set forth the following five factors that courts should consider in determining whether to restrict a litigant's access to the courts: (1) the litigant's history of litigation and in particular

whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. See Safir, 792 F.2d at 24. Reviewing these factors, the Court finds that each one leads to the inescapable conclusion that the drastic sanction of an anti-suit injunction is warranted in this matter.

First, Plaintiff has filed numerous lawsuits, motions, and letters with the Illinois courts over the last eight years, all relating to the dissolution of her marriage to Defendant. She now has turned her attention to filing lawsuits in the Southern District of Texas, including a bankruptcy case on behalf of her ex-husband without his consent.

Second, on three occasions in related cases, courts have determined that Plaintiff is a vexatious litigant. Objectively, Plaintiff has no legal expectation, in good faith or in bad, of having her divorce from Defendant overturned or having the distribution of marital property revisited.

Third, Plaintiff was initially represented by counsel in her divorce proceedings, but she has now been representing herself for at least the last three years.

Fourth, Plaintiff has caused needless expense to her former husband, the Defendant. He has had to defend himself in the Illinois courts for nearly eight years after their divorce became final; he has had to defend against a vexatious and cumulative proceeding initiated in this Court; and he has had to defend himself in a bankruptcy proceeding initiated by Plaintiff without Defendant's consent in this Court. Moreover, Plaintiff's prosecution of vexatious and harassing litigation in this Court has posed an unnecessary burden on this Court and its personnel.

Lastly, the Court finds that no sanctions other than an anti-suit injunction will deter Plaintiff from filling identical or substantially similar lawsuits in other federal district courts. Only an anti-suit injunction will adequately protect Defendant from being summoned to defend himself against similar allegations in other federal district courts. Only an anti-suit injunction will protect the federal district courts from having to pore

over future, meritless lawsuits by Plaintiff alleging similar causes of action.

### III. Injunction

Plaintiff is hereby **ENJOINED** from:

1. filing any further pleadings or documents in this case, cause number B-02-63, without first obtaining leave of this Court by way of the procedure set forth below;

2. filing any new case or proceeding in any federal court in the United States, including bankruptcy courts, against Defendant John A. Radtke that directly or tangentially raises any issues alleged in this action without first obtaining leave of this Court. A copy of the complaint in B-02-63 is attached hereto for reference.

### IV. Procedure For Obtaining Leave Of Court

In order to obtain leave, Plaintiff must file a Motion For Relief From Injunction. Such a motion shall be filed in this case, cause number B-02-63, and be filed in the United States District Clerk's Office in the Brownsville, Texas, Division. This Court will consider the motion promptly and issue a written ruling. This is the only procedure by which Plaintiff may (1) file a pleading in this case or (2) initiate a new action against Defendant John A. Radtke that directly or tangentially raises any issues alleged in this action in any United States District Court anywhere in the United States, including all bankruptcy courts.

### V. Potential Sanctions For Violation Of This Order

Any violation of this order may result in (1) monetary sanctions, (2) attorneys' fee, and (3) the initiation of civil and criminal contempt proceedings punishable both by monetary sanctions and incarceration.

## VI.     Conclusion

The Court having found Plaintiff in violation of Rule 11 of the Federal Rules of Civil Procedure, hereby, issues this injunction.

DONE at Brownsville, Texas, this 14th day of April 2003.

Hilda G. Tagle
United States District Judge